UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
AUG 29 2000
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| In Re TRANS UNION CORP. PRIVACY LITIGATION, | Case No. 1:00-cv-04729 |
| This Document Relates to: | OBJECTION TO DEFENDANT'S PURPORTED RULE 68 OFFER OF JUDGMENT TO PLAINTIFF NANCY WINKELMANN |
| Winkelmann v. Trans Union, Case No. 8:99 CV 398 | |
| | Judge Marvin E. Aspen |

COMES NOW Plaintiff Nancy Winkelmann and objects to Defendant's purported Rule 68 Offer of Judgment in the amount of $1,100, together with costs of the action and reasonable attorneys' fees, a true and correct copy of which is attached hereto as Exhibit A. First, the Offer has not complied with the Federal Rules of Civil Procedure and otherwise does not constitute a valid Offer.

Second, it is assumed that Defendant's Offer is made to each member of Plaintiffs' nationwide Class. To the extent Defendant has not offered judgment to each Class member on the same basis as that offered to the named representative, then the Offer violates Rule 23 and the due process rights of absent Class members. Rule 23 requires both notice and court approval before a class action may be dismissed or compromised pursuant to either an offer of judgment or otherwise. If Defendant's Offer does not contemplate within the term "costs" the expense of providing class notice and does not contemplate court approval, see Rule 23(e), the offer is inappropriate. Thus, if the offer is not made to each Class member, it is procedurally and ethically improper. See Gay v. Waiters' and Dairy Lunchmen's Union, 86 F.R.D. 500, 502 (N.D. Cal. 1980); see also Martin v. Mabus, 734 F.Supp. 1216, 1222 (S.D. Miss. 1990). Justice Berger has previously noted:

> Requiring multiple plaintiffs to bring separate actions, which effectively could be 'picked off' by a defendant's tender of judgment before an

affirmative ruling on class certification could be obtained, obviously would frustrate the objective of class actions; moreover it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement.

Deposit Guaranty Nat. Bank v. Roper, 445 U.S. 326, 339, 63 L.Ed.2d 427, 440, 100 S.Ct. 1166 (1980).

To the extent the Defendant's Offer attempts to put the representative Plaintiff in conflict with absent Class members, the Offer violates Rule 23. As structured, such an offer asks the representative Plaintiff to disregard her duties of representation of absent Class members in favor of a higher recovery for herself versus the risk of imposition of costs. The representative Plaintiff should not be pressured to accept a different amount for her claim than for the Class members and the representative Plaintiff is unable under Rule 23 to accept such an offer. Further, the representative Plaintiff lacks adequate information under Rule 23 to assess the fairness and adequacy of the Defendant's Offer if that offer is not in the amount of $1,100.00 for each Class member. The Offer does not reference members of the Class such that the representative Plaintiff cannot adequately evaluate the Offer as to the Class in its entirety. Additionally, the amount of the offer does not exceed plaintiff's total claimed damages.

For the reasons set forth herein, it is assumed that Defendant's Offer of $1,100 together with costs of the action and reasonable attorneys' fees is made to named Plaintiff and a like amount to all nationwide Class members. Assuming this to be the case, Plaintiff, subject to Court approval and notice to the Class as required by Rule 23 of the Federal Rules of Civil Procedure, hereby accepts the Offer of Judgment by Defendant Trans Union LLC to pay each of the Class members the sum of $1,100 (One Thousand One Hundred Dollars), plus costs and reasonable attorneys' fees, and so moves the Court to enter judgment. Plaintiff shall apply to the Court for an award of reasonable

class counsel fees and for costs.

Defendant's Offer is necessarily an offer made to each member of Plaintiffs' nationwide Class. For purposes of compromise or settlement, controlling law holds that an action filed as a class complaint must be presume to involve a valid class. Kahan v. Rosenstiel, 424 F.2d 161 (3d Cir. 1970), cert denied, 398 U.S. 950 (1970); see also Rothman v. Gould, 52 F.R.D. 494 (S.D.N.Y. 1971); H. Newberg and A. Conte, Newberg on Class Actions § 7.28 (3d ed. 1992).

As representative of the Class, the representative Plaintiff believes that Defendant's Offer to pay each Class member $1,100 plus costs and reasonable attorneys' fees is fair, reasonable and adequate as required by Rule 23(e) of the Federal Rules of Civil Procedure and should be approved by the Court.

Plaintiffs further request that defendant Trans Union's offer of judgment be stricken, stayed, or suspended by the Court pending entry of the appropriate pretrial case management orders, and the Court's ruling on a consolidated motion by plaintiffs for class certification, which class certification has been alleged and sought by all plaintiffs since the filing of the original complaints in these coordinated actions.

DATED:   August __, 2000

NANCY WINKELMANN, and all those similarly situated, Plaintiffs

By: _____
Mark C. Laughlin, #19712
FRASER, STRYKER, MEUSEY,
OLSON, BOYER & BLOCH, P.C.
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102-2663
(402) 341-6000
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served via regular United States mail, postage prepaid, this 28th day of August, 2000, upon:

Roger L. Longtin
William J. Campbell, Jr.
Stephen L. Agin
Michael O'Neil
Elizabeth R. Bacon Ehlers
Piper Marbury Rudnick & Wolfe
203 North LaSalle Street, Suite 1800
Chicago, IL  60601

_____

238379