FILED

SEP 5 2000

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| In re TRANS UNION CORP. PRIVACY LITIGATION | ) Case No. 1:00-cv-04729 <br> ) <br> ) Judge Marvin E. Aspen <br> ) |
| This Document Relates To: <br><br> *Woods v. Trans Union*, <br> Case No. 00-256-DRH | ) OBJECTION TO DEFENDANT'S <br> ) PURPORTED RULE 68 OFFER OF <br> ) JUDGMENT TO PLAINTIFF NANCY M. <br> ) WOODS <br> ) |

COMES NOW plaintiff Nancy M. Woods who objects to defendant Trans Union's purported Rule 68 Offer of Judgment in the amount of $1,100, together with costs of the action and reasonable attorneys' fees (the "Offer") (a true and correct copy of which is attached hereto as Exhibit A), to the extent it only applies to her and not all members of the Class. If the Offer is made to the representative plaintiff only, the Offer fails to comply with the Federal Rules of Civil Procedure and does not constitute a valid offer. In the alternative, if defendant's offer is made to *all* Class members, plaintiff hereby accepts the Offer of Judgment by defendant Trans Union to pay each Class member the sum of $1,100, plus costs and reasonable attorneys' fees, and so moves the Court to enter judgment. Plaintiff shall additionally apply to the Court for an award of reasonable class counsel fees and for costs.

### PLAINTIFF REJECTS THE OFFER IF MADE TO HER ALONE

Plaintiff cannot determine whether defendant's Offer has been made to each member of plaintiffs' nationwide Class. To the extent defendant has failed to offer each Class member a judgment similar to Class representative Woods, the Offer violates Fed. R. Civ. P. 23 and violates the due process rights of absent Class members. Rule 23 requires both notice and court approval before a class action may be compromised or dismissed pursuant to an offer of judgment. If defendant's Offer does not include the expense of providing Class notice and does not contemplate court approval, the offer is inappropriate. *See* Fed. R. Civ. P. 23(e); *Gay v. Waiters' & Dairy Lunchmen's Union*, 86 F.R.D. 500, 502 (N.D. Cal. 1980); *Martin v. Mabus*, 734 F. Supp. 1216, 1222 (S.D. Miss. 1990). Chief Justice Berger has held that it is inappropriate to frustrate class action litigation by tendering offers to class representatives:

> Requiring multiple plaintiffs to bring separate actions, which effectively could be "picked off" by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objective of the class actions; moreover it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement.

*Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 339 (1980).

Additionally, to the extent defendant's Offer places representative plaintiff Woods in conflict with absent Class members, the Offer violates Rule 23. Defendant's present Offer demands representative plaintiff Woods to disregard her duty to represent absent Class members, and instead

asks plaintiff to accept a higher recovery for herself. A representative plaintiff should not be pressured to accept a higher settlement amount for her claim to the detriment of absent Class members. Under Rule 23, a representative plaintiff is prohibited from accepting such offers.

Moreover, plaintiff lacks adequate information to accept Trans Union's offer as to herself, for plaintiff cannot assess the fairness and adequacy of the defendant's Offer if that Offer is not in the amount of $1,100.00 for each Class member. Since the Offer does not reference Class members, plaintiff cannot adequately evaluate the Offer as to the Class in its entirety. Thus, to the extent defendant's purported Rule 68 Offer is a valid offer made only to named plaintiff Woods, the Offer is rejected.

### PLAINTIFF ACCEPTS THE OFFER IF MADE TO EACH MEMBER OF THE CLASS

For purposes of compromise or settlement, controlling law holds than an action filed as a class complaint must presume to involve a valid class. *Kahan v. Rosenstiel*, 424 F. 2d 161, 169 (3d Cir. 1970) ("a suit brought as a class action should be treated as such for purposes of dismissal or compromise"). *See Rothman v. Gould*, 52 F.R.D. 494 (S.D.N.Y. 1971); H. Newberg and A. Conte, *Newberg on Class Actions* §7.28 (3d ed. 1992). Thus, defendant's Offer is necessarily an offer made to each member of Plaintiffs' nationwide Class.

For the reasons set forth above, it is assumed defendant's Offer of $1,100 together with costs of the action and reasonable attorneys' fees is made to plaintiff Woods and a like amount to all nationwide Class members. Representative plaintiff Woods believes defendant's Offer to pay each Class member $1,100 plus costs and reasonable attorneys' fees is fair, reasonable and adequate as required by Rule 23(e) of the Federal Rules of Civil Procedure and should be approved by this Court. Plaintiff Woods, subject to Court approval and notice to the Class as required by Rule 23, hereby accepts the Offer of Judgment by defendant Trans Union to pay each Class member the sum of



$1,100, plus costs and reasonable attorneys' fees, and so moves the Court to enter judgment. Plaintiff shall apply to the Court for an award of reasonable class counsel fees and for costs.

