Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4729 | **DATE** | 12/6/2000 |
| **CASE TITLE** | In Re: Trans Union Corp | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   We strike Trans Union's offers of judgment in their entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | DEC 0 8 2000 | | 29 |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | 00 DEC -7 AM 8: 57 | 12/6/2000 | | |
| GL | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | | |
| | | | GL | | |
| | | | mailing deputy initials | | |

(Reserved for use by the Court)

# ORDER

On August 16, 2000, pursuant to Fed.R.Civ.P. 68, class action defendant Trans Union LLC served offers of judgment on eleven of the named plaintiffs representing various putative class action lawsuits. Each offer of judgment was identical; Trans Union offered each individual plaintiff $1,100 as well as promised to cease communicating information regarding that plaintiff in Trans Union's target marketing lists if the offer was accepted. The plaintiffs filed a consolidated objection to the offers which raised several reasons they deemed the offers improper. We agree, and thus strike all of the offers of judgment.

There have been numerous cases which discuss the problems associated with making an offer of judgment to only the named plaintiffs in a class action. *See Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 341 (1980) (tactic may allow a defendant to delay the progress of a case by picking off named plaintiffs one-by-one); *Gay v. Waiters' and Dairy Lunchmen's Union, Local No. 30.*, 86 F.R.D. 500, 502 (N.D. Cal. 1980) (tactic would create a conflict with the putative class, since the class might eventually be liable for costs and fees associated with a rejection of the offer, although it was never entitled to receive funds from an acceptance of the offer).

Trans Union argues that it may properly make an offer of judgment to a named plaintiff before the filing of a motion for class certification, or after such motion has been denied. *See Greisz v. Household Bank, N.A.*, 176 F.3d 1012, 1014, (7th Cir. 1999). In these situations, there is no putative plaintiff class, so an offer to the named plaintiff constitutes a complete settlement. Furthermore, Trans Union points out that its offer of $1,100 plus costs and fees exceeds the statutory maximum that each plaintiff is entitled to receive under the Fair Credit Reporting Act (assuming *arguendo* Trans Union's contention that none of the plaintiffs have any actual damages). Thus, the plaintiffs assume that Trans Union's next step, if we find the offers valid, will be to move to dismiss each case on the ground that there is no longer any controversy between the parties. *See Holstein v. City of Chicago*, 29 F.3d 1145 (7th Cir. 1994).

The plaintiffs dispute whether Trans Union's offer actually amounts to the maximum remedy available to each plaintiff, both because some of the plaintiffs have made additional state law claims and because the plaintiffs argue that they may – after discovery – be able to prove actual damages. However, the specifics of Trans Union's offer are not important since we hold that any offer of judgment is not appropriate in this case.

Although *Greisz* implies that a defendant may make an offer of judgment to a putative class action plaintiff prior to the filing of the motion to certify a class, that case dealt with only a single named plaintiff and single putative class action. In this case, Trans Union made offers to eleven named plaintiffs – all those who had not yet filed a motion for class certification in their respective cases. Trans Union did not make an offer to plaintiff Martinelli, who *had* filed a motion for class certification, presumably since *Holstein* and *Greisz* imply that such an offer is improper while a motion for class certification is pending.

But Trans Union did not make its offers until August 16, 2000, more than two weeks after the Panel for Multi-District Litigation had consolidated and transferred all of the pending cases against Trans Union to this Court. At the time the transfer was approved, many of the pending deadlines and motions in the individual cases were suspended in anticipation of the consolidated proceedings. Trans Union was well aware of the nature of the putative classes and knew to expect a consolidated motion for class certification once this Court issued a preliminary pre-trial order. This is not a case in which the lack of such a motion was caused by unreasonable delay by the plaintiffs. *See Ambalu v. Rosenblatt,* 194 F.R.D. 451, 453 (E.D.N.Y. 2000) (Court dismissed a case pursuant to a complete offer of judgment, noting that the plaintiff had not moved to certify a class since filing the case sixteen months previously). It would not serve the purposes of Rule 68 – "to encourage settlement and avoid litigation" *Marek v. Chesny*, 473 U.S. 1, 5 (1985) – for Trans Union to be able to eliminate several of the named plaintiffs from this consolidated class action. Other plaintiffs remain, as well as the entire putative class. Thus, we strike Trans Union's offers of judgment in their entirety. It is so ordered.

