**FILED**

AUG 1 9 2003

Judge Robert W. Gettleman
United States District Court

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In Re TRANS UNION CORP.
PRIVACY LITIGATION

THIS DOCUMENT RELATES TO:

NO. 03-C 4531

Mark E. Andrews v. Trans Union, LLC

Lead Case No. 00 cv 4729
MDL Docket No. 1350
Judge Robert Gettleman

**DOCKETED**
AUG 27 2003

## NOTICE OF MOTION

**To:** All Counsel of Record (per attached Service List)

**PLEASE TAKE NOTICE** that on **Tuesday, August 26, 2003 at 9:15 a.m.** or as soon

thereafter as counsel may be heard, the undersigned shall appear before the Honorable Judge

Robert W. Gettleman or before any judge sitting in his stead, in Courtroom 1703 or in Chambers,

in the Dirksen Building, 219 South Dearborn, Chicago, Illinois, to present for hearing plaintiff,

Mark E. Andrew's Motion To Remand and For Attorney's Fees and Costs, a copy of which is

attached hereto and hereby served upon you.

> Dawn Adams Wheelahan (La. Bar No. 19263)
> 650 Poydras Street, Suite 1550
> New Orleans, Louisiana, 70130
> Telephone: (504) 522-0495
> Facsimile: (504) 581-1624

C:\Andrews\Pleadings\MotRemandNDIll.wpd

**Stephen R. Rue (La. Bar No. 19136)**
**Stephen R. Rue & Associates**
4004 Magazine Street
New Orleans, Louisiana 70115
Telephone:      [504] 269-1548
Facsimile:      [504] 895-3551
**Counsel for Plaintiff**

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that a copy of the foregoing has been served on all parties through their counsel by first class United States mail, postage prepaid, and on opposing counsel by facsimile transmission as well, this ⁄7 day of August, 2003.

DAWN ADAMS WHEELAHAN

C:\Andrews\Pleadings\MotRemandNDIII.wpd

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In Re TRANS UNION CORP.
PRIVACY LITIGATION

**THIS DOCUMENT RELATES TO:**

NO. 03-C-4531

Mark E. Andrews v. Trans Union, LLC

Lead Case No. 00 cv 4729
MDL Docket No. 1350
Judge Robert Gettleman

*DOCKETED*
*AUG 27 2003*

**FILED**

AUG 1 9 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## PLAINTIFF'S MOTION TO REMAND
## AND FOR ATTORNEY'S FEES AND COSTS

### INTRODUCTION

This civil action and several others were filed against defendant, Trans Union, LLC

("Trans Union" or "TU"), for the purpose of removing the substantial profit incentive from TU's

ten year pattern of misconduct. A parallel enforcement action was successfully prosecuted by the

Federal Trade Commission ("FTC"), for the purpose of causing TU to cease and desist its

misconduct. *Trans Union v. Federal Trade Commission*, 245 F.3d 809 (D.C. Cir. 2001), *cert.*

*den.* 122 S. Ct. 2386; 153 L. Ed. 2d 199 (2002), and prior decisions referred to therein. The

complementary private and FTC actions comport with the dual enforcement scheme endorsed by

Congress in the Fair Credit Reporting Act, 15 U.S.C. 1681, *et seq.* ("FCRA"), which serves to

encourage compliance, both by TU and by its competitors.

Although plaintiff in the instant action could have alleged federal claims under the FCRA,

he chose instead to rely on state law. As 'master of his claim,' that is plaintiff's right. *Abington v.*

*Chicago Housing Authority*, 95 C 4387, 1995 U.S. Dist. Lexis 15821, *6 (N.D. Ill. Oct. 25, 1995), citing *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 57 L. Ed. 716 (1913). Despite the obvious lack of federal jurisdiction on the face of plaintiff's Complaint, Trans Union removed this action to the United States District Court for the Eastern District of Louisiana. TU's Notice of Removal alleges federal question and diversity jurisdiction, although it is apparent that neither basis for federal jurisdiction exists.

Plaintiff immediately moved for remand, and Trans Union filed a brief in opposition. However, rather than let the federal court to which it had removed decided the issue (after the motion had been fully briefed), Trans Union sought transfer of the action to this court, and moved for a stay pending the transfer. The MDL Panel routinely transferred the action, as is its practice, specifically noting in its transfer order that the pending motion to remand can be decided by the transferee court.

Plaintiff now renews his motion to remand. Federal question jurisdiction is lacking because no federal claim appears on the face of plaintiff's complaint, nor is there any substantial question of federal law which must be resolved in order to decide plaintiff's state law claims; further, it is clear that federal law has not completely preempted the field so as to support removal jurisdiction. Diversity jurisdiction is lacking because plaintiff has specifically limited his claim to an amount below $75,000, and has disclaimed any separate award of attorney's fees or costs, so the required amount in controversy is not met. Supplemental jurisdiction is lacking because there is no basis for original federal jurisdiction.

