UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re TRANS UNION PRIVACY LITIGATION | ) | Lead Case No. 00c 4729 |
| | ) | |
| | ) | MDL Docket No. 1350 |
| | ) | |
| This Document relates to | ) | The Honorable Robert W. Gettleman |
| | ) | |
| ALL ACTIONS | ) | |
| | ) | |
| | ) | |
| | ) | |

## DEFENDANT ACXIOM CORPORATION'S ANSWER TO PLAINTIFFS' SECOND AMENDED CONSOLIDATED COMPLAINT

Defendant Acxiom Corporation ("Acxiom"), by and through its attorneys, submits its Answers and Affirmative Defenses to Plaintiffs' Second Amended Consolidated Complaint:

1.    Acxiom is without sufficient information to admit or deny the allegations of Paragraph 1 of Plaintiffs' Complaint, and therefore denies the same.

2.    Acxiom denies the allegations of Paragraph 2 of Plaintiffs' Complaint.

### PARTIES

3.    Acxiom is without sufficient information to admit or deny the allegations of Paragraph 3 of Plaintiffs' Complaint, and therefore denies the same.

4.    Acxiom is without sufficient information to admit or deny the allegations of Paragraph 4 of Plaintiffs' Complaint, and therefore denies the same.

5.    Acxiom is without sufficient information to admit or deny the allegations of Paragraph 5 of Plaintiffs' Complaint, and therefore denies the same.

15-2

6.    Acxiom is without sufficient information to admit or deny the allegations of Paragraph 6 of Plaintiffs' Complaint, and therefore denies the same.

7.    Acxiom is without sufficient information to admit or deny the allegations of Paragraph 7 of Plaintiffs' Complaint, and therefore denies the same.

8.    Acxiom is without sufficient information to admit or deny the allegations of Paragraph 8 of Plaintiffs' Complaint, and therefore denies the same.

9.    Acxiom is without sufficient information to admit or deny the allegations of Paragraph 9 of Plaintiffs' Complaint, and therefore denies the same.

10.    Acxiom is without sufficient information to admit or deny the allegations of Paragraph 10 of Plaintiffs' Complaint, and therefore denies the same.

11.    Acxiom is without sufficient information to admit or deny the allegations of Paragraph 11 of Plaintiffs' Complaint, and therefore denies the same.

12.    Acxiom is without sufficient information to admit or deny the allegations of Paragraph 12 of Plaintiffs' Complaint, and therefore denies the same.

13.    Acxiom is without sufficient information to admit or deny the allegations of Paragraph 13 of Plaintiffs' Complaint, and therefore denies the same.

14.    Acxiom is without sufficient information to admit or deny the allegations of Paragraph 14 of Plaintiffs' Complaint, and therefore denies the same.

15.    Acxiom is without sufficient information to admit or deny the allegations of Paragraph 15 of Plaintiffs' Complaint, and therefore denies the same.

16.    Acxiom is without sufficient information to admit or deny the allegations of Paragraph 16 of Plaintiffs' Complaint, and therefore denies the same.

17.     Acxiom is without sufficient information to admit or deny the allegations of Paragraph 17 of Plaintiffs' Complaint, and therefore denies the same.

18.     Acxiom is without sufficient information to admit or deny the allegations of Paragraph 18 of Plaintiffs' Complaint, and therefore denies the same.

19.     Acxiom is without sufficient information to admit or deny the allegations of Paragraph 19 of Plaintiffs' Complaint, and therefore denies the same.

20.     Acxiom is without sufficient information to admit or deny the allegations of Paragraph 20 of Plaintiffs' Complaint, and therefore denies the same.

21.     Acxiom denies the allegations of Paragraph 20 of Plaintiffs' Complaint.

22.     Acxiom denies the allegations of Paragraph 22 of Plaintiffs' Complaint. Acxiom specifically denies that it has violated any rights of Plaintiffs.

23.     Acxiom is without sufficient information to admit or deny the allegations of Paragraph 23 of Plaintiffs' Complaint, and therefore denies the same.

