FILED
APR 4 - 2005
Judge Robert W. Gettleman
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re TRANS UNION CORP.
PRIVACY LITIGATION

THIS DOCUMENT RELATES TO:

NO. 04-3336

Yvonne Morse, *et al* v. Trans Union, LLC

Lead Case No. 00 cv 4729
MDL Docket No. 1350
Judge Robert Gettleman

**MEMORANDUM IN SUPPORT
OF MOTION FOR SUGGESTION OF REMAND**

**INTRODUCTION**

Plaintiff, Yvonne Morse, on behalf of herself and other similarly situated Louisiana residents, respectfully brings this motion for a suggestion of remand of this action to the Judicial Panel On Multidistrict Ligitation ("JPML" or "Panel"), pursuant to the provisions of 28 U.S.C. 1407(a) and JPML Rule 7.6(c)(ii).

Plaintiff seeks this Court's suggestion of remand because:

(1) There is a related, certified class action pending in Louisiana state court, for Louisiana residents, which involves the same transactions and operative facts as this action. This certification of Louisiana class claims distinguishes this action from the other coordinated actions. Remand of this action–which requires no further coordinated proceedings–will serve the interests of judicial economy by allowing the Louisiana state and federal actions to proceed towards resolution, providing a useful model for disposition of the rest.

(2) Discovery in the coordinated action is substantially complete, the defendant's motion to dismiss the claims common to all actions has been ruled upon, and all pretrial proceedings of a general nature are in the process of conclusion; other pre-trial proceedings required in this action are entirely case-specific; therefore, there is no further benefit to be gained in this action from coordinated proceedings, making remand for trial appropriate.

## ARGUMENT AND AUTHORITIES

### Legal Standards Applicable To Remands In Multidistrict Litigation

The Supreme Court instructs that § 1407(a) precludes a transferee district judge from assigning a transferred case to itself for trial. The Court determined that § 1407(a) imposes a mandatory obligation on the Panel to remand transferred cases to the transferor court. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 118 S. Ct. 956,962, 140 L. Ed. 2d 62 (1998); *In re Roberts*, 178 F.3d 181, 183 (3d Cir. 1999).

The statutory power to order a remand under § 1407(a) from the transferee district to the transferor district lies in the Panel, not the transferee district judge. *In re Bridgestone/Firestone ATX, ATXII, and Wilderness Tires Products Liability Litigation*, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001), citing *In re Roberts*, 178 F.3d 181, 183 (3d Cir. 1999). Parties may petition the Panel directly for remand, JPML Rule 7.6(c)(iii), or they may request that the district court suggest a remand to the JPML under JPML Rule 7.6(c)(ii). *Pinney v. Nokia*, 2005 U.S. App. LEXIS 4327, *46 (4th Cir. Mar. 16, 2005), citing *In re Roberts, supra*. "The Panel is reluctant to order remand absent a suggestion of remand from the transferee district court." JPML Rule 7.6(d).

In determining whether to issue a suggestion for remand to the Panel, courts are guided by the standards for remand employed by the Panel. *In re Bridgestone/Firestone*, 128 F. Supp. 2d at 1197. "When, as here, pre-trial proceedings in the MDL have not been concluded, the question of whether remand is nevertheless appropriate is left to the discretion of the Panel. See, e.g., *In re Patenaude, 210 F.3d 135, 145 (3d Cir. 2000)*. The exercise of that discretion generally turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL. See, e.g., *In re Air Crash Disaster, 461 F. Supp. 671, 672-73 (S.D.N.Y. 1978)*. The Panel has discretion to remand, for example, when everything that remains to be done is case-specific. *Patenaude, 210 F.3d at 145.*" *Id.*

Remand is appropriate in the *Morse* action, even though pre-trial proceedings in the MDL have not been concluded, because all remaining pretrial requirements in *Morse* are case-specific, and because the statewide class certification of Louisiana claims suggests the possibility of resolution of all Louisiana claims in tandem (as well as the additional possibility that resolution of the Louisiana claims, by counsel with substantial prior experience in FCRA class actions, would provide a useful model for resolution of the other actions).

