IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re TRANS UNION CORP.
PRIVACY LITIGATION

THIS DOCUMENT RELATES TO:

NO. 05-cv-00831

**Yvonne Morse v. Trans Union, LLC**
and
**Alec Sharp, Individually and as
Representative of Certain Underwriters
at Lloyd's, London,
Federal Insurance Company (UK), LTD,
Assicurazioni Generali S.P.A. GE Frankona
Reinsurance LTD, All Subscribing to Policy
No. QA990009**

Lead Case No. 00 cv 4729
MDL Docket No. 1350
Judge Robert Gettleman

**FIRST AMENDED CLASS ACTION COMPLAINT**

The First Amended class action complaint of plaintiffs, Yvonne Morse and Robert Morse, on behalf of themselves and others similarly situated, respectfully represents as follows:

1.

No Answer or other responsive pleading has been filed by Trans Union to plaintiff's Complaint. Plaintiff submits this First Amended Complaint under the provisions of Fed. R. Civ P. 15(a).

2.

This First Amended Complaint is brought to assert additional claims under the Louisiana

Direct Action Statute, La. R. S. 22:655B(1), against the above-named Underwriters of a policy of liability insurance.  Trans Union has made claim for coverage of its liability to plaintiffs in this action under said **Policy Number QA9900096,** which has limits in the amount of $75,000,000 (**Seventy-five million dollars**).  Plaintiffs only recently became aware of the existence of this insurance policy, because in a Louisiana state law class action entitled *Andrews v. Trans Union*, Trans Union denied in response to an interrogatory and request for production that any policy of insurance provided liability coverage to Trans Union for claims arising from Trans Union's target marketing activities.

## JURISDICTION AND VENUE

**3.**

This Honorable Court has jurisdiction in this action pursuant to 28 U.S.C. 1331 (federal question) in that this action is brought under the provisions of 15 U.S.C. 1681, *et seq.* (the Fair Credit Reporting Act).  This Court has supplemental jurisdiction over state law claims asserted herein under the provisions of 28 U.S.C. 1367 because those claims involve the same nucleus of operative facts as the federal claims brought herein.

## PARTIES

**4.**

Plaintiff, **Yvonne Morse**, is a person of the age of majority and a resident of the Eastern District of Louisiana.  Plaintiff, **Robert Morse**, is a person of the age of majority and a resident of the Eastern District of Louisiana.  Plaintiffs bring this action on behalf of themselves and those similarly situated, whose confidential consumer credit information has been sold, leased and/or improperly disclosed by defendant, **Trans Union, LLC**, and by its subsidiaries and co-

conspirators, in the form of target marketing lists, in violation of the Fair Credit Reporting Act, 15 U.S.C. 1681, *et seq.*, and in particular, §1681b.

**5.**

Defendant, **Trans Union, LLC**, is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Trans Union LLC is authorized to do and doing business in the Eastern District of Louisiana.

**6.**

Defendants, Alec Sharp, Individually and as Representative of Certain Underwriters at Lloyd's, London; Federal Insurance Company (UK), LTD., Assicurazioni Generali S.P.A., GE Frankona Reinsurance, Ltd. are underwriters, all subscribing to a certain policy of liability insurance **Number QA9900096**, which provides professional liability coverage to defendant, Trans Union, for claims asserted by plaintiffs in this action.

**FACTUAL ALLEGATIONS**

**7.**

Defendant, Trans Union, LLC, ("Trans Union") is a consumer reporting agency (also known as "credit bureau") as defined by the Fair Credit Reporting Act, 15 U.S.C. 1681, *et seq.* ("FCRA").

**8.**

Since 1990, and before that time, Trans Union has been engaged in the sale, lease and/or unlawful distribution of consumers' private financial, credit, and other confidential information in the form of target marketing lists ("Lists"), which are compilations of consumer reports as defined by the FCRA and the Federal Trade Commission ("FTC"). Trans Union has sold, leased

and/or distributed the Lists containing the names and other information of plaintiff and all putative class members to persons who have no permissible purpose to obtain consumer reports, in violation of §1681b of the FCRA.  Trans Union violated the provisions of §1681e(a) of the FCRA by failing to maintain reasonable procedures to prevent the furnishing of consumer reports except for purposes permissible under §1681b of the FCRA by distributing the above described lists to persons who have no permissible purpose to obtain consumer reports.

