IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**In Re TRANS UNION CORP.**
**PRIVACY LITIGATION**

───────────────────────────────────

**THIS DOCUMENT RELATES TO:**

**ALL CASES**

**Lead Case No. 00 cv 4729**
**MDL Docket No. 1350**
**Judge Robert Gettleman**
**Magistrate Judge Michael T. Mason**

───────────────────────────────────

**LOUISIANA AND TEXAS PLAINTIFFS' SUPPLEMENT TO**
**RULE 23(g) MOTION**

Plaintiffs, Yvonne and Robert Morse, and Mark Andrews, on behalf of the certified

class of Louisiana consumers, and Donald Jowers, on behalf of the putative class of Texas

consumers, respectfully file this Supplement to their Rule 23g motion, and state as follows:

**I.    BACKGROUND**

On August 20, 2007, Louisiana and Texas Counsel filed a Rule 23g motion seeking

appointment as separate interim counsel for the Target Marketing Claimants (Docket 356).

Louisiana and Texas Counsel now file this brief supplement to address the impact of

recent events on their motion.

Firm Offer Counsel and TransUnion first proposed a settlement of this case on

March 13, 2006; this first settlement was filed with a motion for preliminary approval on

November 6, 2006.  Louisiana counsel pointed out the defects of that first settlement and,

as a result, Judge Mason ordered it to be withdrawn on April 24, 2007.  Judge Mason gave

the Settlement Proponents (Trans Union and Firm Offer Counsel) an opportunity to file

additional briefing on the proposed settlement, but after reviewing the briefing, advised the parties, on June 28, 2007, that the settlement would be rejected and that they should consider resubmitting a revised settlement.

Louisiana and Texas Counsel met with Trans Union's counsel in an attempt to negotiate an adequate revised settlement agreement but Trans Union cut off those conversations and instead negotiated a revised settlement agreement with Firm Offer Counsel, without the participation or knowledge of Louisiana and Texas counsel. Because Firm Offer Counsel had already agreed to the withdrawn inadequate settlement, they had no leverage to negotiate any significant improvements. Louisiana and Texas Counsel filed their Rule 23g motion, arguing that they should be appointed to represent the Target Marketing Claimants because they were best able to negotiate a better settlement or, if Trans Union failed to offer adequate consideration, to litigate those claims.

Since the filing of the Rule 23g motion, Trans Union and Firm Offer Counsel have submitted a revised settlement agreement and moved to have it preliminarily approved. Louisiana and Texas Counsel vigorously opposed the revised settlement and briefed its many inadequacies to the Court. On January 3, 2008, Judge Mason issued his Report & Recommendation (the "R&R") agreeing with Louisiana and Texas Counsel that the revised settlement was inadequate.

## II.     ARGUMENT

Although the R&R found that Firm Offer Counsel were adequate under Rule 23(a)(4), the Court did not make any finding regarding whether they were "best able to represent the interests of the class" which is the applicable standard when "more than one adequate applicant seeks appointment as class counsel." FED. R. CIV. P. 23(g)(2).

However, the R&R did contain many findings which demonstrate that Firm Offer Counsel are not best able to represent the interests of the Target Marketing Claimants. The R&R noted that the Firm Offer Counsel agreed to an egregiously inadequate notice plan which flatly ignored the mandatory requirement of giving individual notice to class members who are readily identifiable. As the R&R noted, not only does the notice plan fail to require individual notice to persons whose names and addresses are readily available in Trans Union's database, it does not even provide for individual notice to Trans Union's current subscribers!  R&R at 23 - 24.  Moreover, the R&R noted, Trans Union would be able to profit from selling its services to uninformed, non-noticed future customers who purchase services from Trans Union, without realizing they are entitled to obtain the services for free as a settlement benefit.  R&R at 26.

The R&R noted that the "litigation value of plaintiffs' claims are extraordinary" and that "the likelihood that plaintiffs can establish willfulness and recover statutory and punitive damages at trial is significantly higher than estimated by Trans Union."  R&R at 31.  That is what Louisiana and Texas Counsel have argued all along.  Now, having twice accepted inadequate settlements, the Firm Offer Counsel are clearly not the counsel best able to represent the target marketing claimants in this action, because the defendant, Trans Union, knows they are willing to settle for less than the claims are worth–they can't negotiate for more, because the defendant they are negotiating against knows they are satisfied with less.  And it is not the job of the Court to negotiate for the plaintiffs; that is the job of the plaintiffs' counsel.

