# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re TRANS UNION CORP. PRIVACY LITIGATION | Lead Case No. 00 C 4729 |
| | MDL Docket No. 1350 |
| This Document Relates To: | Judge Robert W. Gettleman |
| ALL ACTIONS. | Magistrate Judge Michael T. Mason |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Before this Court is Trans Union's Motion to Enforce the protective orders entered in this case on October 3, 2001 (the "2001 Protective Order") and November 21, 2006 (the "2006 Protective Order") (collectively the "Protective Orders"). In its motion, Trans Union asks this Court to find that Michael A. Caddell, counsel for plaintiffs in *Jowers v. Trans Union LLC*, No. 06-207 (originally filed in the Eastern District of Texas), violated the Protective Orders by displaying a redacted copy of Trans Union's 2004 and 2005 financial statements during a mediation session in *White v. Trans Union*, an action pending in the United States District Court for the Central District of California. We begin by reviewing the terms of the Protective Orders.

The 2001 Protective Order authorizes Trans Union to designate balance sheets and income statement information produced in this litigation (collectively "Trans Union Financial Information") as confidential and restricts the dissemination of such information to certain attorneys who serve as plaintiff's counsel in this case. It further provides that Trans Union Financial Information "shall be used solely for the purposes of

1

this litigation," limits the disclosure of Trans Union Financial Information to certain deponents, and precludes the parties from filing any material designated as Trans Union Financial Information with the Court, except under seal. The 2006 Protective Order supplements the definition of designated plaintiff's counsel - those to whom Trans Union Financial Information may be disseminated - to include a number of additional attorneys, including Mr. Caddell and Cory Fein of Caddell & Chapman. It further provides that the individuals added as designated plaintiff's counsel shall be bound by the terms of the 2001 Protective Order.

As alleged in its motion, on November 21, 2006, Trans Union produced copies of its consolidated balance sheets and income statements for 2004 and 2005 and Note 1 to the financial statements to Mr. Fein. These documents were designated as Trans Union Financial Information under the Protective Orders and bore a printed legend stating that they were subject to the 2001 Protective Order. Included in the production was a single page document titled Trans Union Corp. Consolidated Balance Sheets which disclosed Trans Union's financial statements for 2004 and 2005 (the "Balance Sheet").

On October 16, 2007, Mr. Caddell participated in a mediation session in the *White* case, during which he displayed in a PowerPoint presentation a redacted copy of the Balance Sheet. The Balance Sheet was not produced in the *White* litigation. Following the mediation, counsel for Trans Union in the *White* matter requested that Mr. Caddell provide a copy of the document he displayed, identify its source, and destroy all copies. In response, Mr. Caddell sent a detailed letter, dated November 5, 2007, acknowledging that his firm acquired the Balance Sheet in connection with the present

case and attaching a PDF copy of the redacted Balance Sheet used in the mediation. Trans Union attached a copy of Mr. Caddell's letter and the redacted Balance Sheet as exhibit D to its motion.

In his November 5, 2007 letter, Mr. Caddell states, in reference to the mediation presentation, that "[m]y firm acquired this knowledge and this document as part of its involvement in the *In re Trans Union Corp. Privacy Litigation*. I am counsel in this litigation, and I am subject to a protective order in this case." Thus, there can be no doubt that Mr. Caddell acquired the Balance Sheet through his representation of the plaintiffs in the present case and was aware of the terms of the Protective Order. The only issue is whether Mr. Caddell's use of the redacted Balance Sheet in the *White* mediation violated the Protective Orders and what, if any, sanctions are appropriate. *See American Nat'l Bank & Trust Co. v. AXA Client Solutions, LLC.*, 2002 U.S. Dist. LEXIS 9511 (N.D. Ill. May 28, 2002).

In his response in opposition to Trans Union's motion and November 5, 2007 letter, Mr. Caddell attempts to draw a distinction between the disclosure of the financial information and his knowledge of it. He claims, without any supporting authority, that "nothing in a protective order can prevent [him] from knowing, in [his] own mind, Trans Union's Financial status .. [and] the protective order did not prevent [him] from disclosing that [he] knew Trans Union's financial status." However, the 2001 Protective Order states that Trans Union Financial Information "shall be used solely for the purposes of this litigation." Mr. Caddell acknowledges that he utilized the redacted Balance Sheet in the *White* mediation to remind Trans Union of his awareness of their financial status and "circumvent any false posturing on Trans Union's part meant to

3

understate its net worth." Mr. Caddell's utilization of the Balance Sheet to "circumvent" Trans Union's mediation tactics in the *White* case violates the spirit, if not the terms, of the Protective Order. Had Mr. Caddell displayed an un-redacted copy of the Balance Sheet, the violation would be clear and sanctions would be warranted. However, Trans Union's own conduct in filing the redacted Balance Sheet as an exhibit to its motion persuades us that sanctions are not appropriate here.

The 2001 Protective Order provides that "[a]ny material designed as Trans Union Financial Information or disclosing or discussing Trans Union Financial Information, shall not be filed with the Court, except under seal and in strict accordance with Rules 5.8 and 26.2 of the Local General Rules of the United States District Court for the Northern District of Illinois." Trans Union included the redacted Balance Sheet as exhibit D to its Motion. However, Trans Union did not comply with the requirements of Local Rules 5.8 and 26.2, which set forth the procedural steps for filing a document under seal.

For the reasons stated above, Trans Union's Motion to Enforce Protective Orders is denied. Counsel for the plaintiffs is cautioned to comply with the terms of the Protective Orders in effect in this case. Any future disclosure of Trans Union Financial Information, whether in redacted or unredacted form, beyond that allowed under the Protective Orders will result in the imposition of appropriate sanctions.

ENTER:

**MICHAEL T. MASON**
**United States Magistrate Judge**

**Dated:     March 31, 2008**

4