1   D. RONALD RYLAND, Cal. Bar No. 47949
    JOHN D. PERNICK, Cal. Bar No. 155468

RECEIVED

NOV 1 5 1999
80/50
FURTH, FAHRNER & MASON

2   SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
    Four Embarcadero Center, 17th Floor
3   San Francisco, California 94111
    Telephone: (415) 434-9100
4   Facsimile: (415) 434-3947

5   ROGER L. LONGTIN (admitted pro hac vice)
    WILLIAM J. CAMPBELL, JR., Cal. Bar No. 60740
6   STEPHEN L. AGIN (admitted pro hac vice)
    MICHAEL O'NEIL (admitted pro hac vice)
7   ELIZABETH R. BACON EHLERS (admitted pro hac vice)
    PIPER MARBURY RUDNICK & WOLFE
8   203 North LaSalle Street
    Suite 1800
9   Chicago, Illinois 60601-1293
    Telephone: (312) 368-4000
10  Facsimile: (312) 236-7516

11  Attorneys For Defendant TRANS UNION LLC

12               UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14               SAN FRANCISCO DIVISION

15

16  MARCI MARTINELLI,                Civil No.    99-1867 WHA
    individually and on behalf of the California   {Rel'd. Case:  99-0632 WHA}
17  public,

18

19                  Plaintiff,

20     v.

21  TRANS UNION CORPORATION,       **DEFENDANT TRANS UNION'S**
    a Delaware corporation;            **RESPONSES TO PLAINTIFF**
22  ACXIOM CORPORATION,          **MARTINELLI'S FIRST REQUEST FOR**
    a Delaware corporation; and        **PRODUCTION OF DOCUMENTS**
23  DOES 1 through 100, inclusive,

24

25                 Defendants.

26

27

28

DEFENDANT'S RESPONSE TO
PLAINTIFF MARTINELLI'S FIRST
REQUEST FOR DOCUMENTS IN <u>MARTINELLI v. TRANS UNION L.L.C.</u>

1    MICHAEL ROSEN, on behalf of himself and
2    all other persons similarly situated,

3

4                              Plaintiff,

5           v.

6    TRANS UNION CORPORATION,

7

8                              Defendant.

9

10           Defendant Trans Union LLC, sued as "Trans Union Corporation" ("Trans Union"), pursuant
11   to Rule 34 of the Federal Rules of Civil Procedure, hereby responds to Plaintiff Martinelli's First
12   Request For Production Of Documents. As agreed between the parties and unless otherwise stated,
13   the responses are prepared to be consistent with the proposed stipulated changes to the Court's
14   September 24, 1999 Order Regarding Discovery ("Order"), as outlined in the November 2, 1999
15   letter and (its attached Exhibits A and B ) from counsel for Trans Union to the Honorable Judge
16   William Alsup, not with the original September 24, 1999 Order.

17                              **GENERAL OBJECTIONS**

18           1.    Trans Union objects to the date, place and manner of production demanded by plaintiff
19   given the voluminous nature of the documents requested, and the fact that such voluminous
20   documents are located in Chicago, Illinois and Conway, Arkansas, and numerous other places
21   scattered throughout the country outside the Northern District of California and the State of
22   California. To the extent Trans Union does not object to the production of documents, Trans Union
23   will produce such documents for inspection at a time and date mutually agreed upon by the parties,
24   and at the places where such documents exist in the ordinary course of Trans Union's business.

25           2.    Trans Union objects to each and every request for the production of documents to the
26   extent that such request calls for the production of documents which are protected from disclosure
27   by the attorney-client privilege and/or the attorney work product doctrine.

28

3.    Trans Union objects to Definition "A" on the grounds that the phrase "any other related companies or divisions" is vague and ambiguous and because the definition is overbroad and unduly burdensome and demands the production of documents which are not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence.

4.    Trans Union objects to Plaintiff's "Instructions" and "Definitions" to the extent that they purport to impose obligations beyond those provided for by Fed. R. Civ. P. 34 or the Parties' Stipulated Changes to the Order.

## RESPONSES TO DOCUMENT REQUESTS

**Request No. 1:** All documents reflecting or referring to communications between Trans Union and its target marketing customers that concern, evidence, reflect or refer to target marketing lists.

**Response to Request No. 1:** Trans Union incorporates its General Objections herein by reference. Trans Union further objects to this request in that it is overbroad and unduly burdensome and seeks documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Trans Union has made available and will make further available for inspection the billing records, production files, sales representative files and other files maintained by or on behalf of Trans Union, and located in various locations throughout the country, including Chicago, Illinois and Conway, Arkansas.

**Request No. 2:** A hard copy or printout of all information pertaining to Plaintiff in CRONUS.

**Response to Request No. 2:** Trans Union incorporates its General Objections herein by

1  reference.  Trans Union further objects to this request to the extent it demands that Trans Union

2  create documents which are not otherwise in existence, and further objects that the request is

3  overbroad and unduly burdensome to the extent it seeks a "hard copy or printout" of information in

4  CRONUS which is not part of credit reports or file disclosures printed in the ordinary course of

5  business.  Without waiving the foregoing objections, Trans Union has already produced documents

6  responsive to this request, labeled TU00001-TU00022.

