UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re TRANS UNION CORP. PRIVACY LITIGATION | ) ) ) ) | Lead Case No. 00 CV 4729 MDL Docket No. 1350 Judge Robert W. Gettleman |
| THIS DOCUMENT RELATES TO: | ) ) | |
| ALL ACTIONS | ) | |

**TRANS UNION LLC's OBJECTIONS AND RESPONSES TO SECOND
SET OF COORDINATED DOCUMENT REQUESTS
PROPOUNDED BY PLAINTIFFS**

Defendant, Trans Union LLC ("Trans Union"), by its counsel, submits its objections and

responses to Second Set of Coordinated Document Requests Propounded by Plaintiffs.

**General Objections**

1.     Trans Union objects to the date and manner of production demanded by plaintiffs.

To the extent that Trans Union does not object to the production of documents, Trans Union

will produce such documents at a time and date mutually agreed upon by the parties, and in

such places where such documents exist in the ordinary course of Trans Union's business.

2.     Trans Union objects to each and every request for the production of documents to

the extent such request calls for the production of documents that are protected from disclosure

by the attorney-client privilege, the attorney work-product doctrine, and/or other applicable

privileges.

3.     Trans Union objects to definition A to the extent it exceeds the requirements of

Federal Rule of Civil Procedure 34(a).

4.     Trans Union objects to definition B's purported inclusion within the definition of

Trans Union any "subsidiaries . . . affiliated entities partnerships, parent corporations or

entities, directors, officers, agents, employees, attorneys, or anyone else acting on behalf of

Trans Union as defined herein." The definition is vague and ambiguous and overly broad and unduly burdensome. The definition also encompasses entities that are not parties to this litigation and/or which are legally distinct from Trans Union.

5.     Trans Union objects to definition C to the extent it incorporates the definition of Trans Union objected to immediately above.

6.     Trans Union objects to definition D as vague, overly broad and unduly burdensome. Trans Union will interpret the words "and," "or" and "and/or" in accordance with their ordinary meaning as defined by a standard dictionary.

7.     Trans Union objects to definition F as vague, overly broad and unduly burdensome. Trans Union will interpret the word "Communication(s)" in accordance with its ordinary meaning as defined by a standard dictionary.

8.     Trans Union objects to definition L's use of the phrase "information relating to or comprising a Target Marketing List" because it is vague and ambiguous and because the definition is overly broad and unduly burdensome.

9.     Trans Union objects to each and every one of the "Manner of Response and Production Requirements" to the extent that they purport to impose requirements beyond those required by the Federal Rules of Civil Procedure.  Trans Union specifically objects to the request for the production of original documents as doing so could interfere with Trans Union's on-going operations.

10.    Trans Union objects to the purported instructions for stating a claim for privilege to the extent that they exceed the requirements of Federal Rule of Civil Procedure 26.

### Document Requests

1.     All documents reflecting or referring to any "service agreements" between Trans Union and Marmon Group, Inc. ("Marmon") as referred to in the following statement appearing on Marmon's web site, www.marmon.com: "Through service agreements with each member company, a small professional organization in Chicago, Illinois-The Marmon Group, Inc.- manages and invests the member companies' financial resources and advises them on accounting, tax, finance, legal, regulatory, real estate and other matters."

**RESPONSE:** Trans Union incorporates its general objections as if fully stated herein. Trans Union further objects that this request seeks documents that are not relevant to the claims or defenses of any party to this action. In addition, this request seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Trans Union states that it will produce, to the extent that they are available, portions of the Service Agreements between Trans Union and Marmon that relate to legal services, as well as the signature blocks of these agreements.

2.     Documents sufficient to provide the identities, titles and responsibilities of the persons employed by or otherwise associated with Marmon who, as set out in Marmon's web site, www.marmon.com, advise Trans Union on "legal," "regulatory" and "risk management" matters.

**RESPONSE:** Trans Union incorporates its general objections as if fully stated herein. Trans Union objects to this request as vague and confusing, particularly in its use of the phrase "[d]ocuments sufficient to provide the identities, titles, and responsibilities of persons employed by or otherwise associated with Marmon." Trans Union further objects that this request seeks documents that are not relevant to the claims or defenses of any party to this action. In addition, this request seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Trans Union also objects that this request is overly broad and unduly burdensome. Trans Union also objects that this request improperly seeks to obtain testimony through the device of a request for documents.

