UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| In re TRANS UNION CORP. PRIVACY LITIGATION | Lead Case No. 000V4729 |
| | MDL Docket No. 1350 |
| _____ | Judge Robert W. Gettleman |
| This Document Relates To: | Magistrate Judge Michael T. Mason |
| ALL ACTIONS. | |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, fourteen (14) consolidated class actions are currently pending before this Court in In re Trans Union Corp. Privacy Litigation, Lead Case No. 00 C 4729, MDL Docket No. 1350 (collectively "MDL Cases");

WHEREAS, a class action entitled *Frey v. Trans Union*, Case No. 798893, is pending in the Superior Court of California, County of Orange ("Frey Action"), and a class action entitled *Andrews v. Trans Union LLC*, Case No. 02-18553, is pending in the Civil District Court for the Parish of Orleans, Louisiana ("Andrews Action"); [1]

WHEREAS, the parties in the Actions, acting by and through their class representatives and counsel of record, have agreed, subject to Court approval, to settle the Actions upon the terms and conditions set forth in the Stipulation of Settlement ("Stipulation") filed with the Court on May 20, 2008;

WHEREAS, the parties have made application pursuant to Federal Rule of Civil Procedure

23(e) for an order preliminarily approving the settlement of the Actions in accordance with the Stipulation, which sets forth the terms and conditions of a proposed settlement of the Actions, and for dismissal of the Actions with prejudice upon the terms and conditions set forth in the Stipulation;

WHEREAS, the Court has read and considered the terms and conditions of the Settlement as set forth in the Stipulation of Settlement, and has read and considered the motion for preliminary approval, the papers and exhibits submitted therewith, and has carefully considered, among other things, the rather unique and novel problems associated with settling a class of this size;

NOW THEREFORE, based upon the Stipulation of Settlement and other papers on file in this action, the testimony and evidence presented, and all other filings and proceedings herein, and it appearing to the Court that a hearing should be held to determine whether the Proposed Settlement described in the Stipulation is fair, reasonable, and adequate;

**IT IS HEREBY ORDERED** as follows:

1. For purposes of the Stipulation and Settlement only, the Court finds that the parties have a made a sufficient showing for purposes of preliminary approval under Rule 23, that the Settlement is fair, adequate and reasonable, and therefore the Court further finds that notice to the Class should proceed and that a Final Fairness Hearing should be scheduled as provided for in herein.

2. The Court finds that (a) the Settlement Class Members in the proposed Settlement Class are so numerous as to make joinder impracticable; (b) the claims of the Plaintiffs are typical of the claims of the Plaintiff Settlement Class they seek to represent; (c) the interests of Settlement

Class Members will be, and have been, fairly and adequately represented by Plaintiffs and their counsel of record in the Actions; (d) a class action is superior to other available methods for the fair and efficient adjudication of the Actions; (e) common questions of law and fact exist as to all Settlement Class Members; and (f) such common questions predominate over any questions solely affecting individual Settlement Class Members.

3. The Court finds that the requirements for certifying a settlement class pursuant to Fed. R. Civ.P. 23(b)(1)(A) of the Federal Rules of Civil Procedure have been met and are appropriate under the circumstances of this case.

4. The Court therefore provisionally certifies a Plaintiff Settlement Class pursuant to Fed. R. Civ.P. 23(b)(1)(A) of the Federal Rules of Civil Procedure, defined as: All natural persons who had an open credit account or an open line of credit from a credit grantor located in the United States at any time during the period January 1, 1987 to May 28, 2008. The term "Plaintiff Settlement Class" shall include, without limitation, any classes asserted or certified in the Andrews Action and the Frey Action. Excluded from the Plaintiff Settlement Class are (a) Defendants and their predecessors, affiliates, subsidiaries, officers, directors and employees, (b) counsel for any of the Settling Parties in these Actions, and (c) any and all judges and justices assigned to hear any aspect of the Actions, and their staffs, along with the spouses of the foregoing and any children residing in their households.

The Court expressly reserves the right to determine, should the occasion arise, whether the Action may be certified as a class action for purposes other than settlement, and Defendants retain all rights to assert that the Action may not be certified as a class action except for settlement purposes.

5. The Court approves the following five Plaintiffs' Counsel as Settlement Class Counsel for the Settlement Class: (a) Jon W. Borderud of The Borderud Law Group, 11620 Wilshire Boulevard, Suite 400, Los Angeles, CA 90025; (b) Joy Bull of Coughlin Stoia Geller Rudman & Robbins LLP, 401 B Street, Suite 1600, San Diego, CA 92101; (c) Matthew Righetti of the Righetti Law Firm, 456 Montgomery Street, Suite 1400, San Francisco, CA 94101; (d) Dawn Adams Wheelahan, 5528 Loyola Ave., New Orleans, LA 70115; and (e) Michael A. Caddell of Caddell & Chapman, 1331 Lamar, Suite 1070, Houston, TX 77010-3027.

6. Hilsoft Notifications ("Notice Administrator") is hereby appointed to supervise and administer the Notice Plan as set forth in the Stipulation, and shall be subject to the jurisdiction of this Court. The Court approves the Notice Plan set forth in Exhibits to the motion for preliminary approval submitted by the Notice Administrator. The form and content of the Notice documents submitted therewith are also approved, with certain revisions incorporated as ordered in open court on May 28, 2008. The Court finds that notice pursuant to the Notice Plan meets the requirements of Fed. R. Civ. P. 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

7. The costs of the Notice Plan and administration shall be paid out of the Settlement Fund as provided for by the Stipulation.

