FILED
AUG 2 6 2008 WH
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re TRANS UNION CORP. PRIVACY LITIGATION | Lead Case No. 00CV4729<br>MDL Docket No. 1350 |
| This Document Relates To:<br>ALL ACTIONS. | Judge Robert W. Gettleman<br>Magistrate Judge Michael T. Mason |

D.J. POWERS' AND JEFF WEINSTEIN'S
OBJECTION TO PROPOSED SETTLEMENT;
OBJECTION TO CLASS CERTIFICATION;
OBJECTION TO APPLICATION FOR ATTORNEY FEES;
NOTICE OF INTENTION TO APPEAR; AND
REQUEST TO SPEAK AT THE HEARING

FILED
8-26-2008
AUG 26 2008 WH
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

To The Honorable District Judge and Magistrate:

Come Now D.J. Powers and Jeff Weinstein ("Objectors"), and file these Objections to the Proposed Settlement, Objections to Class Certification, and Objection to Application for Attorney Fees, and Notice of Intent to Appear and Request to Speak at the Hearing, and would show as follows:

1. **Party Status**

Objectors are members of the settlement class.

Under penalty of perjury of the laws of the United States, by his signature below D.J. Powers declares that he is a consumer who had an open credit account or an open line of credit from a credit grantor located in the United States at some time during the period January 1, 1987 to the date of Preliminary Approval in this case.

Under penalty of perjury of the laws of the United States, by his signature below Jeff Weinstein declares that he is a consumer who had an open credit account or an open line of credit from a credit grantor located in the United States at some time during the period January 1, 1987 to the date of Preliminary Approval in this case.

Objectors hereby assert their status as a party to this proceeding under the U.S. Supreme Court's opinion in *Devlin v. Scardelletti*, 536 U.S. 1 (2002). Objectors assert their rights as a party for all purposes, including, but not limited to, the right to: object to the settlement, receive notice of all hearings, receive copies of all filings by the Settling Parties, participate as a party at all hearings and conferences with the Court in this case, and appeal any decision approving the settlement, certification of the class, or award of attorneys' fees.

Powers and Weinstein objection – Page 1

## 2. Notice of Intention to Appear

Objectors intend to appear at the hearing.

## 3. Request to Speak at the Hearing

Objectors request that they be allowed to appear at the final approval hearing to talk about these objections and to otherwise participate in the final approval hearing.

## 4. Objection to Certification of the Settlement Class

Objectors object to the certification of the settlement class as a Rule 23(b)(1)(A) class because the requirements of that rule are not met. The rule provides:

> **(b) Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
> (1) the prosecution of separate actions by or against individual members of the class would create a risk of
>
> > (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class

FED. R. CIV. P. 23(b)(1)(A). The settling parties have failed to show that the proposed settlement class meets this requirement.

In fact, this settlement is the very antithesis of a Rule 23(b)(1)(A) class. The rule seeks to *prevent* individual actions by making the determinative legal or factual determinations for all class members in *one* case. Instead, the proposed settlement *mandates* the prosecution of separate actions by individual members of the class and *prohibits* a ruling in one case that would apply to all class members. *Thus, the settlement unequivocally INCREASES the risk of inconsistent and varying adjudications!* The settlement provides no standards of conduct for Defendant and eliminates the only method for establishing such a standard of conduct – through a class action. Certification of this class would turn the rule on its head.

The proposed settlement provides absolutely nothing to satisfy the purposes of this rule. There is no injunction, no declaratory judgment, and no ruling whatsoever on whether Defendant's conduct violated the law or how Defendant should act in the future. The parties cannot identify any part of the settlement that will reduce the risk of inconsistent or varying adjudications with respect to individual members of the class or incompatible standards of conduct for Defendant.

Class Counsel's factual support for the Rule 23(b)(1)(A) class is demonstrably false. First, they claim that:

> The Plaintiff Settlement Class is also appropriate for certification under 23(b)(1)(A) because the class members claims are homogenous and *the Settlement does not involve money damages.*

Doc. 462-2 at 19 (emphasis added). The settlement clearly and unequivocally *does* involve money damages. The settlement creates a $75 million settlement "fund" for money damages. For instance, "At the conclusion of the two year period described in Section 2.4, all money remaining in the Settlement Fund and not retained for pending claims as provided in Section 2.1(b)(v) may be paid to Settlement Class Members as provided herein." Settlement Agreement p. 14. Thus the claim that "the Settlement does not involve money damages" is a blatant misrepresentation. Second, their claim at Doc. 462-2, page 20, that "This settlement is unique in that it requires a dismissal, *without prejudice*, of all individual damages claims" is also demonstrably false. (underscore added). The Settlement *does* include a dismissal with prejudice of many class members' claims. Settlement Agreement pages 21-22, paragraphs 2.8(b)(i) and (b)(ii).

