UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| In re TRANS UNION CORP. PRIVACY LITIGATION | Lead Case No. 000V4729 |
| | MDL Docket No. 1350 |
| | Judge Robert W. Gettleman |
| This Document Relates To: | Magistrate Judge Michael T. Mason |
| ALL ACTIONS. | |

[PROPOSED]

# ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND FINAL JUDGMENT

WHEREAS fourteen (14) consolidated putative class actions are currently pending before this Court in In re Trans Union Corp. Privacy Litigation, Lead Case No. 00 C 4729, MDL Docket No. 1350 (collectively "MDL Actions");

WHEREAS a putative class action entitled *Frey v. Trans Union*, Case No. 798893, is pending in the Superior Court of California, County of Orange ("Frey Action"), and a certified class action entitled *Andrews v. Trans Union LLC*, Case No. 02-18553, is pending in the Civil District Court for the Parish of Orleans, Louisiana ("Andrews Action");

WHEREAS Plaintiffs (hereafter "Plaintiffs") and Defendants Trans Union LLC ("Trans Union") and Acxiom Corporation ("Acxiom") (collectively, "the Parties") have reached a settlement addressing all claims in the MDL Actions, the Frey Action and the Andrews Action, and the Parties have asked the Court for final approval of the proposed Settlement, as set forth in

the Stipulation of Settlement, dated as of May 20, 2008 (Docket No. 462-3) ("Stipulation"), pursuant to Federal Rule of Civil Procedure 23(e);

WHEREAS the Settling Parties to the Actions have agreed that, as a condition of settlement, Plaintiffs and the Plaintiff Settlement Class shall release certain rights with respect to their claims against Defendants and Defendants' Related Parties specified in the Stipulation;

WHEREAS the Court reviewed and considered the Stipulation and proposed Notice to the Class in open court;

WHEREAS the Court preliminarily approved the Settlement on May 28, 2008, and on May 30, 2008, entered the Order Granting Preliminary Approval of Class Action Settlement and Providing for Notice (Docket No. 468) ("Preliminary Approval Order");

WHEREAS the Court appointed Jon W. Borderud, Joy Bull, Dawn Adams Wheelahan, Matthew Righetti, and Michael A. Caddell as Settlement Class Counsel for the Settlement Class in the Preliminary Approval Order;

WHEREAS the Parties have evidenced full compliance with the Preliminary Approval Order; and

WHEREAS the Court has found that there are substantial and sufficient grounds for entering this Order Granting Final Approval of Settlement and Final Judgment ("Final Approval Order");

**IT IS HEREBY ORDERED** as follows:

1. For the purposes of this Final Approval Order, the following terms shall have the

following definitions and meanings.

    a. "Actions" means the MDL Actions, the Andrews Action, and the Frey Action, as defined herein.

    b. "Aggregated Action" shall mean any action in which two or more individual plaintiffs assert claims relating to the same or similar alleged conduct.

    c. "Claims Administrator" shall mean Epiq Systems Inc. or such other entity agreed by the parties and authorized by the Court to process claims and to undertake other tasks as set forth in the Stipulation.

    d. "Class Action" shall mean an action brought by one or more individual plaintiffs on behalf of a class of similarly situated persons under any applicable state or federal statute or rule, whether certified or uncertified.

    e. "Court" means the United States District Court for the Northern District of Illinois, and includes the MDL Actions assigned to the Honorable Robert W. Gettleman and the matters and issues referred to the Honorable Michael T. Mason, United States Magistrate Judge, for decision or resolution.

    f. "Defendants" means defendants Trans Union and Acxiom.

    g. "Defendants' Related Parties" means each of a Defendant's past or present officers, directors, partners, agents, employees, shareholders, attorneys, accountants or auditors, consultants, legal representatives, predecessors, successors, assigns, parents, subsidiaries, divisions, joint ventures, affiliated entities, and any entity that controls a Defendant, or in which a

Defendant has a controlling interest.

