IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: TRANS UNION CORP. PRIVACY LITIGATION, | ) ) ) | |
| _____ | ) ) | No.  00 C 4729 MDL Docket No. 1350 |
| THIS DOCUMENT RELATES TO: | ) ) | Judge Robert W. Gettleman |
| ALL CASES | ) | |

### **ORDER**

In its memorandum opinion and order dated April 6, 2009 (the "April 6 Order"), the court found that, because it "lack[ed] all faith in the veracity of the hours billed" by the attorneys, particularly Louisiana counsel Dawn Wheelahan, the court would award attorneys' fees based on a percentage of recovery, rather than a lodestar award the court had previously stated was its preference.  Since that time, Wheelahan has filed a series of motions, submissions and a letter to the court attacking the April 6 Order and offering explanations of the matters raised in the April 6 Order and at the hearing on Wheelahan's motions on April 14, 2009.  At that hearing, counsel for defendant Trans Union confirmed that Trans Union has no stake or position in the attorneys' fees dispute.

Subsequently, as directed by the April 6 Order, the attorneys met and conferred about allocation, and all sets of attorneys (the "Settlement Class Counsel and MDL Lead Counsel" together with "<u>Frye</u> Counsel," "Texas Counsel," "Liaison Counsel," and "Louisiana Counsel [Wheelahan]") have filed separate reports, informing the court that the lawyers were unable to agree on allocation.  All counsel except Wheelahan state that, to get this matter behind them, they will accept the court's decision in the April 6 Order to base the fee award on a percentage of

recovery, totaling $10,830,000. MDL Lead Counsel and Frey Counsel seek $5,757,000 in fees. Liaison Counsel seek $550,000. Texas Counsel seek $2,261,000. Louisiana Counsel (Wheelahan and her colleagues) contest the court's April 6 Order and seek $9,331,000. All these requests total $17,899,000.

As the court noted at the April 14 hearing and in the April 6 Order, these proceedings are non-adversarial. The lawyers are simply attempting to slice the pie to maximize their fees and avoid conflict among themselves. At the April 14 hearing, the court stated that it had tentatively decided to appoint special counsel for the class because the attorneys' fees were to be drawn directly from the amount of cash available for distribution to class members under the settlement agreement approved by the court. Simply put, the greater the fee, the less money for each class member, and the class's interests are not being represented by the attorneys fighting over the fees.

The reports submitted by counsel and the various submissions by Wheelahan demonstrate the need to appoint an independent party who will represent the interests of the class and protect the integrity of the proceedings. The three-way conflict among present counsel[1] deprives the court of the confidence required to render a final decision on fees that is fair to both the class and counsel. Because any allocation will depend in large part on the time spent by the respective

---

[1] All counsel except Louisiana seem to be non-adversarial to each other, with MDL Lead Counsel, Frye Counsel and Liaison Counsel agreeing to a total of $6,307,000 in fees, leaving $4,523,000 to be divided between Texas and Louisiana Counsels. The latter two sets of lawyers are at each others' throats.

attorneys, as well as their contributions to the outcome, the time records of all counsel must be examined.[2]

Based on all of the above, and on further reflection, and as mentioned in the April 6 Order, the court has decided to appoint a Special Master pursuant to Fed. R. Civ. P. 53, to conduct an appropriate investigation of these matters, take all appropriate measures and perform all duties allowed by Rule 53(c), and file a report pursuant to Rule 53(d) and (e) on a date to be set by the court.  The scope of the Special Master's duties will be broad enough to address the concerns expressed by the court in the April 6 Order, the April 14 hearing and in this order.  The Special Master's duties will include examining the time sheets of all counsel, recommending whether to base the fee award on a lodestar or percentage basis[3], and investigating the ethical issues raised by Wheelahan's time records and the communications discussed in the April 6 Order as well as any similar issues that may be revealed during performance of his/her duties.  The court has determined that a Special Master, rather than special counsel for the plaintiff class, is the most efficient and unified way to bring the proceedings concerning the petitions for attorneys' fees to a just, reasonable and expedient close.

Pursuant to Rule 53(b)(1), the court hereby gives notice to the parties (the attorneys) of its intention to appoint a Special Master, and directs each group of attorneys to file a response to the court on or before May 8, 2009.  The parties may also suggest candidates for appointment.

---

[2] The court notes that MDL and Frye Counsel have indicted their willingness to turn over their time sheets for examination.

[3] This issue will depend, at least in part, on whether the court concludes that reliable time records have been produced or determined.

The court will rule promptly after receiving the parties' suggestions, and will set a schedule to be followed by the Special Master appointed by the court.

With respect to Louisiana Counsel, in her "Post-Hearing Memorandum" and other submissions, Wheelahan seeks to strike from the record the email communications attached to the April 6 Order, and advocates a percentage recovery that would "obviate[ ] any need for the court to address communications to which Louisiana Counsel [Wheelahan] earlier objected." In these submissions, Wheelahan appears to be attempting to direct the court on a path that would avoid scrutiny of her billing records. It is far too late for that, however.

The court emphasizes that it has made no final determination about the communications between Wheelahan and other counsel, and will give Wheelahan and the other attorneys full opportunity to address the court's concerns and offer any explanations or arguments they may wish to make concerning these and other communications between and among them. The court rejects Wheelahan's suggestion in her "Motion of Louisiana Counsel to Strike from the Record Confidential Materials" (Doc. 593) based on Local Rule 83.5, (incorrectly cited as L.R. 82.3) because the communications in question, although made during settlement negotiations, appear on their face to constitute potentially unethical improprieties that must be fully investigated by the Special Master and the court. The court therefore denies Louisiana counsel's motion to strike**.**

With respect to out-of-pocket costs advanced by counsel, the court has reviewed the requests and find them to be in order. Counsel are directed to prepare and submit a draft order on or before May 8, 2009, awarding the costs to the respective attorneys who advanced them.

So ordered:

**ENTER:** Mary 1, 2009

*Robert W. Gettleman* (signature)

**Robert W. Gettleman**
**United States District Judge**