IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TRANS UNION CORP. PRIVACY LITIGATION, ) ) ) _____ ) ) THIS DOCUMENT RELATES TO: ) ) ALL CASE ) | No.  00 C 4729 MDL Docket No. 1350 Judge Robert W. Gettleman |

## ORDER

In an order dated May 1, 2009, ("the Order"), the court gave notice to the parties (and attorneys) that it had decided to appoint a special master pursuant to Fed. R. Civ. P. 53 to:  (1) conduct an appropriate investigation of the matters and problems recognized in this court's memorandum opinion and orders of April 6 and April 14, 2009; (2) take all appropriate measures and perform all duties allowed by Rule 53(c); and file a report pursuant to Rule 53(d) and (e).

In the Order, the court directed each group of attorneys to file a response to the court's notice and to suggest a candidate for appointment.  The court has reviewed those responses and suggestions.[1]  Although many qualified candidates have been suggested, the court has determined to appoint Jeffrey T. Gilbert of Reed Smith.  Mr. Gilbert is known to this court as a highly competent attorney who has extensive experience in complex class action litigation on both the plaintiffs' and defendants' sides.

Mr. Gilbert's duties shall include, but are not limited to, examining the time records of all counsel, recommending whether to base the fee award on a lodestar or percentage basis, and

---

[1] Louisiana counsel has objected to the appointment of a special master (Doc. No. 616) and has requested the court to reconsider and vacate its April 6 and May 1, 2009, orders (Doc. Nos. 597, 611).  That objection and motion are denied.

investigating any ethical issues raised by Louisiana counsel's (or any other counsel's) time records and communications discussed in the court's April 6, 2009, memorandum opinion and order, and any other similar issues that may be raised during the performance of his duties. The special master is directed to conduct such hearings as he determines are appropriate to perform his duties promptly, and shall serve and file a copy of his final decision on the parties and with the court. The special master may communicate ex parte with the court but may not do so with the parties or counsel. The Special Master and Reed Smith staff appointed by him shall be paid at the market rate regularly charged by Reed Smith less 10%. Unless otherwise ordered, the costs and fees of the special master are to be paid equally from the fund and from each group of counsel.

The special master is directed to file an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455 on or before June 12, 2009. The Special Master is further directed to conclude his duties and file his report on or before October 1, 2009. The court will set a schedule for objections and confirmation thereafter.

**ENTER:**     **June 2, 2009**

_____
  **Robert W. Gettleman**
  **United States District Judge**