CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

No.: 02-18553

DIVISION

MARK E. ANDREWS,
on behalf of himself and others similarly situated

versus

TRANS UNION CORPORATION

FILED:_____

_____
CLERK

## CLASS ACTION PETITION FOR DAMAGES, DECLARATORY RELIEF, and INJUNCTIVE RELIEF

The Petition of plaintiff, Mark E. Andrews, respectfully represents as follows:

### Introduction

**1.**

Plaintiff, **Mark E. Andrews**, brings claims in this class action for violations of the Louisiana Consumer Credit Law, and more particularly, La. R. S. 9:3571.1; the California Business and Professions Code § 17200, by way of violations of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §1785.1 *et seq.*, including §1785.11 thereof; and Illinois common law.

**2.**

Plaintiff, **Mark E. Andrews**, brings this action on behalf of himself and a class, and sub-classes, of other similarly situated persons, pursuant to La. C. C. P. Art. 591B(1)(a), and/or La. C.. C. P. Art. 591B(1)(b), and/or La. C. C. P. Art. 591B(2), and/or La. C. C. P. Art. 591B(3). The rights (but not the individual recoveries) of plaintiff and the putative class members are inherently collective, making class certification under La. C. C. P. Art. 591B(1)(b) appropriate, in

that the confidential, personal financial information misappropriated and sold by defendant, Trans

Union LLC, in the form of consumer reports compiled as target marketing lists, derived its value

from the gathering and collection of the information as a whole.

3.

Plaintiff brings this action on behalf of himself and a class, and sub-classes, of other

similarly situated persons, whose personal, confidential financial information has been

misappropriated and improperly sold and/or disclosed by defendant, **Trans Union, LLC**, and by

its subsidiaries and co-conspirators, in the form of target marketing lists, which are themselves

compilations of consumer reports (also known as "credit reports").

### Venue

4.

Venue is proper in Civil District Court for the Parish of Orleans pursuant to Louisiana

Code of Civil Procedure Articles 41 and 74.

### Parties

5.

Plaintiff, **Mark E. Andrews**, is a person of the full age of majority, and currently a

resident and domiciliary of the Parish of Orleans, in the State of Louisiana. Plaintiff was a

resident of, and was domiciled in, the County of Monterey, in the State of California, for a two-

year period during which the California law violations alleged herein occurred. Prior to the two-

year period during which he was a resident of California, plaintiff was a resident of, and was

domiciled in, the Parish of Orleans, in the State of Louisiana.

6.

Defendant, **Trans Union, LLC**, is a Delaware limited liability company with its

headquarters located in Chicago, Illinois.

## Factual Allegations

### 7.

Defendant, Trans Union, LLC, is a credit bureau which is engaged, and for a number of years has been engaged, in the unlawful distribution and sale of private financial, credit, and other confidential information, to third parties, in the form of consumer reports compiled as target marketing lists ("Lists"). The Lists are improperly sold by Trans Union LLC and/or its divisions, subsidiaries, and co-conspirators, to persons and entities having no permissible purpose for obtaining credit reports. The Lists are derived from Trans Union's credit reporting database, called "CRONUS," and are themselves compilations of the consumer reports ("credit reports") of the plaintiff and putative class members. Defendant, Trans Union, LLC, has realized more than $100 million dollars in revenue from the misappropriation and sale of plaintiff's and the putative class members' confidential financial information which was sold in the Lists, during the time period relevant to this action.

### 8.

Plaintiff, and all putative class members, are persons whose names were included in defendant, Trans Union's Master File, which is used to compile the complained-of target marketing lists. The Master File is compiled by applying certain criteria to the consumer reporting information contain the Trans Union LLC's CRONUS database of consumer credit files. Trans Union LLC's target marketing lists are compiled by selecting and applying certain criteria to the Master File, or by matching social security numbers, credit card numbers, or other personal identifiers to the names contained in the Master File. Plaintiff and each putative class member had

his or her private financial, credit or other confidential information misappropriated and sold and/or disclosed by Trans Union, LLC to third parties, in a target marketing list, or similar product or service, without their authorization or consent, in violation of Louisiana law, California law, and Illinois law.

9.

