```
 1                IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3   In Re:  TRANS UNION              )
     CORPORATION, Privacy             )
 4   litigation, et al.,              )
                                      )  No. 00 C 4729
 5                                    )  MDL 1350
                                      )  Chicago, Illinois
 6                                    )  March 18, 2008
                                      )  1:30 p.m.
 7                                    )

 8             TRANSCRIPT OF PROCEEDINGS - STATUS

 9        BEFORE THE HONORABLE JUDGE ROBERT W. GETTLEMAN

10            AND MAGISTRATE JUDGE MICHAEL T. MASON

11   APPEARANCES:
     For the Plaintiffs:        SAUNDERS & DOYLE
12                              20 South Clark Street
                                Suite 1720
13                              Chicago, Illinois 60603
                                BY:  MR. THOMAS A. DOYLE
14                                   MR. TERRY ROSE SAUNDERS

15                              THE BORDERUD LAW GROUP
                                11620 Wilshire Boulevard
16                              Suite 400
                                Los Angeles, California 90025
17                              BY:  MR. JON BORDERUD

18                              RIGHETTI LAW FIRM
                                220 Montgomery Street
19                              16th Floor
                                San Francisco, California 94104
20                              BY:  MR. MATTHEW RIGHETTI

21                              LERACH COUGHLIN STOIA GELLER RUDMAN
                                & ROBBINS LLP
22                              655 West Broadway, Suite 1900
                                San Diego, California 92101-4297
23                              BY:  MR. WILLIAM J. DOYLE, II

24   Official Court Reporter:   JENNIFER S. COSTALES, CRR, RMR
                                219 South Dearborn St., Room 1706
25                              Chicago, Illinois 60604
                                (312) 427-5351
```

```
 1  APPEARANCES:    (Continued)

 2  For the Plaintiffs:          ZELLE HOFMANN VOELBEL MASON & GETTE
                                 44 Montgomery Street
 3                               Suite 3400
                                 San Francisco California 94104
 4                               BY:  MR. MICHELETTI T. CHRISTOPHER

 5  For Defendant Trans Union:   DLA PIPER RUDNICK GRAY CARY, US, LLP
                                 203 North LaSalle Street
 6                               Suite 1900
                                 Chicago, Illinois 60601-1293
 7                               BY:  MR. PETER J. DONOGHUE

 8                               O'MELVENY & MYERS
                                 1625 Eye Street, N.W.
 9                               Washington, DC 20006-4001
                                 BY:  MR. BRIAN P. BROOKS
10
                                 TRANS UNION LLC
11                               555 West Adams Street
                                 Chicago, Illinois 60661-3601
12                               BY:  MS. DENISE A. NORGLE

13  For Defendant Acxiom:        ROSE LAW FIRM
                                 120 East Fourth Street
14                               Little Rock, Arkansas 72201
                                 BY:  MS. AMY STEWART
15
    For the Louisiana            MS. DAWN ADAMS WHEELAHAN
16  plaintiffs:                  650 Poydras Street
                                 Suite 1550
17                               New Orleans, Louisiana 70130

18  For certain plaintiffs:      EDELMAN COMBS LATTURNER & GOODWIN
                                 120 South LaSalle Street
19                               18th Floor
                                 Chicago, Illinois 60603
20                               BY:  MR. DANIEL EDELMAN

21  For the Texas plaintiffs:    CADDELL & CHAPMAN
                                 1331 Lamar, Suite 1070
22                               Houston, Texas 77010
                                 BY:  MR. CORY FEIN
23
    For the Texas plaintiffs:    WELLER GREEN TOUPS & TERRELL
24                               2615 Calder
                                 Suite 400
25                               Beaumont, Texas 77704
                                 BY:  MR. MITCHELL A. TOUPS
```

1     (Proceedings in open court.)
2         THE CLERK: 00 C 4729, In Re: Trans Union Corporation,
3  privacy litigation.
4         MR. BORDERUD: Do you want us all to state our
5  appearances, Your Honor?
6         JUDGE GETTLEMAN: I think that would probably be good.
7         The record should reflect that both Judge Mason and I
8  are sitting together today, because we have common matters to
9  discuss.
10        So put your appearances on the record.
11        MR. BORDERUD: Good afternoon, Your Honor.
12        Jon Borderud appearing on behalf of plaintiffs.
13        MS. WHEELAHAN: Good afternoon, Your Honor.
14        Dawn Wheelahan for the Louisiana plaintiffs.
15        MR. T. DOYLE: Good afternoon, Your Honor.
16        Thomas Doyle, liaison counsel for the MDL plaintiffs.
17        MR. FEIN: Cory Fein for the Texas plaintiffs.
18        MR. RIGHETTI: Matthew Righetti, MDL plaintiffs. Good
19 afternoon.
20        MR. TOUPS: Mitchell Toups for Texas plaintiffs.
21        MR. W. DOYLE: Good afternoon, Your Honor.
22        William Doyle for MDL plaintiffs.
23        MR. BROOKS: Your Honor, Brian Brooks for Trans Union.
24        MR. DONOGHUE: Peter Donoghue for Trans Union, Your
25 Honor.

