```
 1            IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF ILLINOIS
 2                      EASTERN DIVISION

 3   In Re:  TRANS UNION        )
     CORPORATION, Privacy       )
 4   litigation, et al.,        )
                                )  No. 00 C 4729
 5                              )  MDL 1350
                                )  Chicago, Illinois
 6                              )  January 15, 2008
                                )  9:15 a.m.
 7                              )

 8          TRANSCRIPT OF PROCEEDINGS - MOTION

 9       BEFORE THE HONORABLE JUDGE ROBERT W. GETTLEMAN

10   APPEARANCES:
     For the Plaintiffs:       SAUNDERS & DOYLE
11                             20 South Clark Street, Suite 1720
                               Chicago, Illinois 60603
12                             BY:  MR. THOMAS A. DOYLE

13   For Trans Union:          DLA PIPER RUDNICK GRAY CARY, US, LLP
                               203 North LaSalle Street, Suite 1900
14                             Chicago, Illinois 60601-1293
                               BY:  MR. ROGER L. LONGTIN
15                                  MR. PETER J. DONOGHUE

16   For the Louisiana         MS. DAWN ADAMS WHEELAHAN
     plaintiffs:               650 Poydras Street, Suite 1550
17                             New Orleans, Louisiana 70130

18   For the Texas plaintiffs: CADDELL & CHAPMAN
                               1331 Lamar, Suite 1070
19                             Houston, Texas 77010
                               BY:  MR. CORY FEIN
20
     For certain plaintiffs:   EDELMAN COMBS LATTURNER & GOODWIN
21                             120 South LaSalle Street, 18th Floor
                               Chicago, Illinois 60603
22                             MR. DANIEL EDELMAN

23   Official Court Reporter:  JENNIFER S. COSTALES, CRR, RMR
                               219 South Dearborn Street
24                             Room 1706
                               Chicago, Illinois 60604
25                             (312) 427-5351
```

1     (Proceedings in open court.)
2         THE CLERK:  00 C 4729, In Re:  Trans Union Corporation,
3  defendants' motion for a briefing schedule.
4         MS. WHEELAHAN:  Good morning, Your Honor.
5         Dawn Wheelahan for the Louisiana plaintiffs.
6         MR. EDELMAN:  Good morning, Your Honor.
7         Daniel A. Edelman for certain plaintiffs.
8         MR. DOYLE:  Good morning, Your Honor.
9         Thomas Doyle, liaison counsel for the MDL plaintiffs.
10        MR. FEIN:  Good morning.
11        Cory Fein with Caddell & Chapman for the Texas
12 plaintiffs.
13        MR. LONGTIN:  Good morning, Your Honor.
14        Roger Longtin and Peter Donoghue for Trans Union.
15        THE COURT:  Did you come up for the weather?
16        MS. WHEELAHAN:  I came up to see you, Judge.
17        THE COURT:  Oh, yeah, right.  I'm very popular.
18        All right.  First of all, I never got the hard copy of
19 the motion for a briefing schedule.  The only reason I knew it
20 was on today was because we got the opposition.
21        MR. DONOGHUE:  Your Honor, I --
22        THE COURT:  Let's just try to make sure your docket
23 people know to drop it off.
24        MR. DONOGHUE:  Your Honor, I will have words with them.
25        THE COURT:  Yes.  Don't be too hard, because you're not

