1    1

```
 1         IN THE UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF ILLINOIS
 2                EASTERN DIVISION
   In Re:  TRANS UNION         )
 3  CORPORATION, Privacy       )
    litigation, et al.,        )
 4                             ) No. 00 C 4729
                               ) MDL 1350
 5                             ) Chicago, Illinois
                               ) August 30, 2006
 6                             ) 9:15 a.m.
                               )
 7                             )
                               )
 8                             )
                               )
 9         TRANSCRIPT OF PROCEEDINGS - MOTION

10      BEFORE THE HONORABLE ROBERT W. GETTLEMAN

11 APPEARANCES:
   For the Plaintiffs:    SAUNDERS & DOYLE
12                         20 South Clark Street
                           Suite 1720
13                         Chicago, Illinois 60603
                        BY: MS. TERRY ROSE SAUNDERS
14                          MR. THOMAS A. DOYLE

15                         MS. DAWN ADAMS WHEELAHAN
                           650 Poydras Street
16                         Suite 1550
                           New Orleans, Louisiana 70130
17
   For Trans Union:        DLA PIPER RUDNICK GRAY CARY, US, LLP
18                         203 North LaSalle Street
                           Suite 1900
19                         Chicago, Illinois 60601-1293
                        BY: MR. ROGER L. LONGTIN
20                          MR. PETER J. DONOGHUE

21

22

23 Official Court Reporter:   JENNIFER S. COSTALES, CRR, RMR
                              219 South Dearborn Street
24                            Room 1706
                              Chicago, Illinois 60604
25                            (312) 427-5351
```

2

1   (Proceedings in open court.)

2       THE CLERK:  00 C 4729, In re:  Trans Union Corporation,

3   privacy litigation; objection to magistrate judge's order.

4       MS. WHEELAHAN:  Good morning, Your Honor.

5       Dawn Wheelahan for the plaintiffs, the Louisiana

6   plaintiffs.

7       MR. SAUNDERS:  Good morning, Your Honor.

8       Terry Rose Saunders on behalf of the MDL plaintiffs.

9       MR. DOYLE:  Good morning, Your Honor.

10      Also Thomas Doyle, also MDL plaintiffs.

11      MR. LONGTIN:  Good morning, Your Honor.

12      Roger Longtin and Peter Donoghue on behalf of Trans

13  Union.

14      THE COURT:  You haven't weighed in yet, have you?

15      MR. LONGTIN:  Well, we responded to Ms. Wheelahan's

16  letter to Judge Mason.  We haven't filed anything here, no.

17      THE COURT:  All right.  As I understand it, there is

18  some common ground and some uncommon ground here.  You're,

19  Ms. Wheelahan, you're asking, you would like current net worth

20  and financial information --

21      MS. WHEELAHAN:  Yes, I would Your Honor.

22      THE COURT:  -- because there is a punitive damage claim

23  that would --

24      MS. WHEELAHAN:  Statutory as well.

25      THE COURT:  As well as -- let me finish my sentence.  I

3

1  don't talk as fast as --

2      MS. WHEELAHAN:  I'm sorry.

3      THE COURT:  I don't talk as fast as everybody.

4      There is a punitive damage claim as well as other claims

5  that would be wrapped up in any settlement agreement.  I don't

6  know even what you are talking about in terms of settlement yet,

7  and I don't know if you do or not.

8      MS. WHEELAHAN:  I do, I do.

9      THE COURT:  They say you do.  And you do?

10     MS. WHEELAHAN:  I do.  I do.  And you're not supposed

11 to, so --

12     THE COURT:  I'm not supposed to.

13     MS. WHEELAHAN:  So we're where we're supposed to be.

14 I'm just looking for information maybe I can make --

15     THE COURT:  Maybe I can sneak around the edges so I

16 would be more, you know -- I'll hear from Judge Mason if and when

17 he recommends approval of a settlement agreement.

18     In the meantime, I don't understand why this type of

19 information couldn't be provided under a protective order so that

20 anybody who is interested in this settlement and could benefit by

21 it, which is basically everybody in the country except us on this

22 side of the bench, could judge the fairness of this settlement.

23 I don't understand what this fight is about.  You've got a

24 protective order, correct?

25     MS. WHEELAHAN:  Yes, we do, Your Honor.

4

1      THE COURT:  You know, I think Ms. Wheelahan is right

2  here on this one.

