IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re TRANS UNION CORP.
PRIVACY LITIGATION

_____

THIS DOCUMENT RELATES TO:

    ALL CASES

_____

Lead Case No. 00 cv 4729
MDL Docket No. 1350
Judge Robert Gettleman

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

**SETTLEMENT STRUCTURE PROPOSED BY TRANS UNION AND LOUISIANA/TEXAS COUNSEL**

**Trans Union and Louisiana/Texas Plaintiffs propose a Settlement structured as follows (terms are attached as Exhibit 1, with points still under negotiation noted therein).**

    All claims for damages shall be dismissed without prejudice, but with the proviso that these may not be re-filed in the form of a class, joined or aggregated action ( to be enforced by an injunction entered in favor of Trans Union, prohibiting future class, joined or aggregated, but not individual, actions). This injunction, and the risk of inconsistent adjudications with respect to its prohibitions, together with the relief provided to benefit all of the class members in return for it, supports the Rule 23(b)(1)(A) settlement structure we propose. "Rule 23(b)(1)(A) permits certification to prevent inconsistent rulings regarding defendants' required conduct." Manual For Complex Litigation Fourth, Sec. 21.131. See also, *Baker v. Kingsley*, 2007 U.S. Dist. Lexis 39935 (N.D. Il. May 31, 2007)(Gettleman, J).

    Also, the Fund created by the settlement to compensate the release of solely procedural rights–and no monetary claims at all–is comparable to the funds to which all claimants had rights

in many other Rule 23(b)(1)(A) certifications, where those rights would be impaired by allowing inconsistent adjudications.  See, *Rogers v. Baxter Intern'l*, 2006 U.S. Dist. Lexis 12926 (N.D. Il. Mar. 22, 2006), aff'd, 2008 U.S. App. Lexis 6907 (7th Cir. Apr. 2, 2008).

Clearly, it would impose inconsistent standards of conduct on the defendant, to require Trans Union to provide services and a significant sum to compensate the release of the class members procedural rights to bring claims in class, joined or aggregated action, and then to allow other courts to certify and/or try class, joined or aggregated actions.

Under the proposed settlement, the plaintiffs will thus give up procedural rights in the settlement, but their substantive rights to their damages claims remain entirely unimpaired.  This solves the due process, notice and claims valuation problems inherent in the earlier, rejected settlements.  This settlement format was successfully implemented in a 1999 action entitled *LeBlanc v. Trans Union*, No. 98-2083, 1999 U.S. Dist. LEXIS 3542 and 3543, E.D. La. (Mar. 10, 1999).

This separate release of procedural rights, while leaving intact all substantive rights to damages claims is supported by the Supreme Court's decision in *Deposit Guaranty v. Roper*, 445 U.S. 326 (1980).  See also, *Weissmueller v. Kosobucki*, 2008 U.S. App. LEXIS 1849 (7th Cir., Jan. 29, 2008).  The structure is justified by the enormous number of class members, and the defendant's inability to pay sufficient compensation to all of them to satisfy the Seventh Circuit's class action claims valuation standards.  *Synfuel Technologies, Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006).  Under the proposed settlement structure, class members who wish to assert their damages claims may do so, individually, completely unimpaired by the Settlement, while the vast majority of the class still receives a benefit by way of the credit

monitoring services and the significant distributions to charities that will benefit all.

In this unique action, unlike most others, it would be unfair to allow the small percentage of class members likely to assert claims in a typical settlement model to receive all the benefits, while the vast majority of the class members would receive nothing. This structure provides the greatest benefit to *all*, rather than to the few who could be expected to file claims.

This structure solves the due process problems with required notice under Rule 23(b)(3), and claims valuation standards under the Seventh Circuit's precedents and the Supreme Court's *Amchem* holding, that rules of procedure such as Rule 23 may not abridge any **substantive** right.

Where no substantive rights are being released or impaired in any way by the Settlement, a Rule 23(b)(3) certification with its heightened requirements, as proposed by the Firm Offer Counsel, is problematic and unnecessary. It is not an appropriate use of funds to send an individual mailed notice to all of the persons in Trans Union's database (at a cost upwards of $70 million dollars), yet that is precisely what Rule 23(b)(3) requires, where names and addresses can be identified, as they can in Trans Union's current database. The Firm Offer Counsel argue that the names cannot be precisely correlated to Trans Union's List Master File, but the persons in the current database are nevertheless included in the class as it is defined, and therefore, they are entitled under R. 23(c)(1)(B) to individual mailed notice under controlling Supreme Court precedent; and this is mandatory, regardless of the cost. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 175, 94 S.Ct. 2140, 2151 (1974).

