IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: TRANS UNION CORP. PRIVACY LITIGATION, | ) ) ) | |
| _____ | ) ) | No.  00 C 4729 MDL Docket No. 1350 |
| THIS DOCUMENT RELATES TO: | ) ) | Judge Robert W. Gettleman |
| ALL CASE | ) | |

## **ORDER**

This matter is once again before the court on a dispute between MDL counsel and Louisiana counsel.[1] The instant motion was filed by MDL plaintiffs' counsel to strike Louisiana counsel's submission of allegedly confidential settlement communications and information, or in the alternative to permit submission of related materials (Docket No. 719). This motion arises from Louisiana counsel's filing of a document entitled "Settlement Structure Proposed by Trans Union and Louisiana/Texas Counsel" (the Settlement Structure Proposal; Docket No. 715), which was originally submitted to the district and magistrate judges in this case in connection with settlement negotiations in April 2008.

MDL counsel take the position that the Settlement Structure Proposal at issue was a confidential settlement communication protected by Local Rule 83.5 and related rules generally protecting the confidentiality of settlement communications. When the document was originally presented, along with other settlement communications, the court noted that these proposals were "never going to see the public record or anything else until there is a preliminary approval."

---

[1]The court uses the terms of art as defined in the court's memorandum opinion and order dated December 9, 2009 (Docket No. 689).

(Emphasis added.)  Of course, since those communications, a settlement was approved and has become final.  The submission by Louisiana counsel of the Settlement Structure Proposal was apparently done in connection with preparing an appeal of this court's ruling on attorneys' fees.

Although the court agrees with MDL counsel that Louisiana counsel should have sought leave of court before supplementing the record, and should not have unilaterally blacked out the words "CONFIDENTIAL- FOR SETTLEMENT PURPOSES ONLY" from the Settlement Structure Proposal, the court sees no reason to keep settlement documents out of the record for purposes of any appeal of this court's ruling on the dispute regarding attorneys' fees.  Indeed, in connection with the fee dispute, the competing lawyers have argued at length about the course of their settlement discussions and who was responsible for the successful settlement of this multidistrict litigation.  Presumably, these issues will be argued if there is an appeal by Louisiana counsel of the court's ruling on the fee dispute.  Had Louisiana counsel (attorney Dawn Wheelahan) moved the court to allow her to supplement the record with settlement proposals, the court would have granted that motion.  Although she did not follow the proper procedure, the court sees no reason to strike the Settlement Structure Proposal (Docket No. 715), and consequently denies MDL counsel's motion to do so.

As an alternative, MDL counsel requests leave to file as part of the record their April 8, 2008, submission to the court and other settlement communications, so that the record is complete with respect to the fee dispute.  The court grants this request.

SO ORDERED.

**ENTER:**   **January 21, 2010**

_____
**Robert W. Gettleman
United States District Judge**