UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re TRANS UNION CORP. PRIVACY LITIGATION<br><br>―――――――――――――――――――<br><br>This Document Relates To:<br><br>ALL ACTIONS.<br>――――――――――――――――――― | Lead Case No. 00 C 4729<br><br>MDL Docket No. 1350<br><br>Judge Robert W. Gettleman<br><br>Magistrate Judge Michael T. Mason |

**TRANS UNION LLC's MOTION FOR
DECLARATION OF RIGHTS UNDER FINAL APPROVAL ORDER**

Defendant Trans Union LLC ("Trans Union"), by its counsel, hereby submits its Motion for Declaration of Rights Under Final Approval Order.

1. Pursuant to the Settlement approved by this Court, all Settlement Class Members who did not receive the enhanced benefits available under the Settlement reserved their individual claims, subject to the prohibition on bringing such claims in a class action or other aggregated action. (Final Approval Order, ¶ 13). Claims that Settlement Class Members made after the date of the Settlement are defined as "Post Settlement Claims" ("PSC's"). (Order Granting Final Approval of Settlement and Final Judgment, e.g., Docket No. 515 ("Final Approval Order"), ¶ 1(u); Stipulation of Settlement, Docket No. 462-3 ("Settlement"), ¶ 1.31).

2. This Court's Final Approval Order and the Settlement include specific provisions permitting Trans Union to obtain reimbursement from the Settlement Fund for amounts paid to satisfy judgments arising from, or to fund settlements of, PSC's. (Final Approval Order, ¶ 17(d); see also Settlement, ¶ 2.1(b)(iv)). Trans Union can unilaterally obtain reimbursement from the Fund without prior notice or approval, subject to

subsequent review by a Committee comprised of representatives chosen equally by Trans Union and Settlement Class Counsel and potentially, by the Court. (Id.) If the Court determines such reimbursement was "improper," it can order that the monies be returned by Trans Union, along with interest, to the Settlement Fund. (Id.)

3. Law firms throughout the United States have begun large-scale efforts, including running informational advertisements on national television networks, to inform consumers of their ability to assert PSC's, and the need to do so by the September 17, 2010, deadline. Trans Union expects at least 70,000 (and potentially more) PSC's will be asserted in the next month on behalf of Settlement Class Members. The attorneys representing these claimants have informed Trans Union that they are prepared to file individual lawsuits bringing these PSC's.

4. Given the threat of the lawsuits, and the monies and procedures available to resolve such claims, Trans Union seeks to enter into a Mediation and Tolling Agreement ("Agreement") with those individuals who have otherwise established the minimum requirement for asserting a PSC prior to September 17. The purpose of the Agreement is to permit the parties time to discuss a possible settlement of the claims. A copy of a proposed Agreement is attached as Exhibit C to the O'Neil Declaration, submitted in support of this Motion.

5. By this motion, Trans Union seeks a determination from this Court that Trans Union's entry into the Agreement with Settlement Class Members who have asserted PSC's, alone, will not jeopardize its ability to obtain reimbursement for any payment in settlement or judgment in connection with such PSC's.

6.  Trans Union further requests that the Court appoint a mediator to supervise the negotiation of settlement which not only resolves the PSC's but also eliminates any potential objections to Trans Union obtaining reimbursement.

7.  In further support of this motion, Trans Union has filed its Memorandum in Support of Motion for Declaration of Rights Under Final Approval Order.

WHEREFORE, Defendant Trans Union LLC respectfully requests that this Court grant its Motion for Declaration of Rights Under Final Approval Order and enter an order:

(a) declaring that the entry by Trans Union LLC into tolling agreements with Settlement Class Members who have asserted Post-Settlement Claims will not bar Trans Union from obtaining reimbursement for the payment of settlements of, or judgments associated with, any such Post-Settlement Claims; and

(b) appointing a mediator to supervise negotiation of the terms of settlements of Post-Settlement Claims by which the payments, if any, by Trans Union LLC pursuant to those settlements are reimbursable from the Settlement Fund pursuant to Section 17(d) of this Court's Final Approval Order.

August 13, 2010                                    Respectfully submitted,

                                                      **TRANS UNION LLC**

                                                      By:   /s/ Michael O'Neil
                                                                   One of its Attorneys

Roger L. Longtin (ARDC No. 01689185)
Michael O'Neil (ARDC No. 06201736)
Peter J. Donoghue (ARDC No. 06206849)
DLA PIPER LLP (US)
203 N. LaSalle Street, Suite 1900
Chicago, IL  60601-1293
Tel:  (312) 368-4000
Fax: (312) 236-7516

Brian P. Brooks
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001
Tel: (202) 383-5300
Fax: (202) 383-5414


Richard J. Prendergast
RICHARD J. PRENDERGAST LTD.
111 W. Washington Street, Suite 1100
Chicago, IL  60602
Tel.: (312) 641-0881
Fax: (312) 641-3562