IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re TRANS UNION CORP.
PRIVACY LITIGATION

―――――――――――――――――――

THIS DOCUMENT RELATES TO:

ALL CASES

―――――――――――――――――――

Lead Case No. 00 cv 4729
MDL Docket No. 1350
Judge Robert Gettleman

**Settlement Class Counsel's and Louisiana Counsel's
Opposition To Trans Union's Motion for
Declaratory Judgment**

**I.      Introduction**

Lawyers running misleading, factually incorrect advertisements[1] have, according to Trans Union, gathered up thousands of electronic forms on their websites, purportedly authorizing them to bring Post Settlement claims for the person named on the form (who is not necessarily the one who sent it).

Mass claims are prohibited by the Settlement Agreement;[2] and there is a question, whether the lawyers gathering the electronic forms are licensed to practice in the states where those who submitted them reside. To say nothing of Fed. R. Civ. P. 11's requirement, that lawyers investigate a claim–which probably means verifying that a claimant exists, if not

―――――――――――――――――

[1] http//www.transunionsettlement.com

[2] Doc. 462-3, p. 22, Par. 2.8(b)(iii).

actually speaking to them about their claim–before filing a lawsuit on their behalf.

The lawyers are looking for easy money: the Watts-Guerra group, along with Jeffrey Weinstein–who's among the nine objectors who've already collected nearly a million dollars to drop their appeals–made a demand for $45 million back in April, for 3,000 claimants they said they represented then, without ever having done a thing to investigate or litigate the claim An Ohio lawyer is among those objectors, too. They're banking on the fact that Trans Union has no interest in investigating or defending any Post Settlement claims, valid or not, if it can simply transfer its defense costs wholesale to the Fund.

And Trans Union, of course, is looking to do just that: Trans Union wants to pass all of its defense costs for Post Settlement claims–valid or not–to the Fund, even though the Settlement Agreement allocates those costs to Trans Union.

All of this is improper, in more ways than the present motion requires mentioning.

## II. Trans Union's Motion

Trans Union moves for a declaratory judgment, and separately, asks this court to appoint a mediator for claims not pending in this or any other court. Both requests are outside the court's jurisdiction to grant.

### A. The Court Lacks Jurisdiction to Enter a Declaratory Judgment

Trans Union moves for a declaratory judgment allowing it to extend, by way of tolling agreements, the limitations period set in the Settlement Agreement for filing Post Settlement Claims. The court should deny Trans Union's motion–which seeks an advisory opinion–because the court is without jurisdiction to enter such a judgment.

The court dismissed all claims and actions in this MDL by final judgment in September,

2008. Notices of appeal were filed, and were resolved without remand. Besides improperly favoring some class members at the expense of others, and inviting more impermissible mass demands, the tolling agreements Trans Union suggests were not contemplated, and are not mentioned, anywhere in the Settlement Agreement. Although the court retained jurisdiction to administer and enforce the terms of the settlement, adding new terms–to permit tolling agreements–does not come within that narrow, ministerial function.

Nor is Trans Union subject to any injunction under the Settlement Agreement. The Settlement enjoins *class members*, not Trans Union, from filing their reserved Post Settlement claims in the form of class, joined or aggregated actions.

Post Settlement claims filed after the extended limitations period of the Settlement Agreement would be expired, invalid claims. Trans Union is, of course, free to settle such claims if it wants to, rather than investigate and defend them–defendants wishing to keep their skeletons in the closet, or to minimize their defense costs, do that all the time. But Trans Union is not entitled to reimbursement from the Fund for paying expired claims.

What Trans Union is trying to do is pass the entirety of its investigation and defense costs on to the Fund–in which it has no interest–even though the Settlement Agreement allocates Post Settlement defense costs to Trans Union. That is understandable, though incorrect: Why would anyone pay to defend claims if they could simply agree to settle them all *en masse* with someone else's money? In that circumstance, why would they even care whether the claims were valid or not?

**B.    The Court Lacks Jurisdiction To Supervise Unfiled Claims**

Trans Union also moves the court to appoint a mediator, to mediate unfiled,

uninvestigated mass claims, belonging to unknown persons, which Trans Union says *might* be filed in the future. This court has no jurisdiction over claims that haven't been filed. Trans Union's motion should be denied, because the court is without authority to act with respect to claims that are not before the court. Nor is Trans Union subject to any injunction under the Settlement that requires the court's interpretation. The Settlement Agreement enjoins *the class members*—not Trans Union–from bringing their reserved, individual Post Settlement claims as class, joined or aggregated actions. There's nothing about that provision that relates to tolling agreements.

**III.  The Declaratory Judgment Act does not Confer Jurisdiction, and does not Authorize Advisory Opinions**

The Declaratory Judgment Act, 28 U.S.C. 2201, provides that

"(a) In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

The Supreme Court explained that the Declaratory Judgment Act requires that there be an actual case or controversy, not merely an anticipated one. *Calderon v. Asmus*, 523 U.S. 740; 118 S. Ct. 1694; 140 L. Ed. 2d 970 (1998). The Seventh Circuit, while noting that declaratory judgments serve an important purpose, also held that merely speculative lawsuits do not satisfy the Article III "case or controversy" requirement. *Hyatt Internat'l Corp. v. Coco*, 302 F.3d 707 (7th 2002).

And that is all Trans Union brings to court: a speculation that certain Post Settlement claims might be filed, by lawyers who've gathered up electronic forms on the internet, without

any evidence that the claimants actually exist, or are who they say they are, or that they have evidence to support their Post Settlement claims. That's far from what's required to make an actual case or controversy, as required to confer jurisdiction on this court to decide, or supervise, anticipated, unfiled claims.

**Conclusion**

Trans Union seeks a declaratory judgment with respect to merely speculative claims, that present no present case or controversy. This court lacks jurisdiction to enter such a judgment in this action, in which all claims have been dismissed by final judgment.

This court is also without jurisdiction to appoint a mediator with respect to claims that have not been filed, which are not before the court.

Respectfully submitted:

**/s/ Dawn Adams Wheelahan**

Dawn Adams Wheelahan (La. Bar No. 19263)
5528 Loyola Avenue
New Orleans, Louisiana 70115
Telephone: 512-689-1153

**CERTIFICATE OF SERVICE**

Undersigned counsel hereby certifies that a copy of the foregoing has been served on all parties through their Counsel by the Court's ECF system, or by email, this 16th day of August, 2010.
\
**/s/ Dawn Adams Wheelahan**
_____
**DAWN ADAMS WHEELAHAN**