UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| In re TRANS UNION CORP. PRIVACY LITIGATION | ) ) ) | Lead Case No. 00CV4729 |
| | ) | MDL Docket No. 1350 |
| This Document Relates To: | ) ) ) | Judge Robert W. Gettleman |
| ALL ACTIONS. | ) ) ) | Magistrate Judge Michael T. Mason |

**MEMORANDUM IN SUPPORT OF MDL COUNSEL'S MOTION FOR ORDER CLARIFYING THE COURT'S ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND FINAL JUDGMENT**

592716_1

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................1

II. FACTS ...............................................................................................................2

III. ARGUMENT.......................................................................................................3

    A. The Judgment Releases Aggregated Actions and in Doing so Prohibits Payment to Settle Such Actions from the Settlement Fund....................................3

    B. Virtually All of the Post-Settlement Claims Are Prohibited Aggregated Actions.........................................................................................................4

    C. MDL Counsel Might Not Oppose Acceptance of Individual Late Claims for a Cash Recovery from the Settlement Fund on the Same Basis as Other Settlement Class Members ..................................................................................7

IV. CONCLUSION ...................................................................................................8

592716_1

## I.    INTRODUCTION

Pursuant to the Court's minute order of November 8, 2010 (Dkt. No. 814), the lawyers for Trans Union LLC ("TU") and the Post-Settlement Claimants ("PSCs") are participating in voluntary mediation with Magistrate Judge Michael T. Mason.  While MDL Counsel are not privy to the discussions between TU and PSCs, MDL Counsel understand that at the conclusion of mediation TU intends to seek this Court's approval for payment of the majority of the remaining Settlement Fund to PSCs in settlement of their claims against TU.[1]

MDL Counsel seek a ruling from the Court clarifying the meaning of the terms of the Order Granting Final Approval of Settlement and Final Judgment (the "Judgment") filed in this action on September 17, 2008 (Dkt. No. 515), as well as the Judgment's effect on any application by TU for reimbursement of payments to PSCs from the remaining Settlement Fund.  It is important that the Court clarify the meaning and effect of the Judgment because TU and counsel for the PSCs are mediating under what MDL Counsel believe is the mistaken assumption that TU will necessarily be reimbursed from the Settlement Fund for any amount it agrees to pay the PSCs to settle their claims. If TU and counsel for the PSCs are wrong, they are laboring under a false premise, and are therefore wasting their time and effort in fashioning a solution that will not resolve the PSCs claims.

MDL Counsel's only interest is in preserving the Settlement Fund for Settlement Class Members and insuring that the Settlement Fund is used only to reimburse TU for costs and expenses specifically bargained for and allowed by the Stipulation and the Judgment.

---

[1]    All capitalized terms used herein have the meanings ascribed to them in the Judgment and the Stipulation (defined herein).

592716_1

## II.     FACTS

On September 17, 2008, the Court filed the Judgment in the captioned action. In accordance with the Settling Parties' agreement in the Stipulation of Settlement dated as of May 20, 2008 (Docket No. 462-3) (the "Stipulation"), paragraph 13 of the Judgment released the enumerated claims of all Settlement Class Members if brought as a class, joined, or aggregated action.

> All Settlement Class Members who are not Named Plaintiffs and who do not receive either of the benefits described in paragraph 11 or paragraph 12 of this Final Approval Order are, along with their respective Plaintiff's Related Parties, deemed to have released, and by operation of this Final Approval Order shall have, fully, finally, and forever released and relinquished their procedural rights to pursue any claims, including Unknown Claims, arising out of or related to the facts or claims alleged in the Actions arising out of state or federal law, including (i) any and all such claims related to Defendants' alleged distribution of Target Marketing lists or related information, and (ii) any and all such claims related to Defendants' alleged distribution of Firm Offer lists or related information, as either (A) named plaintiffs or class members in any Class Action, (B) plaintiffs in any Joined Actions, or (C) plaintiffs in any Aggregated Action.

In addition, paragraph 16 of the Judgment bars the filing and prosecution of the enumerated claims as either class, joined, or aggregated actions:

> All Settlement Class Members who are not Named Plaintiffs, along with their respective Plaintiffs' Related Parties, are enjoined and barred from filing, commencing, prosecuting, intervening, or participating in any claims, including Unknown Claims, arising out of or related to the facts or claims alleged in the Actions arising out of state or federal law, including (i) any and all such claims related to Defendants' alleged distribution of Target Marketing lists or related information, and (ii) any and all such claims related to Defendants' alleged distribution of Firm Offer lists or related information, as either (A) named plaintiffs or class members in any Class Action, (B) plaintiffs in any Joined Actions, or (C) plaintiffs in any Aggregated Action.

