UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re TRANS UNION CORP. PRIVACY LITIGATION | ) Lead Case No. 00CV4729 <br> ) MDL Docket No. 1350 <br> ) Judge Robert W. Gettleman <br> ) Magistrate Judge Michael T. Mason |
| This Document Relates To: <br><br> ALL ACTIONS. | ) <br> ) <br> ) <br> ) |

## **TEXAS COUNSEL'S MOTION FOR ADDITIONAL ATTORNEYS' FEES**

**I.    Introduction**

On January 14, 2011, the Seventh Circuit issued its opinion concerning Dawn Wheelahan's appeal of the Court's December 9, 2009 fee order. *In re Trans Union Corp. Privacy Litig.*, F.3d, No, 10-1154, 2011 WL 117108, at *1 (7th Cir. Jan. 14, 2011). While Texas Counsel did not appeal the Court's fee order (Dkt. No. 689), they did file an Answer Brief with the Seventh Circuit, aspects of which the Seventh Circuit acknowledged, including the fact that MDL Counsel and Texas Counsel "don't object to an increase in the total fees awarded." (*Id.*) Ultimately, the Seventh Circuit determined that the total fees awarded should have been $18.75 million, rather than $12.98 million, and mandated that Wheelahan receive the remaining portion of her allocated share (22%) of that amount. *Id.* at *7.

Recognizing that the Stipulation of Settlement and Final Judgment in this matter vest the Court with continuing jurisdiction over the Settlement Fund and attorneys' fee requests, Texas Counsel request that the Court award them additional fees consistent with the reasoning in the

Seventh Circuit's recent opinion. Having been recognized by this Court, the Special Master, and the Seventh Circuit as assuming a leadership role in, and having made a substantial contribution to, the final settlement[1], Texas Counsel respectfully request that that they be compensated properly and adequately under directly applicable Seventh Circuit law.

## II. The Court Has Continuing Jurisdiction Over Attorneys' Fees Issues Affecting Texas Counsel

### A. The Stipulation of Settlement and Final Approval Order Provide for Continuing Jurisdiction

The Stipulation of Settlement ("Stipulation") expressly provides the Court with continuing jurisdiction over the Settlement Fund, which is the fund from which all attorneys' fees shall be paid:

> Jurisdiction of Court. All Settlement Funds transmitted to and held by the Escrow Agent as required by this Stipulation shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as all Settlement Funds have been completely distributed pursuant to the terms of the Stipulation, and/or any further order(s) of the Court.

(Stipulation, §2.1(d).) The Court also retains jurisdiction over the implementation and enforcement of the terms of the Stipulation:

> The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and the Settling parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation. The parties shall present the Court with proposed orders that allow for such a retention of jurisdiction, in accordance with the applicable law.

(*Id.* at §6.13.)

---

[1] Indeed, to this day, Texas Counsel continue to work on behalf of the Settlement Class. In light of the numerous, unexpected individual claims filed, Texas Counsel have aggressively worked to protect the Settlement Fund for the Class by, *inter alia*, attending hearings and mediations, filing briefs, and conducting meetings, and will continue to do so.

Consistent with the foregoing Stipulation provisions, in awarding final approval of the Settlement, the Court specifically retained jurisdiction over the implementation of the Settlement, including the award of attorneys' fees from the Settlement Fund:

> Pursuant to and as required by ¶6.13 of the Stipulation, and to the extent permitted by applicable law, the Court retains jurisdiction with respect to implementation and enforcement of the terms of the Stipulation. . . . **_To the extent permitted by applicable law and required by ¶2.1(d) of the Stipulation, the Court also retains jurisdiction to implement the Settlement as it pertains to: The award or distribution of any and all Settlement Funds transmitted to and held by the Escrow Agent as required by the Stipulation, including any award or distribution of attorneys' fees and expenses_**, Class Representative Incentive Awards, any payment of expenses of the Notice Administrator and Claims Administrator, any cy pres distribution permitted by the Stipulation, and the disposition of the residual amount of the Settlement Fund as set forth in the Stipulation. . . .

(Dkt. No. 515, Order Granting Final Approval of Settlement and Final Judgment at 17, ¶24, emphasis added.) Under the foregoing provisions, the Court is vested with the requisite jurisdiction to award additional attorneys' fees from the Settlement Fund.

### III. Seventh Circuit Law Supports an Additional Fee Award to Texas Counsel

In her appeal, Wheelahan contended that "the total attorneys' fees awarded to class counsel were too little" and that "her share of them was too small." *In re Trans Union*, 2011 WL 117108, at *1. The Seventh Circuit correctly noted that MDL Counsel and Texas Counsel "don't object to an increase in the total fees awarded." *Id.* Indeed, in its Answer Brief to the Seventh Circuit, Texas Counsel made clear that they agreed the Court should have awarded a larger fee to Settlement Class Counsel:

> Wheelahan complains that the Court improperly awarded a contingency fee of only 11.8% of the benefit recovered in the case, even though prior Seventh Circuit authority has held 22% to be the market rate. Jowers does not disagree with the general proposition that the District Court should have awarded a larger fee to Settlement Class Counsel, and in fact, Jowers' counsel (referred to in the record as "Texas Counsel") made this same argument before the District Court and Special Master.

3

(Plaintiff-Appellee Donald Jowers' Answer Brief at 2-3.)

Ultimately, after detailing the reasons why the Special Master's overall award amount was too low[2], the Seventh Circuit concluded that the Special Master failed to justify an aggregate fee award of less than $18.75 million: "But considering that [the Special Master] erred consistently in favor of reducing fees, we think he did not make a case that the $18.75 million requested by the lawyers was excessive." *In re Trans Union*, 2011 WL 117108, at *6. Accordingly, the Seventh Circuit, which upheld the 63% / 22% / 15% fee allocation among MDL Counsel, Wheelahan, and Texas Counsel, concluded that Wheelahan is "entitled to 22% [her allocated percentage] of the $18.75 million in total fees that should have been awarded. . .", which would result in an additional award of $1.425 million. *Id.* at *7.

