UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| In re TRANS UNION CORP. PRIVACY LITIGATION | ) ) ) | Lead Case No. 00CV4729 |
| | ) | MDL Docket No. 1350 |
| This Document Relates To: | ) ) ) | Judge Robert W. Gettleman |
| ALL ACTIONS. | ) ) ) | Magistrate Judge Michael T. Mason |

**MDL COUNSEL'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ORDER CLARIFYING THE COURT'S ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND JUDGMENT**

607882_1

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...................................................................................................... 1

II. ARGUMENT.............................................................................................................. 1

    A.  MDL Counsel Did Not Reveal Any Confidential Mediation Information.............. 1

    B.  The Court Did Not Rule on the Issue Presented by MDL Counsel's
        Motion ................................................................................................................ 2

    C.  Payment of Any Portion of the Collective Demand of $735 Million Is
        Inconsistent with the Terms of the Settlement and This Court's Judgment ........... 3

    D.  MDL Counsel Do Not Contest Post-Settlement Claimants' Right to Pursue
        an Individual Recovery......................................................................................... 5

    E.  Settlement Class Counsel Do Not Have a Conflict of Interest................................ 5

III. CONCLUSION .......................................................................................................... 6

## I.      INTRODUCTION

Trans Union LLC ("TU"), Watts Guerra Craft LLP ("Watts") and Cooper & Elliott, LLC ("Cooper") oppose MDL Counsel's Motion for Order Clarifying the Court's Order Granting Final Approval of Settlement and Judgment, insisting that the Judgment must be interpreted in a manner that favors them to the detriment of the majority of Settlement Class Members.  On the other hand, the Judgment prohibits reimbursement to TU from the Settlement Fund for any payments made to the vast majority of the Post-Settlement Claimants ("PSCs"), who Settlement Class Counsel believe are pursuing their claims as mass-aggregated actions or demands.  As a result, it would be prudent for the Court to clarify the meaning of the release and bar language contained in the Court's Judgment.

Moreover, as explained below, (1) MDL Counsel did not reveal any confidential mediation information; (2) the issue before the Court on this motion has not been ruled on by the Court; (3) Settlement Class Counsel do not seek to infringe any class member's due process rights; and (4) Settlement Class Counsel do not have a conflict in their representation of the Settlement Class.

## II.     ARGUMENT

### A.      MDL Counsel Did Not Reveal Any Confidential Mediation Information

MDL Counsel did not reveal any confidential information about potential settlement offers/demands in their opening brief as MDL Counsel had no knowledge of any such offers/demands made by TU or counsel for the PSCs during the mediation.  The statement that "MDL Counsel understood that at the conclusion of mediation TU intends to seek this Court's approval for payment of the majority of the remaining Settlement Fund to PSCs" was not based on any statements made by any participant in the mediation pending before Magistrate Judge Mason.

607882_1

To the contrary, MDL Counsel's statement was based on a conclusion reached after considering publicly available facts.

First, the PSCs have demanded an aggregate sum of over $735 million in their complaints and demand letters. *See* Declaration of Michael O'Neil, Exhibits B to N (Docket No. 788-2 through 788-14).[1]

Second, TU has taken the position in its filings that it has the right to use all of the cash remaining in the Settlement Fund to pay PSCs. *See, e.g.*, TU's motion for declaration of rights (Docket No. 775) and TU's motion to enjoin (Docket No. 787-1).

Third, non-confidential communications between TU and Settlement Class Counsel – months before the mediation process was set up – made it clear to MDL Counsel that TU would – if it needed to – use all of the remaining cash in the Settlement Fund to pay off PSCs and their lawyers. This is a non-issue. No settlement communications have been disclosed by anyone. This issue was simply manufactured to try to put Settlement Class Counsel on the defensive.

