**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: Trans Union Corp. | ) | Case No. 00 CV 4729 |
| Privacy Litigation | ) | MDL Docket No. 1350 |
| | ) | Judge Robert W. Gettleman |
| | ) | Magistrate Judge Michael T. Mason |

**WATTS GUERRA CRAFT LLP'S RESPONSE TO THE NEW, BUT EQUALLY FLAWED, ARGUMENTS BY MDL COUNSEL AND WHEELAHAN IN SUPPORT "OF CLARIFYING" THE COURT'S FINAL APPROVAL ORDER**

**I.  INTRODUCTION**

Having spilled many pages of ink arguing that this Court should "clarify" or amend its Final Approval Order by holding that the Post Settlement Claims are "aggregated actions," MDL Counsel and Dawn Wheelahan now abandon that argument in favor of a new (but equally flawed) argument—namely, that the Post Settlement Claims are really "class actions" under the parties Stipulation of Settlement as implemented in this Court's Final Approval Order. Docs. 847, 848, and 849. Watts Guerra Craft ("WGC"), which represents many of the Post Settlement Claimants, hereby replies to this new argument.

This Court should reject Movants' new argument for several reasons. First, it was raised for the first time in their reply briefs, and without good cause. Second, and more importantly, Movants' argument is untethered (once again) to the definitions that the parties agreed to in their Stipulation of Settlement. Ignoring the very documents that control the settlement of this case—documents they signed—Movants baldly state: "The term 'class actions' ***while not defined in the Settlement***, should be construed consistent with its ordinary meaning and the intent of the parties, which includes mass actions like the ones at issue here." Doc. 848 at 3 (emphasis added). But the term "class action" *is* defined in both the Stipulation of Settlement and Final Approval Order:

"Class Action" *shall* mean an action brought by one or more individual plaintiffs on behalf of a class of similarly situated persons under any applicable state or federal statute or rule, whether certified or uncertified.

Docs. 462-3 at 5, ¶ 1.7 and 515 at 3, ¶ 1(d) (emphasis added). Under this unambiguous and binding definition, the Post Settlement Claims are not "class actions"—just as they are not "aggregated actions" under Movants' previous, but now abandoned, argument.

## II. ARGUMENT

### A. Movants Have Abandoned Their Argument That WGC's Lawsuits Are "Aggregated Actions."

In their Motion to Clarify, MDL Counsel contended that "Virtually All of the Post-Settlement Claims Are Prohibited Aggregated Actions." Doc. 823 at 4. Likewise, Wheelahan stated that she "join[ed] MDL Settlement Class Counsel in asking this court (1) to confirm that the term 'aggregated' in the settlement agreement (Doc. 515) means what the dictionaries—all of them—say it means; and (2) to confirm that Trans Union may not take reimbursement from the settlement fund for any payments to settle prohibited, aggregated claims." Doc. 824 at 1. Neither MDL Counsel nor Wheelahan based their Motion to Clarify on the notion that the asserted Post Settlement Claims are "class actions," much less explained how the Settlement's definition of that term could be read to cover the individual post-settlement claims at issue.

In response, we demonstrated that the Stipulation of Settlement definition of "aggregated action" controls and that, under this definition, the Post Settlement Claims asserted by WGC on behalf of its clients are not "aggregated actions." Doc. 836 at 5-9. But rather than address any of our arguments—or even support their motion with further explication of their "aggregated action" argument—Movants have filed "replies" that abandon their "aggregated action" theory and advance an entirely new position that the WGC clients' individual lawsuits somehow constitute a "class action."

For example, after conceding that, originally, "Counsel asked the court to clarify the term 'aggregated,'" Wheelahan now argues that "clarify[ing] the term 'aggregated' … won't resolve the parties' dispute … It is the injunction against class actions, including mass actions, that prohibits class members from participating in the post-settlement maelstrom [WGC] has stirred up." Doc. 847 at 2. Likewise, MDL Counsel focuses on why she believes the WGC lawsuits are prohibited as "class actions" rather than addressing any of WGC's arguments for why they are not "aggregated actions." And Texas Counsel, after filing a motion (Doc. 827) that joined MDL Counsel's request for a ruling that Trans Union was not entitled to seek reimbursement for settlement funds that might be paid to post settlement claimants under some hypothetical settlement, now reverses course and argues that MDL Counsel's motion seeks an improper advisory opinion. Doc. 849 at 1. One needs a score card to keep track of all the flip-flopping.

