In The United States District Court
For The Northern District of Illinois
Eastern Division

In Re: TRANS UNION CORP
PRIVACY LITIGATION

This Document Relates To:
All Cases

Lead Case No. 00 cv 4729
MDL Docket No. 1350
Judge Robert Gettleman

Louisiana Settlement Class Counsel's Motion
for Order Awarding Interest on Judgment

1. Introduction and Summary

Louisiana Settlement Class Counsel, Dawn Adams Wheelahan, moves for interest on her attorney's fees, under Paragraphs 4.1 and 6.14 of the stipulation of settlement, which this court approved in all respects by judgment entered September 17, 2008.[1]

The governing decisions provide that interest on attorney's fees accrues from the date of the judgment entitling counsel to the fees, not from the date of the judgment establishing quantum[2] (nor, on the other hand, on lodestar amounts accrued monthly during the course of the litigation[3]). Wheelahan therefore seeks interest on the $4.125 million the Seventh Circuit found she was entitled to, from September 18, 2008 until December 9, 2009, when partial payment was made; and

---

[1] Doc. 515, Par. 9, Pg.ID 5433.

[2] *Water Technologies Corp. v. Calco Ltd.,* 714 F. Supp. 899, 910 (N.D.Ill. 1989), cited by *Bell, Boyd & Llloyd v. Tapy,* 896 F. 2d 1101, 1104 (7th Cir. 1990)

[3] *Fleming v. County of Kane*, 898 F. 2d. 553, 565 (7th Cir. 1990)

interest on the rest, $1.425 million, from December 10, 2009 until February 6, 2011, the day before the Seventh Circuit issued its mandate and the balance was paid.

If other counsel seek interest on their fees as the stipulation provides for, the total amount of fees and interest paid to all counsel will still be nearly $2.7 million *less* than the Seventh Circuit found counsel should have been awarded in fees; and, of course, the same amount less than what the stipulation provides Trans Union shall not object to, exclusive of expenses.[4]

## 2. Background Relevant To This Motion

This court's judgment approving the stipulation of settlement was entered on September 17, 2008.[5] Paragraph 4.1 of the stipulation entitles counsel to expenses, attorney's fees, and interest on fees, and provides that Trans Union shall remain neutral as to any fee and expense application that seeks less than 25% of the cash fund ($18.75 million), exclusive of expenses.[6]

Paragraph 6.14 provides that the stipulation shall be considered to have been negotiated, executed, delivered and wholly performed in the State of Illinois, and the rights and obligations of the parties shall be construed, enforced and governed by the internal, substantive laws of the State of Illinois.[7]

---

[4] Doc. 462-3, Par. 4.1, Pg ID 3483.

[5] Doc. 515, Pg. ID 5424.

[6] Doc. 462-3, Par. 4.1, Pg ID 3483.

[7] Doc. 462-3, Par. 6.14, Pg.ID 3488.

Counsel applied for fees totaling $17.95 million;[8] and a fee hearing was held in January, 2009.[9] But no fees were paid to counsel until nearly a year later, in December 2009;[10] and the balance of the fees owed to Wheelahan wasn't paid until February, 2011, after an appeal, wherein the Seventh Circuit found that "[s]o far as we can judge, had it not been for the efforts of Wheelahan and the Texas lawyer the class would indeed be poorer by $70 million;" and that the special master had consistently erred in favor of reducing fees, and had not made a case for paying counsel less than the stipulation provided for.[11]

There were two reasons for the delay in paying the attorney's fees. The first was that the magistrate presiding over fee negotiations among counsel misinterpreted emails Wheelahan sent other counsel, after Wheelahan refused to agree to the below-market fee he suggested; and then the court apparently thought that Wheelahan's post-judgment conduct, during fee negotiations, was relevant to the amount of fees awarded to counsel.[12]

This was mistaken because post-judgment conduct does not affect the amount of fees owed for obtaining the judgment. Counsels' fees were entirely

---

[8]Docs. 560, 564, 570.

[9]Doc. 574.

[10]Minute Entry, Doc. 688.

[11]*In re Trans Union Corp. Priv Litig. Appeal of: Dawn Adams Wheelahan*, 629 F. 3d 741, 747, 748 (7th Cir. 2011).

[12]Order of April 6, 2009, Doc. 591-2; Order of December 9, 2009, Doc. 688, Pg ID 8241.

earned at the time the judgment approving the settlement was entered, on September 17, 2008. So, if there was something about Wheelahan's conduct during the fee proceedings that the magistrate wanted to take issue with, that should have happened separately, in a properly-noticed sanctions proceeding comporting with due process, instead of appearing, unheralded, to the surprise of all, in the April 6, 2009 order. (And a proper proceeding would have shown that Wheelahan had done nothing wrong, as the special master eventually concluded.)

The second reason for the delay was that the court initially awarded significantly less than the market rate fee that the stipulation provided for, and instructed counsel to agree to apportion only that amount among them.[13] Wheelahan refused to do so, because establishing a below-market benchmark for contingency fees in a high-profile multidistrict litigation such as this would prejudice future plaintiffs seeking contingency representation: contingency counsel must be properly compensated for the risks they take, and expenses they advance, in order to justify those risks to their firms and co-counsel.

