UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| In re TRANS UNION CORP. PRIVACY LITIGATION | ) ) ) | Lead Case No. 00CV4729 |
| | ) | MDL Docket No. 1350 |
| This Document Relates To: | ) ) ) | Judge Robert W. Gettleman Magistrate Judge Michael T. Mason |
| ALL ACTIONS. | ) ) ) | |

**MEMORANDUM IN SUPPORT OF MDL COUNSEL'S MOTION FOR
REIMBURSEMENT TO THE SETTLEMENT FUND**

622078_1

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...................................................................................................... 1

II.  FACTUAL BACKGROUND ..................................................................................... 2

III.  TRANS UNION SHOULD BE ORDERED TO REIMBURSE THE
SETTLEMENT FUND FOR ALL AMOUNTS THAT ARE ABOVE AND
BEYOND WHAT THE COURT DEEMS TO BE A REASONABLE FEE FOR
PSCS' COUNSEL UNDER THE CIRCUMSTANCES ........................................... 5

IV.  CONCLUSION ......................................................................................................... 9

622078_1

## I.    INTRODUCTION

In March 2011, Trans Union entered settlements with certain Post-Settlement Claimants ("PSCs"), paid $849,867.00 into the client trust accounts of attorneys representing those PSCs, and shortly thereafter obtained reimbursement of that sum from the Settlement Fund.

Pursuant to the Stipulation of Settlement, ¶2.1(b)(iv) ("Stipulation") (Dkt. No. 462-3), and pursuant to the Order Granting Final Approval of Settlement and Final Judgment, ¶24 ("Final Approval Order") (Dkt. No. 515), MDL Counsel hereby request that the Court order Trans Union to reimburse the Settlement Fund in the amount of $367,312.50, which represents the amount PSCs' counsel have received from these settlements pursuant to their 50% contingent fee agreements. MDL Counsel's objection is straightforward: Trans Union should not be reimbursed for agreeing to settlements that provide for such exorbitant attorneys' fees for a number of reasons, and the Court clearly has the express authority and consent of the parties to order such reimbursement. *See* Final Approval Order, ¶¶17(d) and 24 (Dkt. No. 515) ("Any dispute about the propriety of a reimbursement received by Trans Union shall be resolved by the Court. In the event the Court finds any such reimbursement amount improper, Trans Union shall return such amount, plus interest at the same rate earned on the Settlement Fund, to the Settlement Fund within 10 business days.").

First, the amount of such fees is grossly excessive and way out of proportion to the minimal amount of work performed by counsel for these PSCs. Second, Trans Union failed to inquire of these PSCs' counsel what their lodestars were or how much work they performed, nor did they negotiate or in any way attempt to limit the amount of attorneys' fees these PSCs' attorneys would receive. Third, Trans Union obviously elevated its own interests and those of PSCs' counsel over the interests of Settlement Class Members who made timely claims for cash payments and now their pro-rata share of the Settlement Fund will be depleted by these unjustified and excessive payments

- 1 -

for PSCs' counsel's attorneys' fees. In doing so, Trans Union has violated its duty of good faith and fair dealing in the Stipulation and has improperly depleted the Settlement Fund to the detriment of Settlement Class Members.

Finally, the Settlement Fund from which these exorbitant fees were paid (through reimbursement to Trans Union) was generated by Settlement Class Counsel's tireless prosecution of these actions from 1998 to 2008, and none of the Settlement Fund was created by PSCs' counsel. As set forth in more detail below, a reimbursement order should be issued by the Court to redress this glaring inequity and injustice.

## II.     FACTUAL BACKGROUND

On March 23, 2011, Trans Union entered a settlement agreement with PSCs' counsel Bingham & Lea, P.C. (and other counsel) (hereinafter "Bingham Counsel") and their PSC clients that provided for the payment of $225 plus filing fee costs of $34 or $36 for 1349 "Qualified PSC Plaintiffs." *See* Exhibit 1, Settlement Agreement and Release dated as of March 23, 2011, ¶¶3-5 (hereinafter the "Bingham PSC Settlement"). Pursuant to the Bingham PSC Settlement, Trans Union paid $351,707.00 into Bingham Counsel's client trust account. *Id.*, ¶6. Two days later, Trans Union sought and received reimbursement of that sum from the Settlement Fund. *See* Exhibit 2, March 25, 2011 Letter from Michael O'Neil ("March 25 Letter").

