IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re TRANS UNION CORP.<br>PRIVACY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS. | Lead Case No. 00 cv 4729<br><br>MDL Docket No. 1350<br><br>Judge Robert W. Gettleman |

**MOTION FOR EXPEDITED BRIEFING AND RULING ON MDL
COUNSEL'S MOTION FOR REIMBURSEMENT TO THE SETTLEMENT FUND**

Defendant, Trans Union LLC ("Trans Union"), by its counsel, hereby moves this Court for an order expediting the briefing schedule and ruling on "MDL Counsel's Motion for Reimbursement to the Settlement Fund" (Doc. No. 890) filed on May 3, 2011 ("Motion"). In support thereof, Trans Union states as follows:

1. On March 23, 2011, Trans Union entered into settlement agreements which finally resolved approximately 3384 lawsuits filed in the state courts of Montana and Texas that asserted "Post-Settlement Claims" ("PSCs"), as contemplated by the Stipulation of Settlement and Final Approval Order entered in this action (the "March Settlements"). Under the March Settlements, the PSC claimants who were determined to be members of the certified settlement class in these proceedings, and who otherwise met the qualifications for settlement, were each paid $259 - $261, depending on the amount of the claimant's court filing fee. (See Doc. Nos. 892-1 (Ex. 1); 892-2 (Ex. 4)).

2. On March 25, 2011, pursuant to Section 2.1(b)(iv) of the Stipulation of Settlement and Paragraph 17(d) of the Final Approval Order, Trans Union received $849,867 from the Settlement Fund to reimburse it for the amounts it paid pursuant to the March Settlements. That

same day, Trans Union provided notice of the March Settlements to Settlement Class Counsel who serve on a Committee established to receive such notice of reimbursement. (Doc. No. 892-2 Ex. 2).

3. Almost six (6) weeks later, on May 3, 2011, MDL Counsel, including two members of the Committee, filed the Motion. A day later, May 4, the two remaining Settlement Class Counsel representatives on the Committee, as Texas counsel, joined in on the motion. (Doc. No. 893)

4. The Motion and its supporting Memorandum (Doc. No. 892) ("Memorandum") seek an order requiring Trans Union to return $367,312.50 of the $849,867 it received from the Settlement Fund. MDL Counsel contends that this amount represents the portion of the March Settlements that (they believe) the individual PSC claimants agreed to pay to their counsel pursuant to contingent fee agreements. Memorandum at 1.

5. By the Motion, all Committee representatives of Settlement Class Counsel contend that Trans Union cannot receive reimbursement from the Settlement Fund for the portion of the $259-261 that PSC claimants separately agreed to pay to their lawyers. Id. This position is premised upon the view that Trans Union was obligated to convince the claimants and their counsel to void their contingency fee agreements and to negotiate a new fee arrangement between plaintiff and counsel. Id. at 4.[1]

---

[1] This argument is premised on the assumption that the Settlement Fund must be "preserved" for class members who filed claims for possible payments from the Fund. Memorandum at 4. However, the Settlement Fund was established for the benefit of Trans Union. Under the Stipulation of Settlement no class member released substantive claims against Trans Union. Stipulation of Settlement § 2.8(b)(iii); Final Approval Order ¶ 13. The sole purpose of the Settlement Fund, after payment of notice costs and class counsel fees, was to help Trans Union obtain releases of claims by class members, either through settlements with Post-Settlement Claimants or, if monies remain available, through distributions to class members who timely filed claims against the Fund.

Nothing in the Stipulation of Settlement or the Final Approval Order requires Trans Union to force class members to renegotiate fee agreements with their counsel as a condition of settlement. Indeed, it is difficult to imagine how any such provision would be enforceable.

6. Although MDL Counsel filed the Motion on May 3, they noticed it for initial presentment to the Court on June 2, 2011, approximately one month later. (Doc. No. 891). This initial presentment would occur more than two (2) months after Trans Union received reimbursement for the March Settlements and provided notice to the Committee.

