UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re TRANS UNION CORP. PRIVACY LITIGATION | ) Lead Case No. 00CV4729 ) ) MDL Docket No. 1350 |
| This Document Relates To: ALL ACTIONS. | ) ) Judge Robert W. Gettleman ) ) ) |

LIAISON COUNSEL'S RESPONSE
TO TRANS UNION'S MOTION FOR
EXPEDITED BRIEFING AND RULING
ON MOTION FOR REIMBURSEMENT TO SETTLEMENT FUND

In Response to Trans Union's Motion to Expedite, Liaison Counsel states as follows:

1. **The Court Has Retained Jurisdiction to Supervise the Settlement Fund.** As in every class settlement that is approved under Rule 23, the Court serves as the fiduciary for the Class, overseeing the settlement process to guard against abuse. *Synfuel Techs. Inc. v. DHL Express USA Inc.*, 463 F.3d 646, 652-53 (7th Cir. 2006); *Mirfasihi v. Fleet Mtge. Corp.*, 450 F.3d 754, 748 (7th Cir. 2006). In this litigation, the need for the Court's oversight is acute, given the potential that the Settlement Fund -- indeed the entire Court-approved settlement process -- might be abused, as the Court has recognized. To that end, the parties have agreed that the Court has legal custody of the Settlement Fund until it is fully distributed (Settlement Stip., ¶ 2.1(d)).[1]

---

[1] In its Motion, Trans Union argues that the Settlement Fund was created "for the benefit of Trans Union" and that the "sole purpose" of the Settlement Fund is to help Trans Union (Motion at 2, n.1), but settlement funds under Rule 23 must fairly compensate class members for the injuries that were the subject of the class action. *Synfuel*, 463 F.3d at 654. When it argued for approval of the settlement, Trans Union acknowledged that the purpose of the Settlement Fund is to pay Class members (Dkt. Item 506 at 2):

> "This Settlement Fund's purpose is to provide money directly to the class members, either through direct payments to class members who registered to receive funds or through payment of judgments or settlements to class members who filed claims."

2. **A Single Order of Distribution Would Be Most Fair.** In this case, the final distribution of the Settlement Fund raises a number of difficult questions for the Court. Liaison Counsel urge the Court to avoid reaching those questions in a piecemeal fashion. Instead, we respectfully suggest that the Court exercise its oversight role by making a single distribution ruling, which would determine: (i) what portion of the Settlement Fund goes to Trans Union as a reimbursement for its disposition of Post-Settlement Claims by Class members, (ii) what portion of the Fund is set in reserve for that same purpose, and (iii) what portion of the Fund is payable to Class members under the Possible Cash Distribution process that was part of the Court-supervised Notice of Settlement. A single Distribution Order would bring all of those issues together, and would provide a transparent conclusion to the administration of the Settlement Fund.

## CONCLUSION

Liaison Counsel agrees that the distribution of the Settlement Fund should be resolved expeditiously. However, Liaison Counsel respectfully suggests that the distribution should be handled in a single Distribution Order, so that the Court can rule fairly with respect to all of the surrounding circumstances, and so that the Court can guard against any abuse of the settlement that it approved.

May 9, 2011

Respectfully submitted,

_____
Terry Rose Saunders
Thomas A. Doyle
Jason R. Krol
Saunders & Doyle
20 South Clark Street, Suite 1720
Chicago, IL 60603
Telephone: 312/551-0051

**LIAISON COUNSEL FOR THE SETTLEMENT CLASS**

## CERTIFICATE OF SERVICE

I certify that on May 9, 2011, I caused a copy of the foregoing document to be served upon Counsel of Record via the Court's Electronic Case Filing system.

_____
Thomas A. Doyle