IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re TRANS UNION CORP.
PRIVACY LITIGATION

─────────────────────────────

THIS DOCUMENT RELATES TO:

ALL CASES

─────────────────────────────

Lead Case No. 00 cv 4729
MDL Docket No. 1350
Judge Robert Gettleman

Louisiana Settlement Class Counsel's Response
to Motion for Reimbursement to the Settlement Fund (Doc. 890)
and
Trans Union's Motion to Expedite Briefing and Ruling (Doc. 894)

1.     Introduction and Summary

The two most critical elements affecting the motion for reimbursement are (1) the fact that the FCRA, §1681n and §1681o, contains fee-shifting provisions, and (2) the difference between fees awarded under statutory fee-shifting provisions, and those awarded under common-fund principles. And, of course, the controlling caselaw governing each. Settlement counsel pointed out this difference at the fairness hearing when the court approved the settlement, so no one can claim ignorance of it, or surprise.[1]

This court has the same fiduciary duty to all class members in this action, under the settlement. Post-settlement claimants remain class members, who would not have claims at all but for the tolling provisions of the settlement, which extended the statute of limitations for them. And the court indisputably has

───────────────

[1]Transcript of September 10, 2008 Hearing, p. 38, attached as Exhibit 1.

continued jurisdiction over the settlement fund. Doc. 515, p. 17, par. 24.

When settling claims with its own money, Trans Union is free to omit the lodestar analysis required in individual fee-shifting cases: defendants can overpay fees, if they want to, and claimants' attorneys have a fiduciary duty to their own clients which protects them. Trans Union is also free, when bargaining with its own money, to settle for a lump sum rather than dispute the amount of attorney's fees owed, relying on clients to police their own counsel, and on counsels' fiduciary duty to the clients.

But Trans Union is *not* free to forego the lodestar analysis and overpay statutory fees owed to claimants using someone else's money—in this case, the settlement fund's. Controlling caselaw cabins the amount of attorney's fees owed in statutory fee-shifting cases—in contrast with the very different principles and law governing common-fund fees—to counsels' lodestar, with an enhancement allowed only in rare and exceptional cases. Trans Union may not ignore the controlling law when spending money that doesn't belong to Trans Union.

It is likely—indeed, it seems indisputable—that Trans Union overpaid the statutory fees owed to post-settlement claimants, using money belonging to the settlement fund. The overpayments must be disgorged, and returned to the fund; they are unquestionably an unjust enrichment, paid when not owed.

With respect to Trans Union's motion to expedite briefing and decision, Louisiana Settlement Class Counsel takes no position, except to note that (1) a reasonable benchmark payment for post-settlement claims has now been

established, apart from the fee issues; (2) the statutory fee-shifting jurisprudence is clear, and controlling; and lodestars are easily determined, given the ready availability of computerized billing programs; (3) the fee issues are important, involving a considerable amount of money, which suggests they should be decided carefully and deliberately, rather than expeditiously.

Trans Union has shown no sufficient reason why expedited briefing and ruling are necessary. The post-settlement claims are probably worth what Trans Union paid for them; and an appropriate statutory fee can be separately determined by examining counsels' lodestars, as the caselaw requires.

PSC counsels' 50% fee contracts are simply, indisputably unlawful under the FCRA's fee-shifting provisions and governing federal statutory-fee law (and no state law claims are involved in the post-settlement claims). But the fee issues need not be decided for Trans Union to settle the outstanding cases: federal fee-shifting law is what it is; and the settlements already reached have established what the PSC claims are worth. There is no need to rush decision of the fee issues–sometimes, deliberation is the better part of valor.

2. **The Seventh Circuit's *Skelton* decision explains the difference between statutory and common-fund fees**

In its seminal *Skelton* decision,[2] the Seventh Circuit explained that "there are many cases where the court may determine not only the amount of fees but which party shall pay them, based on statutory requirements or equitable doctrines.

---

[2] *Skelton v. Gen'l Motors Corp.*, 860 F. 2d 250 (7th Cir. 1988).

**In some of these cases the court's determination may take the place of, supersede or modify fee agreements between a party and its counsel..**" 860 F. 252 (emphasis added).

The issue in *Skelton* was whether "the principles governing the shifting of attorneys' fees as between a plaintiff and a defendant are equally applicable to the division of a common fund recovery between a plaintiff class and its attorneys." The court decided they were not, and explained the reasons why. Most obviously, in statutory fee-shifting cases it is only parties, usually plaintiffs, who seek fees, whereas in common fund cases, the attorneys themselves seek compensation from the fund under equitable principles–from their own clients to whom they've provided a benefit, and not from the opposing party.

*Skelton* is not easily abridged or summarized: it is an important decision, which needs to be studied whole. But the gist of it is this: attorney's fees are awarded differently in statutory fee-shifting cases than in common-fund cases, and there is a sound basis in principle for the difference.

3. **The Supreme Court's decision in *Perdue v. Kenny A.* controls the amount of statutory fees allowable in this case.**

Here's what *Perdue v. Kenny A.* holds in a nutshell: only in rare and extraordinary circumstances will an enhancement to the amount of lodestar fees be permissible in statutory fee-shifting cases.[3]

While class counsels' fees were decided under common-fund principles, the

---

[3] *Perdue v. Kenny A.*, ___ U.S. ___; 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010).

post-settlement claims are *individual* cases–they may not ever, under the settlement, be brought in any class or aggregated action. So there will *never* be any common fund, aggregated by way of post-settlement claims. The post-settlement claims are individual cases; and under the FCRA, such cases recover fees under the FCRA's statutory fee-shifting principles, set forth in §1681n and §1681o. So, what the Supreme Court says in *Perdue v. Kenny A.* is what controls the amount of fees that post-settlement counsel are owed. They themselves said so, in their numerous briefs insisting that their claims are individual claims, individually brought.

It follows that post-settlement claimants must produce hourly time records so that their counsels' lodestar fees may be calculated, before claimants may take their counsels' fees from the settlement fund. And before Trans Union may do so, too.

### Conclusion

Post-settlement claimants must produce hourly records detailing their counsels' work in order to recover their counsels' fees. It is not a common-fund fee that their counsel are entitled to, because the post-settlement claims are individual cases.There is not, and cannot be, any common-fund recovery with respect to post-settlement claims,, under the provisions of the very settlement that authorizes the claims. Under controlling statutory fee-shifting law, post-settlement claimants are entitled to recover only lodestar fees for their counsel, from the settlement fund.

And if post-settlement counsel seek to recover more fees from their clients than the FCRA permits, in its fee-shifting provisions, then that is another issue–but

one that can be left for another day.

  We respectfully suggest that the pending motions be decided according to the governing caselaw, discussed above, on the ordinary motion calendar, as motions are usually decided.

            Respectfully submitted:

            **/s/ Dawn Adams Wheelahan**

            Dawn Adams Wheelahan (La. Bar No. 19263)
            5528 Loyola Avenue
            New Orleans, Louisiana 70115
            Telephone: 512-689-1153

**CERTIFICATE OF SERVICE**

 Undersigned counsel hereby certifies that a copy of the foregoing has been served on all parties through their Counsel by the Court's ECF system, or by email, this 9th day of May, 2011.

            \
            **/s/ Dawn Adams Wheelahan**