**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re TRANS UNION CORP. PRIVACY LITIGATION ) ) ) ) ) This Document Relates To: ) ) ALL ACTIONS. ) ) | Lead Case No. 00 C 4729 <br><br> MDL Docket No. 1350 <br><br> Judge Robert W. Gettleman <br><br> Magistrate Judge Michael T. Mason |

**TRANS UNION LLC'S
MOTION FOR LEAVE TO FILE BRIEF IN EXCESS OF 15 PAGES**

Defendant, Trans Union LLC ("Trans Union"), pursuant to Local Rule 7.1, respectfully moves this Court for an order granting it leave to file a Memorandum in Opposition to MDL Counsel's Motion for Reimbursement to the Settlement Fund ("Memorandum") in excess of 15 pages in length. In support of this Motion, Trans Union states as follows:

1. Trans Union entered into settlement agreements (the "Settlements") which finally resolved approximately 3,384 lawsuits that asserted "Post-Settlement Claims" ("PSC's"). Trans Union received $849,867 from the Settlement Fund to reimburse it for the amounts it paid pursuant to the Settlements. Class counsel now seek an order requiring Trans Union to return $367,312.50 of the amount received from the Settlement Fund. Counsel contends that this amount represents the portion of the Settlements that (they believe) the individual PSC claimants agreed to pay to their counsel pursuant to contingent fee agreements.

2. The issue that MDL Counsel's motion presents is one that is not germane solely to the Settlements. MDL Counsel assert that Trans Union cannot receive reimbursement from the Settlement Fund for the portions of any settlements that individual PSC claimants agreed to pay to their lawyers pursuant to contingent fee agreements. Trans Union, however, faces almost

100,000 additional PSC's that are brought by claimants who also have contingent fee agreements with their lawyers. Therefore, the Court's decision on the Motion will also affect whether, and under what terms, these other PSC's can be settled.

3. While counsel for Trans Union have made every effort to reduce the length of the Memorandum, they have been unable to reduce further the length without eliminating factual and legal discussions necessary to respond adequately to the issues raised by MDL Counsel's motion. The Memorandum is approximately twenty-three (23) pages long.

4. The Memorandum, attached here to as Exhibit A, includes the Table of Contents and Table of Authorities required by Local Rule 7.1.

WHEREFORE, Trans Union respectfully moves this Court for leave to file the attached oversized Memorandum.

Dated: May 11, 2011                    Respectfully submitted,

                                                                         **TRANS UNION LLC**

                                                                         By:    /s/ Michael O'Neil
                                                                               One of its Attorneys

ROGER L. LONGTIN
MICHAEL O'NEIL
PETER J. DONOGHUE
**DLA PIPER LLP (US)**
203 N. LaSalle Street, Suite 1900
Chicago, IL 60601-1293
Tel: (312) 368-4000
Fax: (312) 236-7516


RICHARD J. PRENDERGAST
**RICHARD J. PRENDERGAST LTD.**
111 W. Washington Street, Suite 1100
Chicago, IL 60602
Tel.: (312) 641-0881
Fax: (312) 641-3562