UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re TRANS UNION CORP. PRIVACY LITIGATION | ) Lead Case No. 00CV4729 ) ) MDL Docket No. 1350 |
| This Document Relates To: ALL ACTIONS. | ) ) Judge Robert W. Gettleman ) ) ) |

**LIAISON COUNSEL'S REPLY BRIEF
IN SUPPORT OF MDL PLAINTIFFS' MOTION
FOR REIMBURSEMENT TO SETTLEMENT FUND**

In further support of MDL Plaintiffs' Motion, Liaison Counsel states as follows:

1. **The Settlement Fund is for the Benefit of the Entire Class.** In its Opposition on this Motion, Trans Union argues that the Settlement Fund was created for "the sole purpose" of helping Trans Union buy releases from individual Class members, and that the Fund must be "first and foremost available to Trans Union" (Dkt. Item 898-1, TU Brief at pp. 2, 15). Trans Union has argued that same point in another recent filing (Dkt. Item 894, p.2, n.1). Trans Union's position suggests that it can use the Settlement Fund to obtain releases from particular Class members that Trans Union selects in its sole discretion, regardless of whether the Settlement Fund is being used for the best interest of the entire Class. That suggestion is wrong.

As a matter of law, settlement funds under Rule 23 must fairly compensate the Class for the injuries that were the subject of the class action. *Synfuel*, 463 F.3d at 654. When it argued for approval of the settlement, Trans Union acknowledged that the purpose of the Settlement Fund would be to pay Class members (Dkt. Item 506 at 2):

> "This Settlement Fund's purpose is to provide money directly to the class members, either through direct payments to class members who registered to receive funds or through payment of judgments or settlements to class members who filed claims."

As a matter of law, the Settlement Fund in this Rule 23 class action must be for the benefit of the entire Class.

In addition, Trans Union's current position ignores the circumstances involved in this settlement. That is, Trans Union did not need a class action settlement -- or Court approval under Rule 23 -- to set up a fund of its own money that it could use to buy releases only from particular consumers that Trans Union selected. Trans Union paid $75 million into a fund in order to resolve a nationwide class action lawsuit (and argued for Court approval of the Fund amount). The Fund was established in exchange for the dismissal of a class action, and therefore the Fund must be used for the benefit of the entire Class, because it is the Class' money.

Accordingly, Liaison Counsel urges the Court to reject the idea that the Settlement Fund is solely for the purpose of helping Trans Union buy releases in whatever fashion that Trans Union decides. Instead, Liaison Counsel urges the Court to consider the best interest of the entire Class when ruling on the current Motion.

2.  **Under This Settlement, the Court Has Retained Jurisdiction Over the Settlement Fund.** As in every class settlement that is approved under Rule 23, the Court serves as the fiduciary for the Class, overseeing the settlement process to guard against abuse. *Synfuel Techs. Inc. v. DHL Express USA Inc.*, 463 F.3d 646, 652-53 (7th Cir. 2006); *Mirfasihi v. Fleet Mtge. Corp.*, 450 F.3d 754, 748 (7th Cir. 2006). In this litigation, the need for the Court's oversight is acute, given the potential that the Settlement Fund -- indeed the entire Court-approved settlement process -- might be abused, as the Court has recognized. *In re Trans Union Corp. Privacy Litig.*, 2011 U.S. Dist. LEXIS 26114 at *9-*13 (N.D. Ill. March 14, 2011). To that end, the parties have agreed that the Court has legal custody of the Settlement Fund until it is fully distributed (Settlement Stip., ¶ 2.1(d)).

3. **The Court's Ruling Should Include (Or Be a Part of) A Single Order of Distribution, Issued Now.** In this case, the final distribution of the Settlement Fund raises a number of difficult questions for the Court. The administration of this settlement has involved events that no one anticipated when the Court approved this settlement in 2008. See *In re Trans Union*, 2011 U.S. Dist. LEXIS 26114 at *9-*13. To account for these unexpected contingencies, Liaison Counsel urges the Court to avoid reaching these issues in a piecemeal fashion. That is, we respectfully suggest that the Court exercise its oversight role by making a single distribution ruling now, rather than deciding the distribution in compartmentalized sub-issues, and to issue an Order now that determines:

> (i) what portion of the Settlement Fund goes to Trans Union as a reimbursement for its disposition of Post-Settlement Claims by Class members (¶ 2.1(b)(iv) of the Stip. of Settlement);
>
> (ii) what portion of the Fund is set in reserve for that same purpose (¶ 2.1(b)(v) of the Stip.of Settlement); and
>
> (iii) what portion of the Fund is payable to Class members under the Possible Cash Distribution process (¶ 2.1(b)(vi) of the Stip. of Settlement).

In deciding on the allocation in that Distribution Order, the Court may need to rule on whether reimbursements out of the Settlement Fund that result in 50% contingent fees are improper.[1] But regardless of how the Court rules on that question, a single Distribution Order is the best way to ensure that the Settlement Fund is administered in a manner that treats the entire Class fairly. A

---

[1] For example, if the Court were to allow the attorneys' fees amounts implicit in these 3,400 Post-Settlement Claims, the next group of Post-Settlement Claim Lawyers may use that principle to take more than $10 million in fees from a comparable distribution on their Post-Settlement Claims. Given the huge impact that such a $10 million fee would have on the entire Class, the Court may exercise its supervisory authority over the Settlement Fund, by ruling on what payments are proper.

single Distribution Order would provide a transparent conclusion to the administration of the Settlement Fund.

## **CONCLUSION**

Liaison Counsel agrees that MDL Counsel's Motion should be granted. In addition, Liaison Counsel respectfully suggests that the distribution should be handled in a single Distribution Order, which would be issued now, to best ensure that the Settlement Fund is used for the benefit of the entire Class.

May 17, 2011

Respectfully submitted,

*/s/ Terry Rose Saunders*

Terry Rose Saunders
Thomas A. Doyle
Jason R. Krol
Saunders & Doyle
20 South Clark Street, Suite 1720
Chicago, IL 60603
Telephone: 312/551-0051

**LIAISON COUNSEL FOR THE
SETTLEMENT CLASS**

## CERTIFICATE OF SERVICE

I certify that on May 17, 2011, I caused a copy of the foregoing document to be served upon Counsel of Record via the Court's Electronic Case Filing system.

_____
Thomas A. Doyle