# EXHIBIT

# A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re TRANS UNION CORP. ) <br> PRIVACY LITIGATION ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> ALL ACTIONS. ) <br> ) | Lead Case No. 00 cv 4729 <br><br> MDL Docket No. 1350 <br><br> Judge Robert W. Gettleman |

**TRANS UNION LLC'S SURREPLY BRIEF IN OPPOSITION TO
MOTION FOR REIMBURSEMENT TO THE SETTLEMENT FUND**

Trans Union LLC ("Trans Union"), by its counsel, hereby submits its Surreply to "Texas Counsel and MDL Counsel's Reply In Support Of Motion For Reimbursement To The Settlement Fund" ("Reply").

**A.　Trans Union Did Not Act In Bad Faith.**

By their Reply brief, moving counsel for the first time contend that the settlements at issue were entered into in bad faith by Trans Union. (Reply, pp. 2, 4.)[1] However, this latest and most aggressive accusation has no support. Indeed, the only support offered by moving counsel is pure conjecture. Class counsel accuse Trans Union of bad faith because, "Trans Union knows, or should know, that if it made a non-negotiable final offer to the Soliciting Lawyers to settle all of their 100,000 cases for $150 each with a maximum fee of 10%, the Soliciting Lawyers would likely accept." (Reply, p. 5.) Counsel offer no support for this bold proposition, and such "what-if" speculation cannot be the basis for ordering Trans Union to return monies to the Fund.

Trans Union is to avoid "improper" settlements as that term applies to the settlement of a claim in the normal course of Trans Union's business – not, as class counsel suggests, as

---

[1] This accusation is particularly surprising given the numerous sessions before Magistrate Judge Mason intended to negotiate settlements which would preserve a portion of the fund for distribution.

EAST\44849143.3　　　　　　　　　　1

measured against some vague standard class counsel now claim to have envisioned at the time of the settlement. Given what class counsel and this Court has said about the likelihood that Trans Union will be found to have willfully violated the FCRA if the settled lawsuits were litigated and the possibility of a ruling that statutory damages are awardable on a per-violation rather than a per-consumer basis (see Trans Union Opposition, Doc. No. 898-1, pp. 8-9), and the possible collateral estoppel effect of such rulings for all 100,000 claims, resolving these claims for $260 cannot be viewed in any light as "improper" or as "Bad Faith Settlements" (Reply, p. 2).

**B.    Any "Fiduciary Duty" By This Court To Class Members Does Not Extend To Voiding Individual Contingency Fee Agreements.**

Class counsel by their reply offers a string cite of new citations and the proposition that this Court must act as "the guardian of class members" and protect the class from the contingent fee agreements at issue. (Reply, p. 6) However, neither this new proposition nor the related new citations are relevant here.

The cases relied upon in the Reply all address the duty of the court, in evaluating a class settlement, to guard against the misconduct of class counsel. See, e.g., Reynolds v. Beneficial Fin. Bank, 288 F.3d 277, 279 (7th Cir. 2002) ("The principal issue presented by these appeals is whether the district judge discharged the judicial duty to protect the members of a class in class action litigation from lawyers for the class who may, in derogation of their professional and fiduciary obligations, place their pecuniary self-interest ahead of that of the class.") (emphasis added). See also Mirfasihi v. Fleet Mortgage Corp., 450 F.3d 745, 748 (7th Cir. 2006) (court scrutiny of class settlement warranted "in order to make sure that class counsel are acting as honest fiduciaries for the class as a whole"), In re Warner Comms. Sec. Litig., 798 F.2d 35, 37 (2d Cir. 1986) ("district court has the fiduciary responsibility of ensuring that the [class] settlement is fair and not a product of collusion, and that the class members' interests were

represented adequately"). Here, in contrast to the relationship between absent class members and class counsel, the relationship between PSC plaintiffs and their counsel is direct and subject to fee agreements. The court has no supervisory role over these agreements implicated here.

**C.     The "Cap-Order" Cases Cited By Counsel Do Not Apply.**

Class counsel for the first time also offers authority for this Court's power to police contingent-fee agreements (albeit indirectly, by punishing Trans Union rather than PSC counsel). In support, the Reply cites two cases in which courts have ordered caps on attorneys' fees in consolidated MDL proceedings. In re Zyprexa Prods. Liab. Litig., 424 F. Supp. 2d 488 (E.D.N.Y 2006); In Re Vioxx Prods. Liab. Litig., 2010 WL 5576193 (E.D. La. 2010). These cases, however, are inapposite. In both, the lawsuits at issue were either pending before the court, and/or the clients and counsel who entered into the contingency fee agreements voluntarily agreed to a settlement that gave the court authority over the award of fees. See Zyprexa, 424 F. Supp. 2d at 490; Vioxx, 2010 WL 5576193 at **3, 9. Here, none of the PSC lawsuits are pending in this Court and neither the class members asserting PSC's nor their counsel have agreed to submit the fees issues to this Court. In recognition of this fact, the Court has previously denied Trans Union's motion to enjoin PSC counsel and further held that "PSC counsel and their clients shall not be deemed to have subjected themselves to the jurisdiction of this Court." (Minute Entry, November 8, 2010 (Doc. No. 814).) More recently, this court noted that, despite its disagreement with PSC counsel's solicitations, it was "unable to address" such matters, in part, because "those cases are not pending in this court." (Doc. No. 873, p. 9)

WHEREFORE, Trans Union LLC respectfully requests that the Court deny MDL Counsel's Motion for Reimbursement to the Settlement Fund.

| | |
|---|---|
| Dated: May 19, 2011 | Respectfully submitted,<br><br>**TRANS UNION LLC**<br><br>By: /s/Michael O'Neil<br>    One of its Attorneys<br><br>Roger L. Longtin (ARDC No. 01689185)<br>Michael O'Neil (ARDC No. 06201736)<br>Peter J. Donoghue (ARDC No. 06206849)<br>**DLA PIPER LLP (US)**<br>203 N. LaSalle Street, Suite 1900<br>Chicago, IL  60601<br>Tel: (312) 368-4000<br>Fax: (312) 236-7516<br><br>Richard J. Prendergast<br>**RICHARD J. PRENDERGAST LTD.**<br>111 W. Washington Street, Suite 1100<br>Chicago, IL 60602<br>Tel.: (312) 641-0881<br>Fax: (312) 641-3562 |