IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TRANS UNION CORP. PRIVACY LITIGATION, | ) ) ) ) No. 00 C 4729 ) MDL Docket No. 1350 ) Judge Robert W. Gettleman ) ) |
| THIS DOCUMENT RELATES TO: | |
| ALL ACTIONS | |

**MEMORANDUM OPINION AND ORDER**

After receiving an award of $2.7 million from this court for her work in the instant multi-district class action, and an additional $1.425 million from the court of appeals[1], Dawn Wheelahan, Louisiana Class Counsel, now seeks over $600,000 in interest on those awards. Her Motion For Order Awarding Interest on Judgment is denied.

Post judgment interest in federal cases is governed by 28 U.S.C. § 1961(a), which provides that "interest shall be allowed on any money judgment in a civil case recovered in a district court." There is no disagreement that § 1961(a) applies to judgments awarding attorney's fees. There appears to be a split among the circuits, however, as to which judgment § 1961(a) applies with respect to attorney's fees. Most circuits conclude that interest begins to run from the date of a judgment that conclusively establishes the successful litigant's right to fees, whether or not the judgment quantifies the amount of attorney's fees. See Jenkins v. Missouri, 931 F.2d 1273, 1275-76 (8th Cir. 1991):

> If a judgment is rendered that does not mention the right to attorneys' fees, and the prevailing party is unconditionally entitled to such fees by statutory right, interest will accrue from the date of the judgment. If, however, judgment is

---

[1] In re Trans Union Corp. Privacy Litigation, 629 F.3d 741 (7th Cir. 2011).

rendered without mention of attorneys' fees, and the allowance of fees is within the discretion of the court, interest will accrue only from the date the court recognizes the right to such fees in a judgment.

The Seventh Circuit rule appears to be somewhat different. In Fleming v. County of Kane, 898 F.2d 553, 565 (7th Cir. 1990) (quoting Ohio-Sealy Mattress Mfg. v. Sealy, Inc., 776 F.2d 646, 652 (7th Cir. 1980), the court reiterated its position that "`plaintiffs may collect interest on attorney's fees on costs only from the date that the award was entered.' Prior to the date the judgment on attorney's fees was entered, plaintiffs' attorneys' claim for unpaid attorney's fees was unliquidated and, as such, not entitled to interest." This court is, of course, bound to follow the Seventh Circuit rule which, as shown below, leads to a denial of Wheelahan's motion.

Wheelahan argues that interest on her award of attorney's fees should begin to run on September 18, 2008, when the court entered the Stipulation of Settlement. According to Wheelahan, that entry conclusively established her right to fees. This position is obviously incorrect under either rule. The fee shifting provision of the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a), provides that "a person who wilfully violates the Act with respect to any consumer is liable to that consumer equal to the sum of . . . (3) in the case of any successful action to enforce any liability under this Section, the costs of the action together with reasonable attorney's fees as determined by the court." Thus, had plaintiffs taken their case to judgment, they would have been entitled to a statutory award of attorney's fees and, under the Jenkins Rule, would arguably be entitled to post judgment interest on the attorneys' fees from the date of the entry of judgment even if the initial judgment did not quantify the fees. But plaintiffs did not try the case to judgment, and there has been no "successful action to enforce any liability" that

2

would give plaintiffs a statutory right to fees.  See Crabill v. Trans Union, L.L.C., 259 F.3d 662, 667 (7th Cir. 2001).

Instead, plaintiffs agreed to the Stipulation of Settlement and, contrary to Wheelahan's assertions, that Stipulation does not establish any right to attorney's fees.  The Stipulation clearly contemplates separate proceedings and a separate judgment for an amount of attorney's fees, if any.  Paragraph 4.1 of the Stipulation states that plaintiffs' counsel shall submit an application for reimbursement of attorney's fees and expenses, to be approved by the court.  Paragraph 4.3 of the Stipulation provides that "[a]ny fee and expense application, any fee and expense award, and any and all matters related thereto, shall not be considered part of the Stipulation, and shall be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement, and shall not operate to terminate or cancel the Stipulation or Settlement, and shall not affect or delay the finality of any Final Approval Order approving the Stipulation and the settlement of the Actions."  Again, the order approving the settlement (Doc. 515, ¶23) provides that the "court shall rule on the application of Plaintiffs' Counsel for reimbursement of fees and expenses at a later date.  The pendency of the application for fees and expenses shall not delay or affect the finality of this Final Approval Order and Final Judgment."

Consequently, the Stipulation of Settlement and corresponding judgment did not entitle Wheelahan (or any plaintiffs' counsel) to attorney's fees.  The decision to award fees, and the amounts thereof, was contained in the court's order entered on December 9, 2009.  That order awarded Wheelahan $2.7 million in fees.  She is entitled to no interest on that initial $2.7 million because it was paid immediately after the judgment was issued.  The remaining $1.425 million was not quantified until the Seventh Circuit's decision on January 14, 2011.  Under the Jenkins

3

Rule, Wheelahan would have an argument for interest on that $1.425 million running from December 9, 2009 (the date that this court conclusively determined her right to fees), and the date on which it was paid. By this court's calculation, that would be approximately 14 months at the federal rate of .3%[2], for a total of approximately $4,987.50.

Again, however, the Seventh Circuit rule is that interest does not accrue until a judgment quantifying the amount of attorney's fees is entered. Pursuant to the Seventh Circuit mandate, this court entered the judgment awarding Wheelahan the additional $1.425 million in attorney's fees on February 10, 2011. She was paid immediately thereafter. Accordingly, she is entitled to no interest on the additional fees awarded by the Seventh Circuit.

## **CONCLUSION**

For the reasons explained above, Louisiana Settlement Class Counsel's motion for order awarding interest on judgment (Doc. 881) is denied.


**ENTER:** May 20, 2011

_____
**Robert W. Gettleman**
**United States District Judge**

---

[2]Wheelahan's argument that because the Stipulation is governed by Illinois law that interest should accrue at the Illinois post judgment rate is specious at best. She seeks to enforce a federal judgment, and interest is controlled by 28 U.S.C. § 1961.

4