IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TRANS UNION CORP. PRIVACY LITIGATION, | )<br>)<br>) |
| _____ | ) No.  00 C 4729 |
| | ) MDL Docket No. 1350 |
| THIS DOCUMENT RELATES TO: | ) Judge Robert W. Gettleman |
| | ) |
| ALL ACTIONS | ) |

## ORDER

MDL Counsel, joined by Texas Counsel, Liaison Counsel, and Louisiana Counsel,[1] have filed a motion for reimbursement to the Settlement Fund of that portion of the settlements that Trans Union has paid to PSCs that represent the attorneys' fees charged by the PSC plaintiffs' attorneys.  That motion is denied for a number of reasons.

First, moving counsels' primary ground for seeking reimbursement of the attorneys' fees portion of Trans Union's settlements with the PSCs rests on their argument that the Settlement Agreement and related orders of the court approving the Settlement Agreement do not permit Trans Union to pay attorneys' fees, particularly attorneys' fees that appear to moving counsel as excessive.  This proposition is simply incorrect.  The Settlement Agreement, ¶2.1(b)(iv) provides that "Trans Union shall be entitled, without prior approval of the Court or Settlement Class Counsel, to receive reimbursement from the Settlement Fund equal to any amounts paid to

---

[1] All acronyms and terms of art used in this order follow the definitions in previous orders issued by the court in this case.

satisfy settlements or judgments arising from [PSCs]." That same paragraph anticipates that settlement payments may be made by Trans Union to attorneys representing PSCs.[2]

The Settlement Fund from which Trans Union is permitted to receive reimbursement is specifically "intended for restitution to affected Settlement Class Members and for payment or reimbursement of legal and administrative expenses incurred by them." (Settlement Agreement § 2.1(c).) The Settlement Agreement and related orders thus provide that the PSCs can prosecute their individual claims "whether asserted in the form of a complaint filed in a state or federal court, a demand for arbitration, an informal demand letter, or otherwise." (Final Approval Order, Doc. 515, ¶1(u); Settlement Agreement § 1.31.) Consequently, the Settlement Agreement specifically contemplated that some PSCs would retain attorneys to prosecute their claims. Any settlement with any PSC claimant would therefore, by its very nature, include the attorney's fees paid by that claimant.

Moving counsel understandably object to what appears to be a very high contingency rate agreed to between the PSC Counsel and their clients, ranging between 45% and 50%. Yet, the percentage of the contingency fee cannot drive this court's decision on the instant motion, particularly when the actual dollar amount for each fee appears to be a fraction of an hourly rate charged by the attorneys in question. The court seriously doubts that there would be any objection had these lawyers charged five or ten percent of the recovery, or some nominal dollar amount. There is no substantive difference between such a hypothetical arraignment and the contingency fees actually being charged in connection with the PSCs. There is nothing

---

[2]Paragraph 2.1(b)(iv) of the Settlement Agreement, which allows Trans Union to be reimbursed for settling PSCs, includes a quarterly reporting requirement by Trans Union accounting for "the name of each law firm or attorney receiving a payment from Trans Union for which reimbursement was taken from the Settlement Fund," among other information.

"improper" about the amount of each individual settlement for which Trans Union received reimbursement that would warrant requiring Trans Union to return any portion to the Settlement Fund. (Settlement Agreement 2.1(b)(iv).)

Of equal importance in denying the instant motion, the class members who registered for a possible payment by filing the claim form provided in the Settlement Agreement and the Class Notices were expressly informed that their ability to collect the cash payment was contingent on there being sufficient cash leftover from the $75 million fund deposited by Trans Union after payment of class plaintiffs' attorneys' fees, costs and payments to PSCs. As Trans Union notes in is response to the instant motion, the Class Notice stated:

> Can I get a cash payment from the settlement?
>
> <u>Maybe</u>. If you do not select the enhanced credit monitoring you may register to get a cash payment. Payments will be made to Class members that register <u>if</u> the Court determines, at least two years after final approval of the settlement, that there is sufficient money leftover in the Settlement Fund after paying the costs and expenses listed in Question 9 above [monies paid to PSCs, attorneys' fees and administrative costs] and the cost of distribution is reasonable compared to the amount that could be distributed. <u>If there is not enough money leftover to pay each registered class member then the remaining money will be donated to a nonprofit organization(s).</u> [Emphasis added.]

Although, as moving counsel point out, neither they nor this court ever contemplated that over 100,000 PSCs would be filed en masse by groups of lawyers who had advertised on the internet and arranged to collect approximately half of the settlement amounts, the fact remains that the Settlement Agreement and related orders allow for just that result. What moving counsel are trying to do by the instant motion, although with all good intentions, is to redraft the Settlement Agreement in terms that would perhaps be fairer to all concerned but were not included in the relevant documents and court orders. That bell cannot be un-rung. Had the parties and the court contemplated the current turn of events, the Settlement Agreement and

3

related orders could have been drafted in such a way as to carve out a portion of the Settlement Fund for the class members who registered, and another portion for the PSCs, with any remainder to be shared among them in some proportion. This is a lesson to be learned for the future, but cannot be applied to the instant case.

Trans Union is entitled to settle the PSCs on the negotiated terms it has worked out with the exceptional efforts of Magistrate Judge Michael Mason, and to be reimbursed from the Settlement Fund. Neither the Settlement Agreement nor any order issued by this court requires reimbursement to the fund for the portion of such settlements representing attorneys' fees. MDL Counsel's motion for reimbursement to the Settlement Fund is therefore denied.

**ENTER:** May 25, 2011

_____
**Robert W. Gettleman**
**United States District Judge**