# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re TRANS UNION CORP. PRIVACY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) | Lead Case No. 00 CV 4729 |
| | | MDL Docket No. 1350 |
| | | Hon. Robert W. Gettleman |
| THIS DOCKET RELATES TO: | | |
| ALL ACTIONS | | |

### TRANS UNION LLC'S RESPONSE TO LOUISIANA SETTLEMENT CLASS COUNSEL'S CORRECTED MOTION TO STAY OR ENJOIN DISTRIBUTION OF <u>DISPUTED AMOUNT OF SETTLEMENT FUND PENDING APPEAL</u>

Trans Union LLC ("Trans Union"), by its counsel, hereby submits its Response to "Louisiana Settlement Class Counsel's Corrected Motion To Stay Or Enjoin Distribution of Disputed Amount of Settlement Fund Pending Appeal" ("Motion") (Doc. No. 916). For the reasons given below, the Motion should be denied.

The Motion seeks to "stay or enjoin" distribution of $600,000 from the Settlement Fund established pursuant to this Court's orders, pending Ms. Wheelahan's appeal from the Court's order of May 20, 2011 denying her request for post-judgment interest (Docket No. 906) ("Order"). As an initial matter, the Motion improperly requests a stay. A stay provides a party relief from the effect of a court order. <u>Cavel Int'l, Inc. v. Madigan</u>, 500 F.3d 544, 547 (7th Cir. 2007). The Court's May 20 Order, however, <u>denied</u> Ms. Wheelahan's request for interest and did nothing to alter the status quo in which the parties have been operating since the Final Approval Order was entered almost three years ago. There is, quite simply, nothing with respect to the Order for the Court to "stay."

In reality, what Ms. Wheelahan seeks is an injunction pending appeal, prohibiting the disbursement of $600,000 from the Settlement Fund. She does not identify the party which she seeks to enjoin. The escrow agent for the Settlement Fund makes disbursements but is not a party to these proceedings, but Trans Union has a right under the Final Approval Order to obtain reimbursement from the Settlement Fund for amounts it paid to resolve "Post-Settlement Claims." Final Approval Order at 17(d).

In any event, in determining whether to issue an injunction pending appeal, the Court must consider the following factors:

> 1) the likelihood of appellants prevailing on the merits of their appeal; 2) whether appellants will be irreparably injured absent an injunction; 3) whether issuance of the injunction will substantially injure other parties interested in the proceeding; and 4) where the public interest lies.

Habitat Educ. Ctr. v. U.S. Forest Serv., 2009 WL 990851 at *2 (E.D. Wis. 2009); see also Cavel, 500 F.3d at 547 (noting that a "sliding scale" applies to requests for injunctions pending appeal, which weighs the appellant's likelihood of success, the harm to appellant if an injunction is not issued, and the harm to appellee if an injunction were issued).

Ms. Wheelahan's Motion is perfunctory. Indeed, it appears to have been filed solely because Federal Rule of Appellate Procedure 8 states that a motion for a stay or injunction pending appeal must be filed first in the district court. Motion, ¶¶ 2, 3 (because FRAP 8 requires motion in district court, "Wheelahan therefore moves" this Court). Ms. Wheelahan does not discuss -- or even acknowledge -- the factors relevant to her request, including whether she would suffer irreparable harm, whether an injunction will harm any other parties, and whether an injunction would be consistent with the public interest. For these reasons alone, her Motion should be denied. Classic Components Supply, Inc. v. Mitsubishi Elec. America, Inc, 841 F.2d 163, 165 (7th Cir. 1988) (denying motion for injunction pending appeal, and sanctioning movant,

when motion failed to make any showing on factors relevant to obtaining injunction, including whether it would suffer an irreparable injury).

Instead, the Motion simply suggests that the Court was mistaken in its analysis of the legal issues raised by her motion for interest. To the contrary the Court, properly decided the earlier motion.[1] But even assuming that the Motion set forth a cogent basis for asserting that this Court had not, which it does not, then at best that would be one factor to be weighed in a claim for injunctive relief. The Motion suggests no other foundation upon which to base injunctive relief and thus, falls far short of the mark.

## CONCLUSION

WHEREFORE, Defendant Trans Union LLC requests that "Louisiana Settlement Class Counsel's Corrected Motion To Stay Or Enjoin Distribution of Disputed Amount of Settlement Fund Pending Appeal" be denied.

---

[1] Under governing Seventh Circuit case law post-judgment interest begins to accrue when a judgment determines both the entitlement to the award <u>and</u> the amount. Divane v. Krull Elec. Co., 319 F.3d 307, 322 (7th Cir. 2003)(interest accrues from date of order setting entitlement to fees and amount of fees); Fleming v. County of Kane, 898 F.2d 553, 565 (7th Cir. 1990) (plaintiff may collect interest on attorneys' fees only from the date the award was entered; before judgment "plaintiff's claim for unpaid attorney's fees were unliquidated and, as such, not entitled to interest."). Moreover, the post-judgment interest rate is set by federal statute, 28 U.S.C. § 1961, and a choice-of-law provision in the Stipulation of Settlement does not alter that fact. Society of Lloyd's v. Reinhart, 402 F.3d 982, 1004 (10th Cir. 2005).

| | |
|---|---|
| Dated: May 31, 2011 | Respectfully submitted,<br><br>**TRANS UNION LLC**<br><br>By: /s/ *Peter J. Donoghue*<br>    One of its Attorneys<br><br>Roger L. Longtin (ARDC #01689185)<br>Michael O'Neil (ARDC #06201736)<br>Peter J. Donoghue (ARDC #06206849)<br>**DLA PIPER LLP (US)**<br>203 North LaSalle Street, Suite 1900<br>Chicago, Illinois 60601-1293<br>T: (312) 368-4000<br>F: (312) 236-7516<br><br>**Richard J. Prendergast**<br>**RICHARD J. PRENDERGAST LTD.**<br>111 W. Washington Street, Suite 1100<br>Chicago, IL 60602<br>Tel.: (312) 641-0881<br>Fax: (312) 641-3562 |

## CERTIFICATE OF SERVICE

Peter Donoghue, an attorney, certifies that on **May 31, 2011**, he caused the foregoing *Trans Union LLC's Response To Louisiana Settlement Class Counsel's Corrected Motion To Stay Or Enjoin Distribution of Disputed Amount of Settlement Fund Pending Appeal* to be filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all ECF registered parties. Parties may access this filing through the Court's CM/ECF system. Copies were also served via U.S. Mail on May 31, 2011, upon each of the following attorneys of record:

Mr. Jon W. Borderud
THE BORDERUD LAW GROUP
2831 Holt Ave.
Los Angeles, California 90034

Ms. Joy Bull
COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, California 92101-4297

Ms. Dawn Adams Wheelahan
5528 Loyola Avenue
New Orleans, Louisiana 70115

Mr. Matthew Righetti
RIGHETTI LAW FIRM
456 Montgomery Street
Suite 1400
San Francisco, California 94104

Ms. Amy Stewart
ROSE LAW FIRM
120 East Fourth Street
Little Rock, Arkansas 72201

Mr. Tom Doyle
SAUNDERS & DOYLE
20 South Clark Street, Suite 1720
Chicago, Illinois 60603

    /s/ Peter Donoghue

EAST\44895090.1