In The United States District Court
For The Northern District of Illinois
Eastern Division

In Re: TRANS UNION CORP
PRIVACY LITIGATION

This Document Relates To:
All Cases

Lead Case No. 00 cv 4729
MDL Docket No. 1350
Judge Robert Gettleman

Memorandum in Support of
Louisiana Settlement Class Counsel's Motion
to Stay or Enjoin Distribution of Disputed Amount
of Settlement Fund Pending Appeal

Louisiana settlement class counsel, Dawn Wheelahan, moves to stay or enjoin distributions from the settlement fund that would encroach upon the $600,000 that is disputed in Wheelahan's pending appeal in the Seventh Circuit, number 11-8123. This court's authority to do so derives from the court's continuing jurisdiction over the escrowed settlement fund. Doc. 515, Par. 24.

1. Wheelahan's Appeal Raises Only Two Narrow Issues, So A Prompt Decision Is Likely

The question presented in Wheelahan's appeal is whether the beneficiaries of a common fund created by counsels' efforts, or counsel themselves, should bear the cost of delay–the time value of money–in payment of attorney's fees, after a judgment creating the common fund is entered and final. Wheelahan contends that class members who benefit from the fund should bear that cost: they benefit from the fund, and it is also for class members' benefit that delay occurs while courts review fee petitions. The question is one that should be governed by equitable doctrine, just as payment of fees from a common fund is.

Settled common fund principles support Wheelahan's contentions, because it is the creation of the fund itself that entitles counsel to attorney's fees–not the provisions of a stipulation of settlement, or statutory fee-shifting–under law that has been settled for more than a hundred years. See *Boeing v. Van Gemert*, 444 U.S. 472; 100 S. Ct. 745; 62 L. Ed. 2d 676 (1980), citing *Trustees v. Greenough*, 105 U.S. 527 (1882), *Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1885), *Mills v. Electric Auto-Lite Co.,* 396 U.S. 375 (1970); *Sprague v. Ticonic National Bank,* 307 U.S. 161 (1939); see also *In the Matter of Continental Illinois Securities Litigation,* 962 F.2d 566, 568 (7th Cir. 1992), citing *Boeing v. Van Gemert, supra.*

Under the principles explained in these cases, the time when a fund is created by final judgment is, or should be, the time when attorney's fees for creating the fund are owed.

The Seventh Circuit recognizes a difference between fees paid by an adversary under fee shifting statutes, and fees owed by beneficiaries of a common fund to the class's own counsel. *Skelton v. Gen'l Motors Corp.*, 860 F. 2d 250 (7th Cir. 1988). The former are punitive or remedial in nature, while the latter are owed by class members to their benefactors under equitable doctrines, for a benefit conferred. The reasoning in *Skelton* supports a finding that class members should bear the cost of delay in payment of their own counsels' fees, even if a different regime applies to fees paid to opposing counsel by an adversary.

In addition, the Seventh Circuit ordered that the fee judgment entered by this court on December 9, 2009 be corrected, not that it was vacated or reversed. *In*

*re Trans Union Corp. Privacy Litigation, Appeal of: Dawn Adams Wheelahan*, 629 F. 3d 741, 748 (7th Cir. 2011). The argument that the fee was awarded on the date of entry of the original judgment later corrected is a reasonable and supportable one.

2. **The Stipulation Adopts Illinois State Law to the Obligations of the Parties, Without Excepting Plaintiffs' Obligations to their Counsel**

Turning to the rate of interest, although counsels' right to fees derives from equitable, common fund doctrines, and not from the stipulation of settlement, it is the stipulation that defines the obligations of the parties, and adopts an Illinois state law regime for them. There is nothing exempting the obligations of the class members to their counsel from the state law regime they adopted, even though the stipulation correctly recognizes that attorney's fees are not a part of the stipulation–because, as explained above, common fund fees derive from equitable doctrine, and not from stipulations of settlement or statutory provisions. The provision in the stipulation that Trans Union would not object to any fee petition less than 25% of the settlement fund merely assured a settlement that met the Seventh Circuit's claims valuation standards for compensation to the class members.

In light of the plain English language of the stipulation adopting Illinois law to define the obligations of all parties to, and aspects of, the stipulation, without exception, Wheelahan's argument that this provision applies to the class members' obligations to their own counsel is one that the Seventh Circuit could easily agree with.

3

Finally, the issues in Wheelahan's appeal are straightforward, and narrow, and flow from her earlier appeal, so that it is likely that a swift decision, one way or the other, would be rendered, perhaps even by the same panel of judges as decided the earlier appeal. For this reason, the relief that Wheelahan seeks should cause little or no delay in final distribution of the settlement fund.

## Conclusion

Wheelahan moves to stay or enjoin distribution of the amount that she disputes in her pending appeal, because the cost of denying the motion, in continued litigation, far exceeds the minimal costs and delay of granting it.

Respectfully submitted,

**/s/ Dawn Adams Wheelahan**

Dawn Adams Wheelahan
5528 Loyola Avenue
New Orleans, Louisiana 70115
Telephone: 512-689-1153

## Certificate of Service

Undersigned counsel hereby certifies that a copy of the foregoing has been served on all parties through their counsel by the court's ECF system, or by email, on May 31, 2011.