IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TRANS UNION CORP. PRIVACY LITIGATION, ) ) ) _____ ) ) THIS DOCUMENT RELATES TO: ) ) ALL ACTIONS ) | No. 00 C 4729 MDL Docket No. 1350 Judge Robert W. Gettleman |

## **ORDER**

After years of contentious litigation and negotiation the court finally approved a settlement agreement ("Settlement Agreement") in the instant MDL. Pursuant to the terms of that settlement, more than one hundred thousand settlement class members asserted Post-Settlement Claims ("PSCs") by filing lawsuits or making informal demands against Trans Union. Under the Settlement Agreement (¶2.1(b)(iv)), "Trans Union shall be entitled, without prior approval of the Court or Settlement Class Counsel, to receive reimbursement from the Settlement Fund equal to any amounts paid to satisfy settlements or judgment arising from [PSCs]."

In March 2011, Trans Union entered settlement agreements with certain PSCs represented by Bingham & Lea, P.C. and the Heenan Law Firm, that provided for payment of $225 plus a filing fee of approximately $35 per PSC. Trans Union paid $849,867 to settle those lawsuits and then received reimbursement of that amount from the Settlement Fund. MDL Counsel, joined by other Settlement Class Counsel, moved the court for an order requiring Trans Union to reimburse the Settlement Fund in the amount of $367,312.50, which, according to Settlement Counsel, represented the amount that the PSC Counsel (Heenan and Bingham)

received from their clients pursuant to their own contingent fee agreements. The court denied this motion for a number of reasons, concluding that Trans Union is "entitled to settle the PSCs on the negotiated terms it has worked out with the exceptional efforts of Magistrate Judge Michael Mason, and to be reimbursed from the Settlement Fund. Neither the Settlement Agreement nor any order issued by this court requires reimbursement to the Fund for the portion of such settlements representing attorneys' fees." In Re: Trans Union, No. 00 C 4729, Doc. No. 525 (May 25, 2011).

In May and June 2011, Trans Union entered into three separate Compromised Settlement Agreements ("CSAs") which, if accepted, would resolve more than 90% of the remaining PSCs. The CSAs, which were entered into with three groups of lawyers, the Watts Guerra Group, the Cooper Group, and the Cochrane Group, have a similar structure. The offers to settle for each PSC range from $300 to the Cooper Group and the Cochrane Group clients and $443 for the Watts Guerra Group clients (including a $31 filing fee). After receiving sufficient elections from PSC claimants accepting those offers, Trans Union forwarded to the three groups funds sufficient to settle 13,250 of the Watts Guerra Group PSCs and 1000 each of the Cooper and Cochrane Groups PCSs. After making the payment, Trans Union received reimbursement from the Settlement Fund.

Still unhappy with the amount of fees being paid to PSC counsel by their clients, Settlement Class Counsel then filed a motion for "Common Benefit Fees," seeking an order requiring that 50% of all fees either already paid to PSC Counsel or "earmarked" to be paid to them be instead paid to the Settlement Class Counsel because of the work they had done to generate the Settlement Fund in the first instance. That motion was denied in an oral ruling on August 8, 2011.

Trans Union has now moved for "Approval of Initial Settlements with Certain PSC Claimants," essentially asking the court to pre-approve the settlements reached with the remaining clients of the Watts Guerra, Cochrane and Cooper groups. Settlement Class Counsel has again objected to the fees being paid to PSC Counsel, although they recognize that the issue has already been addressed by the court in connection with the previous settlements. Louisiana Class Counsel has also filed three briefs in opposition to the motion (two without leave of court) repeatedly raising arguments already rejected by the court. None of the arguments in any of the briefs raises anything new, and nothing in the Settlement Agreement nor in any previous order of this court precludes Trans Union from settling the PSCs as proposed and receiving reimbursement from the Settlement Fund. Indeed, as the court has noted in its previous orders, the Settlement Agreement specifically anticipated both the filing of such PSCs, and reimbursement to Trans Union of amounts paid to resolve them.

Accordingly, for the reasons set forth in this court's previous orders, all objections to the settlements are rejected, and Trans Union's Motion For Approval of Initial Settlement with Certain PSC Claimants is granted. The hearing previously set for September 9, 2011, is cancelled.

**ENTER:** September 8, 2011

_____
**Robert W. Gettleman
United States District Judge**