IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: TRANS UNION CORP. PRIVACY )
LITIGATION, )
 )
_____) No. 00 C 4729
 ) MDL Docket No. 1350
THIS DOCUMENT RELATES TO: ) Judge Robert W. Gettleman
 )
ALL ACTIONS )

**MEMORANDUM OPINION AND ORDER
DENYING LOUISIANA COUNSEL'S SUPPLEMENTAL MOTION FOR
REIMBURSEMENT OF COSTS**

Having received a fee award of $4,147,360, along with $212,298.84 in costs, attorney Dawn Wheelahan has filed a "supplemental motion" seeking an additional award of more than $20,000 for "travel expenses" that she allegedly incurred in connection with post judgment proceedings. This is an act of shear chutzpah.[1] As stated by this court (and the court of appeals) on numerous occasions, there will be no more fees awarded to plaintiffs' counsel in this case. Nor will there be any additional award of costs.

That Ms. Wheelahan chose to appear in person at several court hearings after final judgment had been entered, and after the Seventh Circuit had increased her fee award by $1.4 million, is entirely on her own nickel. This court never requested her attendance, and it was unnecessary. She voluntarily interjected herself into the post-judgment proceedings, including

---

[1]The term chutzpah hardly needs definition, but just in case there is any uncertainty, the court is using the term to mean "unmitigated gall." See Kozinski & Volokh, "Lawsuit, Shmawsuit," 103 Yale Law Journal 463 (1993).

the dispute regarding payments to the post-settlement claimants, and most all of the motions she filed (which could have been presented without personal appearances) were denied.[2]

In addition, as pointed out by Trans Union[3], Ms. Wheelahan's request was supported by inadequate documentation and appears to be totally out of line with reality. Ms. Wheelahan's request for airfare of over $800 per round trip from New Orleans and hotel expenses of almost $900 a night demonstrate that, despite her protestations, she is wrongfully seeking to squeeze every last nickel she can out of this litigation.

Neither the Settlement Agreement nor any order of this court or the court of appeals allows Ms. Wheelahan to collect any more money for costs or anything else. As Trans Union also points out, the Settlement Agreement and Final Approval Order allowed for a single payment of costs within ten days of final approval (which occurred in 2009). In any event, this court never contemplated an additional award to counsel of any more money from the Settlement Fund for post-judgment activities, especially ones such as those claimed by Ms. Wheelahan that conferred no benefit on the certified nation-wide class.[4]

---

[2]For example, the court denied Wheelahan's December 2009 Rule 59(e) motion [Doc. 691], her April 2010 motion to stay disbursements [Doc. 749], her October 2010 motion to compel [Doc. 797], and her April 2011 motion for interest [Doc. 881].

[3]Ms. Wheelahan's attempt to argue that Trans Union had no standing to oppose her supplemental motion for costs is entirely without merit. As Ms. Wheelahan and all the other lawyers in this case are fully aware, Trans Union is potentially on the hook for any additional sums paid to class members when the Settlement Fund is exhausted. In any event, any party has the right to oppose a request such as Ms. Wheelahan's. The fact that other lawyers involved in this seemingly endless litigation have chosen not to do so may be explained by the possibility that they were too stunned by her request to react as decisively as Trans Union.

[4]Ms. Wheelahan claims to represent a Louisiana class but no such class exists in this case. She also argues that the use in the settlement papers of the plural "applications" indicates that multiple claims for fees and costs could be made by the same attorney, when of course the

(continued...)

It is time to bring this case to a definitive conclusion. Ms. Wheelahan's supplemental motion for reimbursement of costs (Doc. 974) is denied.

**ENTER:** **February 8, 2012**

_____
**Robert W. Gettleman
United States District Judge**

---

⁴(...continued)
word was used to recognize that there were more than one set of attorneys who would be making such claims.