IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re TRANS UNION CORP. PRIVACY LITIGATION | ) ) ) | Lead Case No. 00 cv 4729 |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) ) | MDL Docket No. 1350 |
| ALL ACTIONS. | ) ) ) | Judge Robert W. Gettleman |

**[PROPOSED] AGREED FINAL ORDER REGARDING DISTRIBUTIONS
FROM SETTLEMENT FUND AND TERMINATING PROCEEDINGS**

## I.     RECITALS

**A.     This Court's Final Approval Order**

WHEREAS, on September 17, 2008, this Court entered the "Order Granting Final

Approval to Settlement and Final Judgment" (Doc. No. 515) ("Final Approval Order"), that

approved the class Stipulation of Settlement (Doc. No. 462-3) ("Settlement"), set forth post-

settlement procedures for administering class benefits, and identified specific steps that the Court

must take before the proceedings could be terminated;

WHEREAS, pursuant to the Final Approval Order and related Settlement, individual

Settlement Class Members[1] retained the right to assert against Trans Union LLC ("Trans

Union") Post-Settlement Claims ("PSC's"), which are defined as certain specified claims arising

out of or relating to Defendants' alleged distribution of Target Marketing lists or Firm Offer

information (Final Approval Order at ¶ 1(u)); Settlement, §§ 1.31, 2.4);

---

[1] Unless otherwise defined herein, capitalized terms have the same meaning as those set forth in the Final
Approval Order.

WHEREAS, Settlement Class Members could assert PSC's against Trans Union "in the form of a complaint filed in state or federal court, a demand for arbitration, an informal demand letter, or otherwise" (Final Approval Order at ¶1(u));

WHEREAS, pursuant to the Settlement and the Final Approval Order, Trans Union deposited $75 million into a Settlement Fund, but obtained no releases from Settlement Class Members in connection with that payment;

WHEREAS, Trans Union is entitled to receive reimbursement "equal to any amounts paid to satisfy settlements or judgments arising from Post-Settlement Claims." (Final Approval Order at ¶ 17(d));

**B. The PSC's Settlement Class Members Asserted Against Trans Union**

WHEREAS, as reported to the Court by Trans Union's Status Report Regarding Resolution of Post-Settlement Claims, filed with the Court on September 24, 2012, (Doc. No. 1026) ("Trans Union Report"), 102,712 individuals have asserted timely PSC's against Trans Union ("PSC Claimants");

**C. The Status of Settlements of the PSC's**

WHEREAS, as reported by Trans Union, as of September 24, 2012, Trans Union settled 91,849 lawsuits and other PSC's asserted by PSC Claimants (Trans Union Report) and has been reimbursed from the Settlement Fund for all amounts paid in settlement of those PSC's;

WHEREAS, after Trans Union filed the Trans Union Report, it settled 4,714 additional lawsuits filed by PSC Claimants and has been reimbursed from the Settlement Fund for all amounts paid in settlement of those PSC's;

WHEREAS, as of February 15, 2013, and as summarized in Exhibit A, claims asserted by 5,640 PSC Claimants were unresolved and remained pending ("Unsettled PSC's");

**D.    The Remaining Money In the Settlement Fund**

WHEREAS, as of February 15, 2013 approximately $16,429,431 remained in the Settlement Fund;

WHEREAS, Ultimate Approval of the Final Approval Order occurred on July 31, 2009;

WHEREAS, under Paragraph 17(e) of the Final Approval Order, if PSC's remain pending two years after Ultimate Approval an amount will be retained in the Settlement Fund to reimburse Trans Union for future payments of judgments in, or settlements of, PSC's ("Reserve");

WHEREAS, pursuant to Paragraph 17(f) of the Final Approval Order, two years after Ultimate Approval, money remaining in the Settlement Fund and not retained in the Reserve for pending PSC's may be distributed to Settlement Class Members who registered for a possible contingent payment ("Registered Claimants");

WHEREAS, pursuant to Paragraph 12 of the Final Approval Order, when a Registered Claimant receives a payment from the Settlement Fund the Registered Claimant releases his or her claims against Trans Union relating to Target Marketing lists and Firm Offer lists and, conversely, if the Registered Claimant does not negotiate a check containing the payment from the Settlement Fund, the Registered Claimant releases no claims against Trans Union and the Registered Claimant's substantive rights are unaffected;

WHEREAS, 447,733 Registered Claimants previously registered for a possible contingent payment from the Settlement Fund;