DATED: September  1 , 2000

CAREY & DANIS, L.L.C.
JOSEPH P. DANIS (6222099)

_____
JOSEPH P. DANIS  *with Permission by MRT.*

333 West Wacker Drive, Suite 700
Chicago, Illinois 60606
Telephone: 312/444/2956

MILBERG WEISS BERSHAD
  HYNES & LERACH LLP
DENNIS STEWART
ALAN M. MANSFIELD
WILLIAM J. DOYLE II
600 West Broadway, Suite 1800
San Diego, CA 92101
Telephone: 619/231-1058

CAULEY & GELLER, LLP
STEVEN E. CAULEY
BRIAN J. ROBBINS
11311 Arcade Drive, Suite 201
Little Rock, AR 72212
Telephone: 501/312-8500

THE CUNEO LAW GROUP, P.C.
JONATHAN W. CUNEO
317 Massachusetts Avenue, N.E., Suite 300
Washington, D.C. 20002
Telephone: 202/789-3960

EVAN D. BUXNER, LLC
EVAN D. BUXNER
8182 Maryland Avenue, Suite 1400
St. Louis, MO 63105
Telephone: 314/725-5117

Attorneys for Plaintiffs

E:\C&D\TRANSUNI\MRD80275.BRF

## *CERTIFICATE OF SERVICE*

I hereby certify that a true and accurate copy of the foregoing was mailed, postage prepaid, on this 1st day of September, 2000 to the following:

Kurt E. Reitz, Esq.
Roman P. Wuller, Esq.
Catherine A. Schroeder, Esq.
Thompson Coburn, LLP
One Firstar Plaza
St. Louis, Missouri 63101

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELIZABETH H. TURNER, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) | No. 00-232-GPM |
| ) ) | |
| TRANS UNION CORPORATION, ) ) | |
| Defendant. ) | |

## DEFENDANT'S RULE 68 OFFER OF JUDGMENT
## TO PLAINTIFF ELIZABETH H. TURNER

Defendant Trans Union LLC ("Trans Union"), improperly sued as Trans Union Corporation, pursuant to Rule 68 of the Federal Rules of Civil Procedure, offers to plaintiff Elizabeth H. Turner to allow judgment to be entered in her favor and against Trans Union in the amount of $1,100.00, and the costs of the action together with reasonable attorneys' fees incurred up through the date of the offer as determined by the court, and such judgment further requiring Trans Union, at the request of the plaintiff and within 5 days of the undersigned counsel receiving such written request accompanied by plaintiff's name and address, to cease communicating information regarding plaintiff in Trans Union target marketing lists.

DATED: August 16, 2000

**TRANS UNION LLC**

By: _[signature]_
One of Its Attorneys

PIPER MARBURY RUDNICK & WOLFE
Roger L. Longtin, #01689185
Stephen L. Agin, #06185019
Michael O'Neil, #06201736
203 N. LaSalle St., Ste. 1800
Chicago, Illinois 60601
Tel: (312) 368-4000
Fax: (312) 236-7516

EXHIBIT A

THOMPSON COBURN LLP
Roman Wuller, #6195096
Kurt E. Reitz, #6187793
Catherine A. Schroeder, #6257472
One Firstar Plaza
St. Louis, Missouri 63101
Tel: (314) 552-6000
Fax: (314) 552-7000

Attorneys for Defendant Trans Union LLC

## CERTIFICATE OF SERVICE

Stephen L. Agin, an attorney, states that he caused the foregoing **Defendant's Rule 68 Offer of Judgment to Plaintiff Elizabeth H. Turner,** to be served by U.S. Mail on the **16th** day of **August 2000,** upon the following:

| | | |
|---|---|---|
| Joseph P. Danis | Evan D. Buxner | William S. Lerach |
| Carey & Danis LLC | Evan D. Buxner, LLC | Milberg, Weiss, Bershad, et al. |
| 8182 Maryland Avenue | 8182 Maryland Avenue | 600 W. Broadway |
| Suite 1400 | Suite 1400 | Suite 1800 |
| St. Louis, Missouri 63105 | St. Louis, Missouri 63105 | San Diego, California 92101 |

*/s/ Stephen L. Agin*
Stephen L. Agin