In connection with his motion for remand, plaintiff also moves for attorney's fees and costs occasioned by Trans Union's improper removal, under 28 U.S.C. § 1441(c), because it has

been apparent from the outset that there is no basis for federal jurisdiction in this action. Trans

Union has repeatedly removed other cases improperly (the *Frey* action, in particular) during the

course of this litigation. Trans Union knew or should have known at the time this case was

removed that there was no basis for federal jurisdiction, because (1) at least four prior courts

have instructed TU that the FCRA does not preempt state law causes of action, so there is no

federal question jurisdiction, and (2) it is obvious, in view of plaintiff's specific disclaimer of

attorney's fees and costs that the amount in controversy requirement is not met for diversity

jurisdiction. This Court has previously found that in similar circumstances, an award of attorney's

fees and costs is appropriate. *Garbie v. Chrysler Corp.*, 8 F.Supp. 2d 814, 820-21 (N.D. Ill.,

1998).

In addition, after improperly removing this action, Trans Union moved for transfer to this

court, rather than allowing plaintiff's fully-briefed motion to be decided in the court to which TU

had removed the action (improperly). Transfer of the improperly removed case caused additional,

unnecessary costs to be incurred, because removal and remand are federal questions of a

procedural nature, which must therefore be decided under the law of the circuit of the transferee

court in an MDL. *In re Bridgestone/Firestone, Inc. v. Ford Motor Co.*, 129 F.Supp. 2d 1202,

1205 n. 5 (S.D. Ind. 2001), citing *In re Korean Air Lines Disaster of September 1, 1983*, 829

F.2d 1171, 1176 (D.C. Cir. 1987) and *In re Ford Motor Co. Bronco II Prod. Liab. Litig.*, 1996

W.L. 257570, *1-2 (E.D. La. May 16, 1996), citing *Erie R.R. v. Tompkins, 304 U.S. 64, 82 L.

Ed. 1188, 58 S. Ct. 817 (1938)* and *In re Norplant Products Liability Litig.*, 878 F.Supp. 972,

974 n.3 (E.D. Tex. 1995). Thus, although plaintiff's motion to remand had already been briefed

under the law of the Fifth Circuit, TU's request for transfer after its improper removal required

that plaintiff re-brief this motion, to rely on the appropriate Seventh Circuit law.

## FACTUAL BACKGROUND

Because this Court is already familiar with the factual background of this action, as evidenced by the Court's published opinion, *In Re Trans Union Corp. Privacy Litigation*, 211 F.R.D. 328 (N.D. Ill. 2001), plaintiff presents only an abbreviated factual background with this motion.

In 1990, the FTC notified the three major credit reporting agencies that their sale of target marketing lists derived from credit reporting databases violated the federal FCRA. Under the law in effect at the time, the FTC could only seek a "cease and desist" order, but no monetary penalty.[1] The two other major credit reporting agencies, Equifax and Experian, entered into consent orders with the FTC, and agreed not to include information from their credit database in their target marketing lists. However--in view of the fact that it risked no monetary penalty-- Trans Union apparently made a business decision to *continue* including information from its CRONUS credit database in its lists, and to use this inclusion to gain a competitive advantage in selling the lists, while litigating against the FTC (again, having nothing, monetarily, to lose). Trans Union earned approximately $40 million dollars per year in revenues from its Lists during the time from 1990 to 2002, when the Supreme Court denied certiorari, and the FTC's original determination, that Trans Union's lists were unlawful, became final. See, *Trans Union v. Federal Trade Commission*, 245 F.3d 809 (D.C. Cir. 2001), *cert. den.* 122 S. Ct. 2386; 153 L. Ed. 2d 199 (2002), and prior decisions referred to therein.

---

[1]This was changed in the 1997 revisions to the FCRA, which gave the FTC the power to seek monetary penalties for a "knowing violation" of the Act which constitutes a "pattern or practice of violations." 15 U.S.C. 1681s(2).

As noted above, the purpose of this and other private actions, under the statutes enacted by Congress and the various states, is to remove the substantial profit incentive from TU's calculated pattern of misconduct; and thus, to encourage and reward compliance by TU's competitors, as well as to discourage wrongdoing by TU and others. To allow Trans Union to keep the profit it has gained from its defiant violations (and the resulting unfair advantage TU obtained over its compliant competitors) would be manifestly unjust, both to consumers and to competitors who voluntarily complied with the law.