24.     Acxiom denies the allegations of the first, and third through sixth, sentences of Paragraph 24 of Plaintiffs' Compliant, except that Acxiom admits it is a Delaware corporation. Acxiom does not know to which entities Plaintiffs refer in the second sentence of Paragraph 24, although no Acxiom affiliated entities are parties to this litigation and are therefore such allegations are superfluous, and so are denied.

25.     Paragraph 25 of Plaintiffs' Complaint does not require a response from Acxiom.

26.     Acxiom denies the allegations of Paragraph 26 of Plaintiffs' Complaint.

<u>JURISDICTION AND VENUE</u>

27.     Acxiom denies that there is jurisdiction over this Compliant under 28 U.S.C. §1332, and admits the remaining allegation so Paragraph 27 of Plaintiffs' Compliant.

28.    Acxiom denies that there is jurisdiction over this Compliant under 28 U.S.C.
§1332, and admits the remaining allegation so Paragraph 28 of Plaintiffs' Compliant.

29.    Acxiom denies that 15 U.S.C.§1681p addresses venue, and admits the remaining
allegations of Paragraph 27 of Plaintiffs' Complaint.

## CLASS ALLEGATIONS

30.    Acxiom admits Plaintiffs have brought this litigation as a class action and seek
certification of certain enumerated classes, some of which this Court has since dismissed.
Acxiom denies the remaining allegations of Paragraph 30 of Plaintiffs' Complaint.

31.    Acxiom admits that Plaintiff seeks to exclude the persons identified in Paragraph
31 of their Complaint from their class definitions, and to define target marketing lists as
excluding firm offers of credit or insurance.

32.    Paragraph 32 of Plaintiff's Complaint does not call for a response from Acxiom.

33.    Acxiom denies the allegations of Paragraph 33 of Plaintiffs' Complaint.

34.    Acxiom denies the allegations of Paragraph 34 of Plaintiffs' Complaint.

35.    Acxiom denies the allegations of Paragraph 35 of Plaintiffs' Complaint.

36.    Acxiom denies the allegations of Paragraph 36 of Plaintiffs' Complaint.

37.    Acxiom denies the allegations of Paragraph 37 of Plaintiffs' Complaint.

38.    Acxiom denies the allegations of Paragraph 38 of Plaintiffs' Complaint.

39.    Acxiom denies the allegations of Paragraph 39 of Plaintiffs' Complaint.

40.    Acxiom denies the allegations of Paragraph 40 of Plaintiffs' Complaint.

41.    Acxiom denies the allegations of Paragraph 41 of Plaintiffs' Complaint.

42.    Acxiom denies the allegations of Paragraph 42 of Plaintiffs' Complaint.

43.    Acxiom denies the allegations of Paragraph 43 of Plaintiffs' Complaint.

44.     Acxiom denies the allegations of Paragraph 44 of Plaintiffs' Complaint.

## FACTS COMMON TO ALL COUNTS

### Trans Union And Its Consumer Credit Databases

45.     The allegations of Paragraph 45 do not relate to Acxiom and do not call for a response from Acxiom.

46.     The allegations of Paragraph 46 do not relate to Acxiom and do not call for a response from Acxiom.

47.     The allegations of Paragraph 47 do not relate to Acxiom and do not call for a response from Acxiom.

48.     The allegations of Paragraph 48 do not relate to Acxiom and do not call for a response from Acxiom.

49.     The allegations of Paragraph 49 do not relate to Acxiom and do not call for a response from Acxiom.

50.     Acxiom admits that Trans Union has gathered and furnished credit data on millions of Americans. Acxiom admits that, at times and for certain procedures, Acxiom has acted as Trans Union's agent. Acxiom denies the remaining allegations of Paragraph 50 of Plaintiffs' Complaint.

51.     Acxiom admits that no one may furnish consumer report other than for a lawsuit as defined by FCRA §15 U.S.C. 1681b.

### Trans Union's Target Marketing Business

52.     The allegations of Paragraph 52 do not relate to Acxiom and do not call for a response from Acxiom.

53.    Acxiom admits, on information and belief, the allegations of the first and second sentences of Plaintiffs' Complaint, but denies that they constitute a complete definition. Acxiom does not know how Plaintiffs define "targeted financial" or "credit-related criteria" and therefore denies the same. The remaining allegations of Paragraph 53 of Plaintiffs' Complaint do not apply to Acxiom or call for Acxiom's response.