**The Class Certification Of Related Louisiana Claims Suggests Remand Is Appropriate**

The JPML notes that "It is not contemplated that a Section 1407 transferee judge will necessarily complete all pretrial proceedings in all actions transferred and assigned to him by the Panel, but rather that the transferee judge in his discretion will conduct the common pretrial proceedings with respect to the actions and any additional pretrial proceedings as he deems otherwise appropriate. Thus, in considering remand of this action, the Panel is greatly influenced

by the transferee judge's suggestion that remand of the action is appropriate. [citation omitted]." *In re Evergreen Valley Project Litigation*, 435 F. Supp. 923, 924 (J.P.M.L., 1977). In *Evergreen*, the JPML granted remand, after the transferee judge found that, because of the pendency of related actions in state courts, further case-specific pretrial discovery in the remanded action was unnecessary. The transferee judge granted the suggestion of remand even though defendant's motion to dismiss was pending in the MDL court, finding that "It [the motion] can easily be presented to and determined by the transferor court." *Id.*

Similarly, in the instant action, any remaining pretrial discovery is specific only to this case, and any remaining pretrial motions can easily be determined by the transferor court. Plaintiff has been provided eight bankers' boxes of documents and deposition testimony by Trans Union, in response to discovery requests in the state court action. Plaintiff requires no further discovery that is not specific to the Louisiana residents.

All that remains in common with other actions in the MDL is the pending motion to certify a nationwide class of punitive damages claims under the FCRA. However, in view of the class certification of claims of Louisiana residents in state court, it is appropriate that class certification of the punitive damages claims of Louisiana decided by the transferor court in Louisiana, so that the possibility of double recovery of such damages (whether they are called "punitive" damages, or "unjust enrichment") can be considered and taken into account under Louisiana state and federal law. For this reason, as well, a suggestion of remand is appropriate.

Resolution of the Louisiana claims, in whatever way they are resolved, might also provide a useful model for resolution of other actions. Undersigned counsel–who is lead counsel for the

class in the certified state action–has significant experience in resolving FCRA class actions, having represented the nationwide class of more than forty million consumers in *LeBlanc v. Trans Union*[1] in 1999, and more recently serving as lead class counsel for the statewide FCRA class in *White v. Imperial Fire and Casualty Company and Equifax Information Services, Inc.*[2] In addition, undersigned counsel has successfully objected to inadequate class settlements in FCRA actions, helping to obtain an improved settlement after initial disapproval by the court in one action,[3] and currently working toward that goal in another.[4]

Co-counsel to the class in the Louisiana actions is the firm, Herman, Herman, Katz & Cotlar, which recently won a significant verdict in a class action seeking medical monitoring for a class of Louisiana consumers injured by tobacco, led by Russ Herman, a former president of the Association of Trial Lawyers of America. If remand is granted, it is likely that the Louisiana class, represented by counsel with significant FCRA class action experience as well as nationally recognized trial lawyers, will provide a resolution of the Louisiana action which will be an appropriate model for the other coordinated cases.

---

[1]*Washington v. CSC and Equifax*, No. 97-0971 c/w *LeBlanc v. Trans Union*, 98-2081, 1999 U.S. Dist. Lexis 3542 and 3543 (Mar. 10, 1999).

[2]*White v. Imperial Adjustment, et al and Equifax, et al*, 2002 U.S. Dist. Lexis 26610 (E. D. La. Aug. 6, 2002).

[3]*Clark v. Experian, Clark v. Equifax, Clark v. Trans Union*, Nos. 00-1217, 00-1218 and 00-1219 (D.South Carolina), Rec. Doc. 365.

[4]*In re Progressive Underwriting and Insurance Practices Litigation*, MDL No. 1519 (N.D. Fla., Gainesville Div.), Rec. Doc. 83.

**Discovery And Pretrial Proceedings Are Substantially Complete For Coordinated Actions**

Plaintiff requires no further discovery in this action, except that which is specific to the Louisiana class members, alone. In response to discovery requests in the state court action, Trans Union has provided substantially all discovery produced in the MDL. Similarly, pretrial dispositive motions have been decided already. The pending motion to certify does not include the claims of the Louisiana class members, except for a request for nationwide certification of punitive damages claims under the FCRA. The punitive damages claims of Louisiana class members should be excluded from any nationwide certification, in view of the certified class claims pending in state court–that is, whether claims are called "punitive damages," or "unjust enrichment," these should be considered and decided in Louisiana for the class of Louisiana residents, so that any overlap or possible double recovery can be taken into account. This distinguishes the claims of Louisiana residents from others pending in the MDL (which currently does not include any other claimants whose state law claims are certified in a state class action).