9.

The Lists that are the subject of this complaint are derived from Trans Union's credit reporting database, called "CRONUS."   In 1990, the FTC notified the three major credit reporting agencies, including Trans Union, that their sale of target marketing lists derived from credit reporting databases was in violation of the FCRA   While the two other major credit reporting agencies complied with the FTC's "cease and desist" order, defendant, Trans Union, refused to do so.  Subsequent to the FTC's order in 1990, Trans Union earned approximately $40 million dollars annually from the unlawful distribution of consumers' confidential financial information in the Lists.  It was these profits, and the fact that the FTC had no power, at the time of its initial order, to seek a monetary penalty, that motivated Trans Union's blatant disregard for the law and the rights of consumers.

10.

Plaintiffs, and all putative class members, are persons whose names were included in defendant, Trans Union's Master File, which is used to compile the complained-of target marketing lists.  The Master File is compiled by applying certain criteria to the consumer reporting information contain Trans Union's CRONUS database of consumer credit files.  Trans Union's target marketing lists are compiled by selecting and applying certain criteria to the

Master File, or by matching social security numbers, credit card numbers, or other personal identifiers to the names contained in the Master File. Plaintiffs and each putative class member had his or her private financial, credit or other confidential information unlawfully disclosed by Trans Union, in to third parties, in a target marketing list, or similar product or service, without their authorization or consent, in violation of the FCRA, and in particular, §1681b and §1681e(a) of that statute.

11.

Where Trans Union contracted with others to sell, lease and/or distribute its unlawful target marketing lists, Trans Union always kept title to the consumer credit data in its CRONUS database. Therefore, Trans Union was always liable under the FCRA for the unlawful disclosures of consumer credit information contained in its database, even where others effectuated the disclosures.

12.

In connection with information regarding consumers' right to opt-out of target marketing lists, defendant, Trans Union, did not at any time disclose to consumers that its Lists included information from its consumer credit reporting database that was protected from disclosure under the provisions of the FCRA. Thus, even if Trans Union advised consumers of their right to opt-out of marketing lists, Trans Union failed to disclose to consumers the information necessary for them to make an informed decision to do so.

13.

Plaintiffs seek statutory, actual and punitive damages under §1681n and §1681o of the FCRA for a class of approximately 4.5 million Louisiana residents, as well as attorney's fees and expenses of litigation under the provisions of those statutes.

## FED. R. CIV. P. 23 ALLEGATIONS

**14.**

Plaintiffs bring this action individually and on behalf of all other similarly situated Louisiana residents whose consumer credit information was disclosed by Trans Union by way of target marketing lists. Specifically excluded are all persons whose information was disclosed *only* in List products permissible under the FCRA, and not in any impermissible list product. Also excluded are the judges to whom this case is assigned and their immediate families, and all employees, owners, representatives, officers, directors, attorneys, and other persons related to or affiliated with the defendant, Trans Union LLC; and counsel for the plaintiffs.

**15.**

All proposed class members of this class, which is geographically limited to current residents of Louisiana, seek relief under the same legal and remedial theories, under the provisions of 15 U.S.C. 1681n and 1681o, as set forth hereinabove, so that the claims of the representative plaintiffs are typical of the claims of all proposed class members.

**16.**

The questions of law and fact set forth above are common to all class members. Common issues include, but are not limited to:

>Whether Trans Union violated the provisions of §1681b of the FCRA by disclosing information from the CRONUS credit reporting database in target marketing lists;

>Whether Trans Union violated the provisions of §1681e(a) of the FCRA by disclosing information from the CRONUS credit reporting database in target marketing lists;

Whether plaintiffs are entitled to statutory damages as a result of Trans Union's violations, under §1681n of the FCRA;

Whether plaintiffs are entitled to punitive damages as a result of Trans Union's violations, under §1681n of the FCRA;

Whether plaintiffs are entitled to attorney's fees and expenses under the provisions of §§1681n and 1681o of the FCRA;

Whether plaintiffs are entitled to equitable disgorgement of Trans Union's revenues derived from the unlawful conduct complained of herein;

Whether disgorgement of unlawful revenues is an adequate measure of actual damages under the provisions of the FCRA.