The words of another Court, rejecting another inadequate settlement, aptly describe Firm Offer Counsel's current position in this case:

Throughout the process of improving a defective and unfair settlement agreement, however, Class Counsel simply incorporated enhancements suggested by others to the objected-to terms. Class Counsel started out in a position of weakness, and their effectiveness at improving a defective product is the result of the strenuous and well-presented arguments of the objectors, rather than an informed arms-length negotiation process undertaken by well-positioned counsel.

*Figueroa v. Sharper Image*, 517 F. Supp.2d 1292, 1323 (S.D. Fl. Oct. 11, 2007).

## III.    CONCLUSION

This supplement lists only a few of the numerous inadequacies Judge Mason noted in the revised settlement.  The fact that the revised settlement is so inadequate comes as no surprise – the flawed settlement is the predictable result of a flawed negotiating process.  As Louisiana and Texas Counsel argued in their Rule 23g Motion, Firm Offer Counsel simply have no leverage to negotiate for the target marketing claimants. Louisiana and Texas Counsel, if appointed to represent the target marketing claimants are prepared to litigate the claims if TransUnion does not agree to significantly improve the settlement.

Respectfully submitted,

/s/ Michael A. Caddell
**Michael A. Caddell**
Texas Bar No. 03576700
**Cory S. Fein**
Texas Bar No. 06879450
**Caddell & Chapman**
1331 Lamar, Suite 1070
Houston TX 77010-3027
Telephone:  713.751.0400
Facsimile:  713.751.0906

**Mitchell A. Toups**
Texas Bar No. 20151600
**Weller, Green, Toups & Terrell, L.L.P.**
2615 Calder St., Suite 400
Beaumont TX 77010-3027
Telephone:  409.838.0101
Facsimile:  409.832.85577

**Daniel A. Edelman**
Illinois Bar No.  00712094
**James O. Latturner**
Illinois Bar No. 01588095
**Edelman, Combs & Latturner, L.L.C.**
120 South LaSalle St.,18th Floor
Chicago IL 60603
Telephone:  312.732.4200
Facsimile:  312.419.0379

**Counsel for Plaintiff, Donald Jowers, Individually and on Behalf of All Persons Similarly Situated**

       **and**

**Dawn Adams Wheelahan**
(La. Bar No. 19263)
5528 Loyola Avenue
New Orleans, Louisiana 70115
Telephone: 512-689-1153
Facsimile:   (512) 628-3149

**Counsel for Yvonne and Robert Morse, and Mark Andrews and the Certified Louisiana Class**

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that a copy of the foregoing has been served on all parties through their counsel by electronic transmission, this 11th day of January, 2008.

              /s/  Cory S. Fein
              **Cory S. Fein**

## NON-ECF SERVICE LIST
### *IN RE TRANS UNION PRIVACY LITIGATION*

Jon W Borderud
Law Offices of Jon W. Borderud
11620 Wilshire Boulevard, Suite 400
Los Angeles, CA 90025

Brian P. Brooks
O'Melveny & Myers
1625 Eye Street N.W.
Washington, DC 20006-4001

Oren S. Giskan
Giskan Solotaroff & Anderson, LLP
11 Broadway, Suite 2150
New York, NY 10004

Alan S. Kopit
Hahn, Loeser & Parks
200 Public Square
3300 BP America Building
Cleveland, OH 44114-2301

Mark C Laughlin
Fraser  Stryker  Vaughn  Meusey  Olson
Boyer & Bloch, P.C.
409 South 17th Street, #500
Omaha, NE 68102

Alan M Mansfield
Eric I. Niehaus
Lerach Coughlin Stoia Geller Rudman &
Robbins
655 West Broadway, Suite 1900
San Diego, CA 92101

Matthew Righetti
Righetti & Wynne
456 Montgomery Street
Suite 1400
San Francisco, CA 94104

Robert B Roden
Shelby & Cartee, LLC
2956 Rhodes Circle
Birmingham, AL 35205