**Request No. 3:**  A hard copy or printout of all information pertaining to Plaintiff in each copy
of version of Trans Union's Master File.

**Response to Request No. 3:**  Trans Union incorporates its General Objections herein by
reference.  Trans Union further objects to this request to the extent it demands that Trans Union
create documents which are not otherwise in existence.  Without waiving the foregoing objections,
Trans Union has already produced documents responsive to this request, labeled TU00001-TU00022.

**Request No. 4:**  A hard copy or printout of all information pertaining to Plaintiff in each copy
or version of Trans Union's Performance Base File.

**Response to Request No. 4:**  Trans Union incorporates its General Objections herein by
reference.  Trans Union further objects to this request to the extent it demands that Trans Union
create documents which are not otherwise in existence.  Without waiving the foregoing objections,
Trans Union has already produced documents responsive to this request, labeled TU00001-TU00022.

**Request No. 5:**  A hard copy or printout of all information pertaining to Plaintiff in each copy
or version of Trans Union's New Issues File.

**Response to Request No. 5:**  Trans Union incorporates its General Objections herein by
reference.  Trans Union further objects to this request to the extent it demands that Trans Union
create documents which are not otherwise in existence.  Without waiving the foregoing objections,
Trans Union will make responsive documents available for inspection.

**Request No. 6:**  One copy of each version of Trans Union's Master File.

1   **Response to Request No. 6:**  Trans Union incorporates its General Objections herein by

2   reference. Trans Union further objects to this request in that it is over broad and unduly burdensome

3   and calls for the production of thousands of computer cartridges stored across the country.  Without

4   waiving the foregoing objections, Trans Union will make responsive documents available for

5   inspection.

6

7   **Request No. 7:** One copy of each version of Trans Union's Performance Base File which has
been used to generate target marketing lists for purposes other than making a "firm offer of credit or

8   insurance" as defined in the Fair Credit Reporting Act, 15 U.S.C. §1681a(1).

9   **Response to Request No. 7:**  Trans Union incorporates its General Objections herein by

10   reference. Trans Union further objects to this request in that it is over broad and unduly burdensome

11   and seeks documents which are neither relevant to the subject matter of this litigation nor reasonably

12   calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objections,

13   Trans Union states that no responsive documents exist.

14   **Request No. 8:** One copy of each version of Trans Union's New Issues File.

15   **Response to Request No. 8:**  Trans Union incorporates its General Objections herein by

16   reference. Trans Union further objects to this request in that it is over broad and unduly burdensome

17   and seeks documents which are neither relevant to the subject matter of this litigation nor reasonably

18   calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objections,

19   Trans Union will make responsive documents available for inspection.

20

21   **Request No. 9:** All documents reflecting or referring to the identity of Trans Union's target
marketing customers.

22

23   **Response to Request No. 9:**  Trans Union incorporates its General Objections herein by

24   reference.  Without waiving the foregoing objections, Trans Union will make available for inspection

25   the billing records, production files, sales representative files, data sets and other files maintained by

26   or on behalf of Trans Union, and located in various locations throughout the country, including

27   Chicago, Illinois and Conway, Arkansas.

28

1

2

**Request No. 10:** All documents reflecting or referring to the identity of the third-party mailers to whom Trans Union provides or has provided its target marketing lists.

3

**Response to Request No. 10:** Trans Union incorporates its General Objections herein by

4

reference. Without waiving the foregoing objections, Trans Union will make available for inspection

5

the billing records, production files, sales representative files, data sets, and other files maintained by

6

or on behalf of Trans Union, and located in various locations throughout the country, including

7

Chicago, Illinois and Conway, Arkansas.

8

9

**Request No. 11:** All documents reflecting or referring to the target marketing lists Trans Union's target marketing customers or their agents have purchased, rented or otherwise obtained

10

from Trans Union which show the selects, indicators, extracts and/or other criteria used to generate said target marketing lists, including but not limited to all orders, invoices, receipts, confirmations and

11

other written communications with said customers or their agents.

12

13

**Response to Request No. 11:** Trans Union incorporates its General Objections herein by

14

reference. Trans Union further objects to this request in that it is overbroad and unduly burdensome

15

and seeks documents which are neither relevant to the subject matter of this litigation nor reasonably

16

calculated to lead to the discovery of admissible evidence. Furthermore, Trans Union objects to this

17

Request in that the phrase "selects, indicators, extracts and/or other criteria used to generate said

18

target marketing lists" is vague and imprecise, making it difficult to determine what specific meaning

19

is intended and, thus, what documents are being requested. Without waiving the foregoing

20

objections, Trans Union will make available for inspection the billing records, production files, sales

21

representative files, data sets, and other files maintained by or on behalf of Trans Union, and located

22

in various locations throughout the country, including Chicago, Illinois and Conway, Arkansas.