3.   All documents generated in or after December 1992, which reflect or refer to Marmon's advice to, or any communications between Marmon and Trans Union or Acxiom Corporation ("Acxiom") on "legal," "regulatory" or "risk management" matters which also refer or relate to the FTC Action or to the disclosure sale and/or distribution of Trans Union's Target Marketing Lists.

RESPONSE: Trans Union incorporates its general objections as if fully stated herein. Trans

Union further objects that this request seeks documents that are not relevant to the claims or

defenses of any party to this action. Similarly, this request seeks documents that are not

reasonably calculated to lead to the discovery of admissible evidence. Trans Union also objects

that this request is overly broad and unduly burdensome. Subject to and without waiving the

foregoing general and specific objections, Trans Union states that it will make available non-

privileged documents, if any, constituting communications between Marmon and Trans Union

and/or Acxiom relating to whether or not the disclosure. sale, and/or distribution of Trans

Union's Target Marketing Lists complies with or violates the Fair Credit Reporting Act

("FCRA"), to the extent they exist and to the extent they have not already been made available

in this action.


4.   All documents generated in or after December 1992, which reflect, refer or relate to any meetings of the board of directors of Trans Union, Marmon or Acxiom which also refer or relate to the FTC Action, to the disclosure, sale and/or distribution of Trans Union's Target Marketing Lists. or to whether or not the disclosure, sale and/or distribution of Trans Union's Target Marketing Lists complies with or violates the FCRA.

RESPONSE: Trans Union incorporates its general objections as if fully stated herein. Trans

Union further objects that this request seeks documents that are not relevant to the claims or

defenses of any party to this action. In addition, this request seeks documents that are not

reasonably calculated to lead to the discovery of admissible evidence. Trans Union also objects

that this request is overly broad and unduly burdensome. Subject to and without waiving the

foregoing general and specific objections, Trans Union states that it will produce copies of non-privileged minutes of meetings of Trans Union's board of directors which refer to whether or not the disclosure, sale, and/or distribution of Trans Union's Target Marketing Lists complies with or violates the FCRA, to the extent they exist.

5.      All documents reflecting or referring to any agreements between or among Trans Union, Acxiom and/or Marmon to indemnify, reimburse or compensate Trans Union or Acxiom for any liability or obligations arising out of the FTC Action, the Coordinated Actions or the disclosure, sale and/or distribution of Trans Union's Target Marketing Lists.

**RESPONSE:** Trans Union incorporates its general objections as if fully stated herein. Trans Union further objects that this request seeks documents that are not relevant to the claims or defenses of any party to this action. In addition, this request seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Trans Union also objects that this request is overly broad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, Trans Union states that it will make available agreements between Trans Union and Acxiom relating to Acxiom's data processing in connection with Trans Union's target marketing lists that contain responsive indemnity provisions, to the extent that they exist.

6.      All documents generated in or after December 1992, which reflect or refer to whether or not the disclosure, sale and/or distribution of Trans Union's Target Marketing Lists complies with or violates the FCRA or any state statute concerning consumer reporting agencies.

**RESPONSE:** Trans Union incorporates its general objections as if fully stated herein. Trans Union further objects that this request seeks documents that are not relevant to the claims or defenses of any party to this action. In addition, this request seeks documents that are not

reasonably calculated to lead to the discovery of admissible evidence. Subject to and without

waiving the foregoing general and specific objections, Trans Union states that it will make

available non-privileged documents, if any, constituting communications relating to whether or

not the disclosure, sale, and/or distribution of Trans Union's Target Marketing Lists complies

with or violates the FCRA, to the extent they exist, and to the extent that they have not

otherwise been made available in this action.

7.. All documents generated in or after December 1992, which refer to the strength, likelihood or chances of success, or substantive merit of the claims or defenses raised or potential remedies in the FTC Action, excluding all pleadings filed or served in the FTC Action and all correspondence between Trans Union and the FTC.

**RESPONSE:** Trans Union incorporates its general objections as if fully stated herein. Trans

Union further objects that this request seeks documents that are not relevant to the claims or

defenses of any party to this action. In addition, this request seeks documents that are not

reasonably calculated to lead to the discovery of admissible evidence. Subject to and without

waiving the foregoing general and specific objections, Trans Union states that it will make

available non-privileged documents, if any, constituting communications relating to whether or

not the disclosure, sale, and/or distribution of Trans Union's Target Marketing Lists complies

with or violates the FCRA, to the extent they exist, and to the extent that they have not

otherwise been made available in this action.