8. Epiq Systems, Inc. ("Epiq") is preliminarily appointed as third party administrator for the Settlement, subject to the terms and conditions of the Stipulation.

9. The Court shall at a subsequent date approve an Escrow Agent for the Settlement Fund under the Stipulation.

10. A Final Fairness Hearing ("Final Hearing") shall be held on September 10, 2008, at 10:00 a.m., in Courtroom 1703, of the United States District Court for the Northern District of Illinois, Eastern Division, located at 219 South Dearborn Street, Chicago, Illinois, to determine (a) whether the proposed Settlement is fair, just, reasonable and adequate to the Plaintiff Settlement Class on the terms and conditions provided for in the Stipulation, and should be approved by the Court; (b) whether a Final Approval Order as provided in ¶ 1.18 of the Stipulation should be entered by the Court; (c) whether to approve incentive awards for the Settlement Class Representative Plaintiffs; and (d) to set a date for considering a request by class counsel for attorneys' fees and reimbursement of costs and expenses. The Court may adjourn or continue the Final Hearing without further notice to Settlement Class Members.

11. Because the Court is provisionally certifying a Plaintiff Settlement Class pursuant to Fed. R. Civ.P. 23(b)(1)(A) of the Federal Rules of Civil Procedure as provided for in the Stipulation, whereby all Settlement Class Members will release only their procedural rights to bring Post-Settlement Claims as class, joined, or aggregated actions for the consideration specified in the Stipulation, Settlement Class Members will not be allowed to opt out of the Settlement Class, but will retain their individual right to pursue any claims they may have against Defendants as provided for by the Stipulation. The release of such procedural rights shall extend to all class members, whether or not they request the consideration offered by the Settlement and Stipulation, as provided for by the Stipulation.

12. All Settlement Class Members shall be given an opportunity to claim In-Kind Relief or Enhanced In-Kind Relief as provided for in the Stipulation, and to register on a website or via U.S. mail to receive a portion of any remaining Settlement Funds as may be determined by the

Court after the period for asserting Post Settlement Claims has passed.

13. Any Class Member may object to the proposed Settlement ("Objector"). Any one who chooses to object to the Proposed Settlement must file a written notice of intent to object. Any Class Member may appear at the Final Fairness Hearing, in person or by counsel, and be heard to the extent allowed by applicable law, in opposition to the fairness, reasonableness, and adequacy of the proposed Settlement, and on the application for an award of attorneys' fees and costs and incentive payments to Class Representatives.

14. The right to object to the proposed Settlement must be exercised individually by a Class Member, not as a member of a group or subclass and, except in the case of a deceased or incapacitated Class Member, not by the act of another person acting or purporting to act in a representative capacity. To be effective, a notice of intent to object to the proposed Settlement must be (a) postmarked no later than August 22, 2008; (b) in compliance with all applicable federal laws and rules; and (c) sent to the following by first-class mail:

(a) **COURT**:
Clerk of the Court
United States District Court; Northern District of Illinois
219 S. Dearborn St., Chicago, IL 60604

(b) **CLASS LIAISON COUNSEL**
Thomas A. Doyle
Saunders & Doyle
20 S. Clark Street, Suite 1720
Chicago, IL. 60603

(c) **TRANS UNION'S COUNSEL**
Roger Longtin

DLA Piper US, LLP
203 N. LaSalle, Suite 1900
Chicago, IL. 60601

A notice of intent to object must also contain: (1) a heading which refers to the Action by case name (In re Trans Union Corp. Privacy Litigation) and case number (Case No. 000V4729); (2) a statement whether the Objector intends to appear at the Final Fairness Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, address, bar number, and telephone number; (3) a statement of the specific legal and factual basis for each objection; (4) a list of any witness the Objector may call at the Final Fairness Hearing, with the address of each witness and a summary of his or her proposed testimony; and (5) a description of any and all evidence the Objector may offer at the Final Fairness Hearing, including photocopies of any and all exhibits which the Objector may introduce at the Final Fairness Hearing, so that proponents of the Settlement have the opportunity to respond to any and all such objections.

15. The Court hereby enters the following deadlines and hearing dates:

-May 28, 2008, 9:30 a.m.: Hearing on motion for preliminary approval

-May 30, 2008: Deadline for initial funding of the notice and for media buys

-July 20, 2008: Deadline for substantial completion of the notice campaign

-August 22, 2008: Deadline for post-marking objections to the settlement

-September 2, 2008: Deadline for filing responses to any objections

-September 10, 2008, at 10:00 a.m.: Fairness Hearing

16. The parties shall implement the terms and conditions of the Stipulation as they relate to implementing the Notice Plan and taking all steps required to present the Settlement for Final Approval at the Final Fairness Hearing.

17. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants, or any of them, of the truth of any of the allegations in the Actions, or of any liability, fault, or wrongdoing of any kind, related to or arising out of the Actions, or any of them.

18. The Court may adjourn or continue the date of the Final Fairness Hearing without further notice to the Members of the Plaintiff Settlement Class, and it retains jurisdiction to consider all further applications arising out of or related to the proposed Settlement. The Court may approve the Settlement with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Plaintiff Settlement Class.

IT IS SO ORDERED.

Dated: May 28, 2008

_____

The Honorable Robert W. Gettleman

[1] The MDL Cases, the Frey Action and the Andrews Action shall be collectively referred to herein as the "Actions," as they are in the Stipulation of Settlement. All capitalized terms in this order shall have the same definition and meaning as set forth in the Stipulation.