Not only is the factual basis for certification wrong, but Class Counsel's legal analysis is wrong. First, Class Counsel places great weight on whether the class members' claims are homogenous, but that is not test under the rule. The rule requires a showing that inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct. Class Counsel wholly failed to explain how that requirement is met. Second, Class Counsel argues that "Trans Union's conduct was identical with respect to each Settlement Class member." Doc. 462-2 at 20. That is the test under Rule 23(b)(2), not Rule 23(b)(1)(A). That allegation has no relevance to certification of this class.

The case law mandates that the court not certify the proposed Rule 23(b)(1)(A) class. First, the phrase "inconsistent or varying adjudications" as used in this rule does not mean the simple case where two individuals sue the same defendant for the same relief and one wins while the other loses, but rather that the same defendant might be sued by different plaintiffs for different and incompatible affirmative relief. *Landau v. Chase Manhattan Bank, N.A.*, 367 F.Supp. 992 (S.D. N.Y. 1973). There is no such risk here, particularly since there is no injunctive or declaratory relief. Second this rule is satisfied only in the event that inconsistent judgments in separate suits would trap the party opposing the class in the inescapable legal quagmire of not being able to comply with one such judgment without violating the terms of another. *Jones v. American General Life and Acc. Ins. Co.*, 213 F.R.D. 689 (S.D. Ga. 2002). Again, there is no showing of that here, and even if there were, the proposed settlement fails to resolve any such risk. Third, Rule 23(b)(1)(A) "does not apply to actions seeking compensatory damages." *In re Dennis Greenman Sec. Litigation*, 829 F.2d 1539, 1545 (11th Cir.1987). *See also Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1078 (11th Cir.2000)("Because [plaintiffs'] class seeks compensatory damages, it cannot be certified as a(b)(1)(A) class."). This class not only seeks compensatory damages, but compensatory damages are included in the settlement.

Because the proposed class is not certifiable, the Court must deny the application to certify the class and must disapprove the settlement.

**Powers and Weinstein objection – Page 3**

5. Objections to the Approval of the Settlement

The settlement is not fair, reasonable, or adequate, and Objectors object to the settlement for the following reasons.

**5.1 No injunction or declaratory relief**

The settlement is not fair, reasonable, or adequate, and Objectors object to the settlement, because there is no injunctive or declaratory relief provided for the class. The purpose of a Rule 23(b)(1)(A) class is to set a consistent standard of conduct that Defendant must follow regarding the allegations raised in the complaint. The proposed settlement wholly fails to provide any such relief for the class.

**5.2 The attempt to take away class members' class action rights is improper.**

The settlement is not fair, reasonable, or adequate, and Objectors object to the settlement, because it takes away class members' right under state and federal laws to file a class action. Federal and state rules and statutes provide class members the right to sue in a class action. For small statutory violations like those at issue here, the class action is often the only way class members will be able to obtain relief. Yet, the parties attempt to illegally take this right away from class members.

This provision is particularly egregious in this case because the parties seek a mandatory class, so class members would lose their rights even if they do not want to be bound by the settlement. Instead of one claimant or one group of claimants proving that Defendants' conduct violates the statute, this provision means that every individual class member with a claim – potentially tens of millions of people – would have to reinvent the wheel and prove the same thing, unnecessarily wasting the courts' and the parties' time. State and federal courts have promulgated class action rules specifically to prevent that waist of their resources, and the settling parties have failed to provide any rationale for wasting future court and party resources.

The trend in U.S law is to find class action waivers in *arbitration* agreements to be unconscionable. *See e.g. Dale v. Comcast Corp.*, 498 F.3d 1216 (11th Cir. 2007); *Shroyer v. New Cingular Wireless Servs.*, 498 F.3d 976, (9th Cir. 2007); *Scott v. Cingular Wireless*, 161 P.3d 1000 (Wash. 2007); *Muhammad v. County Bank of Rehoboth Beach, Delaware*, 912 A.2d 88, 100 (N.J. 2006); *Kinkel v. Cingular Wireless LLC*, 857 N.E.2d 250 (Ill. 2006). This case is worse than the arbitration provisions because class members cannot opt out of this agreement. In the arbitration cases, at least the consumer or employee can reject the product or job and the class action waiver. Here class members who never bargained for this provision, who have no right to opt out of the settlement, and who have done all they could to object to the provision, would still be bound by the provision if the Court approves the settlement. This provision is worse than an adhesion contract because Objectors are doing everything possible *not* to agree to the provision, and yet would still be stuck with it.

Part of the rationale for class actions is judicial efficiency – rather than incur the costs of thousands of similar lawsuits, for instance, a state would want to try all those cases at one time in a class action. The proposed settlement would prevent a state court from doing that. The settling parties have failed to show how this Court has jurisdiction to prevent state courts from implementing their own procedural rules.