h. "Enhanced In-Kind Relief" means the relief being provided by Trans Union pursuant to the Stipulation as set forth in ¶ 2.2(b) therein.

i. "Escrow Account" means the trust account used to hold the Settlement Fund that was paid by Trans Union pursuant to the Stipulation.

j. "Escrow Agent" means the bank or trust company selected by Settlement Class Counsel and approved by Trans Union to hold the Settlement Fund payable by Trans Union pursuant to the Stipulation.

k. "FCRA" means the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

l. "Final" means when the last of the following with respect to the Final Approval Order approving the Stipulation has occurred: (i) the expiration of three (3) business days after the time to file a motion to alter or amend the Final Approval Order under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of three (3) business days after the time in which to appeal the Final Approval Order has passed without any appeal having been filed (which date shall be deemed to be thirty-three (33) days following the entry of the Final Approval Order, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the 33rd day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such 33rd day); and (iii) if such motion to alter or amend is filed, or if an appeal is taken, three (3) business days after a determination of any such motion or appeal that permits the consummation of the Settlement in substantial accordance with the terms and

conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall not include any appeal that concerns only the issue of an award of attorneys' fees and expenses from the Settlement Fund.

      m. "Firm Offer" means an offer of credit or insurance to a consumer regulated by Section 604(c) of the FCRA (15 U.S.C. §1681b(c)).

      n. "Joined Actions" means any action in which any plaintiff asserts both (a) Post-Settlement Claims, and (b) claims relating to any other subject matter whatsoever, regardless of whether the causes of action asserted in the action are created by the same statute, common law principle, or equitable principle.

      o. "Named Plaintiffs" means all named Plaintiffs in the Actions.

      p. "Notice Administrator" means Hilsoft Notifications or such other entity agreed by the parties and authorized by the Court to provide notice and to undertake other tasks as set forth in the Stipulation.

      q. "Plaintiffs" means all Named Plaintiffs in the MDL Actions, the Andrews Action, and the Frey Action, including Cynthia Albert, Mark Andrews, Jeffrey Beadle, Cecilia Comstock, David Feige, Megan Gogerty, Donald Jowers, Victoria Scott Kearley, Geri Mann, Marci Martinelli, Robert and Yvonne Morse, Lawrence and Joan Palazzolo, Heather Payne, Boris and Alla Rozenblitt, Randall J. Stein, Elizabeth H. Turner, Alan Wayne, Nancy M. Winkelmann, Nancy M. Woods, and Josh Frey, and including each of a Plaintiff's estates, heirs, executors, guardians, conservators and trustees.

      r. "Plaintiffs' Counsel" means Plaintiffs' counsel of record in the Actions.

s. "Plaintiffs' Related Parties" means each of a Settlement Class Member's estates, heirs, executors, guardians, conservators and trustee

t. "Plaintiff Settlement Class" is defined as: All consumers who had an open credit account or an open line of credit from a credit grantor located in the United States at any time during the period January 1, 1987 to May 28, 2008. The term "Plaintiff Settlement Class" shall include, without limitation, any classes asserted or certified in the Andrews Action and the Frey Action. Excluded from the Plaintiff Settlement Class are (a) Defendants and their predecessors, affiliates, subsidiaries, officers, directors and employees, (b) counsel for any of the Settling Parties in these Actions, and (c) any and all judges and justices assigned to hear any aspect of the Actions, along with the staff and spouses of the foregoing and any children residing in their households.

u. "Post-Settlement Claim" means any claim by a Settlement Class Member (other than a Plaintiff) against a Defendant that is currently pending or that is asserted after the date of the Stipulation, which is May 20, 2008, arising out of, or relating to, the facts or claims alleged in the Actions concerning Defendants' alleged distribution of Target Marketing lists or related information or concerning Firm Offer claims alleged in any of the MDL Actions, the Andrews Action, or the Frey Action. The term "Post-Settlement Claims" shall include, without limitation, claims under any legal or equitable theory, whether asserted in the form of a complaint filed in state or federal court, a demand for arbitration, an informal demand letter, or otherwise.