The misappropriation, and/or disclosure, and/or sale, of the private and confidential information contained in Trans Union's target marketing lists is highly offensive to plaintiff and to the ordinary person, particularly in light of the substantial profit realized by Trans Union, LLC from the misappropriation and unauthorized sale of plaintiff's personal and confidential financial information to third parties.

10.

Trans Union, LLC has been unjustly enriched by the misappropriation and sale of plaintiff's and the putative class members' private and confidential personal information, which was sold in the form of target marketing lists, comprising compilations of consumer reports, to third parties. Trans Union has realized approximately $100 million dollars in revenue from the sale of plaintiff's and the putative class members' consumer reports in the form of target marketing lists.

11.

Trans Union, LLC has aided, abetted and conspired with others, including a data solutions company known as Acxiom Corporation, in the misappropriation and sale of plaintiff's and the class members' consumer reports in the form of target marketing lists. Trans Union, LLC was at one time Acxiom's largest shareholder, which circumstance changed upon Trans Union LLC's

donation of its Acxiom shares.  Acxiom acted in concert with Trans Union, LLC, in the misappropriation and sale of plaintiff's and the class members' consumer reports in the form of target marketing lists, by which misconduct both entities were unjustly enriched.  Trans Union is liable to plaintiffs, in addition, and in the alternative, as a co-conspirator, and an aider and abetter to others, including Acxiom Corporation, who participated in the sale of plaintiff's and the putative class members' consumer reports compiled in the form of target marketing lists.

### Causes of Action and Relief Sought

### Louisiana Consumer Credit Law Claim

#### 12.

Trans Union LLC has violated the provisions of La. R. S. 3571.1, and has failed to exercise ordinary care and due diligence, by Trans Union's sale and/or disclosure of confidential financial information of plaintiff and the putative class members, in the form of consumer reports compiled as target marketing lists.  Trans Union has improperly sold and distributed consumer reports in the form of target marketing lists, to persons and entities which had no permissible purpose for obtaining the consumer reports.  Plaintiff, and the putative class members, have been injured and have suffered actual damages as a direct and proximate result of Trans Union LLC's violation of La. R. S. 3571.1, that is, by the misappropriation and sale of their consumer reports in the form of target marketing lists, in the amount and to the extent of Trans Union's revenue derived, directly and indirectly, from the misappropriation their confidential financial information

#### 13.

Plaintiff and the putative class members have suffered actual damages as measured by, and to the extent of, Trans Union, LLC's revenue earned from the improper sale of its target marketing lists.  Plaintiff, and members of the sub-class who are residents of Louisiana, seek

recovery of these actual damages under La. R. S. 3571.1, in the amount of Trans Union LLC's revenue earned from the misappropriation and sale of their personal financial information in the form of consumer reports compiled as target marketing lists, during the time period relative to this claim.

14.

Trans Union, LLC has been unjustly enriched by the misappropriation and sale of plaintiff's and the class members' consumer reports compiled in the form of target marketing lists. Plaintiff and the class members seek restitution in the amount of Trans Union LLC's revenue earned from the misappropriation and sale of their consumer reports in the form of target marketing lists, from September 20, 1992 to the present.

### Illinois Common Law Invasion of Privacy

15.

The misappropriation and sale of plaintiff's and the proposed class members' consumer reports in the form of target marketing lists is highly offensive to them and to the ordinary, reasonable person, and is an invasion of their privacy under Illinois law. Plaintiff and all class members have sustained, and seek recovery of, actual damages for misappropriation of their personal financial information, and invasion of their privacy in the amount, and to the extent of, Trans Union LLC's revenues gained from the improper sale of their consumer reports compiled in the form of target marketing lists. Trans Union has knowingly, and with malicious intent, misappropriated and distributed and sold personal financial information belonging to plaintiff and the putative class members.

### California Business and Professional Code Claim

### 16.

Defendant, Trans Union LLC has violated the provisions of the California Business &

Professions Code §17200, by engaging in unfair competition through the course of unlawful,

unfair and/or fraudulent business acts and practices, by the misappropriation and sale of plaintiff's

private financial information in the form of consumer reports compiled as target marketing lists, to

third parties; and by its violation of the California Consumer Credit Reporting Agencies Act, Cal.

Civ. Code §1785 *et seq.*, including §1781.11 thereof.