1          MS. NORGLE:  Good afternoon, Your Honor.
2          Denise Norgle for Trans Union.
3          MS. STEWART:  Amy Stewart for Acxiom.
4          MR. MICHELETTI:  Good afternoon, Your Honor.
5          Chris Micheletti with Zelle Hofmann Voelbel Mason &
6 Gette for the plaintiffs.
7          MR. EDELMAN:  Good afternoon, Your Honor.
8          Daniel A. Edelman, local counsel for the Texas
9 plaintiffs.
10         JUDGE MASON:  Where is Roger Longtin?
11         JUDGE GETTLEMAN:  Yes, where is Mr. Longtin today?
12         MR. BROOKS:  Mr. Longtin is a proud new grandfather as
13 of a day or so ago.  So we're happy to announce his
14 unavailability.
15         JUDGE GETTLEMAN:  We're happy to announce our
16 congratulations.
17         All right.  This was set for status today as we all know
18 and to talk about where we go from here.  I've received a
19 proposal from the MDL plaintiffs, from Trans Union.  I received a
20 letter from Ms. Wheelahan.
21         I want to say something else, too, while I have that
22 subject in mind, and that is, Ms. Wheelahan, you called my law
23 clerk earlier today.  I really want to make sure that that
24 doesn't happen again.  Any calls to my office, we're pretty loose
25 about procedural matters if people have to schedule, reschedule

1  things or tell us that there is problems with the schedule or
2  filing something on time or a little late or something like that,
3  that's fine, but I don't want any other calls about anything
4  else.
5      We hear motions as posted on our website. Anything on a
6  substantive level must be done in writing at a formal level, not
7  by contacting chambers or personnel.
8      MS. WHEELAHAN: I understand, Your Honor. I understand.
9  I couldn't get anything -- I understand.
10     THE COURT: So, you know, I don't want to hear -- if we
11 want to talk to you about something alone, it will be in the
12 context of a settlement conference probably with Judge Mason at
13 least initially. It will be by caucus as we do those things, and
14 it will be with notice to all parties, and it will be private
15 only if everybody agrees, which is always what we do when we talk
16 about settlement. But other than that, I think we want to be
17 more formal about our communications from now on. I don't want
18 that to happen again. That being said, let's move on.
19     We have three subjects, well, really only two subjects
20 to talk about today. How to proceed with the litigation. And as
21 you all know, I'm certainly anxious to bring this matter to a
22 head one way or the other, and I want to hear from the
23 plaintiffs. We also have Ms. Wheelahan's standing in the case.
24 She's asked, she and Texas counsel have asked to be actually
25 substituted as the target marketing class representatives. And

1  we also have Trans Union's proposed schedule.  And then we also
2  have, I'll raise it at the outset, and we can go off the record
3  for this at any time -- there is nobody in the courtroom other
4  than the parties, is that correct?  Are there any members of the
5  public?
6            MR. MANDEL:  I'm Stephen Mandel.  I represent
7  Underwriters of Lloyds.  I've appeared before you before.  I'm
8  Trans Union's carrier.
9            THE COURT:  All right.  So you're in the club, so to
10 speak, okay.
11           So if we want to go off the record, and actually that's
12 where I would like to begin just to talk about whether there has
13 been any further discussion about settlement, and if so, what we
14 can do about that, does anybody have any disagreement with doing
15 that at this time?
16           I know that we're on the bench in our robes and
17 everything else, and normally we would be sitting around a table,
18 but because of the number of people and the other matters, we're
19 not doing that today.  Is that all right with everybody?  Anybody
20 object?
21           MR. BORDERUD:  No.  We would agree with that, Your
22 Honor.
23           THE COURT:  All right.  Let's go off the record for a
24 few minutes.
25      (Discussion off the record.)