1  the only one.
2           MR. LONGTIN:  This is the second time it's happened.
3           THE COURT:  You're not the only one.  I know.  This
4  electronic filing seems to befuddle everybody.  But we need them
5  so we know that they're on here.  If you saw how many things are
6  electronically filed, you would know why we want the hard copy,
7  even though I realize some of my colleagues are technologically
8  superior to our little group here.
9           Be that as it may, I did get it and read it.  I've also
10 read Judge Mason's opinion rather carefully.  And it seems to me
11 that this should be a fairly simple thing to do.  If the
12 objection is going to be filed, we've got a huge record before
13 Judge Mason.  This has been going on literally for years, and
14 it's time to bring this settlement matter to a close and move
15 forward.
16          If I overrule them, then we'll see what we do.  I'll
17 take a very objective view of whatever you have to say.  But this
18 is not like we're starting fresh with a clean record.  We're
19 starting with a very developed record and a very thorough opinion
20 by Judge Mason.
21          So what I would like to do is have simultaneous briefs
22 filed soon by both -- by everybody.  You want to make it up to 25
23 pages?  Okay, but no more than that, because the record is so
24 developed below.
25          It seems to me that I need to know some things that I

don't yet know.

You refer to a case. I haven't had a chance to look at it, Ms. Wheelahan, dealing with Trans Union's net worth. Obviously ability to pay is a very major component here. There are a lot of other issues, I know. But I have to be privy to the information that Judge Mason was privy to. So if there is anything to file under seal with me, go ahead and do it. You have permission to do that.

And I'll look at simultaneous briefs. I don't think we need responsive briefs. You know what you said. It's not like, we don't have to do this -- I agree with Ms. Wheelahan, let's get this done quickly. I'm prepared to jump on it as soon as I get these things from you.

As you might have heard I'm going to be out of the country, God willing, next week for a couple of weeks, so unless Kenya goes up in flames, which it may. So we'll see. But assuming that I'm away, I won't be able to really look at everything until I get back. But if it's due on the 17th, and you're prepared, you know, the proponents of the settlement are prepared to file something, I bet you could be, too, right?

MS. WHEELAHAN: Yes, Your Honor.

THE COURT: "You" meaning the people who objected.

I have a question I've got to ask you. I know you oppose the proposed settlement.

MS. WHEELAHAN: Yes.

1    THE COURT:  Did you have a proposed settlement that you
2 were propounding before Judge Mason?
3    MS. WHEELAHAN:  We had some talks with Trans Union.
4 They never responded to any offer that we made.  I think they
5 were interested in hearing what we had to say before they talked
6 to someone else.
7    THE COURT:  Well, I mean, you know, it's one thing to
8 say "We don't like what the parties, the other parties agreed
9 to," but it's another thing, you know, what now?  What's next?
10    MS. WHEELAHAN:  Yes, we certainly do have a proposal,
11 Your Honor, we certainly do.
12    THE COURT:  Okay.
13    MS. WHEELAHAN:  And we certainly are willing to --
14    THE COURT:  In other words, if in your papers you could
15 tell what you think a reasonable, you meaning not just you but
16 anybody else who is objecting, think a reasonable settlement
17 would be based on the materials I have, you know, that we have in
18 the record either under seal or otherwise, I'd be willing to look
19 at that, because I think actually in a case of this complexity
20 and duration, you know, knowing what is possible and what is
21 impossible are both part of the same package of consideration.
22    MS. WHEELAHAN:  Could I make a suggestion, Your Honor?
23    THE COURT:  Yes.
24    MS. WHEELAHAN:  So that we're not put in the position of
25 bidding against ourselves, which we have done every time we have

1  made a proposal to Trans Union, to which they have never
2  responded, we are certainly willing to disclose what we have in
3  mind, but we don't want to put it all out there so that they can
4  take it to somebody else and sell it for less.  I mean, frankly,
5  that's what's been going on.
6          So if we could, now that it's all before you, you know,
7  which it wasn't before, we would certainly be willing to engage
8  in a mediation where both sides participate.
9          THE COURT:  Well, this isn't bidding.  I mean, this is
10 not a settlement negotiation anymore.  This is a public -- which
11 is a private deal that you had with Judge Mason, and we let that
12 take its course over several years, and it just --
13         MS. WHEELAHAN:  So you'd like to know --
14         THE COURT:  It's very frustrating.  You don't have to do
15 it in the context of a settlement negotiation.  What I'm asking
16 from you is tell me what you think is reasonable here.
17         MS. WHEELAHAN:  Okay, okay.  We can do that, we can do
18 that, Your Honor.
19         THE COURT:  You know, if you want to hold something
20 back, you know, if you want to hold some cards in why hand --
21         MS. WHEELAHAN:  I'll tell you that I will.  But, sure, I
22 can give you an idea of what we think would be a reasonable
23 structure.
24         THE COURT:  I am not going to reopen settlement
25 negotiations.