3      MR. LONGTIN:  I can tell you --

4      THE COURT:  I'm not sure it's -- but I don't know

5  exactly, you know, what Judge Mason --

6      MS. WHEELAHAN:  I'm looking for what I need in order

7  to --

8      THE COURT:  I know what you're looking for.  I don't

9  know what he considered in, you know, in dealing with this

10 request, because it would be so easy to give this information, I

11 would assume, under a protective order so that it wouldn't get

12 out in the public, and then she would be in a position to say,

13 you know, you're going to be -- I assume there is going to be

14 some money changing hands under this proposed settlement, and she

15 would be in a position to say, "It's not enough, because you

16 could afford more" or "It is, I agree, it's all they can afford"

17 or whatever.

18      I mean, that comes into play in any type of settlement

19 of a potential, even a potential punitive damage claim.  So I

20 guess I don't see what this is all -- why you're fighting.

21     MR. LONGTIN:  All very reasonable, Judge, if we were

22 here talking about the preliminary fairness of this settlement.

23 The question here is:  Who is driving the bus?  And how much

24 short-order cooking do we have to do?

25      I mean, her request to Judge Mason was really to ask

5

1  non-duplicative questions in a deposition.  It wasn't so narrow

2  as give us current net worth information.

3      The purpose of this discovery, let's start out with what

4  it is, is to confirm representations we've made in connection

5  with the settlement. The MDL counsel wants to take discovery to

6  confirm the values that we've placed on things and the quantities

7  that are covered in this settlement. It's not to open up the

8  discovery.

9       Now, I don't disagree with you that if we were to have a

10 fairness hearing that the issue of net worth might be relevant.

11 But, you know, I think Judge Mason decided the MDL counsel is

12 driving the bus. If Ms. Wheelahan has objections at the time

13 this is presented to the Court as a package, then we can deal

14 with them then.

15      I mean, we can't keep answering her questions repeatedly

16 and responding to her threats repeatedly. She's in these

17 negotiations only because the Court requested that she be able to

18 participate. She's not, she's not a signator. She didn't agree

19 to it. She's told Judge Mason her people are objecting and

20 opting out. They're not going to participate.

21      So the purpose of her discovery is not to benefit the

22 class that's entered into this settlement, the settlement, to

23 make it, make it more reasonable, to help package it before Judge

24 Mason, it's to torpedo it. And I don't think it's appropriate to

25 have that kind of relationship existing at this preliminary

1  stage.

2       THE COURT: Well, I'm not sure that the relationship is

3  what she is complaining about as much as -- maybe I should ask

4  you. What do you want?

5  MS. WHEELAHAN: I want their current net worth, Your

6 Honor, because if I can take my class back to Louisiana, I'd be

7 happy to do that. What they're telling me is that I can't take

8 my class back to Louisiana. So I am a part of this settlement.

9 I am a part. And I'm entitled to have information that I need to

10 make a showing at a fairness hearing.

11  What Mr. Longtin is saying is: Wait until the fairness

12 hearing. Well, I can't.

13  THE COURT: Well, you can, I suppose. I mean --

14  MS. WHEELAHAN: But I'm entitled to make a showing

15 before Judge Mason, I'm entitled to have the discovery that I

16 need --

17  THE COURT: Before Judge Mason approves or disapproves

18 of the proposed settlement. Does he knows the terms that you've

19 been talking about?

20  MR. LONGTIN: Yes.

21  MS. WHEELAHAN: Yes. But the pretrial order orders that

22 this information be taken.

23  THE COURT: Wait a minute. Before he can get to that

24 point, it would seem to me that you'd be entitled to the

25 information.

7

1  MS. WHEELAHAN: Thank you, Judge.

2  THE COURT: Is it a question of timing?

3  MR. LONGTIN: It is not -- it's a question of timing,

4 and it's a question of opening up things. I mean --

5  THE COURT: Let me stop you.

6  MR. LONGTIN: Ms. Wheel --

7   THE COURT: Let me stop you all. I was reluctant to
8 call Judge Mason when I got this motion, because you're asking me
9 to review an order that he did. And even though you know we've
10 been in touch about, you know, where he's at, not the details of
11 what is being proposed or anything else, because I'll be asked to
12 review that, too, but just procedurally where he's been at with
13 you folks. And I've been continuing this case from time to time
14 in order to let him do his work. And we all know that he's
15 devoted an awful lot of time and effort to doing that.
16    But maybe it's time that, I don't want to say
17 collaborate, but maybe it's time that I talk to him or we all
18 talk to him, we bring him into this in some way so that I can
19 understand more about what's going on here. I wouldn't do that
20 unless everybody agreed.
21   MS. SAUNDERS: Your Honor, we did file a response. And
22 I think the only point is that Your Honor had sent this to Judge
23 Mason. He was aware of Ms. Wheelahan's request. He did not find
24 it appropriate to revise the order. And he is the one who has
25 been appointed to oversee this and is most familiar with the

8

1 terms of the settlement.
2   THE COURT: I know. And I don't want to interfere with
3 his settlement discussions with you. But maybe I should be
4 consulting him to see, you know, what his take is on that,
5 because if I'm going to review an order of his, I don't want to
6 collaborate with him about why he did that.
7   MS. WHEELAHAN: Right.