Under *Eisen* and its progeny, in a Rule 23(b)(3) class certification, the high cost of the notice does not relieve the duty to provide it, where class members can be identified. The cases cited by the Firm Offer Counsel in their submission hold that class members who cannot be

identified need not be receive mailed notice, but in the instant action, all the consumers with files (that is, names and addresses) in Trans Union's current database are included in the class definition, and therefore, they are entitled to individual notice where there is a Rule 23(b)(3) class certification.

The Firm Offer Counsel are also mistaken in arguing that the certification should be under Rule 23(b)(3) because money damages are involved.  But, claims money damages are precisely what *are not* included in the settlement class.  Only procedural rights are being released; all claims for money damages are to be dismissed *without prejudice*, entirely unimpaired.  Firm Offer Counsel argue that the Court is certifying "the class," and therefore money damages are at issue, but, to the contrary,  it is well-settled that courts certify ***claims*** to proceed under Rule 23; the persons bringing the claims are not what the court certifies–those are class *members.*

Independent claims are not to be certified in a "holistic" fashion. Nor should the inquiry or the criteria applicable to one claim be confused or conflated with another, even though different claims may be properly joined in the action. This principle is well-settled.[1]

Claims for injunctive relief (both the remaining injunctive claims brought by plaintiffs in this action, AND the defendant's claims against all plaintiffs for enforcement of the injunction to be entered, prohibiting any damages claim from being re-filed in the form of a class, joined or

---

[1] *Hamilton v. American Corrective Counseling Services, Inc.*, 2007 U.S. Dist. LEXIS 11488, *25, No. 3:05-CV-434RM (N.D. In. Feb. 14, 2007), citing *Bolin v. Sears, Roebuck & Co.,* 231 F.3d 970, 976 (5th Cir. 2000);
   *In Re Gen'l Motors Dex-Cool Prod. Liab. Litig*, 241 F.R.D. 305, 2007 U.S. Dist. LEXIS 11432, *77 (S.D. Il., Feb. 16, 2007), citing *Bolin v. Sears, Roebuck & Co.,* 231 F.3d 975-76 (vacating order certifying class under Rule 23(b)(2), and remanding for reconsideration under Rule 23(b)(3), or certification of equitable claims under (b)(2) and damages claims under (b)(3)).

aggregated action) shall be certified under R. 23(b)(1)(A), but with broad notice and rights **to object.** This is supported by *Williams v. Burlington Northern*, 832 F. 2d 100 (7th Cir. 1987); *Jefferson v. Ingersoll Intern'l*, 195 F. 3d 894( 7th Cir. 1999); *In Re Monumental Life*, 365 F. 3d 408, 417 (5th Cir. 2004). Plaintiffs' claims for any injunctive relief that remains in this action shall be dismissed with prejudice.

Plaintiffs shall enjoy a full two-year limitations period from the date of entry of final judgment with respect to their dismissed-without-prejudice damages claims.

Respectfully submitted,

/s/ Dawn Adams Wheelahan
**Dawn Adams Wheelahan**
(La. Bar No. 19263)
5528 Loyola Avenue
New Orleans, Louisiana 70115
Telephone: 512-689-1153
Facsimile: (512) 628-3149
**Counsel for Yvonne and Robert Morse, and Mark Andrews and the Certified Louisiana Class**
AND

**Michael A. Caddell**
Texas Bar No. 03576700
**Cory S. Fein**
Texas Bar No. 06879450
**Caddell & Chapman**
1331 Lamar, Suite 1070
Houston TX 77010-3027
Telephone: 713.751.0400
Facsimile: 713.751.0906

Case 1:00-cv-04729   Document 715   Filed 01/05/10   Page 6 of 6

**Mitchell A. Toups**
Texas Bar No. 20151600
**Weller, Green, Toups & Terrell, L.L.P.**
2615 Calder St., Suite 400
Beaumont TX 77010-3027
Telephone:  409.838.0101
Facsimile:  409.832.85577

**Daniel A. Edelman**
Illinois Bar No.  00712094
**James O. Latturner**
Illinois Bar No. 01588095
**Edelman, Combs & Latturner, L.L.C.**
120 South LaSalle St.,18th Floor
Chicago IL 60603
Telephone:  312.732.4200
Facsimile:  312.419.0379

**Counsel for Plaintiff, Donald Jowers, Individually and on Behalf of All Persons Similarly Situated**

**Mitchell A. Toups**
Texas Bar No. 20151600
**Weller, Green, Toups & Terrell, L.L.P.**
2615 Calder St., Suite 400
Beaumont TX 77010-3027
Telephone:  409.838.0101
Facsimile:  409.832.85577

**Daniel A. Edelman**
Illinois Bar No.  00712094
**James O. Latturner**
Illinois Bar No. 01588095
**Edelman, Combs & Latturner, L.L.C.**
120 South LaSalle St.,18th Floor
Chicago IL 60603
Telephone:  312.732.4200
Facsimile:  312.419.0379

**Counsel for Plaintiff, Donald Jowers, Individually and on Behalf of All Persons Similarly Situated**