Both the Judgment and the Stipulation define Aggregated Action and Joined Actions:

> "Aggregated Action" shall mean any action in which two or more individual plaintiffs assert claims relating to the same or similar alleged conduct.

*See* Judgment, ¶1b; Stipulation, IV.1.1.3;

> "Joined Actions" means any action in which any plaintiff asserts both (a) Post-Settlement Claims, and (b) claims relating to any other subject matter

- 2 -

whatsoever, regardless of whether the causes of action asserted in the action are created by the same statute, common law principle, or equitable principle.

*See* Judgment, ¶1n; Stipulation, IV.1.1.22.

According to the Declaration of Michael O'Neil filed on October 5, 2010 ("O'Neil Decl.") (Dkt. No. 788), there are 73,242 lawsuits filed by PSCs and 30,757 informal demands have been submitted to TU on behalf of PSCs. Virtually all post-settlement lawsuits have adopted or incorporated the MDL Second Amended Consolidated Complaint ("MDL Complaint"), which asserts class claims.

## III.   ARGUMENT

### A.   The Judgment Releases Aggregated Actions and in Doing so Prohibits Payment to Settle Such Actions from the Settlement Fund

The terms of the Judgment must be interpreted as they are understood in their most common and ordinary sense. *Shakman v. Democratic Org.*, No. 69 C 2145, 1997 U.S. Dist. LEXIS 6029, at *11-*12 (N.D. Ill. April 30, 1997) (when interpreting a judgment, the court must give language its ordinary and natural meaning). The Judgment clearly releases all Settlement Class Members' claims against TU to the extent such claims are brought in any type of Class Action, Joined Action, or Aggregated Action. While the Judgment does not release an individual claim, if such individual claims are brought in Aggregated Actions, they are released under the clear and unambiguous terms of the Judgment. *See* Judgment, ¶13.

In addition, all Settlement Class Members are barred from the prosecution of such Aggregated Actions. *Id.* at 16. Consequently, it follows logically that Settlement Class Members who, contrary to the terms of the Judgment and Stipulation, are participating in Aggregated Actions, cannot be compensated for the claims brought in such actions from the remaining Settlement Fund. The language in paragraph IV.2.2.1(b)(iv) of the Stipulation addressing payment of Post-Settlement Claims cannot be read in a vacuum, but must be interpreted as part of the entire Stipulation.

592716_1

*Shakman*, 1997 U.S. Dist. LEXIS 6029, at *12; *Swierkosz v. Starved Rock Stables*, 239 Ill. App. 3d 1017, 1021, 607 N.E. 2d 280, 283 (3d Dist. 1993) (meaning of release is derived from reading entire document). When read in conjunction with the release and bar of Aggregated Actions, the Post-Settlement Claims provision must be understood to necessarily exclude payment from the remaining Settlement Fund to Settlement Class Members who bring Aggregated Actions. Reading the Stipulation and Judgment to allow reimbursement from the Settlement Fund to those participating in Aggregated Actions supports a meaning that has an improper purpose. If the Stipulation and Judgment allow payment to individuals whose cases have been aggregated, the only conceivable purpose of the release and bar of Aggregated Actions is to force the filing of separate cases with their attendant filing fees and unnecessary additional work for courts. The Stipulation and Judgment must be read to support a legitimate purpose. As a result, MDL Counsel ask the Court to clarify the meaning of the Judgment to confirm that claims brought in Aggregated Actions are not eligible for reimbursement from the Settlement Fund.

**B.      Virtually All of the Post-Settlement Claims Are Prohibited Aggregated Actions**

When interpreting the Stipulation and Judgment, the Court must give the words their natural and ordinary meaning. *Dowd & Dowd, Ltd. v. Gleason*, 284 Ill. App. 3d 915, 931, 672 N.E. 2d 854, 865 (1st Dist. 1996) (in construing terms, courts first look at the language's natural and ordinary meaning). The American Heritage Dictionary defines the meaning of "aggregated" when it is used as an adjective as follows: "[t]o gather into a mass, sum or whole." The American Heritage Dictionary 87 (2d ed. 1985). Therefore in its most common and ordinary sense as used in the Stipulation and Judgment, Aggregated Action means actions that have been gathered together into a mass by two or more individual plaintiffs asserting claims relating to the same or similar alleged conduct.