Given the Seventh Circuit's approval of the 63% / 22% / 15% allocation, and opinion that the overall fee award should have been $18.75 million, Texas Counsel respectfully request that they be awarded additional fees. Pursuant to the Special Master's recommendation regarding allocation and aggregate fee amount, which the Court accepted, Texas Counsel received $1,815,319. (Dkt. No. 689 at 9.) Applying the Seventh Circuit's analysis, Texas Counsel should receive an additional fee award of $997,181.[3] However, since the Stipulation provides that TransUnion will not object to a fee request provided that total fee requests do not exceed $18.75 million, Texas Counsel request $835,577 rather than $997,181 in additional fees. Therefore, should MDL Counsel also seek additional fees, this reduction will accommodate their request

---

[2] The Court stated: "The 12 percent figure was plucked out of a hat, and a hat with three holes in it: the unresolved comparison with securities class actions, the arbitrary reduction in attorneys' fees for the nonpecuniary relief, and the perfunctory (less than a page) consideration, also left unresolved, of the relative risk of loss in the present case and in Synthroid." *In re Trans Union*, 2011 WL 117108, at *5.

[3] Under the Seventh Circuit's formula, this additional amount is calculated as follows: $18,750,000 x 15% = $2,812,500 - $1,815,319 = $997,181. *See In re Trans Union*, 2011 WL 117108, at *7. $1,815,319 represents the amount previously awarded to Texas Counsel. (Dkt. No. 689 at 9.)

4

and avoid triggering an objection from TransUnion—that is, the combination of all prior awards, Wheelahan's additional award, Texas Counsel's request, and MDL Counsel's potential request will not exceed $18.75 million in total fees requested.[4]

While the Seventh Circuit noted that neither Texas Counsel nor MDL Counsel appealed the fee award and are therefore not entitled to additional fees, never did it say that the Court no longer had jurisdiction over future requests for additional fees. Moreover, given that Texas Counsel included ample evidence of their effort on behalf of the Settlement Class in the Wheelahan appellate record, the Seventh Circuit acknowledged Texas Counsel's significant contribution:

> So far as we can judge, had it not been for the efforts of Wheelahan and the Texas lawyer[s] for the class the class would indeed be poorer by $70 million. The special master did not suggest otherwise.[5]

*In re Trans Union*, 2011 WL 117108, at *5. Notwithstanding the acknowledgement of Texas Counsel's contribution, the fact that Texas Counsel did not appeal this Court's order precluded

---

[4] Thus far, the following attorneys' fees have been awarded from the Settlement Fund pursuant to the Court's December 9, 2009 Order: $7,836,683 to MDL Counsel, $2,722,360 to Louisiana Counsel, $1,815,319 to Texas Counsel, $550,000 to liaison counsel, and $55,638 to the Special Master. (Dkt. No. 689 at 9.) Presumably, pursuant to the Seventh Circuit's mandate, Wheelahan will be awarded an additional $1,425,000. When deducting all of the foregoing amounts from $18,750,000 million, $4,345,000 remains. When prorating this amount according to the allocation shares stated in the Seventh Circuit's opinion, Texas Counsel should receive $835,577 (15/78 x $4,345,000) and MDL Counsel should receive $3,509,423 (63/78 x $4,345,000).

[5] In fact, in his Report and Recommendation, the Special Master stated:

> "I am persuaded by the arguments of Texas Counsel, supported by time records and contemporaneous emails, that they came into the case at the behest of Louisiana Counsel, in part because of the additional firepower and credibility they would bring to her status as lonely objector; that Ms. Wheelahan was responsible in part for their relatively passive role before the rejection of the Second Proposed Settlement; ***and that they contributed substantially to the final result, including by conducting essential legal analysis and fronting the expenses of hiring helpful expert witnesses.*** Louisiana Counsel exaggerate their contribution relative to that of Texas Counsel. . . ."

(Dkt. No. 689 at 53, Report and Recommendation of Special Master, at 39, attached to Court's December 9, 2009 Order, emphasis added.) Similarly, this Court stated that, along with Wheelahan, Texas Counsel "definitely led or helped to lead to the settlement of this very difficult case, and I congratulate you for that." (April 14, 2009 Hr'g Tr. at 10.)

5

the Seventh Circuit from awarding additional fees to Texas Counsel, which is why Texas Counsel files this motion pursuant to the Court's continuing jurisdiction.

## IV. Conclusion

For the foregoing reasons, Texas Counsel respectfully request that the Court grant this motion and award Texas Counsel an additional $835,577 for the work completed on behalf of the Settlement Class.

                                          Respectfully submitted,

By:   /s/ Michael A. Caddell
       Michael A. Caddell
       Cynthia B. Chapman Cory S. Fein
       Caddell & Chapman
       1331 Lamar, Suite 1070
       Houston TX 77010-3027
       Telephone: (713) 751-0400
       Facsimile: (713) 751-0906

By:   /s/ Mitchell A. Toups
       Mitchell A. Toups
       Weller, Green, Toups & Terrell, L.L.P.
       2615 Calder St., Suite 400
       Beaumont TX 77010-3027
       Telephone: (409) 838.0101
       Facsimile: (409) 832.85577

       Counsel for Plaintiff, Donald Jowers

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on February 7, 2011, a copy of the foregoing has been filed on the Court's ECF system.

                                        /s/ Cynthia B. Chapman
                                        Cynthia B. Chapman