**B.     The Court Did Not Rule on the Issue Presented by MDL Counsel's Motion**

Contrary to TU's and Watt's assertions, TU's motion to enjoin did not ask the Court to rule on whether any of the PSCs' actions or demands were prohibited by the Court's Judgment. Instead, TU sought to enjoin PSCs from prosecuting actions in other jurisdictions. While TU took the

---

[1]     The Watts firm has demanded $10,000 each for 69,608 claimants (Docket No. 788-2, 3); the firm of Skaar & Feagle, LLP has demanded $100 to $1,000 each for 131 claimants (Docket No. 788-7); the Cooper firm has demanded $1,000 each for 10,081 claimants (Docket No. 788-8); Provost Umphrey Law Firm, L.L.P. has demanded $4,250 each for its 1,019 claimants (Docket No. 788-9); the Blankenship Harrelson & Linton, LLC firm has demanded $9,350 each for 467 claimants (Docket No. 788-10); the Brodsky & Smith, LLC firm has demanded $1,000 each for 47 claimants (Docket No. 788-11); Edward W. Cochran has demanded $1,000 each for 18,877 claimants plus $20,000 in punitive damages (Docket No. 788-12); N. Albert Bacharach, Jr., P.A. has demanded $4,000 each for 246 claimants (Docket No. 788-13); and Joseph S. Tann, Jr. has demanded $1,000 each for 20 claimants plus $500 each for attorneys' fees (Docket No. 788-14).

- 2 -

position that "the majority of [post-settlement] lawsuits take the form and assert claims expressly prohibited by this Court's order" (Docket No. 787-1 at 1), TU did not seek a ruling nor did it get a ruling on whether the collective aggregated claims brought by PSCs are the type of claims the parties attempted to prevent from sharing in the settlement proceeds. Therefore, the Court did not rule on the aggregation issue and simply denied TU's motion to enjoin prosecution in other jurisdictions (Docket No. 814).

      **C.**      **Payment of Any Portion of the Collective Demand of $735 Million Is Inconsistent with the Terms of the Settlement and This Court's Judgment**

The post-settlement claims are lawyer-driven actions/demands brought in response to aggressive solicitation campaigns which attempt to take advantage of what PSCs' lawyers perceived as a large pot of gold and a loop-hole in the Judgment. The Judgment must be clarified to close this perceived loophole, or the Court must decide what TU is proposing to do is permissible under the Judgment.

The post-settlement claims advanced by the PSCs' lawyers are not individual "cases" (Docket No. 836 (Watts Opp.) at 7); they are Aggregated ("Mass") Actions which are specifically released by the Stipulation of Settlement ("Stipulation") and Judgment in this case. *See* Docket No. 847 (Morse Reply) at 5-9; Docket No. 462-3 (Stipulation) at ¶1.3. The PSCs' lawyers claim that the "failure to show any ambiguity in the contract is fatal to [MDL Counsel's] motion" is a red herring. Docket No. 836 (Watts Opp.) at 5-6. The terms of the Settlement unambiguously bar class members from pursuing class actions. The term "class actions" while not defined in the Settlement, should be construed consistent with its ordinary meaning and the intent of the parties, which includes mass actions like the ones at issue here. Docket No. 847 (Morse Reply) at 7; *see also Shakman v. Democratic Org.*, No. 69 C 2145, 1997 U.S. Dist. LEXIS 6029, at *11-*12.

607882_1

The legal standard is clear. Settlement agreements are interpreted according to contract principles. *Laserage Tech. Corp. v. Laserage Labs., Inc.*, 972 F.2d 799, 802 (7th Cir. 1992). The construction and enforcement of settlement agreements are, as with any contract, governed by state law. *Id.* The fundamental question when interpreting a contract under Illinois law is not whether a given term is ambiguous, but whether the interpretation advanced "'give[s] effect to the intent of the parties as expressed by the terms of the agreement.'" *Id.* (citation omitted); *see also Lowrance v. Hacker*, 888 F.2d 49, 51 (7th Cir. 1989) ("The overriding goal of contract interpretation is to give effect to the reasonable expectations of the parties."). Moreover, in Illinois "the intent of the parties to a contract must be determined with reference to the contract as a whole, not merely by reference to particular words or isolated phrases, but by reviewing each part in light of the others." *Air Line Stewards & Stewardesses Assoc., Local 550 v. Trans World Airlines*, 713 F.2d 319, 321 (7th Cir. 1983).