As a procedural matter, this Court is well within its discretion to deny MDL Counsel's Motion to Clarify because Movants have abandoned the premise of their motion and have belatedly raised a new argument in their reply brief. It is settled that a "district court is entitled to find that an argument raised for the first time in a reply brief is forfeited." *Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009). Plaintiffs' motion can and should end here.

      **B.**      **Movants' New "Class Action" Argument Is Meritless.**

Should the Court elect to consider the merits of Movants' new argument, there is no question that it lacks merit. Movants' new argument rests on the proposition that the term "class action" is "not defined in the Settlement" or the Final Approval Order. Doc. 848 at 2, 3. But that premise is false: The Stipulation of Settlement and Final Order unambiguously define "Class Action" as "***an action*** brought by one or more individual plaintiffs ***on behalf of a class*** of

similarly situated persons under any applicable state or federal statute or rule, whether certified or uncertified." Docs. 462-3 at 5, ¶ 1.7 and 515 at 3, ¶ 1(d) (emphasis added)).

As MDL Counsel concedes, "[s]ettlement agreements are interpreted according to contract principles" (Doc. 848 at 4 (citation omitted)), and it is black-letter law that a contract must be ambiguous before a court may resort to extrinsic evidence to construct it. *Temme v. Bemis Co., Inc.*, 622 F.3d 730, 734 (7th Cir. 2010). Indeed, Wheelahan's own authorities hold that "where the plain terms of a court order unambiguously apply … they are entitled to their effect." *Travelers Indemnity Co. v. Bailey*, 129 S. Ct. 2195, 2204 (2009). And, of course, "injunctions should be construed narrowly in order to make sure that the persons subject to an injunction have clear notice of what they are prohibited from doing." *Schering Corp. v. Ill. Antibiotics Co.*, 62 F.3d 903, 906 (7th Cir. 1995).[1] All of these principles confirm that Movants' newfound basis for their "Motion to Clarify" should be rejected.

The Final Order enjoined class members from filing or participating in post-settlement claims "as either named plaintiffs or class members in any Class Action"—in any "***action*** brought by one or more individual plaintiffs ***on behalf of a class*** of similarly situated persons under any applicable state or federal statute or rule, whether certified or uncertified." Doc. 515 at 13, ¶ 16; *id.* at 3, ¶ 1(d) (emphasis added). WGC filed 69,608 separate actions—each unique to a particular client—not a single action. Decl. of Mikal Watts ¶ 8, attached as Ex. C to Doc. 803 ("Watts Decl."). WGC prepared for each client an individual petition entitled "Plaintiff's Original Justice Court Petition," containing the unique plaintiff's name and address (and none other) and a unique caption and cause number. *Id.* ¶¶ 5-7. In fact, each client's petition

---

[1] Wheelahan's suggestion that we "neglect[ed] the injunction in [our] papers, arguing a contract dispute instead" when "[i]t is the injunction that is controlling" (Doc. 847 at 1) is a verbal sleight of hand, and is frankly absurd. The injunction was based on, and embodied in, the settlement agreement between the parties—which remains a binding contract.

disclaimed anything but individual relief: "Plaintiff asserts herein *Plaintiff's* Post-Settlement Claim *and no other claims*. To the extent the allegations herein may support state or federal claims beyond *Plaintiff's Post-Settlement Claim*, Plaintiff (a) *expressly disavows such other claims*." O'Neil Decl., Ex. C Doc. 788-3 (emphasis added). Movants cannot point to a single action brought "*on behalf of a class* of similarly situated persons." None exists. *See also* Doc. 836 (WGC's Corrected Opp'n) at 5-9. And if there were any doubt on this score, the rule that injunctions must be "construed narrowly in order to make sure that the persons subject to an injunction have clear notice of what they are prohibited from doing" would compel the same result. *Schering Corp.*, 62 F.3d at 906.

Oblivious to the express definition of "class action" in the operative Stipulation of Settlement and Final Approval Order, Movants attempt to invoke authorities involving "the definition of mass action"—yet a third term—under the Class Action Fairness Act ("CAFA"). Doc. 847 at 9. Citing *Bullard v. Burlington North. Santa Fe Rwo. Co.*, 535 F.3d 759 (7th Cir. 2008), they say "that the actions [WGC is] prosecuting … comprise a mass action, and thus, a class action." Doc. 847 at 9. Movants are making it up as they go along.