The court appointed a special master to determine the amount of fees and the so-called "ethical issues" pertaining to Wheelahan's emails. The court adopted his recommendation,[14] but the Seventh Circuit found it flawed, after Wheelahan

---

[13] Order of April 6, 2009, Doc. 591-2, Pg ID 7058-59.

[14] Docs. 688 and 689.

appealed. The Seventh Circuit awarded Wheelahan more fees;[15] then issued its mandate, which neglected to address interest as required under Fed. R App Proc. 37(b); then, on Wheelahan's motion, the Seventh Circuit recalled and re-issued the mandate with instructions about the district court determining interest.[16]

Counsel have continued to work, with no additional compensation, since entry of the September 17, 2008 judgment. And Wheelahan was required to invest a significant amount of time and expense, without reimbursement, to obtain a judgment from the Seventh Circuit finding that counsel were entitled to the $18.75 million in fees that the stipulation provided for.

Wheelahan seeks nothing for the additional work, or the appeal, and no reimbursement for a considerable sum of expenses accrued since September, 2008. But she is entitled to interest on her attorney's fees, as provided for by the stipulation, Paragraphs 4.1 and 6.14.

3.     Argument and Authorities

    A.     Dates Interest Began to Accrue

The Seventh Circuit has ruled that district court have no discretion to deny interest on judgments, including judgments awarding attorney's fees; and in an opinion cited by the Seventh Circuit, the Northern District of Illinois held that interest on attorney's fees accrues from the time of the judgment entitling the

---

[15] *In re Trans Union Corp. Priv. Litig.*, supra.

[16] Doc. 877.

attorney to the fee, not from the time of the judgment establishing quantum[17] (but not on amounts owed for lodestar hours accrued monthly during the course of litigation, either[18]).

Wheelahan therefore seeks interest on the $4.125 million the Seventh Circuit found she was entitled to, from September 18, 2008 until December 9, 2009, when partial payment was made, under the provisions of Illinois law as provided for by Paragraph 6.14 of the stipulation; and Wheelahan seeks interest on the $1.425 million not paid until the Seventh Circuit's mandate issued, from December 10, 2009 until February 6, 2011.

B. Rate of Interest

The stipulation provides for payment of attorney's fees, and interest on fees, from the settlement fund;[19] and separately, provides that the stipulation shall be considered to have been negotiated, executed, delivered and wholly performed in the State of Illinois, and the rights and obligations of the parties shall be construed, enforced and governed by the internal, substantive laws of the State of Illinois.[20]

Wheelahan therefore seeks interest under Illinois substantive law, 735 ILCS 5/2-1303, providing for interest on judgments, which states in pertinent part,

---

[17] *Water Technologies Corp. v. Calco Ltd.,* 714 F. Supp. 899, 910 (N.D.Ill. 1989), cited by *Bell, Boyd & Llloyd v. Tapy*, 896 F. 2d 1101, 1104 (7th Cir. 1990)

[18] *Fleming v. County of Kane*, 898 F. 2d. 553, 565 (7th Cir. 1990)

[19] Doc. 462-3, Par. 4.1, Pg.ID 3483.

[20] Doc. 462-3, Par. 6.14, Pg.ID 3488.

"Judgments recovered in any court shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied."[21]

### C. Calculation of Interest

The interest Wheelahan seeks is a significant sum, but so was the amount that her work added to the class recovery, and the length of time she was required to wait for what the Seventh Circuit judged to be a proper fee, after the end of a very lengthy multidistrict litigation.

Moreover, if interest is awarded to the other class counsel, at the same rate, it still will be nearly $2.7 million *less* than the $18.75 million that the Seventh Circuit found should have been awarded counsel in fees, under the stipulation.[22]

The attached charts were produced by interest-calculating software available at www.margill.com. Exhibits 2a and 2b calculate interest on the amounts owed to Wheelahan for the two time periods explained above, under Illinois law, pursuant to Paragraph 6.14 of the stipulation of settlement. For the court's information, Exhibit 3 calculates interest on the amount awarded to the group known as the "MDL Counsel," and Exhibit 4 calculates interest on the amount awarded to the Texas counsel, should these groups move for interest as the law entitles them to do.

Interest under Illinois law on the $4.125 million this court said Wheelahan was entitled to amounts to $454,654 from September 18, 2008 until December 9,

---

[21] A copy of the Illinois statute is attached as Exhibit 1.

[22] See exhibits 2, 3, 4 (tables calculating interest), Doc. 688 (awarding fees), and the Seventh Circuit's opinion, above, adding $1.425 million to Wheelahan's fee.

2009, when $2.722 million was paid; and $148,629 on the additional $1.425 million not paid then, from December 10, 2009 until February 6, 2011, for a total of $603,283.

4. Conclusion

Wheelahan respectfully moves for interest on the judgments awarding her attorney's fees, under Fed. R. App. Proc. 37 and as provided by Paragraph 4.1 of the stipulation of settlement, under the substantive provisions of Illinois law, as provided by Paragraph 6.14 of the stipulation, in the amount of $603,283.

Respectfully submitted,

/s/ **Dawn Adams Wheelahan**

Dawn Adams Wheelahan
5528 Loyola Avenue
New Orleans, Louisiana 70115
Telephone:   512-689-1153

Certificate of Service

Undersigned counsel hereby certifies that a copy of the foregoing has been served on all parties through their counsel by the court's ECF system, or by email, on March 29, 2011.

/s/ **Dawn Adams Wheelahan**