With regard to attorneys' fees paid in connection with that settlement, Bingham Counsel have fee agreements with their PSC clients that provide for reimbursement to counsel of expenses and a 50 percent fee on the net recovery. *See* Exhibit 3, Authorization to Represent, dated August 26, 2010, p. 1. Thus, according to the fee agreements, after deducting the filing fee costs from each recovery, Bingham Counsel will be paid 50 percent of each $225 recovery, or $151,762.50 of the total sum paid by Trans Union. Trans Union, in turn, was reimbursed from the Settlement Fund for the generous fee that was paid to Bingham Counsel.

- 2 -

On March 23, 2011, Trans Union also entered a settlement agreement with PSCs' counsel the Heenan Law Firm (hereinafter "Heenan Counsel") and its PSC clients. This settlement provided for the payment of $225 plus filing fee costs of $35 for 1916 "Qualified PSC Plaintiffs." *See* Exhibit 4, Settlement Agreement and Release dated as of March 23, 2011, ¶¶3-5 (hereinafter the "Heenan PSC Settlement"). Pursuant to the Heenan PSC Settlement, Trans Union paid $498,160.00 into Heenan Counsel's client trust account. *Id.*, ¶6. Two days later, Trans Union sought and received reimbursement of that sum from the Settlement Fund. *See* Exhibit 2, March 25 Letter.

With regard to attorneys' fees paid in connection with that settlement, Heenan Counsel – like Bingham Counsel – have fee agreements with their PSC clients that provide for reimbursement to counsel of expenses and a 50 percent fee on the net recovery. *See* Exhibit 5, Authorization to Represent (undated sample from Heenan Counsel website), pp. 1-2. Thus, according to the fee agreements, after deducting the filing fee costs from each recovery, Heenan Counsel will be paid 50 percent of each $225 recovery, or $215,550.00 of the total sum paid by Trans Union. Trans Union was, once again, reimbursed from the Settlement Fund for this generous fee payment to Heenan Counsel.

The Bingham and Heenan PSC Settlements also guarantee that the settlement payments to the PSCs and their counsel derive directly from the Settlement Fund. Trans Union's settlement payments to the PSCs' counsel's trust accounts could not be distributed until *after* Trans Union had received reimbursement from the Settlement Fund and, in the absence of such reimbursement, Bingham and Heenan Counsel were required to refund the settlement payments to Trans Union. *See* Exhibits 1 and 4, Bingham and Heenan PSC Settlements, ¶9 to each.

Bingham and Heenan Counsel performed little or no work for these exorbitant fees; they neither investigated nor litigated the PSCs' cases in any material fashion. Rather, both firms simply adopted the allegations of the Second Amended Consolidated Complaint filed by MDL Counsel in

- 3 -

this action and filed it. *See* Exhibit 6, Sample Petitions filed by Bingham and Heenan Counsel; *see also* Memorandum Opinion and Order dated March 14, 2011, p.6 ("March 14 Order") (Dkt. No. 873) (noting that "[v]irtually all of [the] . . . PSCs have adopted or incorporated the second amended consolidated complaint filed in this MDL by reference").

Bingham and Heenan Counsel may have devoted time to devising and implementing their PSCs' solicitation scheme, but they should not be paid attorneys' fees from the Settlement Fund for those efforts because they did nothing to create the Settlement Fund from which they and their clients are being paid. This is particularly true where, as here, the Court has already recognized that Heenan Counsel, for example, made misleading statements in their solicitations. *See* March 14 Order at 5 n.6 (noting Heenan Counsel's inaccurate representations on its website regarding claims against the Settlement Fund).