7. Trans Union respectfully requests that the Court enter an order setting an expedited briefing schedule on the Motion in order to allow a ruling on the Motion by May 27, 2011.

8. The issue that the Motion presents is one that is not germane solely to the March Settlements. MDL Counsel assert that under the Stipulation of Settlement Trans Union cannot receive reimbursement from the Settlement Fund for the portions of the settlements that individual PSC claimants agreed to pay to their lawyers pursuant to contingent fee agreements. Trans Union, however, faces almost 100,000 additional PSCs that are brought by claimants who also have contingent fee agreements with their lawyers. Indeed, MDL Counsel admit this fact in the Motion. Memorandum at 5 ("The firms representing the remaining PSC's have similar fee arrangements with their clients."). Therefore, the Court's decision on the Motion will also affect whether, and under what terms, these other PSC's can be settled at this time.

9. Moreover, it is imperative that the Motion be decided quickly. Pursuant to this Court's order of referral to Magistrate Judge Mason, and the related mediation agreement between Trans Union and PSC lawyers, Trans Union continues to negotiate possible settlements of tens of thousands of other PSCs. The current mediation agreement with the lawyers representing approximately 95% of the remaining PSC claimants includes an agreement to stay PSCs filed as lawsuits, and to postpone the filing of new lawsuits by those asserting informal demands, until May 27, 2011. If the Motion is not resolved by then, the resulting uncertainty as

to the availability of monies in the Settlement Fund could doom current settlement discussions. This, in turn, could lead to the litigation of tens of thousands of PSC lawsuits currently filed in venues such as the Justice of the Peace Court in Nueces County, Texas. It could also lead to the filing of thousands of new PSC lawsuits throughout the country. (Ironically, such further litigation will likely lead to an increase in the amounts necessary to settle the PSC's.)

10. Moreover, under the Final Approval Order, the Committee is obligated by approximately August 2011 to make a good-faith estimate of the sums to be retained in the Settlement Fund to reimburse Trans Union for satisfaction of settlements or judgments of pending PSCs. Final Approval Order 17(e). Without a resolution of the issue raised by the Motion, and/or the execution of settlement agreements resolving a majority of the remaining PSC's, no good-faith reserve estimate short of the entire Settlement Fund can be made.

11. No party will be prejudiced if briefing and ruling on the Motion is expedited. Settlement Class Counsel has known since at least August 2010 that PSC claimants had entered into contingent fee agreements with their lawyers. Doc. No 775 (Exs. A and B) (attaching form retention agreement between PSC claimants and their counsel). Moreover, MDL Counsel have known for six (6) weeks the precise terms of the March Settlements. Nonetheless, MDL Counsel waited until this week to file the Motion and inexplicably want to delay another month, until June 2, 2011, to present the Motion to the Court.

12. The primary issue that the Motion presents -- whether Trans Union was obligated to force class members to void their agreements with their attorneys as a condition of settlement -- is a straightforward one that can, and should, be decided expeditiously. Trans Union therefore requests that the Court order: a) that any response to the Motion be filed on or before May 10, 2011; b) that any replies in support of the Motion be filed by May 13, 2011; c) that a ruling on

the Motion be set for no later than May 27, 2011.

WHEREFORE, for the foregoing reasons, Trans Union LLC respectfully requests that the Court grant this Motion for Expedited Briefing and Decision.

Dated: May 5, 2011

Respectfully submitted,

**TRANS UNION LLC**

By: /s/Peter J. Donoghue
    One of its Attorneys

Roger L. Longtin (ARDC No. 01689185)
Michael O'Neil (ARDC No. 06201736)
Peter J. Donoghue (ARDC No. 06206849)
**DLA PIPER LLP (US)**
203 N. LaSalle Street, Suite 1900
Chicago, IL 60601
Tel: (312) 368-4000
Fax: (312) 236-7516

Richard J. Prendergast
**RICHARD J. PRENDERGAST LTD.**
111 W. Washington Street, Suite 1100
Chicago, IL 60602
Tel.: (312) 641-0881
Fax: (312) 641-3562

EAST\44707982.2