WHEREAS, pursuant to Paragraph 17(e) of the Final Approval Order, the Committee has agreed on the amount of the Reserve for reimbursement of Trans Union's costs incurred to resolve Unsettled PSC's;

3

WHEREAS, the Final Approval Order does not contain a deadline or any other limitation on Trans Union's right to access the Reserve to reimburse it for resolving PSC's;

WHEREAS, although not required to do so by the Final Approval Order, Trans Union has agreed to certain limits on its right to draw on the Reserve to reimburse it for resolving PSC's, as part of a larger agreement on the terms of this Agreed Final Order Regarding Distribution from Settlement Fund and Terminating Proceedings ("Final Distribution Order");

WHEREAS, in light of (a) the prior challenges by Settlement Class Counsel to certain reimbursements received by Trans Union for individual settlement amounts paid to resolve PSC's, (b) the Court's overruling of those challenges, and (c) subsequent affirmance of those rulings by the Seventh Circuit Court of Appeals, Settlement Class Counsel who are members of the Committee agree that any reimbursement to Trans Union from the Reserve of individual settlement amounts consistent with the settlement amount for similarly-eligible PSC Claimants as those at issue in the prior challenges of Settlement Class Counsel to reimbursement are not "improper," as that term is used in Paragraph 17(d) of the Final Approval Order;

WHEREAS, Trans Union and Settlement Class Counsel who are members of the Committee agree to the terms of this Final Distribution Order; and

WHEREAS the Court has found that there are substantial and sufficient grounds for entry of this Final Distribution Order.

## II.    ORDER

IT IS HEREBY ORDERED AS FOLLOWS:

1.    Pursuant to the Committee's agreed good-faith estimate, and in light of the number of Unsettled PSC's and the remedies available in a successful action brought under the Fair Credit Reporting Act, the amount of Four Million Three Hundred and Sixty Thousand and Thirty Three Dollars ($4,360,033) in the Settlement Fund shall be set aside as the Reserve for

reimbursement to Trans Union with respect to settlements or judgments in connection with Unsettled PSC's.

2.　　Within thirty (30) days of this Final Distribution Order and all other prior orders of the Court becoming "Final,"[2] U.S. Bank, National Association, the escrow agent designated by this Court's order of June 20, 2008 (Doc. No. 470) ("Escrow Agent") shall transfer from the Settlement Fund to Epiq Systems, Inc., the Settlement Administrator appointed by this Court's Order of May 30, 2008 (Doc. No. 468) ("Administrator"), the amount of Twelve Million Dollars ($12,000,000) (the "First Distribution Sum"). As soon thereafter as practically possible, but no later than sixty (60) days thereafter, the Administrator shall distribute the First Distribution Sum, less the Administrator's reasonable distribution costs in an amount not to exceed Three Hundred and Seventy-Five Thousand Dollars ($375,000), to Registered Claimants (except those who asserted PSC's and released their claims in connection with same) pro rata and by check sent by U.S. Mail. The checks that the Administrator distributes shall state that they will be void if not negotiated within sixty (60) days of the date of issue. As contemplated by Epiq's cost estimates, it shall obtain updated addresses for Registered Claimants prior to mailing checks, and shall take steps to further update addresses and re-mail checks returned undeliverable. If a Registered Claimant does not negotiate a check within that 60-day period, the Registered Claimant will not have released any claims against Trans Union, and will have no further right or interest to any distribution from the Settlement Fund. The Administrator shall report to counsel for Trans

---

[2] As used here, this Final Distribution Order and all other prior orders of the court become "Final" on the latest date of the following: 1) the expiration of three (3) business days after the time to file a motion to alter or amend the Final Distribution Order under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; 2) the expiration of three (3) business days after the time to appeal the Final Distribution Order has passed without any such appeal having been filed; or 3) if such motion to alter or amend is filed, or if an appeal is taken, three (3) business days following the resolution of that motion or appeal, including any further appellate review therefrom, in a manner that would provide full effect of this Final Distribution Order according to its terms.

Union and Settlement Class Counsel the names and addresses of Registered Claimants who timely negotiate a check and thereby release any certain claims against Trans Union pursuant to Paragraph 12 of the Final Approval Order.

3.      Trans Union, upon request to the Escrow Agent, shall be reimbursed from the Reserve for amounts paid in connection with settlements or judgments on Unsettled PSC's until the later of the second anniversary of entry of this Final Distribution Order or sixty (60) days after this Final Distribution Order and all other prior orders of the Court become Final. Trans Union shall provide quarterly reports to the Committee regarding such reimbursements, which reports shall contain the information specified by Paragraph 17(d) of the Final Approval Order.