## THERE IS NO FEDERAL QUESTION JURISDICTION IN THIS ACTION

Removal and remand are federal questions of a procedural nature. Thus, the court must apply the law of the circuit where the transferee court sits, in an MDL. *In re Bridgestone/Firestone*, 129 F.Supp. 2d at 1205 n. 5; *In re Korean Air Lines Disaster* 829 F.2d at 1176; *In re Ford Motor Co. Bronco II Prod. Liab. Litig.*, 1996 W.L. 257570, *1-2; *In re Norplant Products Liability Litig.*, 878 F.Supp. at 974 n.3.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed. 2d 391 (1994). This Court has correctly recognized that "[t]he party seeking removal has the burden of establishing federal jurisdiction. *Doe v. Allied Signal*, 985 F.2d 908, 911 (7th Cir. 1993). Removal from state court is permitted only if federal jurisdiction existed at the time of removal. 28 U.S.C. 1441(a). Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum. *Doe*, 985 F.2d at 911. Alternatively stated, there is a strong presumption in favor of remand. *Jones v. General Tire and Rubber Co.*, 51 F.2d 660, 664 (7th Cir. 1976)." *Garbie v. Chrysler Corp.*, 8 F.Supp. 2d 814, 817 (N.D. Ill. 1998) (internal quotation marks omitted).

The removal statute must be strictly construed, and any doubts should be resolved against removing cases to federal court, and in favor of remand to state court. *Stein v. Sprint Communications Co.*, 1997 U.S. Dist. Lexis 9040 (N.D. Ill. June 17, 1997); see also, *Schwartz v. Employers Health Insurance Co.*, 1995 U. S. Dist. Lexis 6585, *4 (N. D. Ill. May 12, 1995), citing *Doe v. Allied Signal, supra.* The Supreme Court has recently re-affirmed these principles: "The right of removal is entirely a creature of statute and "a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." [citation omitted] These statutory procedures for removal are to be strictly construed. [citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U. S. 100, 61 S. Ct. 868, 872, 85 L. Ed. 1214 (1941)]." *Syngenta Crop Protection, Inc. v. Babb*, 537 U.S. 28, *123 S. Ct. 366, 369 ; 154 L. Ed. 2d 368* (2002).

It has long been settled that the party who brings a suit is master of his claim, and is entitled to decide what law he will rely upon. *Abington v. Chicago Housing* Authority, 1995 U. S. Dist. Lexis 15821 at *6, quoting The *Fair v. Kohler Die & Specialty Co.*, 228 U. S. 22, 25, 33 S. Ct. 410, 57 L. Ed. 716 (1913). Under the "well-pleaded complaint" rule, federal courts may look only the to the well-pleaded complaint, and not to any possible or anticipated defenses, to determine if the case arises under federal law. *Vorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 402 (7th Cir. 2001), citing *Louisville & Nashville R. R. Co. v. Mottley*, 211 U. S. 149, 29 S. Ct. 42, 53 L. Ed. 126 (1908) and *Metropolitan Life Ins. Co. v. Taylor, 481 U. S. 58, 63, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987).* It is well-settled that a federal defense does not provide removal jurisdiction. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470; 118 S. Ct. 921; 139 L. Ed. 2d 912. This is true even if the federal defense is the only real question at issue. *Vorhees*, 272 F.3d at 403, citing *Caterpillar, Inc. v. Williams*, 482 U. S. 386, 393, 107 S. Ct. 2425, 96 L. Ed. 2d 318

(1987).

A plaintiff may avoid federal question removal jurisdiction by pleading only state law claims. *Caterpillar*, 482 U. S. at 392. A plaintiff may avoid federal court even though certain federal questions may be implicit in his or her claim. *Schwartz v. Employer's Health Ins. Co.*, 1995 U. S. Dist. Lexis 6585 at *5, citing *Doe v. Allied Signal*, 985 F.2d at 911. Where a plaintiff has chosen to base his claim solely on state law, "defendants cannot maintain removal by attempting to show that the claim 'could have been based' on a federal question. *Abington, supra; In re Amino Acid Lysine Antitrust Litigation*, 918 F.Supp. 1181, 1184 (N.D. Ill. 1996).

Alleging a violation of federal law as part of a state law claim does not create federal jurisdiction. *Serce-McCollum v. Ravenswood Hospital Medical Center*, 140 F.Supp. 2d 944, 946 (N.D. Ill. 2001). Nor does the existence of a related prior federal judgment (or federal case) "vest federal district courts with authority to exercise jurisdiction over a state law claim." *Covington v. Mitsubishi Motor Manufacturing of America, Inc.*, 51 Fed. Appx. 992, 993, 2002 U. S. App. Lexis 24567, *4-*6 (7th Cir. 2002) (unpublished opinion), citing *Syngenta*, 123 S. Ct. at 370-71 and *Rivet*, 522 U. S. 474-77.

It is clear that, under these standards, Trans Union has failed to carry its burden of showing that federal question jurisdiction exists in this action.