54.    The allegations of Paragraph 54 do not relate to Acxiom and do not call for a response from Acxiom.

55.    The allegations of Paragraph 55 do not relate to Acxiom and do not call for a response from Acxiom.

56.    The allegations of Paragraph 56 do not relate to Acxiom and do not call for a response from Acxiom.

57.    The allegations of Paragraph 57do not relate to Acxiom and do not call for a response from Acxiom.

58.    The allegations of Paragraph 58 do not relate to Acxiom and do not call for a response from Acxiom.

59.    The allegations of Paragraph 59 do not relate to Acxiom and do not call for a response from Acxiom.

<u>Trans Union's Target Marketing Lists, Products And Services</u>

60.    The allegations of Paragraph 60 do not relate to Acxiom and do not call for a response from Acxiom.

61.    The allegations of Paragraph 61 do not relate to Acxiom and do not call for a response from Acxiom.

62.     The allegations of Paragraph 62 do not relate to Acxiom and do not call for a response from Acxiom.

63.     The allegations of Paragraph 63 do not relate to Acxiom and do not call for a response from Acxiom.

64.     The allegations of Paragraph 64 do not relate to Acxiom and do not call for a response from Acxiom.

65.     The allegations of Paragraph 65 do not relate to Acxiom and do not call for a response from Acxiom.

66.     The allegations of Paragraph 66 do not relate to Acxiom and do not call for a response from Acxiom.

67.     The allegations of Paragraph 67 do not relate to Acxiom and do not call for a response from Acxiom.

<u>Trans Union's Disclosure of Consumer Reports</u>
<u>For An Impermissible Purpose</u>

68.     The allegations of Paragraph 68 do not relate to Acxiom and do not call for a response from Acxiom.

69.     The allegations of Paragraph 69 do not relate to Acxiom and do not call for a response from Acxiom.

70.     The allegations of Paragraph 70 do not relate to Acxiom and do not call for a response from Acxiom. Acxiom, on information and belief, denies that any of the Plaintiffs have been injured as alleged in Paragraph 70 of their Complaint.

71.     The allegations of Paragraph 71 do not relate to Acxiom and do not call for a response from Acxiom.

72.     The allegations of Paragraph 72 do not relate to Acxiom and do not call for a response from Acxiom.

73.     The allegations of Paragraph 73 do not relate to Acxiom and do not call for a response from Acxiom.

74.     The allegations of Paragraph 74 do not relate to Acxiom and do not call for a response from Acxiom. Acxiom states affirmatively that any order of the ALJ speaks for itself and is the best evidence of its content.

75.     The allegations of Paragraph 75 do not relate to Acxiom and do not call for a response from Acxiom. Acxiom states affirmatively that any order of the ALJ speaks for itself and is the best evidence of its content.

76.     Acxiom admits the allegations of Paragraph 76 of Plaintiffs' Complaint.

### Trans Union's "Firm Offers of Credit"

77.     The allegations of Paragraph 77 do not relate to Acxiom and do not call for a response from Acxiom.

78.     Acxiom admits the general allegations of Paragraph 78 of Plaintiffs' Complaint, but states affirmatively that the FCRA speaks for itself and is the best evidence of the relevant terms and definitions it addresses.

79.     The allegations of Paragraph 79 do not relate to Acxiom and do not call for a response from Acxiom.

80.     The allegations of Paragraph 80 do not relate to Acxiom and do not call for a response from Acxiom.

81.     Acxiom denies the allegations of Paragraph 81 of Plaintiffs' Complaint.

<u>MCI's Target Marketing Efforts</u>

82.    The allegations of Paragraph 82 do not relate to Acxiom and do not call for a response from Acxiom.

83.    The allegations of Paragraph 83 do not relate to Acxiom and do not call for a response from Acxiom.

84.    The allegations of Paragraph 84 do not relate to Acxiom and do not call for a response from Acxiom.

85.    The allegations of Paragraph 85 do not relate to Acxiom and do not call for a response from Acxiom.

86.    The allegations of Paragraph 86 do not relate to Acxiom and do not call for a response from Acxiom.

87.    The allegations of Paragraph 87 of Plaintiffs' Complaint relate solely to a claim dismissed in an Order dated September 10, 2002, and therefore do not require an answer.