The exercise of this Court's discretion with respect to the suggestion of remand "generally turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL." *In re Bridgestone/Firestone*, 128 F. Supp. 2d at 1197, citing *In re Air Crash Disaster*, 461 F. Supp. 671, 672-73 (S.D.N.Y. 1978). With respect to the *Morse* action, there is little benefit to be gained from further coordinated proceedings; to the contrary, it appears that remand is the means by which *Morse* (and perhaps even the other actions), will be resolved.

To quote another court: ". . . while all pretrial proceedings have not been completed in these actions, all pretrial proceedings of a general nature have been concluded. Judge Theis

considers remand of these actions appropriate at this time because the objectives of centralized pretrial proceedings under Section 1407 have been achieved, and because completion of the remaining discovery and resolution of the remaining issues can most expeditiously be effectuated by the transferor courts . . . . In considering remand of actions, the Panel is greatly influenced by the transferee judge's suggestion that remand is appropriate.". *In re A. H. Robins Co, Inc. "Dalkon Shield" Products Liability Litigation*, 453 F. Supp. 108 (JPML, 1978), citing *In re Evergreen Valley Project Litigation, supra.* In the *Morse* action, as well, plaintiff respectfully suggests that remand is appropriate.

## CONCLUSION

For the reasons set forth hereinabove, plaintiff respectfully suggests that her motion for suggestion of remand pursuant to 28 U.S.C. 1407 and JPML Rule 7.6(c)(ii) be granted.

Respectfully submitted,

_____
DAWN ADAMS WHEELAHAN (19263)
650 Poydras Street, Suite 1550
New Orleans, Louisiana 70130
Telephone: 504-522-0495
Telecopy: 504-581-1624

**Steven J. Lane**, La. Bar No. 7554
**Stephen J. Herman**, La. Bar No. 23129
**David K. Fox**, La. Bar No. 5807
**Soren E. Gisleson**, La. Bar No. 26302
**HERMAN, HERMAN, KATZ & COTLAR, L.L.P.**
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Fax No.: (504) 561-6024

**Counsel for Plaintiffs**

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

No.: 02-18553                                                    DIVISION " B "

MARK E. ANDREWS,
on behalf of himself and others similarly situated

versus

TRANS UNION CORPORATION

FILED:_____                                          _____
                                                                                   CLERK

## JUDGMENT

This matter came before the Court on August 27, 2004 on plaintiff's Motion for Reconsideration of Judgment Denying Class Certification.

    **PRESENT:**    Counsel for Plaintiff, Mark E. Andrews
                             Dawn Adams Wheelahan
                             Soren E. Gisleson

                             Counsel for Defendant, Trans Union, LLC
                             Glenn P. Orgeron
                             Brian Brooks
                             Peter Donoghue
                             Morgen Sullivan

The Court, after reviewing the record and considering the arguments of counsel, and the law and evidence, **GRANTS** plaintiff's Motion for Reconsideration; and further, **GRANTS** plaintiff's Motion for Class Certification, **as to a class of Louisiana claimants only**, under the provisions of La. C. C. P. art. 591 (A)(1), (2), (3), (4), and (5) and La. C. C. .P. art. 591 (B)(3) Notice and the right to opt-out of this action shall be afforded the class members in an appropriate manner to be determined by the Court.

The Court further **GRANTS** plaintiff's motion, that he and his counsel, Dawn Adams Wheelahan, and Stephen Lane, Stephen Herman, David Fox, and Soren Gisleson of the firm, Herman, Herman, Katz & Cotlar, be appointed class representative and class counsel, respectively, of the class certified herein.

Accordingly:

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that plaintiff's Motion for Reconsideration of Judgment Denying Class Certification is **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that plaintiff's Motion


PLAINTIFF'S EXHIBIT 7

for Class Certification is **GRANTED as to the class of Louisiana claimants only**, under the provisions of La. C.C. P. art. 591 A(1), (2), (3), (4), and (5) and La. C.C. P. art. 591 (B)(3).