**17.**

The proposed class numbers more than one hundred persons, widely dispersed, so that joinder is impractical.

**18.**

The representative plaintiffs have no conflicts which would prevent their adequate representation of all class members.  Proposed class counsel is experienced in class action and consumer law matters, having served as lead counsel in three certified class actions brought under the FCRA, and in more than ten class action or putative class action matters in the Eastern District of Louisiana.  Class counsel has no conflicts which would prevent her adequate representation of all class members.

**19.**

The claims against defendant, **Trans Union LLC** in this action should be maintained as a class action pursuant to **Fed. R. Civ. Proc. 23(b)(3)**, because common issues, as set forth

hereinabove, predominate over any individual issues, and because class action is superior to other methods available for resolution of this controversy.

**20.**

The claims in this action under the Louisiana Direct Action Statute (La. R. S. 22:655) against the insurance underwriters should be maintained as a class action under the provisions of Fed. R. Civ. P. 23(b)(1)(B), because the insurance proceeds are a "limited fund," and adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests by depleting the limited fund of insurance proceeds available to pay claims.

**21.**

Class action is superior to other methods available for resolving this controversy, because repetitive litigation of identical issues as presented here would waste the resources of the courts and the parties; the individual stakes are small when compared with the costs of the litigation; the class members are widely dispersed, and are unlikely to bring individual actions, which would be costly, to protect their interests; and this class action is superior to the repeated production and evaluation of identical evidence which would attend litigation of individual claims, including waste of expert and attorney labor, and the waste of the resources of the courts; finally, to leave plaintiffs' complaint unaddressed, and allow Trans Union to keep its unlawful profits, would encourage wrongdoing on the part of consumer reporting agencies and all defendants, to the public's detriment and in contravention of the policies of the Fair Credit Reporting Act.

**22.**

Plaintiffs are entitled to and request a trial by jury.

**WHEREFORE**, representative plaintiffs, Yvonne and Robert Morse, individually and on behalf of other similarly situated Louisiana consumers, respectfully pray for judgment against defendant, Trans Union, LLC, including statutory damages, punitive damages, actual damages, attorney's fees and expenses, prejudgment and post-judgment interest, injunctive and declaratory relief, and all general and equitable relief to which plaintiffs may be entitled.  Plaintiffs pray for judgment against the above-named underwriters in the amount of $75,000,000 under the policy of liability insurance pursuant to which  Trans Union LLC had made claim for coverage of its liability in this action, or such other amount, whether greater or lesser, as the insurance coverage affords for claims asserted in this action.

Plaintiffs further pray that they and their counsel, Dawn Adams Wheelahan, and Steven J. Lane, Stephen J. Herman, David K. Fox and Soren E. Gisleson of the firm Herman, Herman, Katz & Cotlar, be appointed class representatives and class counsel, respectively.

Respectfully submitted,

 **/s/ Dawn Adams Wheelahan**
 _____
 **DAWN ADAMS WHEELAHAN (19263)**
 650 Poydras Street, Suite 1550
 New Orleans, Louisiana 70130
 Telephone: 504-522-0495
 Telecopy:   504-581-1624

 **TEMPORARY OFFICE:**
 17 Woodstone Square

Austin, Texas 78703
Telephone:  512.689.1153
Facsimile:    512.628.3149
dwheelahan@aol.com


**Steven J. Lane**,  La. Bar No. 7554
**Stephen J. Herman**,  La. Bar No. 23129
**Soren E. Gisleson**,  La. Bar No. 26302
**HERMAN, HERMAN, KATZ & COTLAR, L.L.P.**
201 St. Charles Avenue, Suite 4310
New Orleans, Louisiana 70170
Telephone:	504-581-4892
Facsimile:	504-561-6024
Email:	sherman@hhkc

C:\MorseTU\Pleadings\FirstAmendedComplaint.wpd