23

24

**Request No. 12:** All documents reflecting or referring to the target marketing lists Trans Union's target marketing customers or their agents have purchased, rented or otherwise obtained

25

from Trans Union, including but not limited to all orders, invoices, receipts, confirmations and other written communications with said customers or their agents which show the target marketing

26

products (e.g., "E-VAL," "PIC," "P$YCLE," "SOLO" and "TIE") used to generate said target marketing lists.

27

28

1  **Response to Request No. 12:** Trans Union incorporates its General Objections herein by

2  reference. Trans Union further objects to this request in that it is overbroad and unduly burdensome

3  and seeks documents which are neither relevant to the subject matter of this litigation nor reasonably

4  calculated to lead to the discovery of admissible evidence. Trans Union will make available for

5  inspection the billing records, production files, sales representative files, data sets and other files

6  maintained by or on behalf of Trans Union, and located in various locations throughout the country,

7  including Chicago, Illinois and Conway, Arkansas.

8

9  **Request No. 13:** All documents reflecting a target marketing list which has been or will be

10  disclosed to a third party and which contains Plaintiff's name.

11  **Response to Request No. 13:** Trans Union incorporates its General Objections herein by

12  reference. Trans Union further objects to this request in that the request for documents reflecting a

13  list which "will be disclosed" is vague and ambiguous. Trans Union objects to the extent the request

14  is vague and ambiguous in that Trans Union does not know which target marketing lists contain

15  plaintiff's name. Without waiving the foregoing objections, Trans Union will make responsive

16  documents available for inspection.

17  **Request No. 14:** All documents reflecting a target marketing list which has been or will be

18  disclosed to a third party and which contains the name of consumer(s) whose addresses are located

in California.

19

20  **Response to Request No. 14:** Trans Union incorporates its General Objections herein by

21  reference. Trans Union further objects to this request in that the request for documents reflecting a

22  list which "will be disclosed" is vague and ambiguous. Trans Union objects to the extent the request

23  is vague and ambiguous in that Trans Union does not know which target marketing lists contain

24  names of California consumers. Without waiving the foregoing objections, Trans Union will make

25  responsive documents available for inspection.

26

27  **Request No. 15:** All documents produced by Trans Union in the FTC proceeding.

28

1      **Response to Request No. 15:** Trans Union incorporates its General Objections herein by

2   reference.   Without waiving the foregoing objections, Trans Union states that it made such

3   documents available for inspection by plaintiff's counsel from October 26 through October 29, 1999.

4

5      **Request No. 16:** All documents produced by the complaint counsel in the FTC proceeding.

6

7      **Response to Request No. 16:** Trans Union incorporates its General Objections herein by

8   reference.   Without waiving the foregoing objections, Trans Union states that it made such

9   documents available for inspection by plaintiff's counsel from October 26 through October 29, 1999.

10

11      **Request No. 17:** All documents produced by third parties in the FTC proceeding.

12      **Response to Request No. 17:** Trans Union incorporates its General Objections herein by

13   reference. Trans Union further objects to the extent it demands the production of documents which

14   were produced pursuant to protective orders prohibiting Trans Union's use or disclosure of such

15   documents and other information outside the FTC proceeding.   (Those protective orders were

16   attached to a June 7, 1999 letter from Elizabeth R. Bacon Ehlers to Matthew Righetti and Chris

17   Micheletti.)   Subsequent to and conditioned upon the agreement and written consent of the third

18   parties producing such documents, Trans Union states that it made responsive documents available

19   for inspection by plaintiff's counsel from October 26 through October 29, 1999.

20

21      **Request No. 18:** All protective orders entered by the parties or any third parties in the FTC

22   proceeding.

23      **Response to Request No. 18:** Trans Union incorporates its General Objections herein by

24   reference.   (Those protective orders were attached to a June 7, 1999 letter from Elizabeth R. Bacon

25   Ehlers to Matthew Righetti and Chris Micheletti.) Moreover, Trans Union states that it again made

26   responsive documents available for inspection by plaintiff's counsel from October 26 through October

27   29, 1999.

28

DEFENDANT'S RESPONSE TO
PLAINTIFF MARTINELLI'S FIRST
REQUEST FOR DOCUMENTS IN <u>MARTINELLI v. TRANS UNION L.L.C.</u>   8

1    **Request No. 19:** All privilege logs exchanged or disclosed by the parties or by any third
2    parties in the FTC proceeding.

3    **Response to Request No. 19:** Trans Union incorporates its General Objections herein by
4    reference.  Trans Union further objects to this request in that it is overbroad and unduly burdensome
5    and seeks documents which are neither relevant to the subject matter of this litigation nor reasonably
6    calculated to lead to the discovery of admissible evidence.  Without waiving the foregoing objections,
7    Trans Union will make responsive documents available for inspection.

8

9    **Request No. 20:** All written discovery responses by Trans Union in the FTC proceeding.