8. All documents reflecting, referring or relating to Trans Union's continuing or discontinuing, or altering its practices pertaining to, the use, disclosure, sale or distribution of any selects, models, target marketing lists, databases or other products related to its target marketing list business in or around October 1997, including, but not limited to, the changes referred to in paragraphs 20 and 21 of the Declaration of Gary Weith In Support of Trans Union's Opposition To Motion For Class Certification, dated August 3, 2000 ("Weith Decl.").

**RESPONSE:** Trans Union incorporates its general objections as if fully stated herein. Trans Union also objects that this request is overly broad and unduly burdensome. Trans Union also objects to this request to the extent that it seeks information that constitutes the trade secrets of third parties that Trans Union is contractually obligated to keep confidential. Subject to and without waiving the foregoing general and specific objections, Trans Union states that it will make available non-privileged documents responsive to this request.

9.     All documents reflecting, referring or relating to Trans Union's continuing or discontinuing, or altering its practices pertaining to, the use, disclosure, sale or distribution of any selects, models, target marketing lists, databases or other products related to its target marketing list business in or around January 1998, including, but not limited to, the changes referred to in paragraphs 22-29 of the Weith Decl.

**RESPONSE:** Trans Union incorporates its general objections as if fully stated herein. Trans Union also objects that this request is overly broad and unduly burdensome. Trans Union also objects to this request to the extent that it seeks information that constitutes the trade secrets of third parties that Trans Union is contractually obligated to keep confidential. Subject to and without waiving the foregoing general and specific objections, Trans Union states that it will make available non-privileged documents responsive to this request.

10.     All documents reflecting, referring or relating to Trans Union's continuing or discontinuing, or altering its practices pertaining to, the use, disclosure, sale or distribution of any selects, models, target marketing lists, databases or other products related to its target marketing list business during 1999, including, but not limited to, the changes referred to in paragraphs 30-34 of the Weith Decl.

**RESPONSE:** Trans Union incorporates its general objections as if fully stated herein. Trans Union also objects that this request is overly broad and unduly burdensome. Trans Union also objects to this request to the extent that it seeks information that constitutes the trade secrets of

third parties that Trans Union is contractually obligated to keep confidential.  Subject to and

without waiving the foregoing general and specific objections, Trans Union states that it will

make available non-privileged documents responsive to this request.

    11.    All documents referring to the 1996 amendments to the FCRA which became
effective October 1, 1997 and to the use, disclosure, sale or distribution of any selects, models,
target marketing lists, databases or products related to Trans Union's target marketing list
business.

**RESPONSE:** Trans Union incorporates its general objections as if fully stated herein. Trans

Union further objects that this request seeks documents that are not relevant to the claims or

defenses of any party to this action.  In addition, this request seeks documents that are not

reasonably calculated to lead to the discovery of admissible evidence.  Trans Union also objects

that this request is overly broad and unduly burdensome.  Trans Union also objects to this

request as vague and confusing.

    12.    All documents reflecting, referring or relating to Trans Union's consideration of
the "$2500 per occurrence penalty" imposed by the 1996 amendments to the FCRA which
became effective October 1, 1997.

**RESPONSE:** Trans Union incorporates its general objections as if fully stated herein. Trans

Union further objects that this request seeks documents that are not relevant to the claims or

defenses of any party to this action.  In addition, this request seeks documents that are not

reasonably calculated to lead to the discovery of admissible evidence.  Trans Union also objects

that this request is vague and confusing.

    13.    All documents reflecting, referring or relating to Trans Union's consideration or
discussion of the fact that, prior to the 1996 amendments to the FCRA which became effective
October 1, 1997, the worst thing that could happen is that Trans Union would have to stop
selling certain target marketing lists.

**RESPONSE:** Trans Union incorporates its general objections as if fully stated herein. Trans Union further objects that this request seeks documents that are not relevant to the claims or defenses of any party to this action. In addition, this request seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Trans Union also objects that this request is vague and confusing.

14.    All documents reflecting, referring or relating to Trans Union's consideration or discussion of the fact that, with the 1996 amendments to the FCRA which became effective October 1, 1997, the risk outweighed the reward for violating the FCRA.

**RESPONSE:** Trans Union incorporates its general objections as if fully stated herein. Trans Union further objects that this request seeks documents that are not relevant to the claims or defenses of any party to this action. In addition, this request seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Trans Union also objects that this request is vague and confusing.