### 5.3 The size of the alleged settlement fund is misleading

The settlement is not fair, reasonable, or adequate, and Objectors object to the settlement, because it is based on the false claim that there is a $75 million settlement fund. The Defendant is free to tap into this fund to pay judgments that it loses in other courts. That is money they would already be required to pay, so the settlement here is not creating a "fund" for benefit of the class regarding all amount that Defendant is allowed to withdraw. A fund where the Defendant puts money in, but then takes it back out to pay judgments it is already required to pay is merely a ruse to make the settlement look bigger than it really is. The actual settlement fund is $75 million minus the amount Defendant withdraws for paying these claims.

### 5.4 The Settlement Agreement is unfair, unreasonable, and inadequate because the requested attorneys' fees to Class Counsel are excessive.

The settlement is not fair, reasonable, or adequate, and Objectors object to the settlement because $18.75 million in attorneys' fees is excessive. The amount of the proposed attorneys' fees is an integral element in determining whether the settlement is fair, reasonable, and adequate:

> The court's settlement review should include provisions for the payment of Class Counsel. In class actions whose primary objective is to recover money damages, settlements may be negotiated on the basis of a lump sum that covers both class claims and attorney fees. Although there is no bar to such arrangements, the simultaneous negotiation of class relief and attorney fees creates a potential conflict ... The judge can condition approval of the settlement on a separate review of the proposed attorneys' compensation.

MANUAL FOR COMPLEX LITIGATION 4th § 21.7, p. 335. There is inadequate evidence to support the reasonableness of the fees, so taking those fees from the class members' settlement fund would render the settlement unfair, unreasonable, and inadequate.

In addition, the inflated settlement "fund" amount unfairly benefits class counsel. Their requested percentage of the settlement fund amounts to a higher fee because the amount of the fund is artificially inflated, as shown above. Moreover, Class Counsel has not earned any fees on individual judgments by class members, and yet the requested fee would pay them 25% of any such judgments. Assume that a class member obtains a judgment in an individual action for $1000. That money is then paid out of the settlement fund in this case. Thus, class counsel is claiming a 25% fee on that amount, even though it was the individual class member's counsel who obtained the recovery, not class counsel. That is neither fair, reasonable, nor adequate.

**Powers and Weinstein objection – Page 5**

**5.5 The parties failed to meet their burden of proof that the total settlement to the class would be fair, reasonable, or adequate.**

Objectors object to the settlement because the parties have failed to meet their burden to prove that the amount of the settlement is fair, reasonable, and adequate. The burden of proof is on the settlement parties, not objectors:

> At the fairness hearing, the proponents of the settlement must show that the proposed settlement is 'fair, reasonable, and adequate.'

MANUAL FOR COMPLEX LITIGATION 4th, §21.634, p. 322. There is no or insufficient evidence to support the finding that the settlement is fair, reasonable, and adequate.

**6. Objection to Class Counsel's request for attorneys' fees**

Objectors object to Class Counsels' anticipated request for attorneys' fees. Class Counsel has not filed its Application for Attorneys' Fees. Class Counsel has not met its burden to prove that any attorneys' fees should be awarded. Objector is unable to provide specific objections to the request at this time, or provide materials and legal argument in response to the request, because no application has been filed, so Objector reserves the right to provide additional materials and legal argument after the application is filed.

**7. Reservation of right to raise further objections**

The settling parties have not filed their motions, briefs, or materials in support of the settlement and application for attorney's fees and will not do so by the time objections are due. Therefore, Objectors hereby reserve the right to make additional objections to the settlement and application for attorney's fees in response to those filings.

Wherefore, Objectors pray that the Court disapprove the proposed settlement, certification of the settlement class, and application for attorneys' fees, and grant Objectors such other and further relief as to which they may be entitled.

_D.J. Powers_ (signature)
D.J. Powers
301 Park Lane
Austin TX 78704
512/444/1641
512/444-2056 – facsimile

_Jeffrey L. Weinstein_ (signature)
JEFFREY L. WEINSTEIN
518 East Tyler Street
Athens, TX 75751
903/677-5333
903/677-3657 – facsimile

## CERTIFICATE OF SERVICE

A copy of the foregoing Objection to Proposed Settlement etc. was on this 22nd day of August, 2008, delivered to the following:

(a) COURT:
Clerk of the Court
United States District Court; Northern District of Illinois
219 S. Dearborn St., Chicago, IL 60604

(b) CLASS LIAISON COUNSEL
Thomas A. Doyle
Saunders & Doyle
20 S. Clark Street, Suite 1720
Chicago, IL. 60603

(c) TRANS UNION'S COUNSEL
Roger Longtin
DLA Piper US, LLP
203 N. LaSalle, Suite 1900
Chicago, IL. 60601

_____
Jeff Weinstein