v. "Preliminary Approval" means the preliminary approval of the Stipulation by the Court, conditional certification of the Plaintiff Settlement Class, and approval of the method and content of notice to the Plaintiff Settlement Class.

w. "Settlement" means the settlement entered into by the Settling Parties as set forth and embodied by the Stipulation, and as have been amended by the Settling Parties as provided for therein.

x. "Settlement Class Member" means a person who falls within the definition of the Plaintiff Settlement Class.

y. "Settlement Class Period" means the period commencing on January 1, 1987 to May 28, 2008.

z. "Settlement Class Representative Plaintiffs" means Mark E. Andrews, Jeffrey Beadle, Josh Frey, Megan Gogerty, Donald Jowers, Victoria Scott Kearley, Marci Martinelli, Yvonne Morse, Robert Morse, Lawrence and Joan Palazzolo, Elizabeth H. Turner, Alan Wayne, Nancy M. Winkelmann, and Nancy M. Woods.

aa. "Settlement Fund" means the amount paid by Trans Union pursuant to ¶ 2.1(a) of the Stipulation.

bb. "Settling Parties" means, collectively, each of the Defendants, as defined herein, by and through their counsel of record, and each of the Settlement Class Representative Plaintiffs on behalf of themselves, all Plaintiffs, and all Settlement Class Members, by and through Settlement Class Counsel.

cc. "Target Marketing" means selling or advertising goods and services, or soliciting charitable or political contributions, directly to consumers by mail, telephone, or other means, which consumers are identified by, among other criteria, targeted financial criteria or demographic traits. Target Marketing does not include Firm Offers (as defined above).

dd. "Ultimate Approval" means that the Final Approval Order has become Final, as defined herein.

ee. "Unknown Claims" shall collectively mean all claims, demands, rights, liabilities, and causes of action of every nature and description arising out of, or relating to, the facts or claims alleged in the Actions which any person does not know or suspect to exist in his, her or its favor at the time of the release of claims which, if known by him, her or it, might have affected his, her or its settlement with and release of claims, and shall include waiver of the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

2. The Court has jurisdiction over the subject matter of this litigation and personal jurisdiction over all Parties and the members of the Plaintiff Settlement Class for purposes of this litigation.

3. The Court finds that (a) the proposed Plaintiff Settlement Class is so numerous as to make joinder impracticable; (b) the claims of the Plaintiffs are typical of the claims of the Plaintiff Settlement Class they seek to represent; (c) the interests of the Plaintiff Settlement Class will be, and have been, fairly and adequately represented by Plaintiffs and their counsel of record in the Actions; and (d) common questions of law and fact exist as to all Settlement Class Members.

4. The Court is satisfied that Hilsoft Notifications, the appointed Notice Administrator, has met all requirements the Court set forth in its Preliminary Approval Order. The Court finds

that the dissemination of the Class Notice under the terms and in the format provided for in its Preliminary Approval Order constitutes the best notice practicable under the circumstances, is due and sufficient notice for all purposes to all persons entitled to such notice, and fully satisfies the requirements of the Federal Rules of Civil Procedure, the requirements of due process under the Constitution of the United States, and any other applicable law.

5. The Court finds that the requirements for certifying a settlement class pursuant to Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure have been met and are appropriate under the circumstances of this case.

6. The Court therefore certifies a Plaintiff Settlement Class pursuant to Rule 23(b) of the Federal Rules of Civil Procedure, defined as: All consumers who had an open credit account or an open line of credit from a credit grantor located in the United States at any time during the period January 1, 1987 to May 28, 2008. The term "Plaintiff Settlement Class" shall include, without limitation, any classes asserted or certified in the Andrews Action and the Frey Action. Excluded from the Plaintiff Settlement Class are (a) Defendants and their predecessors, affiliates, subsidiaries, officers, directors and employees, (b) counsel for any of the Settling Parties in these Actions, and (c) any and all judges and justices assigned to hear any aspect of the Actions, along with the staff and spouses of the foregoing and any children residing in their households. The Court finds that the Plaintiff Settlement Class satisfies the requirements of Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure.