### 17.

Defendant, Trans Union LLC has been unjustly enriched as a result of the acts of unfair

competition alleged herein, in the amount and to the extent of Trans Union's revenue derived

from the sale of plaintiff's and the putative class members' confidential financial information.

Pursuant to California Business and Professions Code §§ 17203 and 17204, plaintiff and members

of the sub-class who are residents of California seek an order enjoining Trans Union LLC's

violation of §17200 by the sale of target marketing lists containing plaintiff's and the putative

class members' consumer reports, and other equitable relief appropriate in the circumstances.


### Declaratory Relief

### 18.

Pursuant to the provisions of Louisiana Code of Civil Procedure Article 1871 (the

Louisiana Declaratory Judgment Act), and pursuant to 28 U.S.C. 2201 (the federal Declaratory

Judgement Act) plaintiff, on behalf of himself and others similarly situated, seeks declaratory

judgment with respect to his and their rights in and to the consumer reports compiled as target marketing lists described hereinabove, which have been improperly sold, disclosed and/or distributed by defendant, Trans Union LLC.

## Class Allegations

### 19.

Pursuant to Louisiana Code of Civil Procedure Articles 591, *et seq.*, plaintiff brings this action for damages, declaratory relief, and injunctive relief, on behalf of himself and others similarly situated. Plaintiff brings claims on behalf of the following class and sub-classes:

(1) a nationwide class under Illinois common law, for invasion of privacy, seeking actual damages in the amount and to the extent of Trans Union LLC's revenues gained from improper sale of consumer reports compiled as target marketing lists, and/or restitution of amounts by which Trans Union LLC has been unjustly enriched by its unlawful conduct;

(2) a nationwide class seeking restitution, in the amount and to the extent of Trans Union LLC's revenues, by which it has been unjustly enriched through the improper sale of consumer reports compiled as target marketing lists;

(3) a nationwide class seeking injunctive and declaratory relief, under 28 U.S.C. 2201 and La. C. C. P. Art. 1871, as described hereinabove;

(4) a sub-class of Louisiana residents who bring claims for actual damages, in the amount and to the extent of Trans Union LLC's revenues earned from improper sale of consumer reports compiled as target marketing lists, in violation of La. R. S. 3571.1, as alleged hereinabove;

(5) a sub-class of California residents, who seek relief under §17200 of the California Business and Professions Code.

**20.**

The number of class members, as well as the number of members of each sub-class, exceeds one hundred persons, and can be identified from Trans Union LLC's lists, records, and other computerized data and information.

**21.**

There exist questions of law and fact common to all members of the class, and common to all members of each proposed sub-class, including but not limited to:

1.    Whether Trans Union LLC has violated Illinois law by the misappropriation and sale of plaintiff's and the class members' confidential financial information in the form of consumer reports compiled as target marketing lists;

2.    Whether Trans Union LLC has co-conspired, aided and/or abetted others in the acts and/or omissions complained of herein;

3.    Whether Trans Union LLC has been unjustly enriched by the misappropriation and sale of plaintiff's and the class members' confidential financial information in the form of consumer reports compiled as target marketing lists;

4.    Whether Trans Union LLC has invaded the privacy of plaintiff and the putative class members by the misappropriation and sale of plaintiff's and the class members' confidential financial information in the form of consumer reports compiled as target marketing lists;

5.    Whether Trans Union LLC has violated La. R. S. 3571.1 by the misappropriation and sale of plaintiff's and the class members' confidential financial information in the form of consumer reports compiled as target marketing lists;

6.    Whether Trans Union LLC has violated §17200 of the California Business and Professions Code by the misappropriation and sale of plaintiff's and the class members' confidential financial information in the form of consumer reports compiled as target marketing lists;

7.    Whether plaintiff and the class members are entitled to actual damages in the amount, and to the extent of Trans Union LLC's revenues earned by the misappropriation and sale of plaintiff's and the class members' confidential financial information in the form of consumer reports compiled as target marketing lists;

8.  Whether plaintiff and the class members are entitled to restitution in the amount and to the extent of Trans Union LLC's revenues by the misappropriation and sale of plaintiff's and the class members' confidential financial information in the form of consumer reports compiled as target marketing lists;

9.  Whether plaintiff and the California sub-class members are entitled to restitution and/or injunctive and/or declaratory relief under §§ 17203 and 17204 of the California Business and Professions Code;

10. Whether plaintiff and the Louisiana sub-class members are entitled to actual damages, injunctive relief and/or declaratory relief under La. R. S. 3571.1.