1    THE COURT:  We had discussion off the record about the
2 settlement posture of the case.  All parties have agreed that the
3 MDL plaintiffs' counsel and the Texas and Louisiana plaintiffs'
4 counsel are going to sit down and talk about their various
5 approaches.  And we are going to caucus privately probably with
6 them as well in a little while.  But right now we're going to
7 start with talking to the defense counsel in private in
8 connection with settlement.
9    Is that agreeable with everybody?
10   MR. BROOKS:  Yes, Your Honor.
11   MR. BODERUD:  Very good.
12   MS. WHEELAHAN:  Yes, Your Honor.
13   THE COURT:  All right.  We'll take a break then.
14  (Recess.  Proceedings heard in open court.)
15   JUDGE GETTLEMAN:  The record should reflect that we did
16 have some significant and unusually fruitful settlement
17 conversations off the record, and this is what we are going to
18 propose.
19    From both sides, we got the idea about what type of
20 approach we would favor.  We'll call it the -- the Wheelahan
21 approach versus the MDL plaintiffs approach, not because we are
22 wedding each side to that, but I don't think the record should
23 reflect any more detail at this point.  And we appreciate the
24 work that went into both of those proposals.
25    But right now, Judge Mason and I are leaning heavily

1  towards the Wheelahan approach.  We realize that there may be
2  some concerns about that, which we want to address, obviously,
3  before we do anything.
4         We firmly believe, and I think all of you will agree,
5  this case is probably unique as far as the size of the class and
6  all of the other factors that go into any type of resolution,
7  whether it be litigated or settled.  And I think that the
8  uniqueness of those aspects of this case lend itself to some
9  creativity, perhaps, in realistic settlement approaches that
10 might not otherwise be available in more traditional type of
11 class actions, even big class actions.  But when you have
12 literally everybody in the country except the people in this room
13 who are members of the class, that kind of drives an awful lot of
14 consideration.
15        So, this is what we would like from you.  We would like
16 -- and we want to expedite this, because, as you know, we have
17 been impatient with the progress of the case, and I think it's
18 time that this matter be brought to a head one way or the other,
19 for everybody's sake, particularly the class members' sake.
20        We would like a detailed proposal.  We're not
21 suggesting a number right now.  We are prepared to do that at an
22 appropriate time, which I'll mention in a moment, if necessary,
23 if you can't reach a number.  But we know what the parameters of
24 the bidding is at this time.  We think the number should be
25 inclusive of costs and fees.

1  If I -- you know, I think no matter what you -- however
2 you view this case, I think a realistic approach to any defendant
3 coming up with substantial money is to know what the outer limits
4 of their exposure is. And it can be segmented, as Ms. Wheelahan
5 suggested in our latest conversation, in some fashion, but we
6 should have an out -- we should have a global number that we're
7 talking about.
8  JUDGE MASON: For notice also.
9  JUDGE GETTLEMAN: Yeah. That would include notice,
10 fees, administrative costs, and money available to the class. And
11 that's what you should be negotiating and eventually we will
12 weigh in, if necessary.
13  Now, so, we want a detailed proposal about how this is
14 going to work. We also appreciate the concern about whether a
15 (b)(1)(A) class is legally feasible. I think it is because of
16 the reasons I've said, but more importantly, I want -- I think it
17 would be fair to everybody, helpful for us, and I think even for
18 you, to deal with the issue up front.
19  So, the proposal should say, "This is why we think it's
20 doable, but here's a cautionary footnote or cautionary paragraph
21 or two about the case law that might be suggesting another --
22 another route." I don't want that done in an adversarial
23 fashion. In fact, I want this as a joint proposal. We both want
24 this as a joint proposal. If it's not joint, then we're going
25 back to a very expedited litigation track. I can promise you

1  that.
2       So, we -- I think that we've spent enough time and
3  you've spent enough time that you know what the -- what the
4  parameters are of these proposals, and I would like to get to it
5  as soon as I can.
6       So, what I would like from you is a written proposal to
7  be sent -- as a settlement proposal.  This is not going to be
8  filed or anything.
9       JUDGE MASON:  Joint proposal.
10      JUDGE GETTLEMAN:  Right, a joint proposal to Judge Mason
11 and to me.  Judge Mason's going to have the first crack at this,
12 because he's been so involved and devoted so much time and effort
13 to this so far.  I think to do it jointly is probably not the
14 most efficient way.
15      And I would like it to be filed with us by
16 April 8th.  I'm going to be in Africa, but I can -- I can get it
17 -- if you can get it to us in e-mail form, Steve can make sure I
18 get it in Africa.  I have a long plane ride back.  I might even
19 look at it.
20      And then we're going to arrange to have you all meet
21 with Judge Mason the morning of April 17th.
22      JUDGE MASON:  What time is good for you all?  I realize
23 you're coming in from out of town.  Hopefully, you'll come the
24 night before, but if you can't, tell me.
25      MR. RIGHETTI:  For the California plaintiffs, I think