1               MS. WHEELAHAN:  Okay.  We can do that.

2               THE COURT:  That is not my, that is not my plan.

3               MS. WHEELAHAN:  We can certainly do that.  And we're
4    certainly willing to talk to Trans Union about that.  They have
5    not been willing to respond to us before.

6               THE COURT:  Well, you know, they can talk, and they can
7    listen or not.

8               MS. WHEELAHAN:  We do have a 20-page --

9               THE COURT:  But, you know, if I reject this thing, and I
10   don't see any real possibility of, you know, closing the gap
11   here, we're going to have to litigate it.  Let the chips fall
12   where they may.

13              And, very frankly, I have to be -- you know, we've
14   worked together for so many years now that I feel comfortable
15   sharing some thoughts with you, and one of those thoughts is that
16   my original opinion on class certification is going to be
17   influenced by later case law from this circuit that calls into
18   question my original conclusion, because I think it was based on
19   current case law at the time.  But things have changed since
20   then.  I think you know what I'm talking about.

21              So I'm going to have to revisit all that.  It's a very
22   complicated thing.  I was hoping that with all these brilliant
23   minds here we could have been a little more creative, but that's
24   the way it goes.

25              All right.  So what I want is simultaneously briefs up

1  to 25 pages apiece.  Now, the 17th -- wait.  You said the 17th.
2              MR. LONGTIN:  Under the rule, we have to file our
3  objections by the 17th.  What we contemplated was laying out our
4  objections, which meets the requirements of the rule, and then
5  writing something that makes more sense.
6              THE COURT:  Yes, would you?  I was just going to say
7  your objection could be noted right now.
8              MR. LONGTIN:  Well --
9              THE COURT:  I could put on the record that you're
10 objecting to the --
11             MR. LONGTIN:  We have to identify both our factual and
12 legal objections.
13             THE COURT:  All right.  If you want to file a short
14 statement --
15             MR. LONGTIN:  Yes, that's what we contemplated.
16             THE COURT:  -- to protect your record, okay.
17             MR. LONGTIN:  Yes.
18             THE COURT:  All right.  But you might want a little more
19 time to file these --
20             MR. LONGTIN:  Yes.
21             THE COURT:  -- these briefs.  And as I say, I'm leaving
22 hopefully on the 24th.  So if you wanted to do that while I was
23 away, maybe by the end of the month, the 31st?
24             MR. LONGTIN:  That would be fine.
25             THE COURT:  Okay.

1                MR. DOYLE:  Your Honor, the MDL plaintiffs will be
2     filing a similar paper objecting and with a brief on that
3     schedule.  Do we not need to notice these, I assume?  The rules
4     generally call for us to notice those objections.
5                THE COURT:  I know.  I wrote that rule.
6                MR. LONGTIN:  We're going to see you on the 22nd, too.
7                THE COURT:  Consider it noted.
8                MR. DOYLE:  Thank you, Judge.
9                MR. LONGTIN:  Are we still on the 22nd?  I take it not.
10               THE COURT:  I think what we'll do is just take it off
11    for that --
12               MR. LONGTIN:  Okay.
13               THE COURT:  -- because that was basically to do what
14    we're doing today.
15               MS. WHEELAHAN:  You know we have a 23(g) motion up on
16    the 22nd?
17               THE COURT:  I know.  I'll get to that.
18               So the objections to the magistrate judge's rulings will
19    be filed on the 17th.  This is what the minute order today will
20    say, so you don't need a notice.  Simultaneous briefs by January
21    31st.  And I'm going to try to get to this, you know, shortly
22    after I get back.  I'll set this for March 4th at 10:00 o'clock.
23    We'll strike the date next week.
24               I don't know whether I'll write on this or not.  I doubt
25    it, very frankly, because Judge Mason's opinion was so long.  But