8    THE COURT:  I have to review it as a reviewing judge.

9    But here it seems to me if you ask me right now, yeah,
10   she's entitled to this information eventually at some point.  Is
11   this the point?  I don't know --

12   MS. WHEELAHAN:  How do I make a showing to Judge Mason
13   without it?

14   THE COURT:  -- because I don't know where you're all at
15   with Judge Mason.

16   MS. WHEELAHAN:  I can't even make a showing to Judge
17   Mason without it.  We can't -- it seems like it ought to be
18   there, because the pretrial order ordered that it be taken.  And
19   I don't need a big, a big lump of information.  The numbers for
20   two years, the current two years will do.  I'm not looking to be
21   a burden to anyone.  But I think Judge Mason needs the
22   information as much as anyone.

23   THE COURT:  You just want the net worth numbers?

24   MS. WHEELAHAN:  Net worth, gross revenues, and net
25   profits.

9

1    THE COURT:  Basic financial statement bottom lines.

2    MS. WHEELAHAN:  That's what I'm looking for, Judge,
3    current.

4    THE COURT:  I mean, you see, what I'm reluctant to do is
5    say, "Yeah, that's fine."  But then, you know, you're going to
6    want to start participating in whatever depositions or
7    discussions that he's been regulating.  And I don't want to
8    interfere with that until --

9    MS. WHEELAHAN:  I just need the numbers, Judge.  I just

10  need the numbers.

11       MR. LONGTIN:  These conversations have taken place with
12  Judge Mason.  You know, we've met with him.  Ms. Wheelahan was
13  there.  He's explained the way he's going to proceed.  I think
14  that, I think --

15       THE COURT:  And that was how?  Tell me what he said.

16       MR. LONGTIN:  He said she's going to have an opportunity
17  to raise all of her concerns.  I mean, he's right now at the
18  preliminary stages of looking at the settlement.  He's asked us
19  for additional information.  We've provided it.  She's gotten
20  copies of that.  We're going to do these depositions to confirm
21  numbers.  We've agreed that she can participate in the
22  depositions.

23       MS. WHEELAHAN:  They're trying to limit it.

24       MR. LONGTIN:  They are limited.

25       MS. WHEELAHAN:  They're trying to limit in a way that's

                                10

1   inappropriate.

2        THE COURT:  Let him finish, please.

3        MR. LONGTIN:  They are limited.  They are limited to the
4   issues that are before Judge Mason in connection with valuing the
5   settlement.

6        Now, there may be other issues that are going to come up
7   when we do the preliminary hearing for fairness.  I mean, we all
8   know that.  I mean, we've got issues we've got to brief.  There
9   are legal issues.  There are factual issues.  We'll cross those
10  bridges when we come to them.

11   THE COURT:  When are you going to come to them?

12   MR. LONGTIN:  When are we going to come to them?

13   THE COURT:  Yes.  It's been a long time.  It's been a

14 long gestation.

15   MR. LONGTIN:  Judge Mason has an idea of what the

16 schedule should look like.  You know, and I --

17   THE COURT:  When is your next date?

18   MR. LONGTIN:  There are complicated issues that we're

19 trying, mechanically that we're trying to work out now.

20   THE COURT:  When is your next date with him?

21   MR. DOYLE:  We do not have a date scheduled with him.

22 We owe him some paper in the next week.  I expect he'll give us a

23 date shortly after that, Judge.

24   MR. LONGTIN:  We've allowed this thing to go beyond -- I

25 mean, she's not a participant.

11

1   MS. WHEELAHAN:  I am a participant, Judge.

2   MR. LONGTIN:  No.

3   MS. WHEELAHAN:  I represent three and a half million

4 Louisiana consumers whose claims are here in this action.  I am a

5 participant.

6   MR. LONGTIN:  She's not -- she raised these same issues

7 in Louisiana.  The Judge down there stayed the proceedings.  She

8 wanted the same kind of stuff.  The Judge in that case stayed.

9   It's not time for her to be in here battling this

10 settlement.  I mean, she's here to torpedo it, not to support it.

11   THE COURT:  Well, assuming --

12   MR. LONGTIN:  I'm not here to torpedo it, Judge.  That's

13  incorrect, that's incorrect.

14       THE COURT:  All right, Ms. Wheelahan, Ms. Wheelahan.

15       Assuming even that that was her goal, her motives really

16  aren't at issue here.  It's a question of whether or not she

17  would be entitled on behalf of this certified class down there,

18  because those people would be -- I mean, they're people, they

19  would each have a right to file an objection.  She's their

20  lawyer.  So why wouldn't she have a right to do that, too?