- 4 -

The law firm of Watts Guerra Craft LLP has purportedly filed 69,608 individual lawsuits in the Nueces County Texas Justice of the Peace Court. Each of these alleged "individual" lawsuits are virtually identical, were filed in the same court in Texas without regard for the places of residence of these 69,608 individuals and are apparently pending before the same Justice. *See* O'Neil Decl., ¶¶4-8.

The Heenan Law Firm has purportedly filed 2,000 complaints in Yellowstone County Montana Justice Court. The Law Firm of Bingham & Lea, P.C. has supposedly filed 1,500 petitions in Harris County and Bexar County Texas Justice of the Peace Courts. The law firm of Skaar & Feagle, LLP has filed 16 complaints in U.S.D.C. for Northern District of Georgia and 115 complaints in Gwinnett County Georgia Magistrate Court. *See* O'Neil Decl., ¶¶9-12. In addition, TU has received demand letters on behalf of 30,757 PSC's represented by a handful of counsel. *Id.* at ¶14.

From the outset, the lawyers for the PSCs have treated their groups of claims as Aggregated Actions. First, the lawyers for the PSCs filed their groups of claims in the same local court regardless of the residence of each of their clients. If these cases were truly individual claims, the most appropriate and legally sufficient place for filing such a complaint would be the plaintiff's home town court, or where the defendant resides, and not a court in another state or county that has no connection to the plaintiff or the defendant.

Second, the only logical explanation for filing thousands of such lawsuits in the same court, without any regard for the plaintiff's residence, is to "aggregate" them to make things much easier for the lawyers doing the aggregating (in order to avoid all of the normal procedural and jurisdictional hurdles associated with filing such a case) for purposes of gaining immediate leverage over the defendants and the settlement fund. Indeed, the whole purpose of the settlement's prohibition against Aggregated Actions was to allow *only individuals* to retain and bring *only*

*individual actions* if such individuals chose to do so, so that TU would no longer face the possibility of any form of class or aggregated actions. Settlement Class Counsel understood (1) that the purpose of the release and bar of Class Actions, Joined Actions, and Aggregated Actions was to avoid mass sign-ups of huge inventories of people who know nothing about the allegations brought against TU or whether they have been harmed by TU's alleged conduct; and (2) that the purpose of the Post-Settlement Claims process was to memorialize a method for those individuals who were, or believe they were, harmed by TU's practices. Indeed, this is what TU adamantly bargained for and insisted upon in the settlement. And it is what Settlement Class Counsel and Settlement Class Members ultimately agreed to, and what they planned for when they quantified and estimated the overall and individual value of the Settlement Fund for Settlement Class Members who claimed their *pro rata* share of the Settlement Fund, by choosing the cash benefit over other settlement benefits made available through the settlement.

Third, each group of lawyers filed identical lawsuits for each of their clients, which in most cases were simply a wholesale adoption of the MDL Complaint and claims asserted by MDL Counsel in this action. Even if these lawyers were to amend their complaints, there is no denying these actions were brought as an aggregated group, *i.e.*, Aggregated Actions, in order to sidestep the procedural and jurisdictional hurdles and prohibitions built into the Stipulation and the Judgment, in order to try to obtain leverage over defendants and the Settlement Fund, and thereby obtain the maximum recovery from TU.

The tactics used by the lawyers to solicit and sign-up PSCs support the position of MDL Counsel that these pending actions and demands are, in fact, Aggregated Actions. The individual PSCs did not seek out counsel to obtain redress from TU. Rather, lawyers who were well aware of the Post-Settlement Claims provision in the Stipulation (some had represented objectors to the settlement and settled those objections for a hefty sum), advertised, electronically solicited, and

- 6 -

eventually obtained thousands of PSCs by promising free and easy money. While counsel for the PSCs deny that these claims constitute Aggregated Actions, their denial does not change the facts: they have solicited, aggregated, and filed in inappropriate forums tens of thousands of Post-Settlement Claims, on what can only be an aggregated basis.