The fact that disguised mass actions are not included within the definition of "Aggregated Actions" in the Settlement (Stipulation at ¶1.3) does not imply that they are permitted; it simply means that the parties could not have reasonably expected them. This technical isolated omission should not be construed in a manner which defeats the clear intent of the Settlement. MDL Counsel obviously would not have agreed to permit class members to pursue disguised mass actions (*i.e.*, bundled individual claims), because doing so would permit easy circumvention of the provision barring future aggregated actions. The clear purpose of the Judgment's prohibition on class and aggregated actions was to prevent exactly what is happening here: lawyer-solicited and lawyer-driven demands for what remains in the Settlement Fund, which could very well have the effect of excluding Settlement Class Members who timely elected and filed claims for a cash benefit, or dramatically reducing their cash benefits. Because the Judgment bars the procedural right to bring class and aggregated actions, any claims or demands pursued through such a prohibited procedure

- 4 -

607882_1

must also be prohibited no matter how they are styled. *See, e.g.*, *In re "Agent Orange" Prod. Liab. Litig.*, 996 F.2d 1425, 1431, 1437 (2d Cir. 1993) (affirming district court's dismissal of plaintiffs' claims where those claims were released by a settlement in a federal class action).

**D.    MDL Counsel Do Not Contest Post-Settlement Claimants' Right to Pursue an Individual Recovery**

MDL Counsel have not taken the position that PSCs cannot pursue their lawsuits or demands against TU as individual actions. However, MDL Counsel object to any payments to PSCs from the Settlement Fund to the extent they are paid as a result of the lawyer-driven and aggregated actions/demands currently being mediated. There is absolutely no difference in the pending claims of PSCs and those brought and litigated by MDL Plaintiffs for over 10 years. It would be fundamentally unfair to treat these individuals better simply because they were solicited by a small group of lawyers over the internet after years of litigation, after years of settlement negotiations, and after the Settlement Fund had been created by others for the benefit of those who timely filed claims, or who decided to pursue their rights on their own in an individual action. The purpose for the reservation of individual class members' right to sue was to protect their right to *pursue* their claims (not necessarily prevail on those claims) for individual injuries that would not be appropriate to bring or settle on a class-wide basis. The Settlement Fund was not set up so a few lawyers could solicit, pursue, and then settle, very late in the game, exactly the same claims that had already been litigated and settled by class counsel.

**E.    Settlement Class Counsel Do Not Have a Conflict of Interest**

Settlement Class Counsel were appointed to represent the interests of the Settlement Class as a whole and will continue to pursue what is in the best interests of the class as a whole. Settlement Class Counsel do not have a conflict of interest with the purported 104,000 PSCs who have their own counsel and are pursuing claims and demands that are at odds with the interests of other

Settlement Class Members. Under these circumstances, Settlement Class Counsel's duty is to the majority of the Settlement Class Members.

Who is going to protect the Settlement Fund? TU will not. It has no motivation to do so. TU simply wants to get rid of the problem and understandably doesn't want to spend any more money doing so. Therefore, TU is more than willing to use all of the remaining funds to get rid of the problem. Counsel for the PSCs will not protect the Settlement Fund. They have no motivation to do so either. To the contrary, it is *strongly* in their own financial self-interest to take as much of the Settlement Fund as they can possibly get their hands on, given the fact that they required each of their "clients" to sign a retainer agreement that gives them between 40% and 50% or more of any amount they recover, as a condition of representing them.[2]

Settlement Class Counsel, on the other hand, have no financial stake in this outcome. They cannot profit from the result either way. They simply want to make sure the right thing is done, and that the remaining funds are distributed fairly and equitably among Settlement Class Members, and that a disproportionate amount of those funds are not used to pay off lawyers.

## III. CONCLUSION

For the reasons set forth herein and in MDL Counsel's Motion for Order Clarifying the Court's Order Granting Final Approval of Settlement and Judgment, MDL Counsel respectfully request the Court to grant their motion.

---

[2] An amount which will easily exceed, on an hourly basis, the amount Settlement Class Counsel received for litigating and settling the case, and creating the Settlement Fund.