*Bullard* held that CAFA authorized the removal of a "mass action" filed on behalf of 144 plaintiffs in state court. 535 F.3d at 762. As the court explained, CAFA "defines 'class action' to include any 'mass action,' which per § 1332(d)(11)(B)(i) is a suit 'in which monetary relief claims of 100 or more persons are proposed to be tried jointly.'" *Id*. at 761; *see also* 28 U.S.C. § 1332(d)(11)(B)(i). CAFA further requires, as a condition of removal, that a "mass action" involves a situation in which "*at least one plaintiff demands $75,000*, the stakes of the action as a whole exceed $5 million, and minimal diversity of citizenship exists. 28 U.S.C. § 1332(d)(11)." 535 F.3d at 761. But *Bullard* has no application here where CAFA is not at issue, much less

where a binding definition of "class action" is set forth in both a settlement agreement and a final court order. And even if the CAFA definition did apply, it would not be satisfied where, as here, no single action was filed on behalf of multiple plaintiffs, each plaintiff expressly disavowed class relief, each plaintiff demanded an individual trial, and each plaintiff seeks no more than $10,000 in damages. As the Seventh Circuit there acknowledged, "one complaint implicitly proposes one trial." *Id.* at 762.

Finally, as with Movants' "aggregated action" argument, adopting their strained definition of "class action" would turn expressly individual claims into "class actions" simply because more than one claimant used the same lawyer. But as we have explained (Doc. 836 at 8-9), this Court expressly contemplated that there would be situations in which a "bunch of people" hired the same lawyer and filed "a bunch of lawsuits" to pursue post-settlement claims. 9/10/08 Tr. 18:4-18 (Doc. 708). And given the number of available lawyers, if "class action" were read to cover actions brought by one individual using counsel that have separately been retained by others bringing PSC claims, that would effectively bar a host of class members from exercising their individual rights to sue TU—an absurd result that would strip much of the Settlement language of meaning.

At bottom, Movants' new argument is wrong; it is divorced from the plain language of the Stipulation of Settlement and Final Approval Order; and it would produce absurd results that were never disclosed to any class member in the notices authorized by this Court.

    **C.**    **Class Counsels' Miscellaneous "Hail Mary" Arguments.**

In almost a random stream-of-consciousness style that is difficult to understand, Wheelahan and MDL counsel offer a variety of other arguments. These arguments are frivolous, and we deal with them summarily below.

### 1. Whether A PSC Claim Is "Lawyer-Driven" Is Irrelevant To Whether It Is An "Aggregated Action" Or A "Class Action" Under The Settlement.

Asserting that the terms of the Settlement must be interpreted according to "'the intent of the parties,'" MDL Counsel asserts that "the clear purpose of the Judgment's prohibition on class and aggregated actions is to prevent" lawsuits that are "lawyer-driven." Doc. 848 at 4 (citation omitted). But even setting aside the fact that, by MDL Counsel's definition, the MDL class action itself was a "lawyer-driven" action, her own authorities acknowledge that courts must give effect to "the intent of the parties *as expressed by the terms of the agreement*." *Laserage Tech. Corp. v. Laserage Labs., Inc.*, 972 F.2d 799, 802 (7th Cir. 1992) (emphasis added). *Accord Cromeens, Hollowman, Sibert, Inc. v. AB Volvo,* 349 F.3d 376, 394 (7th Cir. 2003) ("An agreement, when reduced to writing, must be presumed to speak the intention of the parties who signed it. It speaks for itself, and the intention with which it was executed must be determined from the language used. It is not to be changed by extrinsic evidence." (quoting *West. Ill. Oil Co. v. Thompson*, 186 N.E.2d 285 (Ill. 1962))); *Lewitton v. ITA Software, Inc.,* 585 F.3d 377, 380 (7th Cir. 2009) ("Only if the 'contract's language is susceptible to more than one interpretation' would [the Court] look to extrinsic evidence to determine the parties' intent." (quotation omitted)). As we have already explained, MDL Counsel is simply wrong to assert that "[t]he term 'class actions' [is] not defined in the Settlement." Doc. 848 at 3. And one will search the Settlement's terms in vain for any prohibition on individual post-settlement actions involving one plaintiff, or any language tying the meaning of "aggregated" or "class" actions to whether they are "lawyer-driven." That should be the end of the matter.