For its part, Trans Union has done nothing to determine the amount of work that was actually performed by these counsel, or whether their lodestars or hourly rates were reasonable or appropriate in comparison to their efforts or the efforts of MDL Counsel, or the fact that PSCs' counsel did nothing whatsoever to help create the common fund from which their fees are being paid. *See* Exhibit 7, E-mail from Michael O'Neil dated March 31, 2011. Trans Union also did not seek to negotiate the attorneys' fee payments to these PSC counsel so as to preserve the Settlement Fund for Settlement Class Members who made timely claims for cash payments, and whose payments will be reduced as a result Trans Union's payment of these unreasonable attorneys' fees to PSCs' counsel.

With regard to Settlement Class Members who made timely claims for cash payments against the Settlement Fund, approximately 450,000 Registered Claims were timely filed with the Claims Administrator to receive such cash distributions (the "Registered Claimants"). *See* March 14 Order at 4. The Settlement Fund balance (before Trans Union's recent reimbursements) was

- 4 -

approximately $54 million. If the balance of the Settlement Fund were distributed today, these Registered Claimants would receive up to $120 each.

While the Bingham and Heenan PSC Settlements address only a small number of PSCs (*i.e.*, 3,265 out of nearly 104,000), and provide relatively small settlement payments compared to the overall size of the fund, MDL Counsel believe that the Bingham and Heenan PSC Settlements and the related reimbursements obtained by Trans Union are "trial balloons" that will guide Trans Union's efforts to settle and obtain Settlement Fund reimbursements for the remaining 100,000+ PSCs. The firms representing the remaining PSCs have similar fee arrangements with their clients and will undoubtedly be "licking their lips" if this Court upholds the reimbursement Trans Union has received for knowingly paying half of this money from the Settlement Fund to PSCs' attorneys – an amount they did not earn and do not deserve from a common fund that was created entirely by the efforts of other counsel. Indeed, the math is simple and startling. If Trans Union reaches similar agreements with the 100,000+ other PSCs , their PSC counsel would stand to recover approximately $11,250,000 in attorneys' fees – assuming the same contingent fee amount of 50 percent – for having done little more than soliciting Plaintiffs, copying MDL Counsel's Complaint and collecting money from a fund they did nothing to create.

III. **TRANS UNION SHOULD BE ORDERED TO REIMBURSE THE SETTLEMENT FUND FOR ALL AMOUNTS THAT ARE ABOVE AND BEYOND WHAT THE COURT DEEMS TO BE A REASONABLE FEE FOR PSCS' COUNSEL UNDER THE CIRCUMSTANCES**

Pursuant to the terms of the Stipulation, Trans Union is entitled "to receive reimbursement from the Settlement Fund equal to any amounts paid to satisfy settlements . . . arising from Post-Settlement Claims, not including defense costs." Stipulation, ¶2.1(b)(iv). Trans Union's entitlement to receive reimbursement, however, is not without limitation, as the Stipulation expressly provides that "[a]ny dispute about the propriety of a reimbursement received by Trans Union shall be resolved

- 5 -

by the Court." *Id.* Trans Union's right to receive reimbursement is also subject to review and approval by this Court pursuant to the Court's Final Approval Order, ¶¶17(d) and 24 (Dkt. No. 515) ("Any dispute about the propriety of a reimbursement received by Trans Union shall be resolved by the Court. In the event the Court finds any such reimbursement amount improper, Trans Union shall return such amount, plus interest at the same rate earned on the Settlement Fund, to the Settlement Fund within 10 business days."). Finally, Trans Union's right to receive compensation is also necessarily constrained by contract principles and by the Court's obligation to ensure that the rights of all Settlement Class Members with regard to expenditures from the Settlement Fund are protected against unreasonable and inappropriate windfall payments to soliciting attorneys.