4.      Any reimbursement to Trans Union from the Reserve of individual settlement amounts consistent with the settlement amounts for similarly-eligible PSC Claimants as those at issue in the earlier Motion for Approval of Initial Settlements with Certain PSC Claimants (see Order, dated September 8, 2011, Doc. No. 968), and/or within the range of the value of such claims under the FCRA, are hereby approved. Any reimbursement to Trans Union from the Reserve for amounts paid to satisfy court judgments resolving PSC's are also hereby approved. Any dispute about whether a reimbursement received by Trans Union is consistent with reimbursements hereby approved by this Final Distribution Order may be raised by the Committee chosen by Settlement Class Counsel within fourteen (14) days of notice of such reimbursement and shall be resolved by the Court.

5.      Within thirty (30) days after the later of the second anniversary of entry of this Final Distribution Order or sixty (60) days after this Final Distribution Order and all other orders of the Court become Final ("the Reserve Closing Date"), the Escrow Agent shall transfer from the Settlement Fund to the Administrator all amounts then-remaining in the Reserve in the

Settlement Fund. Such transferred funds, and any unclaimed funds from the First Distribution

Sum, shall together constitute the "Second Distribution Sum." As soon thereafter as practically

possible, but no later than sixty (60) days thereafter, the Administrator shall distribute the Second

Distribution Sum, less the Administrator's reasonable distribution costs in an amount not to

exceed Three Hundred and Twenty Thousand Dollars ($320,000), pro rata to those Registered

Claimants who timely negotiated the checks that were part of the First Distribution Sum by

check sent by U.S. Mail. The checks that the Administrator distributes shall state that they will

be void if not negotiated within sixty (60) days of the date of issue.

6.      Any unclaimed funds from the Second Distribution Sum, and all other amounts

remaining in the Settlement Fund or held by the Administrator, shall within 120 days after the

Reserve Closing Date, be paid as a cy pres award to the following Section 501(c)(3) entities in

the following percentages:

| | |
|---|---|
| American Library Association | 15 1/3% |
| Goodwill | 15 1/3% |
| Institute for Financial Literacy Identity Theft Resource Center | 15 1/3% |
| John Marshall Law School's Fair Housing Clinic | 6 2/3% |
| Legal Aid | 10% |
| Operation Hope | 15 1/3% |
| Patient Advocate Foundation | 15 1/3% |
| UNITY of New Orleans | 6 2/3% |
| TOTAL | 100% |

7.      All pending motions in this Action, if any, are denied.

8.      With the entry of this Final Distribution Order, the Court has performed all tasks

and exercised all of its authority pursuant to the Final Approval Order. The Court further has

resolved all pending motions. The Court recognizes the possibility that it may be required to

resolve future disputes raised by any member of the Committee chosen by Settlement Class Counsel, if any. Nonetheless, the Court intends this Final Distribution Order to be a final decision for the purposes of 28 U.S.C. § 1291.

9.     Pursuant to Fed.R.Civ.P. 54(b), the Court finds that there is no just reason for delay with respect to this Final Distribution Order.

Entered: February 22, 2013

The Honorable Robert W. Gettleman
United States District Judge

## EXHIBIT A

### STATUS OF POST-SETTLEMENT CLAIMS
(AS OF FEBRUARY 19, 2013)

| PSC Counsel | Total Claimants | Settled Claims | Total Claims Remaining |
|---|---|---|---|
| Watts Guerra | 68,832 | 64,460 | 4,299 |
| Cochran | 17,715 | 16,280 | 1,093 |
| Cooper | 10,868 | 10,553 | 200 |
| Heenan | 1,997 | 1,997 | 0 |
| Bingham | 1,388 | 1,388 | 0 |
| Provost/Umphrey | 1,000 | 988 | 24 |
| Blankenship | 467 | 467 | 0 |
| Bacharach | 247 | 225 | 22 |
| Skaar & Feagle | 131 | 131 | 0 |
| Brodsky | 47 | 45 | 2 |
| Tann | 20 | 20 | 0 |
| | | | |
| **Total:** | **102,712** | **96,554** | **5,640** |

**Notes:**

"Total Remaining Claims" refers to the number of unique claimants who have pending claims against Trans Union and excludes duplicate claims identified by Trans Union.

EAST\55050030.4