## There Is No Federal Question Jurisdiction Because There Is No Complete Preemption Under The FCRA

Removal to federal court is proper under the well-pleaded complaint doctrine only where the plaintiff's right to relief *necessarily* depends on the resolution of a substantial question of federal law. *Franchise Tax Board of Ca. v. Construction Laborers Vacation Trust*, 463 U. S. 1,

27-28, 103 S. Ct. 2841, 2855-56, 77 L. Ed. 2d 420 (1983). Another court explains that even the presence of a substantial question of federal law does not independently justify removal jurisdiction; rather, the analysis required to determine whether a substantial federal question exists is subsumed by the "complete preemption" analysis." *Carden v. Bridgestone/ Firestone*, 2000 U. S. Dist. Lexis 21367, *4 n.1 (S.D. Fla. Oct. 17, 2000).[2]

In this action, there has been no complete federal preemption and thus, there is no federal question jurisdiction to support removal. Even if there is a federal question implicit in plaintiff's state law claims, that alone will not support removal jurisdiction in the absence of complete federal preemption. *Schwartz* at *5. Any federal question implicated in plaintiff's state law claim can be decided by a state court, which has concurrent jurisdiction under the FCRA (as explained in further detail hereinbelow).

An exception to the well-pleaded complaint doctrine exists, "when federal law has entirely displaced state law. Federal question jurisdiction will be present even if the complaint does not invoke it when federal law so occupies the field that it is impossible even to frame a claim under state law." *Vorhees*, 272 F.3d at 402, citing *Ceres Terminals, Inc. v. Indus. Comm'n of Ill.*, 53

---

[2]The Fifth Circuit explains that a complaint stating a cause of action under state law creates federal question jurisdiction only when (1) a federal right is an *essential* element of the state claim, *and* (2) interpretation of the federal right is necessary to resolve the case, *and* (3) the question of federal law is substantial. *Howery v. Allstate*, 243 F.3d 912, 917 (5th Cir. 2001). It it is clear that in this action, no federal right is an essential element of plaintiff's claim; rather, there is merely a presumption stated in La. R. S. 9:3571.1 G(3), that violation of the duty to exercise ordinary care and due diligence are presumed when an FCRA violation is shown–a question that state courts are well able to decide. Further, no substantial question of federal law need be resolved to decide plaintiff's state law claims, because the pertinent federal issues have *already* been conclusively determined in a collateral proceeding. *Trans Union v. Federal Trade Commission*, 245 F.3d 809 (D.C. Cir. 2001), *cert. den.* 122 S. Ct. 2386; 153 L. Ed. 2d 199 (2002). Trans Union is collaterally estopped from relitigating the determinations made in this proceeding, under *Parklane Hosiery Co., Inc. v. Shore*, 439 U. S. 322, 326-33 (1975).

F.3d 183, 185 (7th Cir. 1995). The Seventh Circuit explains that "complete, or field preemption exists where Congress has so completely preempted a particular area that no room remains for any state regulation and the complaint would be necessarily federal in character. *Bastien v. AT&T Wireless Serv., Inc.* 205 F.3d 983, 986 (7th cir. 2000) . . . We find complete preemption where there is a congressional intent in the enactment of a federal statute not just to provide a federal defense to a state created cause of action but to grant a defendant the ability to remove the adjudication of the cause of action to a federal court *by transforming the state cause of action into a federal cause of action.* [citations omitted]." *Rogers v. Tyson Foods, Inc.*, 308 F.3d 785, 787-88 (7th Cir. 2002).

The Seventh Circuit explains that "[t]here are only two areas in which the Supreme Court has found that Congress intended completely to replace state law with federal law for purposes of federal jurisdiction: the first is in the field of federal labor law and the second is in the area of federal pension law." *Vorhees*, 272 F.3d at 403. In addition, the Seventh Circuit has found that Congress intended completely to preempt state law in the field of regulation of mobile telecommunications rates and market entry to the area, by way of the Federal Communications Act. *Vorhees*, 272 F.3d at 404, citing *Bastien v. AT&T Wireless Servs., Inc.* 205 F.3d 983 (7th Cir. 2000). ( And, during the time since the Seventh Circuit decided *Vorhees*, the Supreme Court has added another area of preemption, deciding in *Beneficial National Bank v. Anderson*, ___ U.S. ___, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003) that the National Bank Act provides the exclusive cause of action for usury against national banks.)

However, it is abundantly clear that Congress intended no complete preemption of state law when it enacted the Fair Credit Reporting Act. To the contrary, courts have uniformly found

that Congress specifically intended that state and federal courts have concurrent jurisdiction under the FCRA–as Trans Union has been instructed on more than one occasion. See, *Watkins v. Trans Union, LLC*, 118 F.Supp. 2d 1217 (N.D. Alabama, 2000); *Swecker v. Trans Union Corp.*, 31 F.Supp. 2d 536 (E.D. Va. 1998); *Rule v. Ford Receivables, et al*, 36 F.Supp. 2d 335 (S.D. W. Va. 1999); see also, *Sehl v. Safari Motor Coaches, Inc.*, No. C 01-1750 S1, 2001 U. S. Dist. Lexis 12638 (N.D. Ca., Aug. 10, 2001).