<u>FIRST CAUSE OF ACTION</u>
(Willful Noncompliance With the FCRA, 15 U.S.C. §§1681b, 1681n
By All Plaintiffs Against Trans Union and Acxiom)

88.    Acxiom repeats and realleges each and every response to Paragraph 1 – 87 as if the same were set forth herein.

89.    Acxiom denies the allegations of Paragraph 89 of Plaintiffs' Complaint.

90.    Acxiom denies the allegations of Paragraph 90 of Plaintiffs' Complaint.

91.    Acxiom denies the allegations of Paragraph 91 of Plaintiffs' Complaint.

SECOND CAUSE OF ACTION
(Negligent Noncompliance With the FCRA, 15 U.S.C. §§1681b, 1681o
By All Plaintiffs Against Trans Union and Acxiom)

92.   Acxiom repeats and realleges each and every response to Paragraph 1 – 91 as if the same were set forth herein.

93.   Acxiom denies the allegations of Paragraph 93 of Plaintiffs' Complaint.

94.   Acxiom denies the allegations of Paragraph 94 of Plaintiffs' Complaint.

95.   Acxiom denies the allegations of Paragraph 95 of Plaintiffs' Complaint.

THIRD CAUSE OF ACTION
(Invasion of Privacy and Misappropriation
By All Plaintiffs Against Trans Union and Acxiom)

96.   This paragraph relates solely to a claim dismissed by the Court on July 6, 2004, and therefore does not require a response.

97.   This paragraph relates solely to a claim dismissed by the Court on July 6, 2004, and therefore does not require a response.

98.   This paragraph relates solely to a claim dismissed by the Court on July 6, 2004, and therefore does not require a response.

99.   This paragraph relates solely to a claim dismissed by the Court on July 6, 2004, and therefore does not require a response.

100.  This paragraph relates solely to a claim dismissed by the Court on July 6, 2004, and therefore does not require a response.

101.  This paragraph relates solely to a claim dismissed by the Court on July 6, 2004, and therefore does not require a response.

## FOURTH CAUSE OF ACTION
(Unjust Enrichment By All Plaintiffs
Against Trans Union and Acxiom)

102.    This paragraph relates solely to a claim dismissed by the Court on July 6, 2004, and therefore does not require a response.

103.    This paragraph relates solely to a claim dismissed by the Court on July 6, 2004, and therefore does not require a response.

104.    This paragraph relates solely to a claim dismissed by the Court on July 6, 2004, and therefore does not require a response.

105.    This paragraph relates solely to a claim dismissed by the Court on July 6, 2004, and therefore does not require a response.

106.    This paragraph relates solely to a claim dismissed by the Court on July 6, 2004, and therefore does not require a response.

## FIFTH CAUSE OF ACTION
(Willful Noncompliance With the FCRA, 15 U.S.C. §1681c
By All Plaintiffs Against Trans Union and Acxiom)

107.    Acxiom repeats and realleges each and every response to Paragraph 1 – 106 as if the same were set forth herein.

108.    Acxiom denies the allegations of Paragraph 108 of Plaintiffs' Complaint.

109.    Acxiom denies the allegations of Paragraph 109 of Plaintiffs' Complaint.

110.    Acxiom denies the allegations of Paragraph 110 of Plaintiffs' Complaint.

## SIXTH CAUSE OF ACTION
(Negligent Noncompliance With the FCRA, 15 U.S.C. §1681b(c)
By All Plaintiffs Against Trans Union and Acxiom)

111.    Acxiom repeats and realleges each and every response to Paragraph 1 – 110 as if the same were set forth herein.

112.    Acxiom denies the allegations of Paragraph 112 of Plaintiffs' Complaint.

113.    Acxiom denies the allegations of Paragraph 113 of Plaintiffs' Complaint.

SEVENTH CAUSE OF ACTION
(Violation of Cal. Bus. & Prof. Code §17200 et seq.
By Martinelli, Stein and Wayne Against Trans Union,
and by Martinelli Against Acxiom)