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the class certified herein shall be defined as follows:

All persons who are or were residents of Louisiana and who, at any time between December 2, 1992 and the present, had an active "tradeline" in Trans Union's CRONUS database and whose name was disclosed by Trans Union and/or any Trans Union subsidiary in a List product, or other similar service, but **excluding** persons whose names were only disclosed in a List product or other similar service permissible at the time of the disclosure under the provisions of the federal Fair Credit Reporting Act (15 U.S.C. 1681, *et seq.*). Specifically excluded from the class are the judges to whom this case is assigned and members of their immediate families; the officers, directors, employees, attorneys and persons who hold or held a financial interest in Trans Union LLC or any of its predecessors or subsidiaries.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that plaintiff, Mark E. Andrews is hereby appointed class representative of the class certified herein.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Dawn Adams Wheelahan, and Stephen Lane, Stephen Herman, David Fox, and Soren Gisleson of the firm, Herman, Herman, Katz & Cotlar, are hereby appointed class counsel to represent the class certified herein.

**ALL FOR WRITTEN REASONS TO BE ASSIGNED.**

**JUDGMENT RENDERED** in open Court on August 27, 2004 and signed in Chambers on the _____ day of September, 2004 in New Orleans, Louisiana

ROSEMARY LEDET

Reasons for Judgment

This action certifies a class of Louisiana residents who have consumer credit files with Trans Union Corporation and bring claims pursuant to La.R.S. 9:3571, the Louisiana Consumer Credit Law, and La. C.C. art. 2298 based on a theory of unjust enrichment.

At issue are "target marketing" lists compiled by Trans Union that the Federal Trade Commission (FTC) determined "contained information that credit grantors use as factors in granting credit." *In re Trans Union Privacy Litigation*, No. 00-4729, 2004 U.S. Dist. Lexis 12801, n.6. The "target marketing" lists at issue in this case are generated in two ways. Third parties either provide a list of consumers to Trans Union and purchase their credit or financial information or they purchase lists of the names and addresses of consumers who satisfy certain indicators, i.e. open car loans, bank loans, and mortgages. *In Re Trans Union, Privacy Litigation*, id. at n. 4.

According to the FTC, any type of information credit grantors use in their criteria to determine a consumer's eligibility for credit are consumer reports under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. sec. 1681 et seq., "and that their sale by Trans Union was unlawful." *In Re Trans Union Privacy Litigation*, id. at n.6

At a hearing on class certification, the only issue to be considered by the Court is whether the case is one in which the class action procedural device is appropriate. *Andry v. Murphy Oil, U.S.A., Inc.*, 710 So. 2d 1126 (La. App 4 Cir. 1998).

Under Louisiana law, a class action may be certified only if the numerosity adequacy of representation, typicality and commonality requirements are present. *Royal Street Grocery v. Entergy*, 778 So. 2d 679 (La. App. 4 Cir. 2001).

Because plaintiffs limit their damages to the revenues generated by Trans Union from the sale of their private consumer information, the issues to be decided in this case are whether Trans Union's actions violate Louisiana law pursuant to La. R.S. 9:3571.1 and La. C.C. art. 2298 and, whether disgorgement of profits is a measure of damages recognized under state law.

Therefore, the Court finds that the requirements for class certification based on numerosity, commonality, typicality, adequate representation, and definability. La. C.C.P. art. 591 A(1), (2), (3), (4), and (5).

Additionally La. C.C.P. art 591(B)(3) provides that superiority of the class action

procedure must be shown over other forms of adjudication in order for a class action to be maintained. Given the distinct uniform nature of the cases of action and extent of damages sought by the entire class of Louisiana residents, plaintiffs also satisfy the superiority requirement necessary for class certification.

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

No. 20 02-18553                                                     Section: 15 B

ANDREWS, MARK E.

versus

TRANS UNION CORPORATION

Date Case Filed: 12/02/2002

NOTICE OF SIGNING OF JUDGMENT

TO:

- Wheelahan, Dawn Adams, 19263
650 Poydras St. Suite 1550  New Orleans  LA  000070130

- Orgeron, Glenn Paul, Esq.  10235
601 Poydras St. Suite 2100  New Orleans  LA  000070130

In accordance with Article 1913 C.C.P., you are hereby notified that Judgment in the above entitled and numbered cause was signed on September 30, 2004.
New Orleans, Louisiana.
September 30, 2004

Adrienne Y_____ Clerk
Division "B"
BY ORDER OF THE COURT