10.
11   **Response to Request No. 20:** Trans Union incorporates its General Objections herein by
12   reference.  Without waiving the foregoing objections, Trans Union states that it made responsive
13   documents available for inspection by plaintiff's counsel from October 26 through October 29, 1999.

14
15   **Request No. 21:** All written discovery responses by complaint counsel in the FTC
     proceeding.

16   **Response to Request No. 21:**  Trans Union incorporates its General Objections herein by
17   reference.   Without waiving the foregoing objections, Trans Union states that it made responsive
18   documents available for inspection by plaintiff's counsel from October 26 through October 29, 1999.

19
20   **Request No. 22:** All documents reflecting expert reports which were exchanged or disclosed
21   in the FTC proceeding.

22   **Response to Request No. 22:** Trans Union incorporates its General Objections herein by
23   reference.   Without waiving the foregoing objections, Trans Union states that no documents
24   responsive to this request exist.

25

26   **Request No. 23:** All transcripts of testimony (deposition, trial, etc.) of Trans Union
27   personnel, Trans Union witnesses, Trans Union experts, complaint counsel witnesses, complaint
     counsel experts, third-party personnel, third-party witnesses and third-party experts generated in the

28
     DEFENDANT'S RESPONSE TO
     PLAINTIFF MARTINELLI'S FIRST
     REQUEST FOR DOCUMENTS IN MARTINELLI v. TRANS UNION L.L.C.    9

1    FTC proceeding.

2

3    **Response to Request No. 23:** Trans Union incorporates its General Objections herein by

4    reference. Trans Union further objects to the extent it demands the production of documents which

5    were produced pursuant to protective orders prohibiting Trans Union's use or disclosure of such

6    documents and other information outside the FTC proceeding. (Those protective orders were

7    attached to a June 7, 1999 letter from Elizabeth R. Bacon Ehlers to Matthew Righetti and Chris

8    Micheletti.) Subsequent to and conditioned upon the agreement and written consent of the third

9    parties producing such documents, Trans Union states that it made all responsive documents

10   available for inspection by plaintiff's counsel from October 26 through October 29, 1999.

11

12   **Request No. 24:** All declarations and affidavits of Trans Union personnel, Trans Union
     witnesses, Trans Union experts, complaint counsel witnesses, complaint counsel experts, third-party

13   personnel, third-party witnesses and third-party experts submitted in the FTC proceeding.

14   **Response to Request No. 24:** Trans Union incorporates its General Objections herein by

15   reference. Trans Union further objects to the extent it demands the production of documents which

16   were produced pursuant to protective orders prohibiting Trans Union's use or disclosure of such

17   documents and other information outside the FTC proceeding. (Those protective orders were

18   attached to a June 7, 1999 letter from Elizabeth R. Bacon Ehlers to Matthew Righetti and Chris

19   Micheletti.) Subsequent to and conditioned upon the agreement and written consent of the third

20   parties producing such documents, Trans Union states that it made all such documents available for

21   inspection by plaintiff's counsel from October 26 through October 29, 1999.

22

23   **Request No. 25:** All exhibits offered, entered and/or received into evidence in the trial before
     Judge Timony in the FTC proceeding.

24

25   **Response to Request No. 25:** Trans Union incorporates its General Objections herein by

26   reference. Trans Union further objects to the extent it demands the production of documents which

27   were produced pursuant to protective orders prohibiting Trans Union's use or disclosure of such

28

1   documents and other information outside the FTC proceeding.   (Those protective orders were

2   attached to a June 7, 1999 letter from Elizabeth R. Bacon Ehlers to Matthew Righetti and Chris

3   Micheletti.) Subsequent to and conditioned upon the agreement and written consent of the third

4   parties producing such documents, Trans Union states that it made all such documents available for

5   inspection by plaintiff's counsel from October 26 through October 29, 1999.

6

7   **Request No. 26:** All exhibits marked and used at any depositions in the FTC proceeding.

8

9   **Response to Request No. 26:** Trans Union incorporates its General Objections herein by

10   reference. Trans Union further objects to the extent it demands the production of documents which

11   were produced pursuant to protective orders prohibiting Trans Union's use or disclosure of such

12   documents and other information outside the FTC proceeding.   (Those protective orders were

13   attached to a June 7, 1999 letter from Elizabeth R. Bacon Ehlers to Matthew Righetti and Chris

14   Micheletti.) Subsequent to and conditioned upon the agreement and written consent of the third

15   parties producing such documents, Trans Union states that it made all such documents in its

16   possession available for inspection by plaintiff's counsel from October 26 through October 29, 1999.

17

18   **Request No. 27:** All documents reflecting or referring to Trans Union's continuing or
discontinuing, or altering its practices pertaining to, the use of any selects, indicators, extracts or

19   other criteria in connection with its target marketing list business.