15.    All documents reflecting, referring or relating to Trans Union's continuing or discontinuing, or altering its practices pertaining to the use, disclosure, sale or distribution of any selects, models, target marketing lists, databases or other products related to its target marketing list business during 2000 and 2001 as a result of the Gramm-Leach-Bliley Act or any regulations promulgated thereunder.

**RESPONSE:** Trans Union incorporates its general objections as if fully stated herein. Trans Union further objects that this request seeks documents that are not relevant to the claims or defenses of any party to this action. In addition, this request seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Trans Union also objects that this request is vague and confusing.

16.   · All documents reflecting or referring to Trans Union's efforts during 2000 and/or 2001 to sell, lease, rent or license any selects, models, target marketing lists, databases or other

products, including the List Master File database, (in advance )of the date Trans Union determined it was required to discontinue selling, leasing, renting, licensing or otherwise disclosing such information under the Gramm-Leach-Bliley Act or any regulations promulgated thereunder.

**RESPONSE:** Trans Union incorporates its general objections as if fully stated herein. Trans Union further objects that this request seeks documents that are not relevant to the claims or defenses of any party to this action. In addition, this request seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Trans Union also objects that this request is vague and confusing.

17.   All documents reflecting or referring to Trans Union's efforts to advertise, market or promote its SolutionsBase product referred to in the Exhibit A attached hereto ("Exh. A").

**RESPONSE:** Trans Union incorporates its general objections as if fully stated herein. Subject to and without waiving the foregoing general objections, Trans Union references the files maintained by sales representatives employed in Trans Union's PerformanceData division, which have previously been made available to plaintiff. In addition, Trans Union will make available copies of advertising materials relating to SolutionsBase, to the extent that they have not already been made available in this action.

18.   All documents reflecting or referring to the source of any of the information contained in Tran Union's SolutionsBase product referred to in Exh. A.

**RESPONSE:** Trans Union incorporates its general objections as if fully stated herein. Trans Union further objects that this request seeks documents that are not relevant to the claims or defenses of any party to this action. In addition, this request seeks documents that are not

reasonably calculated to lead to the discovery of admissible evidence. Trans Union also objects

to this request as overly broad and unduly burdensome. Subject to and without waiving the

foregoing general and specific objections, Trans Union will make available non-privileged

documents responsive to this request.

19.   All documents summarizing Trans Union's revenue derived from its
SolutionsBase product referred to in Exh. A.

**RESPONSE:** Trans Union incorporates its general objections as if fully stated herein. Trans

Union further objects that this request seeks documents that are not relevant to the claims or

defenses of any party to this action. In addition, this request seeks documents that are not

reasonably calculated to lead to the discovery of admissible evidence. Trans Union also objects

that this request is overly broad and unduly burdensome. Subject to and without waiving the

foregoing general and specific objections, Trans Union will make available non-privileged

documents responsive to this request.

20.   All documents reflecting or referring to Trans Union's efforts to advertise,
market or promote any target marketing lists, products or databases from November 13, 2000 to
the present.

**RESPONSE:** Trans Union incorporates its general objections as if fully stated herein. Subject

to and without waiving the foregoing general objections, Trans Union references the files

maintained by sales representatives employed in Trans Union's PerformanceData division,

which have previously been made available to plaintiff. In addition, Trans Union will make

available copies of advertising materials relating to target marketing lists, products or databases,

to the extent that they have not already been made available in this action.

21.    All documents reflecting or referring to the source of any information contained in any of Trans Union's target marketing lists, products or databases which have been sold, leased, rented, licensed or otherwise disclosed by Trans Union to a third party during the time period November 13, 2000 to the present.

**RESPONSE:** Trans Union incorporates its general objections as if fully stated herein. Trans Union further objects that this request seeks documents that are not relevant to the claims or defenses of any party to this action.  In addition, this request seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence.  Trans Union also objects to this request as overly broad and unduly burdensome.  Subject to and without waiving the foregoing general and specific objections, Trans Union will make available non-privileged documents responsive to this request.

22.    All documents summarizing Trans Union's revenue derived from its target marketing lists, products or databases which have been sold, leased, rented, licensed or otherwise disclosed by Trans Union to a third party during the time period November 13, 2000 to the present.

**RESPONSE:** Trans Union incorporates its general objections as if fully stated herein. Trans Union further objects that this request seeks documents that are not relevant to the claims or defenses of any party to this action.  In addition, this request seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence.  Trans Union also objects that this request is overly broad and unduly burdensome.  Trans Union also objects to this request as vague and confusing.

23.    All documents reflecting or referring to Trans Union's use of any information from its CRONUS database in connection with any of its target marketing lists, products or databases from November 13, 2000 to the present.