7. The Court has considered all objections, including those that may not technically qualify as objections and those that were filed after the objection deadline. After considering all objections, and all briefing and oral argument offered in support or in opposition to same, and for

the reasons stated in open court at the September 10, 2008 final approval hearing, the Court finds that they are without merit.

      8. Accordingly, all objections are hereby **OVERRULED**.

      9. The Settlement set forth in the Stipulation is hereby finally approved as fair, reasonable, and adequate as to each Settlement Class Member. The Settlement is hereby finally approved in all respects.

      10. All Named Plaintiffs are deemed to have released, and by operation of this Final Approval Order shall have, fully, finally, and forever released, relinquished and discharged Defendants, and each of them, and Defendants' Related Parties, from any and all claims, including Unknown Claims, arising out of, or related to, the facts or claims alleged in the MDL Actions arising out of state or federal law, including (i) any and all such claims related to Defendants' alleged distribution of Target Marketing lists or related information, and (ii) any and all such claims relating to the Firm Offer claims alleged in any of the MDL Actions and/or the Frey Action. The release in this Paragraph applies to the Named Plaintiffs' individual claims only.

      11. All Settlement Class Members who receive the Enhanced In-Kind Relief are, along with their respective Plaintiffs' Related Parties, deemed to have released, and by operation of this Final Approval Order shall have, fully, finally, and forever released, relinquished, and discharged Defendants, and each of them, and Defendants' Related Parties from any and all claims, including Unknown Claims, arising out of, or related to, the facts or claims alleged in the Actions arising out of state or federal law, including (i) any and all such claims related to Defendants'

alleged distribution of Target Marketing lists or related information, and (ii) any and all such claims related to Defendants' alleged distribution of Firm Offer lists or related information.

12. All Settlement Class Members who receive a cash distribution from the Settlement Fund pursuant to paragraph 17(c) of this Final Approval Order are, along with their respective Plaintiff's Related Parties, deemed to have released, and by operation of this Final Approval Order shall have, fully, finally, and forever released, relinquished, and discharged Defendants, and each of them, and Defendants' Related Parties from any and all claims, including Unknown Claims, arising out of, or related to, the facts or claims alleged in the Actions arising out of state or federal law, including (i) any and all such claims related to Defendants' alleged distribution of Target Marketing lists or related information, and (ii) any and all such claims related to Defendants' alleged distribution of Firm Offer lists or related information.

13. All Settlement Class Members who are not Named Plaintiffs and who do not receive either of the benefits described in paragraph 11 or paragraph 12 of this Final Approval Order are, along with their respective Plaintiff's Related Parties, deemed to have released, and by operation of this Final Approval Order shall have, fully, finally, and forever released and relinquished their procedural rights to pursue any claims, including Unknown Claims, arising out of or related to the facts or claims alleged in the Actions arising out of state or federal law, including (i) any and all such claims related to Defendants' alleged distribution of Target Marketing lists or related information, and (ii) any and all such claims related to Defendants' alleged distribution of Firm Offer lists or related information, as either (A) named plaintiffs or class members in any Class Action, (B) plaintiffs in any Joined Actions, or (C) plaintiffs in any Aggregated Action.

14. As to the Named Plaintiffs, all Settlement Class Members who receive the Enhanced

In-Kind Relief, and all Settlement Class Members who receive a cash distribution from the Settlement Fund pursuant to paragraph 17 of this Final Approval Order, the Court hereby dismisses with prejudice their individual claims in the MDL Actions against the Defendants. As to all Settlement Class Members who are not Named Plaintiffs and who do not receive either of the benefits described in paragraph 12 or 13 of this Final Approval Order, the Court hereby dismisses the MDL Actions without prejudice against the Defendants, subject to the limitation on procedural rights described in paragraph 13 of this Final Approval Order.