11. Whether plaintiff and the class members are entitled to injunctive relief and/or declaratory relief under 28 U.S.C. 2201 and/or La. C. C. P. Art. 1871.

**22.**

The claims of plaintiff, Mark E. Andrews are typical of the claims of all proposed class and sub-class members. Plaintiff and all class members have been similarly affected by defendant, Trans Union LLC's conduct, and the claims of plaintiff and all proposed class and sub-class members are identical.

**23.**

Plaintiff and his counsel have no conflicts with other class members which would prevent their adequately and fair representation of the class and sub-classes. Plaintiff will fairly and adequately advance and protect the interests of the class and sub-classes, as required by Articles 591(A)(4) and 597 of the Louisiana Code of Civil Procedure.

**24.**

The class can be objectively defined in terms of ascertainable criteria, such that the court

may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in this action, by means of Trans Union LLC's lists, computerized records, database, and other information.

## 25.

The prosecution of separate actions by the individual members of the class would create the risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for the defendant, Trans Union LLC, which is the party opposing the class.

## 26.

Defendant, Trans Union LLC, has acted and/or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class and sub-classes as a whole.

## 27.

The questions of law and/or fact which are common to the class, set forth hereinabove, predominate over any questions affecting only individual class members.

## 28.

The class action is superior to other methods for the fair and efficient adjudication of this controversy. The damages suffered by the individual class members are relatively small compared with the cost of the litigation, so that the expense and burden of individual litigation make it impracticable for the class members to seek redress individually for the wrongs they have suffered.

Certification of a class will relieve the burden of repetitious litigation involving thousands of identical claims. Plaintiff is unaware of any difficulty that would be encountered in managing this class action.

29.

Specifically excluded from the class are the employees, owners, representatives, officers, directors, attorneys, and other persons related to or affiliated with the defendant, Trans Union LLC; the judges to whom this case is or may be assigned and members of their immediate families; and counsel for the plaintiffs. Also specifically excluded from the class are persons who are, or were, parties in other civil actions filed against defendant, Trans Union, relating to target marketing lists.

30.

Plaintiff specifically disclaims any right to an award of attorney's fees under any substantive statutory provision, including La. C. C. P. article 595(A), or under La. C. C. P. article 862. Plaintiff specifically disclaims any award of attorney's fees as an element of his costs of litigation.

31.

Plaintiff, on behalf of himself and the putative class members, specifically alleges that he and they seek damages of less than $74,900 per class member.

### Prayer for Relief

**Wherefore**, plaintiff, Mark E. Andrews, on behalf of himself and others similarly situated, prays that, after due proceedings are had, this action be certified to proceed as a class action pursuant to the provisions of Louisiana Code of Civil Procedure Article 591, *et seq.*, and further, that plaintiff and his counsel be appointed to represent the class. Plaintiff further prays that, after due proceedings, there be judgment in favor of plaintiff, Mark E. Andrews, and the other class members, and against Trans Union, LLC, for actual damages in the amount and to the extent of Trans Union's revenues earned from the misappropriation and sale of plaintiffs' confidential financial information in the form of target marketing lists; for restitution of profits unlawfully gained by Trans Union in an amount reasonable in the premises, not exceeding $74,900 per class member; injunctive relief; and declaratory relief under La. C. C. P. 1871 and 28 U.S.C. 2201.

Respectfully submitted

**Stephen R. Rue [#19136]**
4004 Magazine Street
New Orleans, Louisiana 70115
Telephone:      [504] 269-1548
Facsimile:      [504] 895-3551

Dawn Adams Wheelahan (19263)
650 Poydras Street, Suite 1550
New Orleans, Louisiana, 70130
Telephone:   (504) 522-0495
Facsimile:   (504) 581-1624

**Counsel for Plaintiff**

**PLEASE SERVE:**
**Trans Union, L.L.C.**
Through its agent for service,
**The Prentice-Hall Corporation System, Inc.**
**701 South Peters St., Second Floor**
**New Orleans, La. 70130**

C:\Andrews\Pleadings\2ndComplaint.wpd