1  we'd all come in the night before, so first thing in the morning
2  would be best.
3          JUDGE MASON:  Let's say 9:30.  Does that work?
4          MS. WHEELAHAN:  Is there another day?  I'm scheduled to
5  be in Pittsburgh.
6          JUDGE GETTLEMAN:  I'm sorry.  I couldn't hear you.
7          MS. WHEELAHAN:  I'm scheduled to be in Pittsburgh, but
8  I'll work it out.
9          JUDGE MASON:  Judge Gettleman is working a whole
10 schedule out to meet with you that afternoon.
11         JUDGE GETTLEMAN:  Yeah, I thought we'd get together
12 early that afternoon with the two of us so that I can be brought
13 up to date and hopefully have made, if not complete progress, at
14 least significant progress by that time.
15         JUDGE MASON:  You know, I would prefer, since I'm going
16 to be on criminal duty right before this, so let's make it 10:00
17 o'clock, and that should be give us enough time to talk before we
18 meet with Judge Gettleman.
19         MS. WHEELAHAN:  10:00 in the morning?
20         JUDGE MASON:  10:00 a.m.
21         MR. RIGHETTI:  Your Honor, Matthew Righetti.  When you
22 say a joint proposal, are you referring to a joint proposal from
23 the plaintiffs' group or a joint proposal from the plaintiffs --
24         JUDGE GETTLEMAN:  I want a joint proposal from
25 everybody.  And if there's areas of disagreement, just tell us

1  where they are.  This is a settlement document.  It's never going
2  to see the public record or anything else until there's a
3  preliminary approval.  So, you know, if you have reached impasses
4  on any issue at all, explain them to us, just like you would if
5  we were having a settlement talk, you know, a settlement
6  conference in a discrimination case or any other kind of civil
7  litigation.
8          I like joint reports because it helps people get
9  together and maybe resolve things that otherwise, you know,
10 wouldn't be resolved.  And of course, give us -- give us any
11 legal analysis that you think we might need to --
12          JUDGE MASON:  Not against each other, but to help us.
13          MR. RIGHETTI:  And you've said that --
14          JUDGE GETTLEMAN:  Right.  I mean, if the plaintiffs were
15 to say, you know, "We think we can do this (b)(1)(A) class," and
16 the defendants say, "We're concerned about it because of some
17 reason," then tell us why.  We don't want a tome, either.  We
18 want this -- you know, we've been through this enough.
19          JUDGE MASON:  Yeah.
20          JUDGE GETTLEMAN:  This doesn't have to be a long
21 document.  You don't have to go into any type of prefatory
22 history or anything like that.  Just get right to the bottom
23 line.
24          MR. RIGHETTI:  You said you wanted it filed by
25 April 8th, live?

1        JUDGE GETTLEMAN:  Right.  You can e-mail it to us.  Steve
2   will give you his e-mail address.  I would drop it off in hard
3   copy, too, because --
4        JUDGE MASON:  You can e-mail and hard copy us, also.
5        JUDGE GETTLEMAN:  And then I'm setting it for 1:30.
6        JUDGE MASON:  So, 10:00 with me, and we'll meet jointly
7   with Judge Gettleman at 1:30.
8        JUDGE GETTLEMAN:  Right.  Okay?  I thank you all for
9   your time.
10       JUDGE MASON:  Could I repeat one thing that you
11  admonished them about before?
12       JUDGE GETTLEMAN:  As long as it isn't what was on that
13  notepad.
14       JUDGE MASON:  No.  I don't want any faxes, e-mails,
15  other than what you're sending me on the 8th, or calls prior
16  to this time.  If you have any questions that you want to ask Liz
17  Pendleton -- and those of you who have not met her, Liz is one of
18  my law clerks, and she's working with me on this.  You can ask
19  her certain things, but there's going to be other things that she
20  doesn't want to hear from you and she's not going to answer.
21  Okay?
22       JUDGE GETTLEMAN:  All right, folks.  Thanks again.
23       MS. WHEELAHAN:  Thank you very much, Judge.
24       MR. BROOKS:  Thank you, Judge.
25       (Proceedings concluded.)

C E R T I F I C A T E

    I, Jennifer S. Costales and Charles Zandi, do hereby certify that the foregoing is a complete, true, and accurate transcript of the proceedings had in the above-entitled case before the Honorable ROBERT W. GETTLEMAN and MICHAEL T. MASON, judges of said Court, at Chicago, Illinois, on March 18, 2008.

_____    _____
                                                     Official Court Reporters
                                                     United States District Court
                                                     Northern District of Illinois
                                                     Eastern Division