1  I might.  I haven't made up my mind.
2         Now, on the 23(g) motion, in a way, doesn't that depend
3  on what I do with this settlement?
4         MS. WHEELAHAN:  No, because if the settlement doesn't go
5  forward, well, then we think we should be in a position to
6  litigate the target marketing claims.
7         THE COURT:  Okay.  And if it does go forward?
8         MS. WHEELAHAN:  And if it does go forward, we should be
9  in a position to negotiate for the target marketing plaintiffs,
10 Your Honor.
11        THE COURT:  Well, you say you're supplementing a 23(g)
12 motion.  Where is the 23(g) motion itself?
13        MS. WHEELAHAN:  It is on the docket.
14        THE COURT:  Was it filed with me, or was it filed with
15 Judge Mason?
16        MS. WHEELAHAN:  It was filed with you.  Do you have the
17 docket number, Cory?
18        MR. FEIN:  It was filed last fall, Your Honor.
19        THE COURT:  Last fall?
20        MS. WHEELAHAN:  It was filed in September.  If you would
21 like, I'll e-mail another copy to you.
22        THE COURT:  I don't have the docket here.
23        George, get it up.
24        MS. WHEELAHAN:  It was filed --
25        MR. FEIN:  August 20th.

1          MS. WHEELAHAN:  And there was an opposition on October
2  19th and a reply on -- when was the reply?  There was an
3  opposition to it.  It was set on the same briefing schedule as
4  the settlement.
5          THE COURT:  As the what?
6          MS. WHEELAHAN:  As the motion for preliminary approval
7  of the settlement.  So I think their opposition was due.
8          Do I have that right, Cory?
9          I filed something on the 19th of October.  If you'd
10 like, I'll send you those docket numbers.
11         THE COURT:  You're right.  No.  I'm looking at my notes
12 here.
13         MR. FEIN:  The docket number was 356 for our 23(g)
14 motion.
15         MS. WHEELAHAN:  You filed a supplement, didn't you?
16         MR. FEIN:  Right.  356 is the original 23(g) motion.
17         THE COURT:  I see, I see my notes now.  I think I sort
18 of lost track of this because of the settlement opinion by Judge
19 Mason.  So you want to supplement that in light of the
20 settlement?
21         MS. WHEELAHAN:  Yes, Your Honor.
22         MR. FEIN:  In light of the Judge Mason's ruling.
23         THE COURT:  All right.  So that was set for ruling.  But
24 I think I'm going to continue that to March 4th.
25         Do you want to file anything in response to that,

1  anybody?
2          MS. WHEELAHAN:  They have already, I think they have
3  already responded.
4          THE COURT:  All right.  All right.  We'll put that on
5  the same schedule then.  Okay.  So I'll see you back here March
6  4th at 10:00 o'clock.
7          MS. WHEELAHAN:  Thank you, Your Honor.
8          MR. DONAHUE:  Thank you, Judge.
9          MS. WHEELAHAN:  Judge Duval sends his regards, Your
10 Honor.
11         THE COURT:  Pardon me?
12         MS. WHEELAHAN:  Judge Duval sends his regards.
13      (Proceedings concluded.)
14                    C E R T I F I C A T E
15         I, Jennifer S. Costales, do hereby certify that the
16 foregoing is a complete, true, and accurate transcript of the
17 proceedings had in the above-entitled case before the Honorable
18 ROBERT W. GETTLEMAN, one of the judges of said Court, at Chicago,
19 Illinois, on January 15, 2008.
20
21                                  _____
22                                  Official Court Reporter
23                                  United States District Court
24                                  Northern District of Illinois
25                                  Eastern Division