21       It's a question of when she gets this information,

22  because no settlement is going to be approved by Judge Mason or

23  me until, preliminarily or otherwise, until this type of

24  information is available to anyone who is going to be affected by

25  this settlement.  So it's a question, it seems to me a question

12

1  of timing.

2       MR. LONGTIN:  Yes.

3       THE COURT:  Maybe what we should do -- you know how I

4  feel about this, I think I've made it clear.

5       MR. LONGTIN:  I think you made it clear last time.

6       THE COURT:  Now she's going to get this information.

7  The question is when.  And because you don't even have a date

8  with Judge Mason, maybe you should -- what kind of papers do you

9  owe him?

10      MR. DOYLE:  We owe him, it's not a formal motion, we owe

11  him some information about notice.

12      THE COURT:  About class notice?

13      MR. DOYLE:  That's right.

14      THE COURT:  You mean like a draft class notice here?

15      MR. DOYLE:  We owe him a notice plan.

16      THE COURT:  Okay.

17      MR. DOYLE:  How we would do it --

18      THE COURT:  It's going to be complicated.

19      MS. WHEELAHAN:  I need to have an accountant look at the

20 numbers, Judge.  I'm not an accountant.  I can't do that myself.

21      THE COURT:  The accounting -- the numbers you're asking

22 for doesn't take much of an accountant.

23      MR. LONGTIN:  No.

24      MS. WHEELAHAN:  Maybe not.

25      THE COURT:  And I'll bet you can do it just fine.


13


1      But what I don't want to do is interfere with the

2 process that Judge Mason has taken so much time and effort to put

3 into place by jumping the gun over him.

4      But I can tell you this, Ms. Wheelahan, eventually, at a

5 proper time, you're going to get this information.  But I don't

6 think that's necessarily overruling the order that Judge Mason

7 has entered.  But maybe I want to send a signal that, you know,

8 you're going to get it, and you're going to get it before, before

9 you could ever be, you or your class members could ever be

10 prejudiced by the lack of it.

11      MS. WHEELAHAN:  That's all I need to have, Judge.

12      THE COURT:  And I don't know whether it's now.  I mean,

13 if I were to overrule the order you're asking me to, you would

14 say, "Well, give it to me now," and that may interfere with the

15 process that he's put into place.  So I'm giving you an advisory

16 opinion at this point.  And what I am going to do is enter and

17 continue this for a period of time.  Maybe go down and see Judge

18 Mason now and get a date from him so that you'll know when it is.

19 If I had that date, I could -- when is our next date?

20     MR. DOYLE:  September 22nd.

21     THE COURT:  I'm going to enter, why don't I enter and

22 continue this until then.

23     MS. WHEELAHAN:  Okay.

24     THE COURT:  You know, you know how I feel.  And with

25 your permission, I'll tell Judge Mason, you know, that this is an

14

1 issue that he has to deal with as far as timing is concerned.  He

2 can enter another order as to timing.  If you disagree with that,

3 then you could bring it back to me at that point and say "I think

4 the timing was wrong, and here is why."  Then I would have to

5 review that like I review any other motion or any other order by

6 a magistrate judge in a case.

7     MS. WHEELAHAN:  That's fine, Judge.  That's fine with

8 me.

9     THE COURT:  I think eventually we're all going to have

10 to know everything we need to know in order to approve this.  So

11 it's really a question of timing as far as I can see.  So that's

12 what the ruling will be today.  And maybe you can go down, I

13 don't know if he's here or not, a lot of people are out this week

14 as you know, but if he's here, maybe you could make that date

15 with him hopefully before the next time you see me.  Okay.

16     MS. WHEELAHAN:  Thank you, Your Honor.

17    MR. SAUNDERS:  Thank you.

18    THE COURT:  So I'm just going to enter and continue this

19 until then.  That's the simple order today.  But I'll make a note

20 to myself about our discussion.

21    MS. WHEELAHAN:  Thank you, Your Honor.

22    MR. DOYLE:  Thank you, Judge.

23    MR. SAUNDERS:  Thank you.

24    THE COURT:  Thank you.

25    (Proceedings concluded.)


15


1             C E R T I F I C A T E

2    I, Jennifer S. Costales, do hereby certify that the

3 foregoing is a complete, true, and accurate transcript of the

4 proceedings had in the above-entitled case before the Honorable

5 ROBERT W. GETTLEMAN, one of the judges of said Court, at Chicago,

6 Illinois, on August 30, 2006.

7

8          _____

9             Official Court Reporter

10            United States District Court

11            Northern District of Illinois

12            Eastern Division

13

14

15

16

17

18

19
20
21
22
23
24
25