### C. MDL Counsel Might Not Oppose Acceptance of Individual Late Claims for a Cash Recovery from the Settlement Fund on the Same Basis as Other Settlement Class Members

Over 100,000 PSCs are seeking a cash payment from the Settlement Fund, even though the method through which their lawyers seek payment is prohibited by the express terms of the Judgment. However, to the extent any of the individual PSCs ask to be considered for a cash payment along with the 450,000 Settlement Class Members who made timely applications for a cash distribution from the Settlement Fund, MDL Counsel might not be opposed to adding their names to those already registered for such distribution if the Court thinks this is an appropriate way to resolve PSCs claims.[2] Alternatively, TU should be responsible for paying any and all such aggregated Post-Settlement Claims, because such claims are clearly excluded by the terms of the Judgment from being reimbursed to TU out of the Settlement Fund.

Finally, the cash portion of the Settlement Fund was created for legitimate and reasonable claims timely filed by individual Settlement Class Members. Therefore, MDL Counsel strenuously object to any amounts paid to attorneys for the PSCs from the Settlement Fund that would exceed a limited and reasonable amount based on the limited time these attorneys have spent soliciting and aggregating the claims of PSCs. Specifically, the Court should consider the fee agreements entered

---

[2]    By taking the position that we might not oppose accepting late individual claims for cash from the Settlement Fund, MDL Counsel do not agree that the lawyers for the PSCs are entitled to the unreasonable contingent attorneys' fees contained in the PSCs retainer agreements.

-7-

into by the PSCs and their counsel to determine if any fee payments from the Settlement Fund can or should be made.

## IV.  CONCLUSION

For the reasons discussed herein, MDL Counsel respectfully ask the Court to enter an Order clarifying the terms of the Judgment.

DATED: January 19, 2011                     Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOY ANN BULL
ERIC I. NIEHAUS


                                    _____
                                          s/ Joy Ann Bull
                                        JOY ANN BULL

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

LAW OFFICES OF JON W. BORDERUD
JON W. BORDERUD
2831 South Holt Avenue
Los Angeles, CA  90034
Telephone:  310/621-7004
310/207-2748 (fax)

RIGHETTI LAW FIRM
MATTHEW RIGHETTI
456 Montgomery Street, Suite 1400
San Francisco, CA  94104
Telephone:  415/983-0900

Co-Lead Counsel for Plaintiffs

592716_1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 19, 2011, I authorized the electronic filing of the foregoing

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to

the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I

caused to be mailed the foregoing document or paper via the United States Postal Service to the non-

CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.  Executed on January 19, 2011.

s/ Joy Ann Bull
JOY ANN BULL

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:joyb@rgrdlaw.com

592716_1

# Mailing Information for a Case 1:00-cv-04729

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Kimball Richard Anderson**
  kanderson@winston.com,ECF_CH@winston.com

- **Steve W. Berman**
  steve@hbsslaw.com

- **Brian P. Brooks**
  bbrooks@omm.com

- **Joy Ann Bull**
  joyb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Michael A. Caddell**
  mac@caddellchapman.com,jcd@caddellchapman.com,cam@caddellchapman.com

- **Peter J. Donoghue**
  peter.donoghue@dlapiper.com

- **Thomas Arthur Doyle**
  tadoyle@saundersdoyle.com

- **Daniel A. Edelman**
  courtecl@edcombs.com,dedelman@edcombs.com

- **Paula Davis Friedman**
  paula.friedman@dlapiper.com

- **Oren S. Giskan**
  ogiskan@gslawny.com

- **Francis Richard Greene**
  fgreene@edcombs.com,courtecl@edcombs.com

- **David M. Holmes**
  Dave.Holmes@wilsonelser.com,Sheri.Lawrence@wilsonelser.com

- **Roger L. Longtin**
  roger.longtin@dlapiper.com

- **Warren Lupel**
  wlupel@lw-llp.com

- **Michael C. O'Neil**

michael.oneil@dlapiper.com,docketingchicago@dlapiper.com,lisa.skilnik@dlapiper.com

- **Elayna Tau Pham**
  epham@jenner.com

- **Richard J. Prendergast**
  rprendergast@rjpltd.com,jharms@rjpltd.com,rlavko@rjpltd.com

- **Terry Rose Saunders**
  trsaunders@saundersdoyle.com

- **David J. Scriven-Young**
  dscriven-young@pecklaw.com,mcoty@pecklaw.com,acustardo@pecklaw.com