607882_1

DATED:  February 9, 2011

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOY ANN BULL
ERIC I. NIEHAUS


                    s/ Joy Ann Bull
_____
                  JOY ANN BULL

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

LAW OFFICES OF JON W. BORDERUD
JON W. BORDERUD
2831 South Holt Avenue
Los Angeles, CA  90034
Telephone:  310/621-7004
310/207-2748 (fax)

RIGHETTI LAW FIRM
MATTHEW RIGHETTI
456 Montgomery Street, Suite 1400
San Francisco, CA  94104
Telephone:  415/983-0900

Co-Lead Counsel for Plaintiffs

607882_1

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 9, 2011.

s/ Joy Ann Bull
JOY ANN BULL

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:Joyb@rgrdlaw.com

607882_1

# Mailing Information for a Case 1:00-cv-04729

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Kimball Richard Anderson**
  kanderson@winston.com,ECF_CH@winston.com

- **Steve W. Berman**
  steve@hbsslaw.com

- **Brian P. Brooks**
  bbrooks@omm.com

- **Joy Ann Bull**
  joyb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Michael A. Caddell**
  mac@caddellchapman.com,fdl@caddellchapman.com,csf@caddellchapman.com

- **Charles Horne Cooper , Jr**
  chipc@cooperelliott.com,tammym@cooperelliott.com,loris@cooperelliott.com

- **Cooper & Elliott**
  chipc@cooperelliott.com

- **Peter J. Donoghue**
  peter.donoghue@dlapiper.com,docketingchicago@dlapiper.com

- **Thomas Arthur Doyle**
  tadoyle@saundersdoyle.com

- **Daniel A. Edelman**
  courtecl@edcombs.com,dedelman@edcombs.com

- **Paula Davis Friedman**
  paula.friedman@dlapiper.com,docketingchicago@dlapiper.com

- **Oren S. Giskan**
  ogiskan@gslawny.com

- **Francis Richard Greene**
  fgreene@edcombs.com,courtecl@edcombs.com

- **David M. Holmes**
  Dave.Holmes@wilsonelser.com,Sheri.Lawrence@wilsonelser.com

- **Roger L. Longtin**

roger.longtin@dlapiper.com

- **Warren Lupel**
  wlupel@lw-llp.com

- **Michael C. O'Neil**
  michael.oneil@dlapiper.com,docketingchicago@dlapiper.com,lisa.skilnik@dlapiper.com

- **Elayna Tau Pham**
  epham@jenner.com

- **Richard J. Prendergast**
  rprendergast@rjpltd.com,jharms@rjpltd.com,rlavko@rjpltd.com

- **Terry Rose Saunders**
  trsaunders@saundersdoyle.com

- **David J. Scriven-Young**
  dscriven-young@pecklaw.com,mcoty@pecklaw.com,acustardo@pecklaw.com

- **Amy L Stewart**
  astewart@roselawfirm.com,jgardner@roselawfirm.com,aezell@roselawfirm.com

- **Ryan L Thompson , 2004**
  gpalmer@wgclawfirm.com

- **Mitchell A. Toups**
  matoups@wgttlaw.com,jgordon@wgttlaw.com

- **Mikal C Watts**
  amayorga@wgclawfirm.com

- **Dawn Adams Wheelahan**
  dwheelahan@aol.com

- **James Donehoo Wilson**
  jwilson@shefskylaw.com,sfdocket@shefskylaw.com

- **Craig H. Zimmerman**
  czimmerman@mwe.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
John Bentz
Class Action Fairness Group
2 Clock Tower Place
```

Suite 260G
Maynard, MA 01754

**Jon W Borderud**
The Borderud Law Group
2831 South Holt Avenue
Los Angeles, CA 90034

**Alan S. Kopit**
Hahn, Loeser & Parks
200 Public Square
3300 BP America Building
Cleveland, OH 44114-2301

**Mark C Laughlin**
Fraser Stryker Vaughn Meusey Olson Boyer & Bloch, P.C.
409 South 17th Street
500
Omaha, NE 68102

**Alan M Mansfield**
Lerach Coughlin Stoia Geller Rudman & Robbins
655 West Broadway
Suite 1900
San Diego, CA 92101

**Vashon McIntyre**
1562 Vyse Avenue
Bsmt Apt.
Bronx, NY 10460

**Eric I. Niehaus**
Robbins Geller Rudman & Dowd LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

**John J Pentz**
Class Action Fairness Group
2 Clock Tower Place
Suite 260G
Maynard, MA 01754

**Matthew Righetti**
Righetti & Wynne
456 Montgomery Street
Suite 1400
San Francisco, CA 94104

**Robert B Roden**
Shelby & Cartee, LLC
2956 Rhodes Circle
Birmingham, AL 35205

**Jeffrey L Weinstein**
518 East Tyler Street
Athens, TX 75751

**Jeffrey L Weinstein**
518 East Tyler Street

Athens, TX 75751