### 2. Multiple Actions' Post-Settlement Claims Were Not Unexpected.

In a similar vein, MDL Counsel argues that "[t]he fact that disguised mass actions are not included within the definition of "Aggregated Actions" in the Settlement does not imply that they are permitted; it simply means that the parties could not have reasonably expected them." Doc. 848 at 4 (citation omitted). But as the exchange from the fairness hearing quoted above (at 6) confirms, multiple individual actions by the same lawyer *were* contemplated. Moreover, that the parties expected such post-settlement claims is evident from the structure of the Settlement and the class notices. In fact, the Settlement explains in detail the process for allocating the money remaining in the Settlement Fund after post-settlement claimants are paid. Docs. 462-3 at 14-15, ¶ 2.1(b)(vi) and 515 at 15, ¶ (f). The "funds remaining in the Settlement Fund, if any," should be distributed to the remaindermen unless the claims paid to post-settlement claimants have depleted the Settlement Fund to the point where this would not be practical. *Id.* Under these circumstances, the remaining funds are donated to a charitable institution. *Id.* The notion that this was all "unexpected" finds no support in the record or the governing documents.

### 3. The Purported Similarity Between The Post-Settlement Claims And Those Asserted By MDL Counsel Is Totally Irrelevant.

MDL Counsel next says "[t]here is absolutely no difference in the pending claims of PSCs and those brought and litigated by MDL Plaintiffs for over 10 years." Doc. 848 at 5. To the extent that MDL Counsel is suggesting that the *substance* of the pending PSC *claims* should be different, that argument is foreclosed by the terms of the Settlement—which states that for a claim to qualify as a "post-settlement claim" it must "aris[e] out of, or relat[e] to, the facts and claims alleged in the Actions concerning Defendants' alleged distribution of Target Marketing lists or related information or concerning Firm Offer claims alleged in any of the MDL Actions, the Andrews Action, or the Frey Action." Doc. 515 at 6, ¶ (u). It should be no surprise to anyone, therefore, that WGC filed complaints stating substantive claims for relief identical to

those asserted in the MDL Class Action Complaint to ensure that the actions met the Settlement's definition of a PSC. Had the claims been any different, they would have been "joined actions,"[2] which are barred by this Court's injunction. Doc. 515 at 13 ¶ 16.

But to the extent that MDL Counsel is suggesting something more—that the 69,608 *separate actions* brought by individuals represented by WGC are akin to the single Class Action brought by MDL Counsel—that assertion is untenable. None of the individual actions asserts a claim for relief on behalf of a class of similarly situated persons, or on behalf of anyone but the individual named in the complaint. Indeed, any such relief is disclaimed. *See supra* at 4-5.

### 4. Wheelahan's Due Process Argument Is At Best Bizarre.

Next, Wheelahan argues that "due process does not require allowing mass actions." Doc. 847 at 3. That may or may not be the case, but we have not argued that the terms of the Final Approval Order constitute a denial of due process. Rather, our point is that *changing* the terms of the injunction, as urged by Wheelahan, would violate the due process rights of class members who relied on the Notice of Settlement's confirmation that the right to bring individual claims would be preserved. Doc. 836 at 12-14. Wheelahan's response casts no doubt on our showing that this would violate the Constitution.

### 5. Post-Settlement Claimants' Attorney Fees Are Irrelevant To The Definition Of "Class Action."

Finally, Texas Counsel spends the last three pages of his Reply arguing about the amount of attorneys' fees that PSC counsel may hypothetically receive. Doc. 849 at 5-7. But Texas Counsel does not explain how this (ad hominem) attack on PSC counsel is related to the original motion to "clarify." It is not.

---

[2] The term "joined actions" is defined as "any action in which any plaintiff asserts both (a) Post-Settlement Claims, and (b) claims relating to any other subject matter whatsoever." Doc. 515 at 5, ¶ (n).

### III. CONCLUSION

For the foregoing reasons, and those stated in our responsive brief, WGC respectfully urges this Court to enter an Order denying MDL Counsel's Motion to Clarify and to impose the sanctions on Wheelahan as previously urged.