Under Illinois law, Trans Union has a duty of good faith and fair dealing in connection with performing its duties and responsibilities under the Stipulation. *Martindell v. Lake Shore Nat'l Bank*, 15 Ill. 2d 272, 286 (Ill. 1958) ("Every contract implies good faith and fair dealing between the parties to it . . ."). Here, for the reasons described above, Trans Union's obtaining reimbursement for the payment of a 50 percent contingency fee violates the duty of good faith and fair dealing implicit in the Stipulation by grossly and disproportionately compensating counsel for the PSCs for little or no work. By making no effort to negotiate or otherwise reduce the fee payments to Bingham and Heenan Counsel, which inaction has now reduced the potential payment to the 450,000 Registered Claimants, Trans Union has violated that duty among other things.[1]

Notably, in the original settlement agreement that created the $75 million fund, Trans Union retained the right to object to a fee request by Plaintiffs' Counsel that exceeded 25 percent of the

---

[1] Indeed, while the Stipulation provides that Trans Union may seek reimbursement "equal to any amounts paid to satisfy settlements or judgments arising from Post-Settlement Claims, not including any defense costs," it includes no express provision authorizing reimbursement for the payment of attorneys' fees to PSCs. *See* Stipulation, ¶2.1(b)(iv).

- 6 -

Settlement Fund. Stipulation, ¶4.1. Trans Union thus reserved its right to object to Plaintiffs' Counsel's fees even though Plaintiffs' Counsel devoted 10+ years to actually litigating and settling these claims against Trans Union. PSCs' counsel, on the other hand, litigated nothing, added no value to the Settlement Fund, and have done nothing more than free-ride on Plaintiffs' Counsel's work. Notwithstanding those unimpressive efforts, Trans Union simply agreed to pay settlements that provided for 50 percent attorneys' fee payments. By making no effort to negotiate Bingham and Heenan Counsel's fee so as to minimize the dilution of Registered Claimants' recoveries and to protect the Settlement Fund from free-riders, Trans Union has violated its duty of good faith and fair dealing in the Stipulation, and has attempted to circumvent the Court's express and inherent authority to control the award and payment of attorneys' fees from the Settlement Fund. The Court specifically retained jurisdiction over the Settlement Fund and the right to order reimbursement of the Settlement Fund by Trans Union. Final Approval Order, ¶17(d). Finally, established case law ties any such fee award to the value created by such counsel. *Mirfasihi v. Fleet Mortg. Corp.*, 551 F.3d 682 (7th Cir. 2008).

Similarly, when a class action settlement results in the creation of a common fund, the district court responsible for approving the settlement also retains jurisdiction over the fund to ensure that its proceeds are distributed equitably. *Skelton v. GMC*, 860 F.2d 250, 256 (7th Cir. 1988). District courts overseeing the distribution of money from a common fund "'must balance the competing goals of fairly compensating attorneys for their services rendered on behalf of the class and of protecting the interests of the class members in the fund.'" *Florin v. Nationsbank, N.A.*, 34 F.3d 560, 565 (7th Cir. 1994) (citation omitted). As such, this Court has an obligation to protect the interests of the 450,000 Registered Claimants, *i.e.*, those Settlement Class Members who submitted claims for cash payments.

Moreover, with respect to the payment of attorneys' fees from a common fund, the U.S. Supreme Court established the common benefit doctrine, which provides that when the efforts of a litigant or attorney create, preserve, protect, increase or discover a common fund, all who benefit from the fund must contribute proportionately to the costs of the litigation. *See, e.g.*, *Boeing v. Van Gemert*, 444 U.S. 472, 478-79 (1980); *Cent. R.R. & Banking Co. v. Pettus*, 113 U.S. 116 (1885). Here, the common benefit doctrine supports the Court's duty to protect the Settlement Fund from late-comers to the litigation by denying substantial fees to attorneys who added no value to the case.

By agreeing to settlements that grossly overcompensated Bingham and Heenan Counsel – to the detriment of the Registered Claimants – Trans Union has inequitably and unjustifiably reduced the size of the Settlement Fund and the cash payments that will be received by the Registered Claimants.[2] Because Trans Union showed no concern for the amount being paid to PSCs' counsel as fees, and made no effort to negotiate their fee, Trans Union cannot show that Bingham and Heenan Counsel should be paid such a large fee. Reimbursing Trans Union for such fee payments is inequitable because it both harms other Settlement Class Members and unfairly over-compensates attorneys who did absolutely nothing to create the common fund from which their fees are being paid. This Court should not permit Trans Union to sanction what the Court has already recognized to be a "clever maneuver . . . to grab even more fees for [PSCs' counsel] and, indirectly, reduce the amount of the cash fund available to class members." March 14 Order at 2. Trans Union should