In *Watkins v. Trans Union LLC, supra*, the Court found that, even taking into account the 1996 amendments, the FCRA evidences "no intent on the part of Congress to grant defendants such as Trans Union and Goodrich Credit Union the extraordinary ability to recharacterize state law claims as federal causes of action.." 118 F.Supp. 2d at 1222. The *Watkins* court further explained that even if the statute's preemption provisions covered so much territory as to make defensive preemption of plaintiff's claims obvious, this would not settle the matter: "What has to be obvious is not an intent to preempt state law claims, but an intent to make state law claims removable to federal court." The *Watkins* court found that "the logical place to look for such obvious intent is the jurisdictional grant," and then the court observed that the jurisdictional grant under 15 U.S.C. 1681 "establishes concurrent state and federal jurisdiction over FCRA actions."

In *Swecker v. Trans Union Corp, supra*, the court found that, where plaintiff alleged state law causes of action, and chose not to pursue available remedies under the FCRA, the federal defense of preemption of the particular state law cause of action alleged (defamation) did not provide federal jurisdiction. 31 F. Supp. 2d at 540. Rather, the court explained, because the FCRA explicitly declines to replace all state law causes of action or to provide exclusive jurisdiction in the federal courts, and fails clearly to reflect an intent to make claims removable,

and because "Congress provided concurrent jurisdiction to hear FCRA actions," the FCRA does not provide for removal of state law claims. *Id.*

The court in *Sehl, supra,* reached the same conclusion, citing *Watkins* and *Secker*, and granted plaintiff's motion for remand. In *Rule v. Ford Receivables, supra,* (in which Trans Union was also a defendant), the court reached the same conclusion, noting another court's finding that "nothing in the legislative history or the FCRA itself demonstrated a congressional intention to transform preempted state law claims into removable federal question cases. . . . the plain jurisdictional language of the statute, in fact, weighs heavily *against* preemption because the statute grants concurrent jurisdiction over FCRA claims to state and federal courts." 36 F. Supp. 2d at 338 [internal quotation marks and citations omitted, emphasis in the original].

It is clear that any FCRA question presented in this action by plaintiff's exclusively state law claims is not sufficient to provide removal jurisdiction, in view of Congress's explicit grant of concurrent jurisdiction under the FCRA. Where there is no complete preemption of state law causes of action, this Court, and the Fifth Circuit as well, have correctly remanded the action to the forum from which it came, for determination of any federal issues implicit in plaintiff's state law claims. See, *Chirico v. The Ceramic Tile Layers Union,* 13 F.Supp. 2d 798, 800 (N.D. Ill. 1998) (remanding to state court for determination whether NLRA preempts the state law cause of action); *Smallwood v. Illinois Central R. R. Co.,* No. 02-60782, 2003 U. S. App. Lexis 16181, *21 (5th Cir. Aug. 7, 2003) ("We, like the Third Circuit, recognize that state courts are competent to determine whether state law has been preempted by federal law, and absent complete preemption, they must be permitted to perform that function with regard to state law claims brought before them." (internal quotation marks omitted)).

## THERE IS NO DIVERSITY JURISDICTION IN THIS ACTION BECAUSE THE REQUIRED AMOUNT IN CONTROVERSY IS NOT MET

Removal requires that the parties be of diverse citizenship and the amount in controversy exceed $75,000. 28 U. S. C. 1332; *Garbie v. Chrysler Corp.*, 8 F. Supp. 2d at 817. It is the removing party's burden to establish that the jurisdictional requirements are met to a reasonable probability. *Id.*, citing *Doe v. Allied Signal, supra.* The defendant must do so with "competent proof," evidence which proves to a reasonable probability that jurisdiction exists. *Id*, citing Chase *v. Shop 'N Save Warehouse Foods, Inc.*, 100 F.3d 424 (7th Cir. 1997). Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum. *Doe*, 985 F.2d at 911; *Syngenta, 123 S. Ct. 366.* "Removal is proper only where the requisite amount in controversy is manifest from a reasonable reading of the complaint." *Garbie*, 8 F. Supp. 2d at 818.

Where a plaintiff limits his claims to an amount below the jurisdictional limit of the federal court, the sum claimed by the plaintiff controls. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *In re Amino Acid Lysine Antitrust Litigation*, 918 F. Supp. at 1184-85. If a plaintiff does not wish to try his case in federal court, he may resort to the expedient of suing for less than the jurisdictional amount, even though he may be entitled to more, and thus prevent removal. *In re Amino Acid Lysine Antitrust Litig.*, 918 F. Supp. at 1185, quoting *St. Paul Mercury, supra.* Plaintiffs "have the right to eschew claims in order to have their case heard in state court." *Gianopolous v. Interstate Brand Oorp.*, 1998 U. s. Dist. Lexis 4906, *6 (N. D. Ill. April 1, 1998), citing *Caterpillar Inc. v. Williams*, 482 U. S. 386, 398-99, 96 L. Ed. 2d 318,, 107 S. Ct. 2425 (1987).