114.    Acxiom repeats and realleges each and every response to Paragraph 1 – 113 as if the same were set forth herein.

115.    Acxiom denies the allegations of Paragraph 115 of Plaintiffs' Complaint.

116.    Acxiom denies the allegations of Paragraph 116 of Plaintiffs' Complaint.

117.    Acxiom denies the allegations of Paragraph 117 of Plaintiffs' Complaint.

118.    Acxiom denies each and every allegation of Plaintiffs' Complaint not specifically admitted here.

119.    Acxiom reserves the right to Amend this Answer as facts and defenses become apparent to it.

**AFFIRMATIVE DEFENSES**
**FIRST AFFIRMATIVE DEFENSE**
(Due Process)

The proposed restriction on the distribution of target marketing lists and prescreening lists is a patently arbitrary classification, utterly lacking in rational justification and bearing no rational relationship to any legitimate governmental interest in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution, the Due Process provision of the Fourteenth Amendment to the United States Constitution and the Due Process provision of Article I, Section 7 of the California Constitution.

### SECOND AFFIRMATIVE DEFENSE
(Unconstitutional Vagueness)

The interpretations of the FCRA and Section 17200 of the California Business and Professions Code upon which the Second Amended Consolidated Complaint is based are unconstitutionally vague and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, the Due Process provision of the Fourteenth Amendment to the United States Constitution, and the Due Process provision of Article I, Section 7 of the California Constitution.

### THIRD AFFIRMATIVE DEFENSE
(Vagueness Precluding Finding Of Maliciousness or Willfulness)

The vagueness of the FCRA and Section 17200 of the California Business and Professions Code with respect to Trans Union's or Acxiom's practices put in issue by the Second Amended Consolidated Complaint preclude a finding that such conduct was malicious or willful.

### FOURTH AFFIRMATIVE DEFENSE
(Consent)

The Second Amended Consolidated Complaint and each cause of action purportedly alleged therein are barred to the extent that Plaintiffs and/or the members of the class whom Plaintiffs purport to represent have not excluded their names from the distribution of target marketing lists and/or firm offer prescreening lists.

### FIFTH AFFIRMATIVE DEFENSE
(Statutes of Limitations)

The Second Amended Consolidated Complaint and each cause of action purportedly alleged therein are barred by the applicable statutes of limitations, including, without limitation, California Business & Professions Code § 17208, 15 U.S.C § 1681p and §§ 339(1) and 340 of the California Code of Civil Procedure.

13

## SIXTH AFFIRMATIVE DEFENSE
(Free Speech)

The interpretations of the FCRA and Section 17200 of the California Business and Professions Code upon which the Second Amended Complaint is based violate the Free Speech Clause of the First Amendment to the United States Constitution and Article I, Section 2 of the California Constitution.

## SEVENTH AFFIRMATIVE DEFENSE
(Unconstitutional Overbreadth)

The interpretations of the FCRA and Section 17200 of the California Business and Professions Code upon which the Second Amended Complaint is based are unconstitutionally overbroad and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, the Due Process provision of the Fourteenth Amendment to the United States Constitution, and the Due Process provision of Article I, Section 7 of the California Constitution.

## EIGHTH AFFIRMATIVE DEFENSE
(Violation of Due Process - Excessive Penalty)

Plaintiffs' demands for restitution and/or disgorgement are unconstitutional because they seek to impose a penalty that is excessive in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution, the Due Process provision of the Fourteenth Amendment to the United States Constitution, and the Due Process provision of Article I, Section 7 of the California Constitution.

## NINTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

Plaintiffs and/or the members of the putative class whom plaintiffs purport to represent have failed to mitigate their damages due to their failure to exclude their names from inclusion on target marketing lists and/or prescreened lists, and to the extent of such failure to mitigate,

14

any relief awarded under the Second Amended Consolidated Complaint should be reduced accordingly.

### TENTH AFFIRMATIVE DEFENSE
(Waiver)

The Second Amended Consolidated Complaint and each cause of action purportedly alleged therein are barred by the acts and conduct of the plaintiffs and/or the members of the putative class whom plaintiffs purport to represent.

### ELEVENTH AFFIRMATIVE DEFENSE
(Common Interest Privilege, Cal. Civil Code § 47(c))

The Second Amended Consolidated Complaint and each cause of action purportedly alleged therein are barred by the common interest privilege, Cal. Civil Code § 47(c)).