20   **Response to Request No. 27:** Trans Union incorporates its General Objections herein by

21   reference. Trans Union further objects to this request on the basis that it is vague and ambiguous,

22   and on the basis that it is overbroad and unduly burdensome and seeks documents which are neither

23   relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of

24   admissible evidence. Trans Union further objects on the basis that it seeks documents protected from

25   disclosure on the basis of the attorney-client privilege and the work product doctrine. Without

26   waiving these objections, Trans Union states that many of the documents responsive to other

27   document requests are also responsive to this request, and will be made available for inspection.

28

DEFENDANT'S RESPONSE TO
PLAINTIFF MARTINELLI'S FIRST
REQUEST FOR DOCUMENTS IN MARTINELLI v. TRANS UNION L.L.C.   11

1    **Request No. 28:** All documents reflecting or referring to Trans Union's continuing or
discontinuing, or altering its practices pertaining to, the use of any target marketing products in
2    connection with its target marketing list business.

3

**Response to Request No. 28:** Trans Union incorporates its General Objections herein by
4
reference. Trans Union further objects to this request on the basis that it is vague and ambiguous,
5
and on the basis that it is overbroad and unduly burdensome and seeks documents which are neither
6
relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of
7
admissible evidence. Trans Union further objects on the basis that it seeks documents protected from
8
disclosure on the basis of the attorney-client privilege and the work product doctrine. Without
9
waiving these objections, Trans Union states that many of the documents responsive to other
10
document requests are also responsive to this request, and will be made available for inspection.
11

12

**Request No. 29:** All documents reflecting or referring to the FTC's 1993 consent order with
13   TRW Inc. regarding target marketing lists.

14

15   **Response to Request No. 29:** Trans Union incorporates its General Objections herein by

16   reference. Trans Union further objects on the basis that it seeks documents protected from disclosure

17   on the basis of the attorney-client privilege and the work product doctrine. Trans Union further

18   objects to the extent it demands the production of documents which were produced pursuant to

19   protective orders prohibiting Trans Union's use or disclosure of such documents and other

20   information outside the FTC proceeding. As explained in the August 9, 1999, letter from Elizabeth

21   R. Bacon Ehlers to Matthew Righetti and Chris Micheletti, the third-party primarily responsible for

22   documents responsive to this request has refused to consent to the disclosure of the documents, thus

23   these documents will not be made available. Without waiving the foregoing objections, Trans Union

24   will make responsive documents available for inspection.

25

26   **Request No. 30:** All documents reflecting or referring to whether or not the disclosure, sale
and/or distribution of any of Trans Union's target marketing lists or target marketing products violates
27   the Fair Credit Reporting Act ("FCRA"), the Consumer Credit Reporting Agencies Act ("CCRAA")

28
DEFENDANT'S RESPONSE TO
PLAINTIFF MARTINELLI'S FIRST
REQUEST FOR DOCUMENTS IN <u>MARTINELLI v. TRANS UNION L.L.C.</u>   12

1    or any other federal or California state law.

2

3    **Response to Request No. 30:** Trans Union incorporates its General Objections herein by

4    reference. Trans Union further objects to this request in that it is over broad and unduly burdensome

5    and seeks documents which are neither relevant to the subject matter of this litigation nor reasonably

6    calculated to lead to the discovery of admissible evidence. Trans Union further objects on the basis

7    that it seeks documents protected from disclosure on the basis of the attorney-client privilege or the

8    work product doctrine.  Without waiving these objections, Trans Union states that many of the

9    documents responsive to other document requests are also responsive to this request, and has been

10   made available, and will be further made available for inspection.

11

12   **Request No. 31:** All documents reflecting or referring to Trans Union's continuing or
     discontinuing, or altering its practices pertaining to, the disclosure, sale and/or distribution of any
13   target marketing lists or target marketing products in or around October 1997.

14   **Response to Request No. 31:** Trans Union incorporates its General Objections herein by

15   reference. Trans Union further objects to this request on the basis that it is vague and ambiguous,

16   and on the basis that it is overbroad and unduly burdensome and seeks documents which are neither

17   relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of

18   admissible evidence. Trans Union further objects on the basis that it seeks documents protected from

19   disclosure on the basis of the attorney-client privilege and the work product doctrine.  Without

20   waiving these objections, Trans Union states that many of the documents responsive to other

21   document requests are also responsive to this request, and will be made available for inspection.

22

23   **Request No. 32:** All documents reflecting or referring to Trans Union's no longer including
     certain information in its Master File commencing in or around October 1997.
24

25   **Response to Request No. 32:** Trans Union incorporates its General Objections herein by

26   reference. Trans Union further objects to this request on the basis that it is vague and ambiguous,

27   and on the basis that it is overbroad and unduly burdensome and seeks documents which are neither

28
     DEFENDANT'S RESPONSE TO
     PLAINTIFF MARTINELLI'S FIRST
     REQUEST FOR DOCUMENTS IN MARTINELLI v. TRANS UNION L.L.C.   13

1  relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of

2  admissible evidence. Without waiving these objections, Trans Union states that many of the

3  documents responsive to other document requests are also responsive to this request, and will be

4  made available for inspection.