**RESPONSE:** Trans Union incorporates its general objections as if fully stated herein. Trans Union also objects to this request as overly broad and unduly burdensome.  Subject to and

without waiving the foregoing general and specific objections, Trans Union will make available

non-privileged documents responsive to this request.

      24.    All documents, data compilations and/or tangible things that Trans Union may use to support its claims or defenses in any of the Coordinated Actions.

**RESPONSE:** Trans Union incorporates its general objections as if fully stated herein.  Trans Union objects to this request as vague and ambiguous.  Trans Union also objects to this request seeks the disclosure of privileged information.

      25.    All documents produced by Trans Union at any time in the <u>Frey</u> case.

**RESPONSE:** Trans Union incorporates its general objections as if fully stated herein.  Subject to and without waiving the foregoing general and specific objections, Trans Union states that it will make available documents responsive to this request, to the extent such disclosure is authorized by the protective order entered in the <u>Frey</u> case.

      26.    All written discovery responses served by Trans Union in the <u>Frey</u> case.

**RESPONSE:** Trans Union incorporates its general objections as if fully stated herein.  Subject to and without waiving the foregoing general and specific objections, Trans Union states that it will make available documents responsive to this request, to the extent such disclosure is authorized by the protective order entered in the <u>Frey</u> case.

      27.    All documents which constitute, refer or relate to consumer complaints about target marketing lists or Trans Union's target marketing lists.

**RESPONSE:** Trans Union incorporates its general objections as if fully stated herein. Trans Union further objects that this request seeks documents that are not relevant to the claims or

defenses of any party to this action. In addition, this request seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Trans Union also objects to this request as overly broad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, Trans Union will make available non-privileged documents responsive to this request.

28.    All documents which constitute, refer or relate to consumer complaints concerning target marketing.

**RESPONSE:** Trans Union incorporates its general objections as if fully stated herein. Trans Union further objects that this request seeks documents that are not relevant to the claims or defenses of any party to this action. In addition, this request seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Trans Union also objects to this request as overly broad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, Trans Union will make available non-privileged documents responsive to this request.

29.    All documents which constitute, refer or relate to any studies, empirical data or other information regarding the impact of target marketing or the disclosure of target marketing lists on consumer privacy.

**RESPONSE:** Trans Union incorporates its general objections as if fully stated herein. Subject to and without waiving the foregoing general objection, Trans Union will make available non-privileged documents responsive to this request.

30.    All documents which constitute, refer or relate to any studies, empirical data or other information relating to the effectiveness of target marketing opt-out procedures of Trans Union or any other entity in preventing the disclosure of information through target marketing lists.

**RESPONSE:** Trans Union incorporates its general objections as if fully stated herein. Subject to and without waiving the foregoing general objections, Trans Union will make available non-privileged documents responsive to this request.

TRANS UNION LLC

By: _____

One of Its Attorneys

Roger L. Longtin (ARDC No. 01689185)
Stephen L. Agin (ARDC No. 06185019)
Michael O'Neil (ARDC No. 06201736)
PIPER MARBURY RUDNICK & WOLFE
203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601
(312) 368-4000

## CERTIFICATE OF SERVICE

I, Peter J. Donoghue, certify that a true and correct copy of the foregoing **Trans Union LLC's Objections and Responses to Second Set of Coordinated Document Requests Propounded by Plaintiff** has been served on this _27ᵗʰ_ day of **March, 2002** on the following counsel via First Class U.S. Mail, postage prepaid:

Mr. Jon W. Borderud
PRONGAY & BORDERUD
12121 Wilshire Blvd.
Suite 400
Los Angeles, CA 90025

Mr. Matthew Righetti
RIGHETTI & WYNNE
456 Montgomery Street
Suite 1400
San Francisco, CA 94104

Mr. Frank Janecek, Jr.
MILBERG, WEISS, BERSHAD, HYNES
 & LERACH, LLP
401 B Street, Suite 1700
San Diego, CA 92101

Ms. Amy Stewart
ROSE LAW FIRM
120 East Fourth Street
Little Rock, Arkansas 72201

Ms. Terry Rose Saunders
Law Offices of Terry Rose Saunders
30 N. LaSalle Street
Suite 3200
Chicago, IL 60602

Mr. Ross B. Bricker
JENNER & BLOCK
One IBM Plaza
47ᵗʰ Floor
Chicago, Illinois 60611

_____
--Peter J. Donoghue