15. The Court finds that the Named Plaintiffs provided invaluable participation in this Litigation, and have duly earned the proposed Incentive Awards. Accordingly, the Court directs the Escrow Agent to pay each Named Plaintiff the sum of $3,750.00 from the Escrow Account within 30 days of Ultimate Approval of the Settlement.

16. All Settlement Class Members who are not Named Plaintiffs, along with their respective Plaintiffs' Related Parties, are enjoined and barred from filing, commencing, prosecuting, intervening, or participating in any claims, including Unknown Claims, arising out of or related to the facts or claims alleged in the Actions arising out of state or federal law, including (i) any and all such claims related to Defendants' alleged distribution of Target Marketing lists or related information, and (ii) any and all such claims related to Defendants' alleged distribution of Firm Offer lists or related information, as either (A) named plaintiffs or class members in any Class Action, (B) plaintiffs in any Joined Actions, or (C) plaintiffs in any Aggregated Action.

17. The Settlement Fund shall be held in the Escrow Account by an Escrow Agent and the use or disbursement of such funds shall be as provided herein:

    a. Expenses of notice and administration shall be invoiced by the Notice Administrator and the Claims Administrator, respectively, and paid from the Settlement Fund. In no event shall the total expenses associated with notice and administration increase the amount paid by Trans Union as part of the settlement;

    b. Within 10 days after Ultimate Approval, Attorneys' Fees and Costs shall be paid from the Settlement Fund as provided in Section 4 of the Stipulation;

    c. Trans Union shall be entitled to receive reimbursement from the Settlement Fund equal to any amounts paid to satisfy settlements or judgments arising from Post-Settlement Claims, not including any defense costs. Trans Union shall have the option to settle any suit or pre-suit demand, or litigate any suit, involving Post-Settlement Claims. On a quarterly basis, Trans Union shall report on lawsuits filed asserting these claims to a Committee comprised of representatives chosen equally by Trans Union and Settlement Class Counsel. Such quarterly reports shall include (i) the name of each person asserting a Post-Settlement Claim receiving a payment from Trans Union or which reimbursement was taken from the Settlement Fund, (ii) the amount paid to each such person, (iii) the name of each law firm or attorney receiving a payment from Trans Union for which reimbursement was taken from the Settlement Fund, (iv) the amount paid to each such law firm or attorney, (v) the date on which each payment was made, (vi) a brief description of the nature of the claim that was the basis for the payment, (vii) a copy of any complaint, demand for arbitration, informal demand letter or similar document in which the Post-Settlement Claims at issue were asserted, and (viii) any agreement memorializing the resolution of the Post-Settlement Claims. Any dispute about the propriety of a reimbursement received by Trans Union shall be resolved by the Court. In the event the Court finds any such reimbursement

amount improper, Trans Union shall return such amount, plus interest at the same rate earned on the Settlement Fund, to the Settlement Fund within 10 business days.

    d. In the event that any Post-Settlement Claims remain pending at the end of the two-year period following Ultimate Approval, the Committee will in good faith estimate an amount to be retained in the Settlement Fund in respect of any future settlement or judgment on such Post-Settlement Claims, for reimbursement to Trans Union. Any dispute about the amount of the good faith estimate shall be resolved by the Court.

    e. At the conclusion of the two-year period following Ultimate Approval, all money remaining in the Settlement Fund and not retained for pending claims pursuant to paragraph 17(b) of this Final Approval Order may be paid to Settlement Class Members as provided herein. At the conclusion of the two-year period following Ultimate Approval, Settlement Class Counsel shall make a recommendation to the Court concerning the use and allocation of any amount remaining in the Settlement Fund. Such recommendation shall consider as its first preference the distribution of the funds remaining in the Settlement Fund, if any, to those persons who registered during the registration period to receive a possible distribution, unless the Court determines that the amount remaining in the Settlement Fund cannot feasibly be distributed to claimants taking into account the number of claimants, the relative cost of claims administration, and the amount that would be distributed per claimant. If the amount remaining in the Settlement Fund is determined to be less than can feasibly be distributed to persons who registered for a distribution, then the amount remaining in the Settlement Fund will be distributed to one or more qualified 501(c)(3) entities jointly chosen by Trans Union and Settlement Class Counsel and approved by the Court.