- **Amy L Stewart**
  astewart@roselawfirm.com,jgardner@roselawfirm.com,aezell@roselawfirm.com

- **Ryan L Thompson , 2004**
  gpalmer@wgclawfirm.com

- **Mitchell A. Toups**
  matoups@wgttlaw.com,jgordon@wgttlaw.com

- **Mikal C Watts**
  amayorga@wgclawfirm.com

- **Dawn Adams Wheelahan**
  dwheelahan@aol.com

- **James Donehoo Wilson**
  jwilson@shefskylaw.com,sfdocket@shefskylaw.com

- **Craig H. Zimmerman**
  czimmerman@mwe.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
John Bentz
Class Action Fairness Group
2 Clock Tower Place
Suite 260G
Maynard, MA 01754

Jon W Borderud
The Borderud Law Group
2831 South Holt Avenue
Los Angeles, CA 90034
```

**Alan S. Kopit**
Hahn, Loeser & Parks
200 Public Square
3300 BP America Building
Cleveland, OH 44114-2301

**Mark C Laughlin**
Fraser Stryker Vaughn Meusey Olson Boyer & Bloch, P.C.
409 South 17th Street
500
Omaha, NE 68102

**Alan M Mansfield**
Lerach Coughlin Stoia Geller Rudman & Robbins
655 West Broadway
Suite 1900
San Diego, CA 92101

**Vashon McIntyre**
1562 Vyse Avenue
Bsmt Apt.
Bronx, NY 10460

**Eric I. Niehaus**
Robbins Geller Rudman & Dowd LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

**John J Pentz**
Class Action Fairness Group
2 Clock Tower Place
Suite 260G
Maynard, MA 01754

**Matthew Righetti**
Righetti & Wynne
456 Montgomery Street
Suite 1400
San Francisco, CA 94104

**Robert B Roden**
Shelby & Cartee, LLC
2956 Rhodes Circle
Birmingham, AL 35205

**Jeffrey L Weinstein**
518 East Tyler Street
Athens, TX 75751

**Jeffrey L Weinstein**
518 East Tyler Street
Athens, TX 75751

# TRANS UNION SERVICE LIST

Kris Skaar*
James Feagle*
Skaar & Feagle LLP
P.O. Box 1478
Marietta, GA 30061
jimfeagle@aol.com
krisskaar@aol.com

Brandon L. Blankenship*
Blankenship, Harrelson & Linton, LLC
2001 Park Place North
Suite 825
Birmingham, Alabama 35203
Brandon.blankenship@bhlattorneys.com
court@bhlattorneys.com

Christopher T. Micheletti*
Zelle, Hofmann, Voelbel & Mason, LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
cmicheletti@zelle.com

Benjamin R. Bingham*
Bingham & Lea, P.C.
319 Maverick Street
San Antonio, Texas 78212
ben@binghamandlea.com

Edward W. Cochran*
20030 Marchmont Road
Shaker Heights, Ohio 44122
edwardcochran@wowway.com

N. Bacharach, Jr., P.A.*
115 Northeast 6th Avenue
Gainesville, Florida 32601
N.A.Bacharach@att.net

Mikal C. Watts*
Ryan L. Thompson*
Watts Guerra Craft LLP
Four Dominion Drive
Building One, Suite 100
San Antonio, Texas 78257
mcwatts@wgclawfirm.com
rthompson@wgclawfirm.com

John Heenan*
Heenan Law Firm
3970 Avenue D, Suite A
Billings, Montana 59102
john@heenanlawfirm.com

Charles H. Cooper, Jr.*
Cooper & Elliott LLC
2175 Riverside Drive
Columbus, Ohio 43221
chipc@cooperelliott.com

Bryan O. Blevins*
Provost Umphrey Law Firm, L.L.P.
490 Park Street
Beaumont, Texas 77701
bblevins@provostumphrey.com

Jason Brodsky*
Brodsky & Smith LLC
Two Bala Cynwyd, Pennsylvania 19004
jbrodsky@brodsky-smith.com

David Schafer*
Law Offices of David Schafer, PLLC
7800 IH-10 West, Suite 830
San Antonio, Texas 78230
dmschafer@helpingtexas.com

594066_1

Joseph S. Tann, Jr.*
1307 Seward Street, Suite 100
Evanston, Illinois 60602
Tannj2@comcast.net


**\* Denotes service via electronic mail**

594066_1