                                                              Respectfully submitted,

                                                              /s/ Kimball R. Anderson
                                                              Counsel for Watts Guerra Craft LLP

Kimball R. Anderson
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
(312) 558 5858

                                                              Dated: February 18, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 18, 2011.

/s/ Kimball R. Anderson
Counsel for Watts Guerra Craft LLP

Kimball R. Anderson
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
(312) 558 5858

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Kimball Richard Anderson**
  kanderson@winston.com, ECF_CH@winston.com

- **Steve W. Berman**
  steve@hbsslaw.com

- **Brian P. Brooks**
  bbrooks@omm.com

- **Joy Ann Bull**
  joyb@rgrdlaw.com, e_file_sd@rgrdlaw.com

- **Michael A. Caddell**
  mac@caddellchapman.com, jcd@caddellchapman.com, cam@caddellchapman.com

- **Peter J. Donoghue**
  peter.donoghue@dlapiper.com, docketingchicago@dlapiper.com

- **Thomas Arthur Doyle**
  tadoyle@saundersdoyle.com

- **Daniel A. Edelman**
  courtecl@edcombs.com, dedelman@edcombs.com

- **Paula Davis Friedman**
  paula.friedman@dlapiper.com, docketingchicago@dlapiper.com

- **Oren S. Giskan**
  ogiskan@gslawny.com

- **Francis Richard Greene**
  fgreene@edcombs.com, courtecl@edcombs.com

- **David M. Holmes**
  Dave.Holmes@wilsonelser.com, Sheri.Lawrence@wilsonelser.com

- **Roger L. Longtin**
  roger.longtin@dlapiper.com

- **Warren Lupel**
  wlupel@lw-llp.com

- **Michael C. O'Neil**

michael.oneil@dlapiper.com, docketingchicago@dlapiper.com,
lisa.skilnik@dlapiper.com

- **Elayna Tau Pham**
  epham@jenner.com

- **Richard J. Prendergast** rprendergast@rjpltd.com, jharms@rjpltd.com,
  rlavko@rjpltd.com

- **Terry Rose Saunders**
  trsaunders@saundersdoyle.com

- **David J. Scriven-Young**
  dscriven-young@pecklaw.com, mcoty@pecklaw.com, acustardo@pecklaw.com

- **Amy L Stewart** astewart@roselawfirm.com, jgardner@roselawfirm.com,
  aezell@roselawfirm.com

- **Ryan L Thompson, 2004**
  gpalmer@wgclawfirm.com

- **Mitchell A. Toups**
  matoups@wgttlaw.com, jgordon@wgttlaw.com

- **Mikal C. Watts**
  amayorga@wgclawfirm.com

- **Dawn Adams Wheelahan**
  dwheelahan@aol.com

- **James Donehoo Wilson**
  jwilson@shefskylaw.com, sfdocket@shefskylaw.com

- **Craig H. Zimmerman**
  czimmerman@mwe.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**John Bentz**
Class Action Fairness Group
2 Clock Tower Place
Suite 260G
Maynard, MA 01754

**Jon W. Borderud**
The Borderud Law Group
2831 South Holt Avenue
Los Angeles, CA 90034

**Alan S. Kopit**
Hahn, Loeser & Parks
200 Public Square
3300 BP America Building
Cleveland, OH 44114-2301

**Mark C. Laughlin**
Fraser Stryker Vaughn Meusey Olson Boyer & Bloch, P.C.
409 South 17th Street
500
Omaha, NE 68102

**Alan M. Mansfield**
Lerach Coughlin Stoia Geller Rudman & Robbins
655 West Broadway
Suite 1900
San Diego, CA 92101

**Vashon McIntyre**
1562 Vyse Avenue
Bsmt. Apt.
Bronx, NY 10460

**Eric I. Niehaus**
Robbins Geller Rudman & Dowd LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

**John J. Pentz**
Class Action Fairness Group
2 Clock Tower Place
Suite 260G
Maynard, MA 01754

**Matthew Righetti**
Righetti & Wynne
456 Montgomery Street
Suite 1400
San Francisco, CA 94104

**Robert B. Roden**
Shelby & Cartee, LLC
2956 Rhodes Circle
Birmingham, AL 35205

**Jeffrey L. Weinstein**
518 East Tyler Street
Athens, TX 75751

CHI:2498841.11

CHI:2498841.11

CHI:2498841.15