---

[2] MDL Counsel do not object to Trans Union being reimbursed for the $125 net recovery to individual PSCs, or for amounts attributable to reimbursement of PSCs' counsel for the payment of filing fees. While no showing has been made that the PSCs covered by the Bingham and Heenan PSC Settlements incurred any injury or damage above and beyond that incurred by the Registered Claimants, the difference between the payment amount to the PSCs at issue here and the potential payment to the Registered Claimants (currently estimated above at approximately $120) is not so great as to warrant objection at this time.

622078_1

therefore be ordered to reimburse $367,312.50 taken from the Settlement Fund and used to pay

attorneys' fees to Bingham and Heenan Counsel.

## IV.    CONCLUSION

For all of the foregoing reasons, MDL Counsel's motion should be granted.

DATED: May 3, 2011                                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOY ANN BULL
ERIC I. NIEHAUS


_____
       s/ Joy Ann Bull
      JOY ANN BULL

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

LAW OFFICES OF JON W. BORDERUD
JON W. BORDERUD
2831 South Holt Avenue
Los Angeles, CA 90034
Telephone: 310/621-7004
310/207-2748 (fax)

RIGHETTI LAW FIRM
MATTHEW RIGHETTI
456 Montgomery Street, Suite 1400
San Francisco, CA 94104
Telephone: 415/983-0900

Co-Lead Counsel for Plaintiffs

622078_1

CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 3, 2011.

s/ Joy Ann Bull
JOY ANN BULL

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:joyb@rgrdlaw.com

# Mailing Information for a Case 1:00-cv-04729

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Kimball Richard Anderson**
  kanderson@winston.com,ECF_CH@winston.com

- **Steve W. Berman**
  steve@hbsslaw.com

- **Brian P. Brooks**
  bbrooks@omm.com

- **Joy Ann Bull**
  joyb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Michael A. Caddell**
  mac@caddellchapman.com,fdl@caddellchapman.com,csf@caddellchapman.com

- **Charles Horne Cooper , Jr**
  chipc@cooperelliott.com,tammym@cooperelliott.com,loris@cooperelliott.com

- **Cooper & Elliott**
  chipc@cooperelliott.com

- **Peter J. Donoghue**
  peter.donoghue@dlapiper.com,docketingchicago@dlapiper.com

- **Thomas Arthur Doyle**
  tadoyle@saundersdoyle.com

- **Daniel A. Edelman**
  courtecl@edcombs.com,dedelman@edcombs.com

- **Paula Davis Friedman**
  paula.friedman@dlapiper.com,docketingchicago@dlapiper.com

- **Oren S. Giskan**
  ogiskan@gslawny.com

- **Francis Richard Greene**
  fgreene@edcombs.com,courtecl@edcombs.com

- **David M. Holmes**
  Dave.Holmes@wilsonelser.com,Sheri.Lawrence@wilsonelser.com

- **Roger L. Longtin**

roger.longtin@dlapiper.com

- **Warren Lupel**
  wlupel@lw-llp.com

- **Michael C. O'Neil**
  michael.oneil@dlapiper.com,docketingchicago@dlapiper.com,lisa.skilnik@dlapiper.com

- **Elayna Tau Pham**
  epham@jenner.com

- **Richard J. Prendergast**
  rprendergast@rjpltd.com,jharms@rjpltd.com,rlavko@rjpltd.com

- **Terry Rose Saunders**
  trsaunders@saundersdoyle.com

- **David J. Scriven-Young**
  dscriven-young@pecklaw.com,mcoty@pecklaw.com,acustardo@pecklaw.com

- **Amy L Stewart**
  astewart@roselawfirm.com,jgardner@roselawfirm.com,aezell@roselawfirm.com