It is clear that this action must be remanded for lack of subject matter jurisdiction, because Trans Union cannot show that the required amount in controversy is met, where plaintiff has specifically limited his claims below that amount.

## Damages Cannot Be Aggregated to Meet the Jurisdictional Amount

Trans Union's Notice of Removal states that "Plaintiff seeks multi-faceted relief," however, Trans Union fails to show that the relief sought is in excess of $75,000. To the contrary, plaintiff has specifically alleged in his Petition that he seeks damages in an amount *less* than the amount required to provide federal diversity jurisdiction. Petition at ¶ 31.

It is well-settled that damages may not be aggregated among class members to meet the jurisdictional amount. *Garbie*, 8 F. Supp. at 819, citing *In re Brand Name Prescription Drugs Antitrust Litigation*, 123 F. 3d 599, 607 (7th Cir. 1997); see also, Zahn *v. International Paper Co.*, 414 U.S. 291, 296-302, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973); *Ard v. Transcontinental Gas Pipeline*, 138 F. 3d 596, 602 (5th Cir. 1998); *H.D. Tire and Automotive Hardware*, 227 F.3d 326, 329 (5th Cir. 2000).

## Plaintiff Has Disclaimed Any Right To An Award of Attorney's Fees

Plaintiff has clearly *disclaimed* any separate award of fees and costs in his state court Petition. ¶ 30 Therefore, no fees or costs may be included to reach the required jurisdictional amount.

A transferee court in a diversity case is required to apply the substantive state law of the transferor forum. *In re Amino Acid Lysine Antitrust Litig.*, 927 F. Supp. 273, 275 n. 5, citing *Van Dusen v. Barrack*, 376 U. S. 612, 639, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964). Recently, the Fifth Circuit has found that the attorney's fee provisions of the Louisiana class action statute

are substantive rather than procedural in nature. *Grant v. Chevron Chem. Co.*, 309 F.3d 864, 875 n.37 (5th Cir., 2002). However, it is immaterial whether this Court applies the law of the Fifth Circuit or the Seventh because, as noted above, plaintiff has disclaimed any award of attorney's fees or costs. Thus, no fees are at issue here, and no fees may be included to reach the required jurisdictional amount.

Plaintiff's Petition clearly states, at ¶ 30, that plaintiff disclaims any right to attorney's fees under any substantive statute. Plaintiff also disclaims any award of attorney's fees as an element of his costs of the action, and disclaims any fees awardable under La. C. C. P. article 862. Thus, the required amount in controversy is not met here.

The instant action is distinguishable from *Grant v. Chevron*, because the *Grant* court based its decision on plaintiff's specific request for costs of the action, which are defined in La. Code of Civil Procedure article 595(A) to include attorney's fees. In this action, to the contrary, plaintiff specifically disclaims attorney's fees as an element of his costs. The *Grant* court held that attorney's fees includable as an element of costs could be aggregated to reach the required jurisdictional amount. However, in this action *there is a specific disclaimer of costs or fees in plaintiff's Petition*. Thus, there can be no aggregation of any fees to meet the jurisdictional amount.

This action is also distinguishable from *Manguno v. Prudential Property and Casualty Ins. Co.*, 276 F.3d 720 (5th Cir. 2002), also relied on by Trans Union, because the *Manguno* court based its holding on an insurance bad faith statute (La. R.S. 22:658) which provided for a separate award of attorney's fees, and under which plaintiff did not disclaim the fees; nor did plaintiff in *Manguno* renounce costs of the action. Further, the *Manguno* court's reasoning (in

dicta), that the representative plaintiff may not unilaterally disclaim an award of fees to the class

members, is inconsistent with the binding *Grant* holding that fees are attributable *solely* to the

representative plaintiff. If the fees belong to solely to the representative plaintiff, as *Grant* holds,

then it follows that the representative plaintiff, alone, can disclaim the fees (this is the primary

change in the law which the *Grant* decision effected). *Manguno*'s reasoning is also inconsistent

with its own holding that the fees belong solely to the representative plaintiff.

### Disgorged Profits and/or Restitutionary Damages May Not Be Aggregated To Reach The Required Jurisdictional Amount

Trans Union's Notice also argues that restitutionary damages/ disgorged profits in a class

action may be attributed solely to the representative plaintiff to meet the jurisdictional amount.