### TWELFTH AFFIRMATIVE DEFENSE
(FCRA Preemption)

The Second Amended Consolidated Complaint and each cause of action purportedly alleged therein are barred by §§ 1681b(c) and 1681t of the FCRA.

### THIRTEENTH AFFIRMATIVE DEFENSE
(No Duplicative Recovery)

To the extent that any relief sought by plaintiffs would be duplicative of relief sought by other plaintiffs in other lawsuits, subjecting Acxiom to the possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth Amendments to the United States Constitution, and by Article I, Sections 15 and 17 of the California Constitution.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Laches)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## FIFTEENTH AFFIRMATIVE DEFENSE
(Equal Protection)

The interpretations of the California Business & Professions Code § 17200 and the FCRA upon which the Second Amended Consolidated Complaint are based are unconstitutionally vague or overbroad in violation of Acxiom's rights guaranteed by the Equal Protection provision of the Fourteenth Amendment to the United States Constitution and the Equal Protection provision of Article I, Section 7 of the California Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE
(Cal. Civ. Code § 1785.32)

Each cause of action purportedly alleged in the Second Amended Consolidated Complaint based on California law is barred by Cal. Civ. Code § 1785.32 and judicial interpretations thereof which, *inter alia*, prohibit consumer actions in the nature of defamation, invasion of privacy or negligence against consumer reporting agencies.

## SEVENTEENTH AFFIRMATIVE DEFENSE
(Failure to State a Claim)

Plaintiffs' Second Amended Consolidated Complaint fails to state a claim on which relief can be granted.

WHEREFORE, Acxiom prays for judgment as follows:

1.   That Plaintiffs take nothing by their Second Amended Consolidated Complaint;

2.   That Acxiom be awarded all costs incurred herein;

3.   That Acxiom be awarded attorneys' fees as allowed by law or contract; and

4.   That the Court award such other and further relief as it deems just and proper.

16

Respectfully submitted,

ACXIOM CORPORATION

By: _____

Amy Lee Stewart                         Elayna T. Pham
Rose Law Firm                           Holland & Knight LLP
a Professional Association              131 S. Dearborn Street
120 East Fourth Street                  30th Floor
Little Rock, Arkansas  72201-2893       Chicago, Illinois  60603
Telephone: 501.375.9131                 Telephone: 312.715.5769
Facsimile: 501.375.1309                 Facsimile: 312.578.6666

Counsel for Defendant Acxiom Corporation

## CERTIFICATE OF SERVICE

The undersigned certifies that on the $\partial 7^{th}$ day of July, 2004, a true and correct copy of the foregoing *Defendant Acxiom Corporation's Answer to Plaintiffs' Second Amended Consolidated Complaint* was sent via First Class U.S. Mail to counsel of record at the following addresses:

Jon W. Borderud
PRONGAY & BORDERUD
11755 Wilshire Blvd., Suite 2140
Los Angeles, CA 90025

Frank Janecek, Jr.
LERACH COUGHLIN STOIA
  & ROBBINS, LLP
401 B Street, Suite 1700
San Diego, California 92101

Terry Rose Saunders
SAUNDERS & DOYLE
33 N. Dearborn Street, Suite 1302
Chicago, IL 60602

Robin G. Laurie
BALCH & BINGHAM LLP
The Winter Bldg., 2 Dexter Avenue
Montgomery, AL 36104

Mara McRae
KILPATRICK STOCKTON, LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530

Jordan Green
FENNEMORE CRAIG, P.C.
3003 North Central Avenue
Suite 2600
Phoenix, Arizona 85012

Richard Alexander
ALEXANDER, HAWES
  & AUDET L.L.P.
152 N. Third Street, Suite 600
San Jose, CA 95112

S. Gene Cauley
CAULEY GELLER BOWMAN
  & RUDMAN, LLP
Post Office Box 25438
Little Rock, Arkansas 72221-5438

David P. Kahn
DAVID B. KAHN
  & ASSOCIATES, Ltd.
One Northfield Plaza, Suite 100
Northfield, IL 60093-1211