5

6  **Request No. 33:** All documents reflecting or referring to Trans Union's continuing or
discontinuing, or altering its practices pertaining to, the disclosure, sale and/or distribution of any

7  target marketing lists or target marketing products in or around January 1998.

8

9  **Response to Request No. 33:** Trans Union incorporates its General Objections herein by

10  reference. Trans Union further objects to this request on the basis that it is vague and ambiguous,

11  and on the basis that it is overbroad and unduly burdensome and seeks documents which are neither

12  relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of

13  admissible evidence. Trans Union further objects on the basis that it seeks documents protected from

14  disclosure on the basis of the attorney-client privilege and the work product doctrine. Without

15  waiving these objections, Trans Union states that many of the documents responsive to other

16  document requests are also responsive to this request, and will be made available for inspection.

17

18  **Request No. 34:** All documents reflecting or referring to Trans Union's no longer including
certain information in its Master File in late 1997 or early 1998.

19

20  **Response to Request No. 34:** Trans Union incorporates its General Objections herein by

21  reference. Trans Union further objects to this request on the basis that it is vague and ambiguous,

22  and on the basis that it is overbroad and unduly burdensome and seeks documents which are neither

23  relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of

24  admissible evidence. Trans Union further objects on the basis that it seeks documents protected from

25  disclosure on the basis of the attorney-client privilege and the work product doctrine. Without

26  waiving these objections, Trans Union states that many of the documents responsive to other

27  document requests are also responsive to this request, and will be made available for inspection.

28
DEFENDANT'S RESPONSE TO
PLAINTIFF MARTINELLI'S FIRST
REQUEST FOR DOCUMENTS IN <u>MARTINELLI v. TRANS UNION L.L.C.</u>   14

1
2

**Request No. 35:** All documents reflecting or referring to the creation in late 1997 or early 1998 of the Performance Base file.

3
4
5
6
7

**Response to Request No. 35:** Trans Union incorporates its General Objections herein by reference. Trans Union further objects to this request in that it is over broad and unduly burdensome and seeks documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Trans Union will make responsive documents available for inspection.

8
9
10

**Request No. 36:** All documents reflecting or referring to Trans Union's continuing or discontinuing, or altering its practices pertaining to, the disclosure, sale and/or distribution of any target marketing lists or target marketing products in or around April 1998.

11
12
13
14
15
16
17
18
19

**Response to Request No. 36:** Trans Union incorporates its General Objections herein by reference. Trans Union further objects to this request on the basis that it is vague and ambiguous, and on the basis that it is overbroad and unduly burdensome and seeks documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Trans Union further objects on the basis that it seeks documents protected from disclosure on the basis of the attorney-client privilege and the work product doctrine. Without waiving these objections, Trans Union states many of the documents responsive to other document requests are also responsive to this request, and will be made available for inspection.

20
21

**Request No. 37:** All documents reflecting or referring to Trans Union's no longer including certain information in its Master File in or around April 1998.

22
23
24
25
26
27

**Response to Request No. 37:** Trans Union incorporates its General Objections herein by reference. Trans Union further objects to this request on the basis that it is vague and ambiguous, and on the basis that it is overbroad and unduly burdensome and seeks documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Trans Union further objects on the basis that it seeks documents protected from

28

1   disclosure on the basis of the attorney-client privilege and the work product doctrine. Without

2   waiving these objections, Trans Union states that many of the documents responsive to other

3   document requests are also responsive to this request, and will be made available for inspection.

4

5   **Request No. 38:** All documents referring to the 1996 amendments to the FCRA which
    became effective October 1, 1997 and to Trans Union's sale, disclosure or distribution of its target
6   marketing lists or target marketing products.

7

8   **Response to Request No. 38:**  Trans Union incorporates its General Objections herein by

9   reference. Trans Union further objects to this request on the basis that it is vague and ambiguous,

10  and on the basis that it is overbroad and unduly burdensome and seeks documents which are neither

11  relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of

12  admissible evidence. Trans Union further objects on the basis that it seeks documents protected from

13  disclosure on the basis of the attorney-client privilege and the work product doctrine. Without

14  waiving these objections, Trans Union states that many of the documents responsive to other

15  document requests are also responsive to this request, and will be made available for inspection.

16  **Request No. 39:** All documents reflecting, referring or relating to Trans Union's consideration
    of the "$2500 per occurrence penalty" imposed by the 1996 amendments to the FCRA which became
17  effective October 1, 1997.

18

19  **Response to Request No. 39:**  Trans Union incorporates its General Objections herein by

20  reference. Trans Union further objects to this request on the basis that it is vague and ambiguous,

21  and on the basis that it is overbroad and unduly burdensome and seeks documents which are neither

22  relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of

23  admissible evidence. Trans Union further objects on the basis that it seeks documents protected from

24  disclosure on the basis of the attorney-client privilege and the work product doctrine. Without

25  waiving these objections, Trans Union states that it has made available for inspection documents

26  responsive to this request, and will be made further available for inspection.