18. Should the Settlement not become effective in accordance with its terms, this Final Approval Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

19. If the Settlement does not receive Ultimate Approval, then the Settlement, any Stipulation, and the settlement term sheet shall become null and void. In addition if this Settlement becomes null and void, the Defendants shall not be prejudiced in any way from opposing the certification of a class or classes in the Actions or in any other litigation that is not one of the Actions. Further, the Settlement Fund, including interest earned, less taxes and tax expenses that have been properly disbursed pursuant to this Stipulation and any notice and administration expenses that have been incurred pursuant to this Stipulation but have not yet been disbursed, shall be returned to Trans Union if (a) the Settlement does not receive Final Approval, and a revised settlement is not submitted by the Settling Parties to the Court within 180 days following the Court's failure to grant such Final Approval, or (b) an Order of the Court giving Final Approval to the Settlement is overturned after exhaustion of all appeals, and a revised settlement is not submitted to the Court within 180 days following the exhaustion of all such appeals.

20. Neither this Final Approval Order, the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of this Final Approval Order, Stipulation or the Settlement: (a) is or may be deemed to be, or may be used as an admission or evidence of, the validity of any claims asserted in the Actions, or of any

wrongdoing or liability on the part of Defendants, or (b) is or may be deemed to be, or may be used as an admission or evidence of, any fault or omission of any of the Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or this Final Approval Order in any action that has been or may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, reduction, or any other theory of claim preclusion or issue preclusion, or any similar defense or counterclaim.

21. The Court finds (a) that the amount paid by Trans Union constituting the Settlement Fund is sufficient to deter future Target Marketing and Firm Offer conduct of the kind at issue in MDL No. 1350, (b) that the amount paid by Trans Union constituting the Settlement Fund represents the full disgorgement of all relevant profits realized by Trans Union, and (c) that Trans Union has ceased the conduct at issue in MDL No. 1350.

22. All agreements made and Orders entered during the course of the Actions relating to the confidentiality of information shall continue in full force and effect subsequent to entry of this Final Approval Order and Final Judgment.

23. The Court shall rule on the application of Plaintiffs' Counsel for reimbursement of fees and expenses at a later date. The pendency of the application for fees and expenses shall not delay or affect the finality of this Final Approval Order and Final Judgment.

24. Pursuant to and as required by ¶6.13 of the Stipulation, and to the extent permitted by applicable law, the Court retains jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and the Settling Parties hereto submit to the jurisdiction of the Court

for purposes of implementing and enforcing the Settlement embodied in the Stipulation. The Court specifically retains jurisdiction to enforce the terms of any and all injunctive relief set forth herein. To the extent permitted by applicable law and required by ¶2.1(d) of the Stipulation, the Court also retains jurisdiction to implement the Settlement as it pertains to: The award or distribution of any and all Settlement Funds transmitted to and held by the Escrow Agent as required by the Stipulation, including any award or distribution of attorneys' fees and expenses, Class Representative Incentive Awards, any payment of expenses of the Notice Administrator and Claims Administrator, any cy pres distribution permitted by the Stipulation, and the disposition of the residual amount of the Settlement Fund as set forth in the Stipulation. Nothing herein shall affect the release of claims or the final dismissal with prejudice of the MDL Actions, each as provided in this Order, which release and dismissal are intended to preclude relitigation of any released claims. See Shapo v. Engle, 463 F.3d 641, 646 (7th Cir. 2006).

IT IS SO ORDERED.

Dated: September _____, 2008.

>						_____
>						**ROBERT W. GETTLEMAN**
>						**UNITED STATES DISTRICT JUDGE**