- **Ryan L Thompson , 2004**
  gpalmer@wgclawfirm.com

- **Mitchell A. Toups**
  matoups@wgttlaw.com,jgordon@wgttlaw.com

- **Mikal C Watts**
  amayorga@wgclawfirm.com

- **Dawn Adams Wheelahan**
  dwheelahan@aol.com

- **James Donehoo Wilson**
  jwilson@shefskylaw.com,sfdocket@shefskylaw.com

- **Craig H. Zimmerman**
  czimmerman@mwe.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
John Bentz
Class Action Fairness Group
2 Clock Tower Place
```

Suite 260G
Maynard, MA 01754

**Jon W Borderud**
The Borderud Law Group
2831 South Holt Avenue
Los Angeles, CA 90034

**Alan S. Kopit**
Hahn, Loeser & Parks
200 Public Square
3300 BP America Building
Cleveland, OH 44114-2301

**Mark C Laughlin**
Fraser Stryker Vaughn Meusey Olson Boyer & Bloch, P.C.
409 South 17th Street
500
Omaha, NE 68102

**Alan M Mansfield**
Lerach Coughlin Stoia Geller Rudman & Robbins
655 West Broadway
Suite 1900
San Diego, CA 92101

**Vashon McIntyre**
1562 Vyse Avenue
Bsmt Apt.
Bronx, NY 10460

**Eric I. Niehaus**
Robbins Geller Rudman & Dowd LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

**John J Pentz**
Class Action Fairness Group
2 Clock Tower Place
Suite 260G
Maynard, MA 01754

**Matthew Righetti**
Righetti & Wynne
456 Montgomery Street
Suite 1400
San Francisco, CA 94104

**Robert B Roden**
Shelby & Cartee, LLC
2956 Rhodes Circle
Birmingham, AL 35205

**Jeffrey L Weinstein**
518 East Tyler Street
Athens, TX 75751

**Jeffrey L Weinstein**
518 East Tyler Street

Athens, TX 75751

## TRANS UNION SERVICE LIST

Kris Skaar*
James Feagle*
Skaar & Feagle LLP
P.O. Box 1478
Marietta, GA 30061
jimfeagle@aol.com
krisskaar@aol.com

Brandon L. Blankenship*
Blankenship, Harrelson & Linton, LLC
2001 Park Place North
Suite 825
Birmingham, Alabama 35203
Brandon.blankenship@bhlattorneys.com
court@bhlattorneys.com

Christopher T. Micheletti*
Zelle, Hofmann, Voelbel & Mason, LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
cmicheletti@zelle.com

Benjamin R. Bingham*
Bingham & Lea, P.C.
319 Maverick Street
San Antonio, Texas 78212
ben@binghamandlea.com

Edward W. Cochran*
20030 Marchmont Road
Shaker Heights, Ohio 44122
edwardcochran@wowway.com

N. Bacharach, Jr., P.A.*
115 Northeast 6th Avenue
Gainesville, Florida 32601
N.A.Bacharach@att.net

Mikal C. Watts*
Ryan L. Thompson*
Watts Guerra Craft LLP
Four Dominion Drive
Building One, Suite 100
San Antonio, Texas 78257
mcwatts@wgclawfirm.com
rthompson@wgclawfirm.com

John Heenan*
Heenan Law Firm
3970 Avenue D, Suite A
Billings, Montana 59102
john@heenanlawfirm.com

Charles H. Cooper, Jr.*
Cooper & Elliott LLC
2175 Riverside Drive
Columbus, Ohio 43221
chipc@cooperelliott.com

Bryan O. Blevins*
Provost Umphrey Law Firm, L.L.P.
490 Park Street
Beaumont, Texas 77701
bblevins@provostumphrey.com

Jason Brodsky*
Brodsky & Smith LLC
Two Bala Cynwyd, Pennsylvania 19004
jbrodsky@brodsky-smith.com

David Schafer*
Law Offices of David Schafer, PLLC
7800 IH-10 West, Suite 830
San Antonio, Texas 78230
dmschafer@helpingtexas.com

594066_1

Joseph S. Tann, Jr.*
1307 Seward Street, Suite 100
Evanston, Illinois 60602
Tannj2@comcast.net


**\* Denotes service via electronic mail**

594066_1