However, it is clear in the Seventh Circuit, as well as the Fifth, that the restitution which plaintiff

seeks in his Petition must be ratably distributed among the class members. *In re Amino Acid*

*Lysine Antitrust Litigation*, 918 F.Supp. 1181, 1188 (N.D. Ill. 1996) (restitutionary damages may

not be aggregated to reach jurisdictional amount); see also, *Dixon v. Ford Motor Credit*, No. 90-

1633, 1998 U.S. Dist. LEXIS 11992 (E.D. La. July 31, 1998) (same); *In re Ford Motor*

*Co./Citibank (South Dakota) N.A., Cardholder Rebate Program Litigation*, 264 F.3d 952 (9th

Cir. 2001) (holding that equitably disgorged profits may not be aggregated).

In *Dixon v. Ford Motor Credit, supra*, Judge Sear explains that disgorged profits, or

restitution, "are designed to compensate and make whole the victims of defendants' wrongdoing. .

. . To the extent possible, disgorged funds should be apportioned among the individual claimants

rather than being treated as a single collective right in which putative class members have an

undivided interest." *Dixon v. Ford Motor Credit, supra*, at *10, citing *Crawford v. American*

*Bankers Ins. Co.*, 987 F. Supp. 1408, 1411 (M.D.Ala. 1997).[3]

Addressing claims under California state law, restitutionary damages and/or disgorged profits may not be aggregated under that law to reach the jurisdictional amount, either. *Boston Reed Co. v. Pitney Bowes, Inc.*, No. 02-01106 SC, 2002 U. S. Dist. Lexis 11683 (N.D. Ca., June 20, 2002), citing *Surber v. Reliance Nat'l Indem. Co.*, 110 F.Supp. 2d 1227 (N.D. Ca. 2000), and *Phipps v. Praxair, Inc.*, No. 99-CV-1848 TW (LAB), 1999 U. S. Dist. Lexis 18745, 1999 WL 1095331 (S.D. Cal. Nov. 12, 1999).

The cost of injunctive relief also may not be aggregated to reach the jurisdictional amount, where plaintiff does not seek corrective advertising or some similar remedy. See, *In Re Brand Name Prescription Drugs Antitrust Litigation*, 123 F.3d 599, 609-10 (7th Cir. 1997); *Stein v. Sprint Communications Co.*, 1997 U. S. Dist. Lexis 9040, *15-17 (N. D. Ill. 1997); *Dixon v. Ford Motor Credit, supra* at *12, and citations therein. Trans Union has not shown in its Notice of Removal that any injunctive relief recoverable by the plaintiffs would be subject to aggregation. Thus, Trans Union has not carried its burden of proving the required jurisdictional amount in controversy on this ground.

Trans Union's Notice argues that the putative class members' rights to the fund of profits unlawfully gained by Trans Union are "collective." However, this Court has explained on more

---

[3]Most other courts have reached the same conclusion. See, *Central Laborers Welfare Fund v. Philip Morris*, 85 F.Supp. 2d 875 (S. D. Ill. 1998); *Daniels v. Philip Morris*, 18 F.Supp. 2d 1110 (S. D. Ca. 1998); *Kline v. Avis Rent A* Car, 66 F. Supp. 2d 1237 (S.D. Ala. 1999); *Gavriles v. Verizon Wireless*, 194 F.Supp. 2d 674 (E.D. Michigan 2002); *Nabal v. BJ's Wholesale Club*, No. 02-CV-2604, 2002 U. S. District Lexis 15106 (E.D. Penn. Aug. 1, 2002); *Gibson v. Chrysler Corp.*, No. C-99-1047, 1999 U. S. Dist. Lexis 22305 (N.D. Ca. May 28, 1999); *Arnold v. General Motors Corp.*, Nos. 98-3047, 98-3048, 1998 U. S. Dist. Lexis 18615 (N.D. Ca., Nov. 18, 1998*).

than one occasion that "[i]n a class action, an interest is 'common and undivided' where only the class as a whole is entitled to the relief requested. See *Griffith v. Sealtite Corp.*, 903 F. 2d 495, 498 (7th Cir. 1990). But a 'class member's rights are separate when they are attempting to obtain relief to which any one of them would be entitled.' *Hasek v. Chrysler Corp.*, 1996 WL 48602 at *2." *Garbie*, 8 F. Supp. 2d at 819; see also, *Stein v. Sprint, supra*, at **12; *Gianopolous v. Interstate Brand Corp.*, 1998 U. S. Dist. Lexis 4906, *3 (N. D. Ill. 1998).

In this action, each plaintiff is individually entitled to the relief that plaintiff seeks on behalf of himself and the putative class members. Thus, it is clear that restitution and disgorged profits may not be attributed solely to the representative plaintiff to meet the jurisdictional amount. Just as actual damages must be ratably distributed among the class members, so, too, restitution and disgorged profits, designed to make the class members whole from defendant's wrongdoing, must be distributed among *all* of the class members. Because plaintiff limits his damages in his Petition to an amount below the required jurisdictional amount, Trans Union's Notice fails to show that the required amount in controversy is met.