Roman P. Wuller
THOMPSON COBURN LLP
One U.S. Bank Plaza
St. Louis, MO 63101-1693

H. Laddie Montague, Jr.
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103

Jonathan W. Cuneo
CUNEO WALDMAN
  & GILBERT, LLP
317 Massachusetts Avenue, N.E.
Suite 300
Washington, DC 20002
Michelle M. Blum
JONES DAY
5 Park Plaza, Suite 1100
Irvine, CA 92614

Brian P. Brooks
O'MELVENY & MYERS LLP
610 Newport Center Dr., Suite 1700
Newport Beach, CA 92660-6429

Matthew Righetti
RIGHETTI & WYNNE, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA  94104

Michael O'Neil
PIPER RUDNICK
203 N. LaSalle Street, Suite 1800
Chicago, IL  60601-1293

Ross B. Bricker
JENNER & BLOCK
One IBM Plaza, Suite 4300
Chicago, IL  60611

Finley L. Taylor
Justine M. Casey
SHEPPARD, MULLIN, RICHTER
  & HAMPTON LLP
650 Town Center Drive, Fourth Floor
Costa Mesa, CA  92626-1925

Alan S. Kopit
HAHN, LOESER & PARKS, LLP
3300 BP Tower, 200 Public Square
Cleveland, OH  44114-2301

John Zarian
FRIEDMAN O'BRIEN
  & ZARIAN LLP
611 W. Sixth Street, Suite 1600
Los Angeles, CA  90017

Steven C. Mitchell
HAGENS BERMAN
  & MITCHELL PLLC
2425 East Camelback Road, Suite 620
Phoenix, Arizona  85016

Steve W. Berman
HAGENS BERMAN LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101

Taher Kameli
KAMELI & ASSOCIATES, P.C.
220 South State Street, Suite 2026
Chicago, IL  60604

Evan D. Buxner
EVAN D. BUXNER, LLC
8182 Maryland Avenue, Suite 1400
St. Louis, MO  63105

Mark C. Laughlin
FRASER STRYKER MEUSEY
  OLSON BOYER & BLOCH, P.C.
500 Energy Plaza, 409 South 17th Street
Omaha, NE  68102-2633

Robert D. Gary
GARY, NAEGLE & THEADO
446 Broadway Avenue
Lorain, Ohio  44052

Kevin P. Roddy
HAGENS BERMAN LLP
700 S. Flower Street, Suite 2940
Los Angeles, CA  90017-4101

Joseph C. Kohn
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA  19107-3389

Alan Himmelfarb
LAW OFFICE OF ALAN HIMMELFARB
3801 S. Santa Fe Avenue
Vernon, CA  90058

Dale A. Danneman
LEWIS & ROCA LLP
40 North Central Avenue
Phoenix, Arizona  85004-4429

James P. Fitzgerald
MCGARTH, NORTH, MULLIN
  & KRATZ, P.C.
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE 68102

Timothy J. Tweeton
LAW FIRM OF TIMOTHY J. TWEETON,
LTD.
3605 N. Seventh Avenue, Suite 1
Phoenix, Arizona 85013

James V. Bashian
LAW OFFICES OF JAMES V. BASHIAN
500 Fifth Avenue, Suite 2700
New York, NY 10110

Joseph P. Lasala
MCELROY DEUTSCH
  & MULVANEY
1300 Mount Kemble Avenue
Post Office Box 2075
Morristown, NJ 07962

Kevin J. McInerney
MCINERNEY & MCINERNEY
18124 Wedge Parkway
Reno, NV 89511

Robert S. Waldman
ROBERT S. WALDMAN
  & ASSOCIATES, P.C.
1525 Locust Street, Suite 1201
Philadelphia, PA 19102-3732

Robert B. Roden
SHELBY & CARTEE, LLC
2956 Rhodes Circle
Birmingham, AL 35205

Robert Scott Dreher
THE DREHER LAW FIRM
835 Fifth Avenue, Suite 202
San Diego, CA 92101

Joseph P. Danis
THE DAVID DANIS LAW FIRM, P.C.
8235 Fortsyth Blvd., Suite 1100
St. Louis, MO 63105

Bruce J. Wecker
THE FURTH FIRM LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104