27  **Request No. 40:** All documents reflecting, referring or relating to Trans Union's consideration

28

1   or discussion of the fact that, with the 1996 amendments to the FCRA which became effective
October 1, 1997, Trans Union had gone from an environment where the worst thing that could
2   happen is that Trans Union would have to stop selling certain target marketing lists to an environment
where there were significant financial penalties.
3

4   **Response to Request No. 40:**  Trans Union incorporates its General Objections herein by

5   reference.  Trans Union further objects to this request on the basis that it is vague and ambiguous,

6.  and on the basis that it is overbroad and unduly burdensome and seeks documents which are neither

7   relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of

8   admissible evidence. Trans Union further objects on the basis that it seeks documents protected from

9   disclosure on the basis of the attorney-client privilege and the work product doctrine.  Without

10  waiving these objections, Trans Union states that it has made available for inspection documents

11  responsive to this request, and will be made further available for inspection.

12

13  **Request No. 41:** All documents reflecting or referring to the building of the Master File in
December 1997.
14

15  **Response to Request No. 41:**  Trans Union incorporates its General Objections herein by

16  reference.  Trans Union further objects to this request in that it is overbroad and unduly burdensome

17  and seeks documents which are neither relevant to the subject matter of this litigation nor reasonably

18  calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objections,

19  Trans Union will make responsive documents available for inspection.

20

21  **Request No. 42:** All documents reflecting or referring to consumer privacy concerns or
expectations regarding use of credit information collected and stored by credit reporting agencies,
22  including any market, consumer or survey research regarding same.

23

    **Response to Request No. 42:**  Trans Union incorporates its General Objections herein by
24
    reference.  Trans Union further objects to this request in that it is overbroad and unduly burdensome
25
    and seeks documents which are neither relevant to the subject matter of this litigation nor reasonably
26
    calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objections,
27

28

1   Trans Union states that documents responsive to this request were made available to plaintiff's

2   counsel for inspection from October 26, 1999 through October 29, 1999.

3

4   **Request No. 43:** All documents reflecting or referring to Trans Union's advertising,

5   promotion or marketing of its target marketing business, databases and products.

6   **Response to Request No. 43:** Trans Union incorporates its General Objections herein by

7   reference. Trans Union further objects to this request in that it is overbroad and unduly burdensome

8   and seeks documents which are neither relevant to the subject matter of this litigation nor reasonably

9   calculated to lead to the discovery of admissible evidence. Trans Union objects to the extent materials

10  responsive to this request have been previously produced (TU000063-TU000173). Without waiving

11  the foregoing objections, Trans Union further states that documents responsive to this request were

12  made available to plaintiff's counsel for inspection from October 26, 1999 through October 29, 1999.

13

14  **Request No. 44:** All documents reflecting Trans Union's gross revenues from the distribution

15  and sale of target marketing lists and target marketing products.

16  **Response to Request No. 44:** Trans Union incorporates its General Objections herein by

17  reference. Trans Union further objects to this request in that it is overbroad and unduly burdensome

18  and seeks documents which are neither relevant to the subject matter of this litigation nor reasonably

19  calculated to lead to the discovery of admissible evidence. Trans Union objects on these grounds

20  because the phrase "all documents reflecting Trans Union's gross revenues" calls for the production

21  of all customer invoices, which are voluminous. Without waiving the foregoing objections, Trans

22  Union will make responsive documents available for inspection.

23

24  **Request No. 45:** All documents reflecting Trans Union's net profits from the distribution and

25  sale of target marketing lists and target marketing products.

26  **Response to Request No. 45:** Trans Union incorporates its General Objections herein by

27  reference. Trans Union further objects to this request in that it is overbroad and unduly burdensome

28

1  and seeks documents which are neither relevant to the subject matter of this litigation nor reasonably

2  calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objections,

3  Trans Union will make responsive documents, if any available for inspection.

4

5  **Request No. 46:** All documents produced in response to any discovery requests in the *Frey*

6  case.

7  **Response to Request No. 46:** Trans Union incorporates its General Objections herein by

8  reference. Trans Union restates its general and specific objections levied against each request to

9  produce in the *Frey* case. Trans Union states that documents responsive to this request were made

10  available to plaintiff's counsel for inspection from October 26, 1999 through October 29, 1999.

11

12  **Request No. 47:** All documents reflecting organizational charts for Trans Union and its
   predecessors.

13

14  **Response to Request No. 47:** Trans Union incorporates its General Objections herein by

15  reference. Trans Union further objects to this request in that it is over broad and unduly burdensome

16  and seeks documents which are neither relevant to the subject matter of this litigation nor reasonably

17  calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objections,

18  Trans Union will make responsive documents available for inspection.

19

20  **Request No. 48:** All documents reflecting organizational charts for PerformanceData and

21  its predecessors.

22  **Response to Request No. 48:** Trans Union incorporates its General Objections herein by

23  reference. Without waiving the foregoing objections, Trans Union states that documents responsive

24  to this request have already been made available for inspection by plaintiff's from October 26, 1999

25  through October 29, 1999 and Trans Union will further make responsive documents available for

26  inspection.