## The Representative Plaintiff's Decision to Disclaim A Separate Award of Fees

It is undoubted, in light of the *Grant* decision, that attorney's fees belong *solely* to the representative plaintiff under the Louisiana class action statute. And the earlier *Abbott Labs* decision made clear that attorney's fees awarded by statutory provision belong solely to the representative. *Free v. Abbott Laboratories*, 51 F.3d 524, 526 (5th Cir. 1995). Thus, it is clear that, because the fees belong solely to the representative plaintiff, the representative alone may renounce the fees. It is equally clear that whether the representative *should* do so is *not* a part of the jurisdictional inquiry.

Whether the representative should renounce attorney's fees–or should choose to plead state law claims rather than available federal claims–is a fact-specific inquiry which is properly part of the Rule 23(a) "adequacy of representation" prong of the class certification inquiry, along with other strategic litigation decisions made by the class representatives. This determination must be made in light of the particular factors which inform the representative's decision *in each case* –and, again, it is part of the "adequacy of representation" inquiry, and not a proper part of the Court's determination of jurisdiction.

It cannot be said, as a matter of law, that a representative plaintiff is, in all cases, wrong to choose to renounce fees, where renouncing the fees may, in some cases, provide a larger overall recovery for the class members. In some cases, renouncing attorney's fees may provide a better chance at obtaining *some* recovery, where it appears that no recovery at all may be had for the class under other circumstances.

Further, the representative's decisions are subject to the continuing scrutiny of the court having jurisdiction, which may issue orders during the conduct of the litigation for the protection of the absent class members, under Fed. R. Civ. P. 23(d), or may decline to certify or de-certify the class at any time. In addition, the class members themselves are afforded protections, such as the right to be heard, to be represented by their own counsel, to object and to opt-out of the action. Fed. R. Civ. P. 23(b)(3) and 23(e).

Thus, the question, whether plaintiff is an adequate class representative, in light of the strategic litigation choices made by the plaintiff and his counsel, is an inquiry that forms an integral part of the class certification decision–another decision, for another day, by another court. See, *Crawford v. American Bankers Ins. Co.*, 987 F. Supp. 1408, 1410 (M.D.Ala. 1997), and

cases cited at n. 4.

**Supplemental Jurisdiction Is Lacking Because There Is No Basis For Original Jurisdiction.**

There is no supplemental jurisdiction in this action, because there is no basis for original federal subject matter jurisdiction. *Roark v. Humana, Inc.*, 307 F.3d 298, 311 (5th Cir. 2002), citing *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (explaining that if district court never had original jurisdiction over any federal claim, it could not have exercised supplemental jurisdiction over the joined state claims and was required to remand).

**Attorney's Fees Under 28 U.S.C. 1441(c)**

Plaintiff moves for an award of attorney's fees and costs, as authorized by 28 U. S. C. 1441(c), because Trans Union knew or should have known all along that there is no basis for removal jurisdiction in this action. The decisions discussed hereinabove show that there is no preemption of state law causes of action under the FCRA, and thus, no federal question jurisdiction; to the contrary, courts have explicitly found that Congress intended that there be concurrent jurisdiction under the FCRA.

It is equally clear that there is no diversity jurisdiction, because plaintiff's state court Petition limits his claims to an amount below the jurisdictional amount. In addition, it is apparent that there is no basis for aggregation of the equitable relief requested by plaintiff. Moreover, Trans Union has repeatedly removed cases improperly in connection with this action. See, *Joshua Frey v. Trans Union*, No. SA CV 02-0596, which the Central District of California *twice* remanded to California state court after TU's improper removal.

In similar circumstances, this Court has found an award of attorney's fees and costs appropriate. *Garbie v. Chrysler Corp.*, 8 F. Supp. 2d at 820-21.

## Conclusion

For the reasons set forth hereinabove, plaintiff respectfully suggests that his motion be granted, and further, that this action be expeditiously remanded to the state court from which it came. Plaintiff further suggests that he be awarded attorney's fees and costs under 28 U. S. C. 1441(c) for Trans Union's improper removal of this case.

Respectfully submitted,

**Dawn Adams Wheelahan (La. Bar No. 19263)**
650 Poydras Street, Suite 1550
New Orleans, Louisiana, 70130
Telephone: (504) 522-0495
Facsimile:  (504) 581-1624

**Stephen R. Rue (La. Bar No. 19136)**
**Stephen R. Rue & Associates**
4004 Magazine Street
New Orleans, Louisiana 70115
Telephone:   [504] 269-1548
Facsimile:   [504] 895-3551
**Counsel for Plaintiff**

### CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that a copy of the foregoing has been served on all parties through their counsel by first class United States mail, postage prepaid, and on opposing counsel by facsimile transmission as well, this _____ day of August, 2003.

DAWN ADAMS WHEELAHAN