27

28

1   **Request No. 49:**  All documents reflecting lists of the titles and responsibilities of all
2   employees of PerformanceData and its predecessors.

3   **Response to Request No. 49:**  Trans Union incorporates its General Objections herein by
4   reference. Without waiving the foregoing objections, Trans Union states that documents responsive
5   to this request have already been made available for inspection by plaintiff's from October 26, 1999
6   through October 29, 1999 and Trans Union will further make responsive documents available for
7   inspection.

8

9   **Request No. 50:**  All documents reflecting, referring or relating to Trans Union's privacy
    protocol, except for documents reflecting, referring or relating thereto which address only security
10  measures available to prevent unauthorized access to Trans Union's databases.

11

12  **Response to Request No. 50:**  Trans Union incorporates its General Objections herein by
    reference.  Without waiving the foregoing objections, Trans Union will make responsive documents
13  available for inspection.
14

15

16  **Request No. 51:** All trial witness lists and trial exhibit lists submitted in the FTC proceeding.

17  **Response to Request No. 51:**  Trans Union incorporates its General Objections herein by
18  reference. Trans Union states that documents responsive to this request were made available to
19  plaintiff's counsel for inspection from October 26, 1999 through October 29, 1999.

20

21  **Request No. 52:**  All documents reflecting or referring to the extent of consumers' awareness
    of their right to opt-out of Trans Union's target marketing lists.
22

23  **Response to Request No. 52:**  Trans Union incorporates its General Objections herein by
24  reference. Trans Union further objects to this request in that it is overbroad and unduly burdensome
25  and seeks documents which are neither relevant to the subject matter of this litigation nor reasonably
26  calculated to lead to the discovery of admissible evidence in that each individual customer opt-out
27  or phone call ever received by Trans Union would be responsive to this request. Furthermore, Trans

28

1  Union objects to this request on the grounds that the phrase "extent of consumers' awareness" is

2  vague and imprecise and is inherently subjective to the extent it requires Trans Union to evaluate

3  consumer's thoughts and impressions.  Without waiving the foregoing objections, Trans Union will

4  make responsive documents available for inspection.

5

6  **Request No. 53:**  All documents reflecting or referring to Trans Union's efforts to make

7  consumers aware of their right to opt-out of Trans Union's target marketing lists.

8  **Response to Request No. 53:**  Trans Union incorporates its General Objections herein by

9  reference.  Trans Union further objects to the extent the request seeks all documents which constitute

10  sample "firm offer" mail pieces which advise of opt-out rights.  Without waiving the foregoing

11  objections, Trans Union will make responsive documents available for inspection.

12

13  DATED: _November 8_, 1999

                              **TRANS UNION LLC**

14

15

16                              By _Elizabeth R. Bacon Green_

17                                    One of Its Attorneys

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S RESPONSE TO
PLAINTIFF MARTINELLI'S FIRST
REQUEST FOR DOCUMENTS IN <u>MARTINELLI v. TRANS UNION L.L.C.</u>   21

1

## PROOF OF SERVICE BY MAIL

2   I, the undersigned, declare that I am, and was at the time of service of the papers herein
referred to, over the age of 18 years and not a party to the within action or proceeding.  My
3   business address is Piper Marbury Rudnick & Wolfe, 203 North LaSalle Street, Suite 1800,
Chicago, Illinois 60601, which is located in the county in which the within-mentioned mailing
4   occurred.  I am readily familiar with the practice at my place of business for collection and
processing of correspondence for mailing with the United States Postal Service.  Such
5   correspondence will be deposited with the United States Postal Service on the same day in the
ordinary course of business.

6

7   On November 8, 1999, I served the following document:

8   **DEFENDANT TRANS UNION'S RESPONSES TO PLAINTIFF MARTINELLI'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

9   by placing a true copy in a separate envelope for each addressee named below, with the name and
address of the persons served shown on the envelope as follows:

10

11  **COUNSEL FOR PLAINTIFFS:**

12  Christopher T. Micheletti, Esq.
Furth, Fahrner & Mason
13  201 Sansome Street, Suite 1000
San Francisco, California  91404

14  Matthew Righetti, Esq.
220 Montgomery Street, 16th Floor
15  San Francisco, CA 94104

16  Kevin J. McInerney, Esq.
18124 Wedge Parkway #503
17  Reno, NV 89511

18  The envelopes were sealed and placed in the appropriate location at my place of business for
collection and mailing with postage fully prepaid in accordance with ordinary business practices.
19
Executed on November 8, 1999, at Chicago, Illinois.
20
I declare under penalty of perjury under the laws of the United States that the foregoing is
21  true and accurate.

22

23                                     Sheila Broder
                                     Sheila Broder
24
Dated: November 8, 1999
25

26

27  [670293]

28  DEFENDANT'S RESPONSE TO
PLAINTIFF MARTINELLI'S FIRST
REQUEST FOR DOCUMENTS IN MARTINELLI v. TRANS UNION L.L.C.